# EXHIBIT 6

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MMAS RESEARCH, LLC, a Washington Limited Liability Company,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>THE CHARITE; ANIKA STEINER; ELISABETH THEISSEN, Dr.; SMARTPATIENT GMBH, a German corporation; MY THERAPY; DOES, 1-50, inclusive,<br><br>    Defendants-Appellees. | No. 23-55202<br><br>D.C. No.<br>2:21-cv-01406-MWF-JPR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 13, 2024
Pasadena, California

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges.

This case involves a copyright dispute between MMAS Research, a medical software company, and The Charité, a German hospital. MMAS alleges that Charité infringed its copyright to the Morisky Widget, a medical software program, by using

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the Morisky Widget in unauthorized medical studies. The district court dismissed the suit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), finding that MMAS lacked standing to pursue a copyright claim because it did not own the Morisky Widget and that MMAS failed to allege a copyright violation.

MMAS raises three arguments on appeal. First, MMAS argues that the district court erred in concluding it lacked standing to sue. Second, MMAS argues that the district court erred in analyzing its copyright claim under the Copyright Act rather than the Digital Millenium Copyright Act (DMCA). Third, MMAS argues that the district court erred in dismissing its state law claims because there was diversity jurisdiction over those claims.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. <u>The district court erred in concluding that MMAS lacked standing to sue for copyright infringement.</u> The district court found that a 2020 preliminary settlement agreement from a separate lawsuit between MMAS and Dr. Donald Morisky transferred the Morisky Widget from MMAS to Dr. Morisky. But that agreement—which simply outlined terms MMAS and Dr. Morisky "desire[d] to

---

[1] MMAS also argues that the district court should have considered Charité's unclean hands before dismissing MMAS's claims. Because unclean hands are a defense against a party seeking equitable relief, not a reason to find that a complaint plausibly alleged a claim, this argument is meritless. *See Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985), *abrogated on other grounds by Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517, 1527 (9th Cir. 1993).

2

consent and agree to" sometime in the future—was never finalized. MMAS thus never transferred its copyright and remains the registered owner of the Morisky Widget. Similarly, because the agreement was a private contract between Dr. Morisky and MMAS, and because it was never finalized, it was not an abandonment of MMAS's right to sue Charité for copyright infringement. *See Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960) (finding abandonment where copyright owner's actions demonstrated the intent to "surrender the[ir] rights and allow the public to copy").

    2. <u>The district court did not err in analyzing MMAS's copyright claim under the Copyright Act rather than the DMCA.</u> The district court analyzed MMAS's claim under the Copyright Act, concluding that MMAS failed to state a claim because it had not alleged any domestic acts of infringement. On appeal, MMAS does not contend that Charité infringed its copyright under the Copyright Act or argue that the district court erred in concluding that MMAS failed to allege a Copyright Act violation. Instead, MMAS argues that the district court should have analyzed its claims under the DMCA. Although MMAS referenced the DMCA in the caption of its operative pleading, MMAS did not allege facts that prove a DMCA violation, make a DMCA argument to the district court, or otherwise alert the district court that it was pursuing a claim under the DMCA. For example, although MMAS contends on appeal that Charité violated the DMCA's "prohibition on the removal

3

or alteration of copyright management information," MMAS never mentioned copyright management information in its operative pleading or district court briefing. MMAS instead presented its claims as if they were traditional copyright infringement claims. The district court thus did not err in analyzing MMAS's complaint under the Copyright Act rather than the DMCA.

      3. <u>The district court did not err in dismissing the state law claims.</u> MMAS argues that the district court erred in dismissing its state law claims because there was diversity jurisdiction over those claims. MMAS did not allege the citizenship of the parties other than smartpatient GmbH in its operative complaint, and its allegation that "there is a complete diversity of citizenship" is insufficient to invoke the court's jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001). Although "[d]effective allegations of jurisdiction may be amended," *id.* at 858 (quoting 28 U.S.C. § 1653), the district court previously put MMAS on notice that its jurisdictional allegations were defective, and MMAS did nothing to correct them. The district court thus did not err in dismissing those claims.

      **AFFIRMED.**

4