UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE CHILDREN'S HOSPITAL CORPORATION, et al.,<br><br>Defendants. | Civ. A. No. 1:24-cv-12108-DJC |

**MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF MMAS RESEARCH, LLC**

Pursuant to Local Rule 83.5.2(c)(2) and Massachusetts Rule of Professional Conduct 1.16(b), Nitoj P. Singh and Anthony J. Fusaro, of the Dhillon Law Group Inc. (collectively "DLG") moves for leave to withdraw as counsel for Plaintiff MMAS Research, LLC ("MMAS"). MMAS had notice of counsel's intention to move to withdraw and is serving a copy of this motion on MMAS as required by L.R. 83.5.2(d). Ashkon Roozebehani will remain as counsel for MMAS. MMAS has further retained Patricia L. Ray as counsel. (Dkt. No. 30.) Neither MMAS, nor Defendant The Children's Hospital Corporation ("BCH"), objects to DLG's withdrawal. Leave is required pursuant to Local Rule 83.5.2(c)(1) as BCH's Motion to Dismiss MMAS's First Amended Complaint (Dkt. No. 25) is currently pending. In support of its motion to withdraw, DLG shows the Court as follows:

**Legal Standard**

Under the present circumstances, counsel must obtain the Court's leave to withdraw their appearances based upon good cause shown. L.R. 83.5.2(c). A motion to withdraw in a civil case

1

"is a matter addressed to the discretion of the trial court." *Lieberman v. Polytop Corp.*, 2 Fed. Appx 37, 39-40 (1st Cir. 2001) (unpublished).

The rules of professional conduct applicable to attorneys practicing before this Court are the Massachusetts Rules of Professional Conduct. L.R. 83.6.1. Rule 1.16(b) provides, *inter alia*, that a lawyer may withdraw from representation if: "(1) withdrawal can be accomplished without material adverse effect on the interests of the client."

Consistent with Rule 1.16(b), courts in this district have permitted withdrawal where there has been a breakdown in the attorney-client relationship. *E.g. Cozy, Inc. v. Dorel Juv. Grp., Inc.*, 711 F. Supp. 3d 19, 22 (D. Mass. 2024) (finding a breakdown of attorney-client relationship between attorneys and client was sufficient "good cause" required under local rule for attorneys to obtain leave of court to withdraw as counsel despite the specific the reasons for breakdown of the attorney-client relationship being shielded by confidentiality obligations).

In drafting its Motion, DLG seeks to abide by its ethical responsibilities—specifically, providing requisite good cause for leave to withdraw while not disclosing confidential or privileged information relating to its representation of MMAS. It is undisputed that withdrawing counsel cannot disclose confidential or privileged information of its client to satisfy the standard for withdrawal. MASS. R. PROF.C. 1.6(a) ("A lawyer shall not reveal confidential information relating to the representation of a client unless the client gives informed consent."); *see also id.* at Comment 3 ("The principle of client-lawyer confidentiality established by this Rule is broader than the attorney-client privilege and the work product doctrine."). *See, e.g., STAG Williamsport, LLC v. BHN Assocs., LLC*, No. CV 21-11958-NMG, 2023 WL 4995327, at *1–2 (D. Mass. July 11, 2023) (finding a breakdown in the attorney-client relationship despite counsel saying "I am constrained by attorney-client privilege to disclose the details of these issues").

**No Material Adverse Effects on the Interests of the Client**

Should the Court grant this Motion, MMAS will continue to be represented by Mr. Roozebehani and Patricia L. Ray in this Action. Ms. Ray has served as counsel for MMAS in other actions. MMAS will not go without counsel should the Court grant this Motion.

**Breakdown of the Attorney-Client Relationship**

DLG has concluded that it cannot continue to represent MMAS in this matter as there has been a breakdown in the attorney-client relationship. The specific reasons why DLG believes that there has been a breakdown in the attorney-client relationship and thus good cause to withdraw, are confidential information that cannot be revealed consistent with Rule 1.6 of the Massachusetts Rules of Professional Conduct absent an order from the Court and appropriate procedures protecting the information's confidentiality, e.g., in camera review.[1] However, DLG notes that California law precludes its California-barred attorneys from disclosing privileged information even in camera. *Aceves v. Superior Court*, 51 Cal.App.4th 584, 595 (1996); Cal. State Bar Form. Opn. 2015-192.

---

[1] *E.g. United States v. Isaacson*, 2010 WL 4622169, at *1 (D.N.H. Nov. 5, 2010) (recognizing court may consider privileged information *in camera* to evaluate breakdown in attorney-client relationship) (citing *Weinberger v. Provident Life & Cas. Ins. Co.,* 1998 WL 898309, *1 (S.D.N.Y. 1998) (court may consider privileged material *in camera* to prevent a party from being prejudiced by counsel's motion to withdraw); *see also Sabre Intl Sec. v. Torres Advanced Enter. Sols., LLC*, 219 F. Supp. 3d 155, 159 (D.D.C. 2016) (allowing submission *in camera* of client confidential information supporting motion to withdraw, citing *United States v. Zolin*, 491 U.S. 554, 569 (1989) and collecting cases); *High Crest Functional Med., LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, 2017 WL 4405064, at *1 (D.N.J. 2017) ("Courts in this District have allowed an attorney moving to withdraw to submit documents providing the reasons for withdrawal *in camera* if those reasons concern information protected by attorney-client privilege.").

**Conclusion**

Accordingly, DLG respectfully requests that this Court enter an Order granting this Motion to Withdraw.

Dated:  November 20, 2024

Respectfully submitted,

*/s/ Nitoj P. Singh*
Nitoj P. Singh (*pro hac vice*)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
t.415.433.1700
nsingh@dhillonlaw.com

*Anthony J. Fusaro*
Anthony J. Fusaro (*pro hac vice*)
DHILLON LAW GROUP INC.
50 Park Place, Suite 1105
Newark, NJ 07102
t.408.343.8349
afusaro@dhillonlaw.com

*Attorneys for MMAS Research, LLC*

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

I, Nitoj P. Singh, hereby certify that, pursuant to Rule 7.1(A)(2) of the Local Rules of the United States District Court for the District of Massachusetts, conferred with Theodore J. Folkman, counsel for BCH, on November 20, 2024, by email regarding this motion, and Mr. Folkman informed me that BCH does not oppose this motion.

Dated: November 20, 2024

  */s/ Nitoj P. Singh*
Nitoj P. Singh

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of November, 2024, this Motion was served, via electronic delivery, to MMAS and BCH's counsel via CM/ECF system which will forward copies to their respective counsel of record.

Dated: November 20, 2024        /s/ Nitoj P. Singh
                                Nitoj P. Singh