UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH, LLC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>THE CHILDREN'S HOSPITAL CORPORATION, et al.,<br><br>　　　　　Defendants | Civ. A. No. 1:24-cv-12108-DJC |

**REPLY IN SUPPORT OF THE HOSPITAL DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

This reply addresses some new issues raised by MMAS Research's opposition.

A. <u>The Court should disregard the Trubow declaration.</u>

MMAS Research says that the Hospital Defendants have misstated the facts or misunderstood the amended complaint. But MMAS Research's memorandum does not contain a statement of facts and does not explain how it thinks the Hospital Defendants have misconstrued the amended complaint. Instead, MMAS Research offers a lengthy declaration from Trubow, which it says (Mem. at 1) is a "detailed correction of the facts … by a witness with personal knowledge." The declaration is part argument, part restatement of what the amended complaint alleges, and part statement of new facts or elaboration and explanation of what the amended complaint means. That is as good as an admission that the amended complaint cannot withstand the motion to dismiss on its own and that it is only possible to think that the Hospital has misconstrued or misunderstood the pleading by referring to the declaration.

MMAS Research does not even try to explain how the Court could consider the declaration on a motion to dismiss for failure to state a claim. Rule 12 provides that the Court

1

can consider the declaration only if it converts the motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). But MMAS Research says (Mem. at 17-18) that it does not want to convert the motion. Nor do the Hospital Defendants. The declaration, which "explains the contents of the [c]omplaint and the exhibits attached to the [c]omplaint" or "touches on many of the allegations from the Complaint and effectively functions as an amendment to the Complaint," is improper and ought to be excluded. *Markham v. Town of Chelmsford,* 2019 U.S. Dist. LEXIS 144725, at *9 (D. Mass. Aug. 26, 2019). The Court should not consider it.

B. MMAS Research has abandoned the claim for copyright infringement.

We noted in the main memorandum that the amended complaint had omitted the counts for copyright infringement. Rather than mount a real defense of its claim, MMAS Research merely points to the Trubow declaration. (Mem. at 15). It makes no legal argument. By omitting the counts from the amended complaint without explanation and then failing to provide any argument in its papers, MMAS Research has abandoned the copyright infringement claim. *See Johnson v. Ocwen Loan Servicing, LLC,* 2020 U.S. Dist. LEXIS 38665, at *28-29 (D. Mass. Mar. 5, 2020) (citing *Astro-Med, Inc. v. Nihon Kohden Am., Inc.,* 591 F.3d 1, 19 (1st Cir. 2009)); *Carey & Assocs. v. Sheriffs & Counties of Cumberland,* 320 F. Supp. 3d 226, 330-31 (D. Me. 2018).

C. The Hospital Defendants did not remove or alter CMI.

The Hospital Defendants agree with MMAS Research that CMI does not have to appear in the work itself. In *Mango v. BuzzFeed, Inc.,* 356 F. Supp. 3d 368 (S.D.N.Y. 2019), *aff'd,* 970 F.3d 167 (2d Cir. 2020), a case on which MMAS Research heavily relies, the *New York Post* published an article on a website that featured a copyrighted photograph taken by Mango. The statement crediting Mango did not appear on the photograph itself but just below it, and above

the article's text. Buzzfeed published the photo without any attribution to Mango. The court held that the credit to Mango on the *Post* website was CMI because it was "conveyed in connection with copies" of the photograph, even though it was not on the photograph itself. *Mango,* 356 F. Supp. 3d at 377. Buzzfeed could be liable because it removed the CMI from the copy of the copyrighted photo that it published.

But *Mango* does not bear on the issues here. *Mango* is about how closely copyright information has to appear to the work to be "conveyed in connection with" a copy of the work, 17 U.S.C. § 1202(c), and more specifically, whether CMI has to appear on the work or only to be written near the work.[1] There was no trouble in *Mango* in identifying the work from which the defendant stripped the CMI. But this case is not about whether the attribution was associated closely enough with a copy of the work to be CMI. Rather, it is about whether the DMCA applies when there is no allegation that the defendant removed CMI associated with a copy of the work or altered CMI associated with a copy of the work. Here, MMAS Research cannot identify any copy of the work that had CMI either within it or associated with it that the Hospital Defendants removed or altered, because there was none. The Hospital Defendants, at most, incorrectly attributed the MMAS Widget to Morisky instead of MMAS Research in an article that did not contain a copy of all or even part of the MMAS. That act cannot meet the requirements of the statute, for the reasons given in our main memorandum. *See also* 4 *Nimmer on Copyright* § 12A.09 (statutory term "conveyed" requires that the copyright management information "be accessible in conjunction with, or appear with, the work being accessed"). It may be a scientific

---

[1] The other case on which MMAS Research principally relies, *Agence France Presse v. Morel,* 769 F. Supp. 2d 295 (S.D.N.Y. 2011), is similar; it involved a photograph with a credit line, which the defendant reprinted with a new credit line that misattributed the photograph.

faux pas to misattribute someone else's scientific work in a submission to the NIH, *see* Nimmer, *supra* § 8D.03 n.1.3, but it is not, without more, a violation of the DMCA.

    D. <u>MMAS has not been injured by a breach of contract.</u>

        To try to rebut the Hospital Defendants' showing that MMAS Research has not alleged an actual injury that can support its breach of contract claim, MMAS Research points to paragraphs 5, 52, 65, 69, and 80-83 of the amended complaint. (Mem. at 5-6). Paragraph 5 alleges that the Hospital Defendants "violated the Digital Millennium Copyright Act (DMCA) and led to unauthorized disclosure and misappropriation of MMAS Research's trade secrets, causing substantial harm to MMAS Research's business and its intellectual property rights." These allegations are conclusory and thus do not help MMAS Research meet its pleading burden. *See Douglas v. Hirshon,* 63 F.4th 49, 55 (1st Cir. 2023). But in any case, they relate only the statutory claims, not the breach of contract claim. We invite the Court to read the other paragraphs cited. None of them have anything to do with any harm suffered. MMAS Research's motion mentions damage to its reputation and business relationships, but nothing in the amended complaint or the memorandum explains how anything the Hospital Defendants are accused of doing could have affected its reputation or business relationships.

    E. <u>The copyright misuse doctrine bars the claim for breach of contract.</u>

        MMAS Research overreads *Apple, Inc. v. Psystar Corp.,* 658 F.3d 1150 (9th Cir. 2011). *Apple* does not reach any holding about whether the copyright misuse doctrine can bar a claim for breach of a license agreement. In dicta, the court said that *Altera Corp. v. Clear Logic, Inc.,* 424 F.3d 1079 (9th Cir. 2005), had held that copyright misuse "is not a defense to state law claims." *Apple,* 658 F.3d at 1157. But MMAS Research ignores *Splunk v. Cribl Inc.,* No. C 22-

07611 WHA, 2024 U.S. Dist. LEXIS 93732 (N.D. Cal. May 24, 2024), the case the Hospital Defendants have cited, which explains why MMAS Research's reading of *Altera* is wrong:

> True, our court of appeals has held that copyright misuse is a "defense to copyright infringement" and "not a defense to [] state law claims." *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1090 (9th Cir. 2005). But Splunk is incorrect when it suggests this means copyright misuse cannot be used to bar enforcement of language in a licensing agreement that facilitates the misuse at issue. Indeed, "most of the cases that recognize the affirmative defense of copyright misuse involve unduly restrictive licensing schemes." *A & M Records [v. Napster, Inc.],* 239 F.3d [1004,] 1027 n.8 [(9th Cir. 2001)]. Incorporating unduly restrictive language into a licensing agreement is how copyright holders generally secure an exclusive right or limited monopoly not granted by the Copyright Office. *Altera* stands for the straightforward proposition that "it makes little sense to allow [a party] to proceed on an independent claim for copyright misuse when there has been no allegation of copyright infringement." 424 F.3d at 1090.

*Splunk, supra* at *6-7.

 F. <u>The Court can take judicial notice of the documents the Hospital Defendants have submitted.</u>

The main memorandum cites authority for taking judicial notice each of the documents submitted with the motion to dismiss—certificates of copyright registration, the deposit copy of the MMAS-8 submitted to the Copyright Office, and court orders from a lawsuit between Trubow and Morisky. But while the documents will likely be helpful to the Court, none of them is essential to the Hospital Defendants' arguments. MMAS Research takes aim in particular at the documents from the Washington copyright infringement lawsuit. The Hospital Defendants offered those documents to show that in light of the court's rulings in that case, the issue of ownership of the Widget copyright is not settled, as MMAS Research has suggested (Am. Compl. ¶ 36). That is an undisputable fact of the kind the Court can take notice of without making any findings about who is right or who is wrong in the Washington litigation, or whether the court was right or wrong to sanction MMAS Research. But nothing turns on it, since as the

Hospital Defendants conceded in the main memorandum, for present purposes the Court must assume that MMAS Research owns the Widget copyright, as the amended complaint alleges.

CONCLUSION

The Court should grant the motion to dismiss and dismiss all claims against the Hospital Defendants without leave to amend.

          Respectfully submitted,

          THE CHILDREN'S HOSPITAL
          CORPORATION, DR. JACOB HARTZ,
          and HANNAH PALFREY

          By their attorneys:

          */s/ Theodore J. Folkman*

          Theodore J. Folkman (BBO No. 647642)
          Steven DiCairano (BBO No. 694228)
          RUBIN AND RUDMAN LLP
          53 State St.
          Boston, Mass. 02109
          (617) 330-7000
          tfolkman@rubinrudman.com
          sdicairano@rubinrudman.com

Dated: November 25, 2024