UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THE CHILDREN'S HOSPITAL CORPORATION, et al.,<br><br>Defendants. | Case No. 1:24-cv-12108-DJC |

**MEMORANDUM IN SUPPORT OF PLAINTIFF MMAS RESEARCH LLC'S
EX PARTE MOTION FOR ALTERNATIVE SERVICE AND TO EXTEND TIME
UNDER FED. R. CIV. P. 4**

Ashkon Roozbehani (Bar No. 694483)
PERSEPOLIS LAW, PLLC
809 Washington St., Suite A
Newton, MA 02460
Telephone: (617) 431-4329
persepolaw@gmail.com

*Attorney for Plaintiff
MMAS Research LLC*

**INTRODUCTION**

Plaintiff MMAS Research LLC respectfully moves this Court pursuant to Federal Rule of Civil Procedure 4 for an order (1) authorizing alternative service of process on Defendants Donald Morisky and Morisky Medication Adherence Research LLC ("MMAR") via electronic communication or publication; and (2) granting an extension of time to complete such service.

**LEGAL STANDARD**

"Under Federal Rule of Civil Procedure 4(e), service may normally be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive service of process." *Wells Fargo Bank, N.A. v. Dodge*, No. 2:22-cv-00412-LEW, 2024 U.S. Dist. LEXIS 54545, at *1 (D. Me. Mar. 27, 2024), 2024 WL 1309377 (quoting *Edson v. Riverside Psychiatric Ctr.*, No. 1:16-cv-00079-JAW, 2016 U.S. Dist. LEXIS 76284, at *2 (D. Me. June 13, 2016), 2016 WL 3257003) (citing Fed. R. Civ. P. 4(e)(2)). Service may also be accomplished "by following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district [court] is located or where service is made." *Id.*

This Court has also recognized that there are situations where plaintiffs, despite diligent but unsuccessful attempts, are unable to serve defendants through traditional means. In such cases, courts may authorize alternative service. For example, in *Swenson v. Mobilityless, LLC*, the Massachusetts District Court held that alternative service methods may be allowed so long as they are reasonably calculated to inform the defendants of the lawsuit and thus satisfy constitutional due process requirements. *Swenson v. Mobilityless, LLC*, No. 3:19-cv-30168-MGM, 2020 U.S. Dist. LEXIS 83370, at 6 (D. Mass. May 12, 2020). In *Swenson*, the Court acknowledged the

1

Plaintiffs diligent, but unsuccessful, service attempts and approved alternative service through certified mail, email, and electronic delivery. The *Swenson* case allowed alternative means of service where the proposed methods were reasonably calculated to apprise defendants of the complaint and summons, thereby satisfying constitutional due process requirements.

In the present case, Plaintiff has likewise made repeated diligent, but unsuccessful attempts to serve the Complaint, Amended Complaint and Summons on Defendants Donald Morisky and MMAR, as detailed below. Following the reasoning in *Swenson*, Plaintiff respectfully requests that this Court authorize alternative service and grant an extension of time to accomplish the service. Specifically, Plaintiff requests that the Court provide and order permitting service by email and/or publication, as these methods are reasonably calculated to ensure Defendants receive notice of this action.

**FACTUAL BACKGROUND**

I.  **Service and Attempted Service of the Original Complaint**

The original Complaint was filed by the Plaintiff on August 15, 2024. The Summons was issued on August 19, 2024. Service of the Summons and original Complaint on some of the Defendants was accomplished as follows:

- Chris Viney, on who is designated by law to accept service of process on behalf of The Children's Hospital Corporation, was served on August 27, 2024. Proof of Service, ECF No. 11 (D. Mass. 2024).

- Waivers of service were executed and filed by Defendants Jacob Hartz, Hannah Palfrey, and Sara de Ferranti. Waiver of Service, ECF Nos. 12, 14, 15 (D. Mass. 2024).

- Defendant MMAR was successfully served at Donald Morisky's personal residence, where Donald Morisky accepted service on behalf of MMAR at 10935 Museo Drive, Las Vegas, Nevada on August 27, 2024. Proof of Service, ECF No. 16 (D. Mass. 2024).

- Subsequent personal service of Donald Morisky was attempted at his residence, 10935 Museo Drive, Las Vegas, Nevada, a total of seven (7) times between September 19, 2024, and September 29, 2024. These unsuccessful attempts are detailed in the attached Declaration of Proof of Non-Service by John White, a Nevada registered process server (Exhibit 1).

II. **Service and Attempted Service of the Amended Complaint**

Plaintiff filed its Amended Complaint on October 21, 2024. On November 4, 2024, The Children's Hospital Corporation, Jacob Hartz and Hannah Palfrey filed a Motion to Dismiss the Amended Complaint. ECF No. 25 (D. Mass. 2024).

A. <u>Repeated attempts at Defendants' Known Address</u>

- Plaintiff attempted service at Defendants MMAR and Donald Morisky's known residence, 10935 Museo Drive, Las Vegas, Nevada, on five (5) separate occasions between October 31 and November 8, 2024. Each attempt failed, as detailed in the Declaration of Diligence by Shea Byers, a Nevada registered process server (Exhibit 2).

B. <u>Attempts at Defendants' Alternate Addresses</u>

- Plaintiff attempted service of Donald Morisky and MMAR at an alternate residence at 1100 Oceangate, Long Beach, California, but Defendants no longer reside at that address as detailed in the Declaration of Diligence by Dean Carroll, a California registered process server (Exhibit 3).

3

- Additional attempts at a former business address at the University of California, Los Angeles (UCLA) were also unsuccessful as detailed in the Declaration of Diligence by Cesar Hernandez-Govea, a California registered process server (Exhibit 4).

### III. Plaintiff Requested Waiver of Service Through Defendants' Known Legal Counsel

Having been unsuccessful in repeated attempts to physically serve the Amended Complaint and Summons, Plaintiff turned to direct requests for a waiver of service with Defendants' known legal counsel.

- On October 2, 2024, Plaintiff's legal counsel sent an email to Defendants' counsel requesting waiver of service. However, no response was received (Exhibit 5, at 1).
- Plaintiff again attempted to secure waiver of service by contacting Defendants' attorneys, F. Christopher Austin and Amanda Bruss, who are known to represent Defendants in several other legal actions. This attempt also failed, as evidenced by return emails received on November 28 and December 2, 2024, wherein both attorneys refused to accept service on behalf of their clients (Exhibit 5, at 2-4).

## ARGUMENT

### I. Plaintiff Has Satisfied the Diligence Requirement

In *Swenson v. Mobilityless, LLC*, this Court provided for alternative means of service when a plaintiff demonstrated sufficiently diligent but unsuccessful attempts to serve defendants through traditional methods. The Court emphasized that the alternative methods of service proposed must be reasonably calculated to inform defendants of the lawsuit and therefore satisfy constitutional due process requirements.

4

Here, Plaintiff has made exhaustive efforts to serve Defendants Morisky and MMAR through traditional means. Specifically:

- Plaintiff made seven (7) separate attempts to personally serve to original Complaint to Defendants at Morisky's known residence at 10935 Museo Drive, Las Vegas, Nevada (Exhibit 1), and another five (5) separate attempts to serve the Amended Complaint (Exhibit 2).
- Plaintiff attempted service at multiple former addresses, including a Long Beach, California residence and UCLA (Exhibits 3 and 4);
- Plaintiff requested waiver of service through Defendants' legal counsel, who refused to accept service on behalf of their clients (Exhibit 5).

These efforts satisfy the diligence requirement set forth by this Court in *Swenson*.

II. **The Proposed Alternative Methods of Service Are Reasonably Calculated to Inform Defendants of This Action**

Plaintiff requests that this Court authorize service via email and/or publication, as both methods are reasonably calculated to inform Defendants of this lawsuit and satisfy constitutional due process requirements.

- Email: Plaintiff has communicated with Defendants' known counsel via email in related legal matters, demonstrating that email is a reliable and effective means of providing notice.
- Publication: Publishing notice in a newspaper of general circulation in Las Vegas, Nevada, where Morisky resides, is a customary alternative method that further ensures Defendants receive notice of this action.

### III.     Good Cause Exists for an Extension of Time Under Rule 4(m)

Federal Rule of Civil Procedure 4(m) allows for extensions of time to serve a defendant when plaintiffs demonstrate good cause. Plaintiff has demonstrated diligence through repeated and exhaustive attempts to serve Defendants. Defendants' active evasion of service constitutes good cause for an extension of time.

### CONCLUSION

For the foregoing reasons, MMAS Research respectfully requests that this Court: 1) authorize service of Amended Complaint and Summons on Defendants Donald Morisky and MMAR through alternative means, and 2) grant an appropriate extension of time to accomplish such service under Rule 4(m).

Respectfully submitted,

**Persepolis Law, PLLC**

By: /s/ Ashkon Roozbehani
    Ashkon Roozbehani (Bar No. 694483)
    Persepolis Law, PLLC
    809 Washington St., Suite A
    Newton, MA 02460
    Telephone: (617) 431-4329
    persepolaw@gmail.com

*Attorney for Plaintiff*
*MMAS Research LLC*

Dated: December 18, 2024