UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MMAS RESEARCH LLC,

    Plaintiff,

v.

THE CHILDREN'S HOSPITAL
CORPORATION, et al.,

    Defendants.

Case No.: 1:24-cv-12108-DJC

**MOTION FOR EXTENSION OF TIME (*NUNC PRO TUNC*)
TO ANSWER OR OTHERWISE RESPOND TO THE FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), Defendants Morisky Medication Adherence Research LLC (MMAR LLC) and Dr. Donald Morisky (collectively, the "Morisky Defendants") move for an extension of time to answer or otherwise respond to the First Amended Complaint from February 19, 2025, to March 5, 2025. This *nunc pro tunc* request for a brief extension is made to permit newly retained counsel time to acquaint themselves with the facts and issues of this case and to consult with the Morisky Defendants adequately to prepare an answer or to otherwise respond to the First Amended Complaint.

**I.     RELEVANT FACTS**

Defendants' primary counsel, F. Christopher Austin, was retained to represent the Morisky Defendants on this matter on evening of February 20, 2025. Mr. Austin has represented the Morisky Defendants in other matters, but due to a change in Mr. Austin's employment—Mr. Austin accepted employment at his current firm at the end of January 2025—there was a delay in seeking and securing Mr. Austin's representation in this matter. *See,* Declaration of F. Christopher Austin ("Austin Decl."), attached, at ¶1-3.

Mr. Austin is licensed to practice law in the state and federal courts of Nevada and before the Ninth and Federal Circuit Courts of Appeal. He is not licensed to practice law in Massachusetts' state or federal courts.

At approximately 5:42 a.m. the next morning, February 21, 2025, Mr. Austin called and emailed Plaintiff's counsel of record, Ash Roozbehani, to inform him of Mr. Austin's retention on the matter. Austin Decl. at ¶4-5; Feb. 21, 2025, email from Austin to Roozbehani, attached hereto as Exhibit 1.

That same day, February 21, 2025, Mr. Austin contacted the undersigned counsel (who is licensed to practice in Massachusetts and before this Court) to request if the undersigned counsel would consent to representation of Defendants as local counsel in this matter. Austin Decl. at ¶6. The undersigned counsel agreed to do so pending the absence of any conflicts and a formal retention of the Morisky Defendants. *Id.*

Accordingly, the following evening, Saturday, February 22, 2025, Mr. Austin again emailed Mr. Roozbehani, informed him that Defendants "were in the process of retaining Jeremy Oczek, of Bond Shoeneck & King to represent Defendants in this matter," copying the undersigned counsel on the email. Austin Decl. at ¶8; Feb. 22, 2025, email from Austin to Roozbehani, attached hereto as Exhibit 2. Noting that "counsel will need additional time to assess the facts and prepare a response," Mr. Austin asked whether Plaintiff's would consent to "extend the time 14 days to March 5, 2025, for Defendants to respond to the First Amended Complaint, or whether [Defendants would] need to move for the same." *Id.*, at ¶9. Mr. Austin then provided Mr. Roozbehani his cell phone number and offered to entertain a call or text from Mr. Roozbehani at Mr. Roozbehani's convenience throughout the weekend. *Id.*

Mr. Austin did not receive a response until Monday, February 24, 2025. In that response, Mr. Roozbehani stated that Plaintiff would not agree to the requested extension. *Id.*, at ¶10. To the contrary, Mr. Roozbehani stated that Plaintiff "will be moving forward with a motion for default." *Id.* Because that email was sent at 6:30 a.m., Pacific time, Mr. Austin did not see it until after he commenced work later that morning, by which time Plaintiff had in fact filed for entry of default in this matter despite fully being appraised that the Morisky Defendants were in the process of securing identified counsel in Massachusetts.

That same day, February 24, 2025, the undersigned counsel filed a Notice of Appearance as counsel of record for the Morisky Defendants in this matter. ECF No. 48.

There is no prejudice here to Plaintiff by allowing a short extension of fourteen (14) days (from February 19, 2025, to March 5, 2025) for the Morisky Defendants to answer or otherwise respond to the First Amended Complaint. No schedule has been set in this case. Moreover, Plaintiff's First Amended Complaint is currently the subject of the Motion to Dismiss (ECF No. 25) by Defendants The Children's Hospital Corporation, Jacob Hartz, and Hannah Palfrey (the "Hospital Defendants"), and according to the docket in this case, a hearing on the Hospital Defendants' Motion to Dismiss was heard by the Court on February 20, 2025. *See* ECF No. 46.

Further, it is respectfully submitted that extensions of up to thirty (30) days to answer or otherwise respond to a complaint are routinely agreed to by counsel in this District as a matter of professional courtesy. Here, the Morisky Defendants are only seeking fourteen (14) days to answer or otherwise respond to Plaintiff's First Amended Complaint.

## II.    LEGAL ARGUMENT

Rule 6(b) gives district courts broad discretion to enlarge the time for serving an answer or otherwise responding to a complaint. The Rule further provides that the court may, "for good

cause, extend the time" "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. 6(b)(1)(B). In accord with this Rule, district courts have granted extensions even in circumstances where the original time has passed for filing an answer. *See, e.g., Carrol v. Primerica Financial Servs. Ins. Marketing,* 811 F.Supp. 1558, 1563 (D.C. Ga. 1992) (citing court's inherent power when extending time to answer after deadline had passed).

In assessing the "good cause" and "excusable neglect" standards, this District has stated:

> The good cause and excusable neglect standards have 'different domains.'" (quoting *Lorenzen v. Emps. Ret. Plan*, 896 F.2d 228, 232 (7th Cir.1990)). . . . The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault -- excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

*O'Brien v. Wilmington Tr. Nat'l Ass'n,* 517 F. Supp. 3d 54, 58 (D. Mass. 2021) (quoting Fed R. App. P. 4 advisory's committee's note).[1] Thus, the standard for excusable neglect does not require a party to be faultless; a party's excusable neglect may in fact be caused by the party's own carelessness. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L. Ed. 2d 74 (1993) (observing that a party's neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.").

As set forth herein and in the Declaration of Mr. Austin, the facts and circumstances of this matter are excusable under Rule 6(b)(1)(B). The delay in retaining counsel was minimal and counsel immediately acted to both inform Plaintiff's counsel of his retention and to secure competent Massachusetts counsel to represent Defendants in this matter.

---

[1] While this quote is from Fed R. App. P. 4 advisory's committee's note, the standards of "good cause" and "excusable neglect" are also referred to in Fed. R. Civ. P. 6(b)(1)(B).

Further, pursuant to Local Rule 7.1(a)(2), the Morisky Defendants acted promptly to meet and confer with Plaintiff's counsel to secure a consent filing. That good faith effort was rejected out of hand by Plaintiff's counsel simply because the deadline had passed. Plaintiff cannot reasonably claim that Plaintiff would be prejudiced by the brief extension hereby requested.

### III.   CONCLUSION

For the reasons set forth herein and in the Declaration of Mr. Austin and supporting exhibits, the Morisky Defendants respectfully request a brief extension of the time to answer or otherwise respond to the First Amended Complaint to March 5, 2025.

Dated: February 26, 2025

Respectfully submitted,

*s/ Jeremy P. Oczek*
Jeremy P. Oczek (BBO# 647509)
BOND, SCHOENECK & KING, PLLC
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7037
Email: jpoczek@bsk.com

*Counsel for Defendants Donald Morisky and Morisky Medication Adherence Research LLC*

### LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Jeremy P. Oczek, counsel for Defendants Dr. Donald Morisky and Morisky Medication Adherence Research LLC in the above captioned action, hereby certify that, pursuant to Rule 7.1(A)(2) of the Local Rules of the United States District Court for the District of Massachusetts, that counsel for the Morisky Defendants and Plaintiff's counsel conferred via email, as set forth herein. On February 24, 2025, Ashkon Roozbehani, counsel for Plaintiff, indicated that Plaintiff would not agree to an extension for the Morisky Defendants.

Dated: February 26, 2025

Respectfully submitted,

*s/ Jeremy P. Oczek*
Jeremy P. Oczek

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 26, 2025, the foregoing MOTION FOR EXTENSION OF TIME (*NUNC PRO TUNC*) TO ANSWER OR OTHERWISE RESPOND TO THE FIRST AMENDED COMPLAINT was served, via electronic delivery, to counsel of record via CM/ECF system which will forward copies to all counsel of record.

Dated: February 26, 2025                    Respectfully submitted,

*s/ Jeremy P. Oczek*
Jeremy P. Oczek