UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THE CHILDREN'S HOSPITAL CORPORATION, et al.,<br><br>Defendants. | Case No. 1:24-cv-12108-DJC |

**MEMORANDUM IN SUPPORT OF PLAINTIFF MMAS RESEARCH LLC'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME**

Ashkon Roozbehani (Bar No. 694483)
PERSEPOLIS LAW, PLLC
809 Washington St., Suite A
Newton, MA 02460
Telephone: (617) 431-4329
persepolaw@gmail.com

*Attorney for Plaintiff*
*MMAS Research LLC*

**INTRODUCTION**

Plaintiff MMAS Research LLC respectfully submits this Opposition to Defendants' Motion for Extension of Time and requests that the Court deny the Motion as both procedurally improper and substantively deficient. Defendants have not moved to set aside default and therefore lack standing to seek an extension. Moreover, Defendants fail to establish excusable neglect under Rule 6(b)(1)(B). Accordingly, Plaintiff requests that the Court deny Defendants' Motion in its entirety.

**FACTUAL BACKGROUND**

Plaintiff MMAS Research LLC initiated this action on August 15, 2024, by filing the Original Complaint. The Court issued the Summons on August 19, 2024, and on August 27, 2024, Defendant Morisky Medication Adherence Research LLC ("MMAR") was personally served via process server at Defendant Donald Morisky's residence in Las Vegas. Defendant Donald Morisky signed the service acknowledgment on behalf of MMAR. *Proof of Service*, ECF No. 16 (D. Mass. 2024). Defendants were required to file an answer or otherwise respond by September 18, 2024. They failed to do so. No answer, motion, or other response was filed by either Defendant. As a result, Defendants were in default as of September 19, 2024.

On October 21, 2024, Plaintiff filed an Amended Complaint and took further steps to formally serve both Defendants. Plaintiff made multiple attempts to personally serve Morisky and MMAR again, but Defendants evaded the process server, requiring Plaintiff to seek alternative methods of service. See Exhibit 1 (Process Server Affidavits).

Given these difficulties, Plaintiff's counsel directly contacted Defendants' longtime attorney, Christopher Austin ("Austin"), requesting acceptance or waiver of service. Austin, who has represented Defendants in multiple factually related legal proceedings in the Federal Courts of

1

Washington State and California, was notified of this case through repeated emails from Plaintiff's counsel. On October 2, 2024, Plaintiff's counsel emailed Austin, identifying the case and requesting a waiver of service for the Amended Complaint. Austin did not respond. See Exhibit 2 (October 2, 2024, Email to Austin).

Approximately one month later, Plaintiff's counsel made a second attempt to secure waiver of service, this time contacting both Austin and co-counsel Amanda Bruss, who also represents Defendants in related legal matters. In response, emails dated November 28 and December 2, 2024, confirmed that neither Austin nor Bruss would accept service on behalf of Defendants. See Exhibit 3 (November 28 & December 2, 2024, Email Responses from Austin and Bruss).

After exhausting all avenues to effectuate service, Plaintiff filed a Motion for Alternative Service on December 18, 2024, which the Court granted on January 28, 2025. *Electronic Order Granting Motion for Service by Publication*, ECF No. 42 (D. Mass. 2025). Plaintiff formally served Defendants Donald Morisky and MMAR via email on January 29, 2025. See *Affidavit of Service*, ECF No. 43 (D. Mass. 2025). Under the Federal Rules, Defendants were required to respond to the Amended Complaint within 21 days, making their deadline February 19, 2025.

On February 21, 2025, Attorney Austin emailed Plaintiff's counsel, Ashkon Roozbehani ("Roozbehani"), stating that he had been retained by Defendants Donald Morisky and MMAR and that Defendants intended to file a response to the Amended Complaint later that day. The following day, on February 22, Austin again contacted Roozbehani, this time stating that Defendants were in the process of retaining local counsel and needed an additional 14 days to respond. He asked whether Plaintiff would assent to the extension. On February 24, 2025, Roozbehani informed Austin that Plaintiff would not assent to the extension. See Exhibit 4 (February 21–24, 2025, Email Chain between Austin and Roozbehani). That same day, Plaintiff moved for Entry of

Default against Defendants Morisky and MMAR. See ECF No. 47 (D. Mass. 2025). Further details regarding these communications are set forth in the Declaration of Ashkon Roozbehani ("Roozbehani Decl.").

On February 26, 2025, Defendants filed a Motion for Extension of Time to File an Answer, asserting that the delay was minimal and that Defendants' counsel had been diligent in notifying Plaintiff's counsel of his retention. Attorney Chris Austin's declaration accompanying the motion, claims that his transition to a new law firm at the end of January 2025 caused the delay in his representation of Defendants and in following up with them regarding the status of other matters he was handling on their behalf. See *Defendants' Motion for Extension of Time to File an Answer*, ECF No. 49 (D. Mass. 2025).

On March 5, 2025, while Defendants' Motion for Extension of Time remains pending, Defendants' newly retained local counsel, Jeremy Oczek, contacted Plaintiff's counsel stating that Defendants intend to file a motion to dismiss for lack of personal jurisdiction. See Exhibit 5 (March 5, 2025, Email from Oczek to Plaintiff's Counsel).

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a defendant must plead or otherwise defend within the prescribed time, or risk default. Fed. R. Civ. P. 55(a). Once default has been entered, the defaulting party is deemed to have admitted the well-pleaded allegations of the complaint and forfeits the opportunity to litigate unless the default is set aside. Fed. R. Civ. P. 8(b)(6); *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985).

A defaulted party may not file an answer, motion, or otherwise participate in the proceedings until the default is lifted. Courts have consistently held that a defendant in default lacks standing to take further action unless the court grants relief from default. *See Empower*

3

*Energy Solutions v. Solar Wolf Energy*, 2022 U.S. Dist. LEXIS 45177 (D. Mass. 2022) (holding that a party in default may not plead or proceed until default is set aside); *Kiesgen v. St. Clair Marine Salvage, Inc.*, 724 F. Supp. 2d 721, 728 (E.D. Mich. 2010) ("A party in default may not plead [or] otherwise proceed until the default is set aside."). Under these principles, courts have discretion to strike or deny filings made by defaulted parties who have not first sought to set aside default. *See Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927) (finding that a defaulted party "has lost standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing").

Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may extend a deadline after it has expired only upon a showing of excusable neglect. Courts have broad discretion in determining whether excusable neglect exists, but the standard is not lenient. The Supreme Court has clarified that excusable neglect includes "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388 (1993). Courts frequently deny motions under Rule 6(b)(1)(B) when the delay was within the movant's control or where the movant failed to act diligently. *See Piñero-Gago v. Torres-Ríos*, 2024 U.S. Dist. LEXIS 5179 (D.P.R. 2024) (denying an extension where a party failed to comply with court deadlines due to miscalendaring). Critically, a defaulted party must first move to set aside the default before seeking an extension under Rule 6(b)(1)(B). Until default is lifted, the party lacks standing to seek additional time to file an answer. *Empower Energy Solutions v. Solar Wolf Energy*, 2022 U.S. Dist. LEXIS 45177 (D. Mass. 2022).

**ARGUMENT**

I. **Defendants Lack Standing to Seek an Extension Without First Moving to Set Aside Default.**

Defendant Donald Morisky and MMAR's Motion for Extention of Time is procedurally improper because, as established in *Empower Energy Solutions v. Solar Wolf Energy*, a defaulted party may not plead, seek affirmative relief, or otherwise proceed until default is set aside. Here, Defendants have not merely missed one deadline—they have been in default since September 2024, when they failed to respond to the Original Complaint after being properly served in August. That default was never cured, nor did Defendants take any action to correct their failure before the Amended Complaint was filed in October.

Defendants are also in default after failing to respond to the last attempted service by email on January 29, 2025. Approximately eight (8) months have passed since the lawsuit was filed, during which time the Plaintiff defended a motion to dismiss by another defendant in this case. After repeated delays and non-responsiveness by Defendants, Plaintiff properly requested entry of default.

Like in *Kiesgen v. St. Clair Marine Salvage, Inc.*, where the court refused to allow a defaulted party to file an answer before lifting default, Defendants here have lost their standing to request an extension. Their motion should be denied outright as procedurally improper because they have not first moved to set aside default, as required.

II. **Defendants Cannot Meet the Standard of Excusable Neglect.**

Defendants assert that their failure to timely respond should be excused because Attorney Austin changed law firms in late January 2025. However, the First Circuit has held that routine attorney workload or transitions do not establish excusable neglect. *See Brockton*

5

*Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985). Therefore, this excuse does not withstand scrutiny. Attorney transitions do not absolve parties of their procedural obligations—particularly when the parties in question were well aware of the case for approximately eight (8) months. Courts routinely reject attempts to justify missed deadlines based on attorney workload, logistical difficulties, or internal case management failures.

As in the case of *Piñero-Gago v. Torres-Ríos*, where the court refused to grant an extension because the movant failed to manage deadlines despite being aware of them, the same applies here: Defendants had ample notice, multiple warnings, and repeated waiver requests—yet ignored their obligations at every turn. Plaintiff's counsel made multiple efforts to engage Defendants' attorneys, only to be met with silence or outright refusal. It is presumptuous for Defendants to ask for more time after deliberately running out the clock.

Unlike cases where courts have excused late filings due to unforeseen circumstances, Defendants' failure was entirely within their control. As stated in *Clifton v. Tomb*, default is not a mere formality—it is a consequence for failing to engage in litigation; and here, the Defendants have repeatedly failed to engage. *See Clifton v. Tomb*, 21 F.2d 893, 897.

- **August 27, 2024:** Plaintiff served MMAR with the Original Complaint.
- **September 18, 2024:** Defendants' deadline to respond expired. As of September 19, Defendants were in default.
- **October 2, 2024:** Plaintiff's counsel contacted Attorney Austin to request a waiver of service for the Amended Complaint. Austin ignored the request.
- **November 28 & December 2, 2024:** Plaintiff again contacted Austin and co-counsel Amanda Bruss, requesting waiver of service. Both refused.

- **January 29, 2025:** Plaintiff, after obtaining court-approved alternative service, formally served Defendants via email.

- **February 19, 2025:** Defendants' new deadline to respond expired.

- **February 21, 2025:** Attorney Austin contacted Plaintiff's counsel for the first time—five months after Defendants' initial default—stating that Defendants intended to file a response.

- **February 22, 2025:** Austin requested an extension instead of filing a motion to set aside default.

- **March 5, 2025:** While Defendants' Motion for Extension of Time remains pending, Defendants' newly retained local counsel, Jeremy Oczek, emailed Plaintiff's counsel stating that Defendants intend to file a motion to dismiss for lack of personal jurisdiction. Despite seeking additional time to respond to the Amended Complaint, Defendants are simultaneously preparing substantive filings in this case.

This timeline does not constitute "simple, faultless omissions to act" under the standard established by the Supreme Court. *Pioneer Inv. Servs. Co*. Rather, Defendants engaged in a deliberate pattern of avoidance, repeatedly ignoring deadlines, refusing service, and failing to engage in this litigation until after default had already been initiated. Their failure to participate was not an inadvertent mistake or mere carelessness—it was an intentional course of conduct, and therefore their motion should be denied.

## CONCLUSION

For the foregoing reasons, MMAS Research LLC respectfully requests that this Court deny Defendants' Motion for Extension of Time in its entirety.

7

        Respectfully submitted,

        **Persepolis Law, PLLC**

By: <u>*/s/ Ashkon Roozbehani*</u>
     Ashkon Roozbehani (Bar No. 694483)
     Persepolis Law, PLLC
     809 Washington St., Suite A
     Newton, MA 02460
     Telephone: (617) 431-4329
     persepolaw@gmail.com

     *Attorney for Plaintiff*
     *MMAS Research LLC*

Dated: March 5, 2025