**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MMAS RESEARCH LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THE CHILDREN'S HOSPITAL CORPORATION, et al.,<br><br>Defendants. | Case No. 1:24-cv-12108-DJC |

**DECLARATION OF ASHKON ROOZBEHANI IN SUPPORT OF**
**PLAINTIFF MMAS RESEARCH LLC'S**
**OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME**

I, Ashkon Roozbehani, declare and state as follows:

1. I am an attorney licensed in Massachusetts and counsel for Plaintiff MMAS Research LLC ("Plaintiff") in this action. I make this declaration in support of Plaintiff's Opposition to Defendants' Motion for Extension of Time. The statements in this declaration are based on my personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

2. Defendants have been aware of this litigation since at least August 2024. Plaintiff initiated this action on August 15, 2024, and served Defendant Morisky Medication Adherence Research LLC ("MMAR") on August 27, 2024, at Defendant Donald Morisky's residence in Las Vegas. Defendant Donald Morisky personally signed the acknowledgment of service on behalf of MMAR. *Proof of Service*, ECF No. 16 (D. Mass. 2024).

1

3. Defendants failed to respond to the Original Complaint by the September 18, 2024 deadline.

4. After filing the Amended Complaint on October 21, 2024, Plaintiff made multiple attempts to formally serve both Defendants, but Defendants evaded service. See Exhibit 1 (Process Server Affidavits).

5. On October 2, 2024, my co-counsel at the time, Anthony Fusaro, contacted Defendants' longtime attorney, Christopher Austin, to request waiver of service for the Amended Complaint. Austin, who has represented Defendants in multiple factually related legal proceedings, did not respond to this email. See Exhibit 2 (October 2, 2024, Email to Austin).

6. On November 28 and December 2, 2024, after further failed attempts to serve Defendants, my co-counsel Patricia Ray contacted both Austin and his co-counsel, Amanda Bruss, again requesting waiver of service. In response, both Austin and Bruss refused to accept service. See Exhibit 3 (November 28 & December 2, 2024, Email Responses from Austin and Bruss).

7. On December 18, 2024, Plaintiff moved for alternative service, which the Court granted on January 28, 2025. *Electronic Order Granting Motion for Service by Publication*, ECF No. 42 (D. Mass. 2025).

8. Plaintiff served Defendants via email on January 29, 2025. The new deadline for Defendants to respond was February 19, 2025. See *Affidavit of Service*, ECF No. 43 (D. Mass. 2025). Defendants again failed to meet this deadline.

9. On Friday February 21, 2025—two days after Defendants' deadline to respond to the Amended Complaint expired—Attorney Austin emailed me stating that he had

been retained by Defendants and that they intended to file a response that same day. This email did not call for a response from me, and I conferred with my client and co-counsel that day. See Exhibit 4 (February 21–24, 2025, Email Chain between Austin and Roozbehani).

10. The next day, on Saturday, February 22, 2025, Austin emailed again, now stating that Defendants were in the process of retaining local counsel and requesting an additional 14 days to respond. This was the first time Defendants had sought additional time to respond. I conferred with my client and co-counsel over the weekend to prepare our response. See Exhibit 4 (February 21–24, 2025, Email Chain between Austin and Roozbehani).

11. On Monday morning February 24, 2025, I responded to Austin, stating that Plaintiff would not assent to the requested extension and that Plaintiff intended to file a request for default. See Exhibit 4 (February 21–24, 2025, Email Chain between Austin and Roozbehani). Later that same day, I filed a Request for Entry of Default against Defendants on behalf of Plaintiff. See ECF No. 47 (D. Mass. 2025).

12. Austin's declaration in support of Defendants' Motion for Extension of Time asserts that his transition to a new law firm in late January 2025 caused Defendants' delay. However, this does not account for Defendants' failure to respond since September 2024, their refusal to accept service of the Amended Complaint, or their continued inaction after being served by email on January 29, 2025. See Defendants' Motion for Extension of Time to File an Answer, ECF No. 49 (D. Mass. 2025).

13. On March 5, 2025, while Defendants' Motion for Extension of Time remained pending, Defendants' newly retained local counsel, Jeremy Oczek, sent an email to

me and co-counsel Patricia Ray and Ronald Coleman, stating that Defendants intend to file a motion to dismiss for lack of personal jurisdiction. Despite seeking additional time to respond to the Amended Complaint, Defendants are simultaneously preparing substantive filings in this case. See Exhibit 5 (March 5, 2025, Email from Oczek to Plaintiff's Counsel).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: March 5, 2025

By: */s/ Ashkon Roozbehani*
Ashkon Roozbehani (Bar No. 694483)
Persepolis Law, PLLC
809 Washington St., Suite A
Newton, MA 02460
Telephone: (617) 431-4329
persepolaw@gmail.com

*Attorney for Plaintiff*
*MMAS Research LLC*