# EXHIBIT 1

Cohen IP Law Group, P.C.
Michael Cohen SBN 225348
9025 Wilshire Blvd., Ste. 301
Beverly Hills, CA  90211
(310)288-4500


Representing: Plaintiff


UNITED STATES DISTRICT COURT

Central District of California - District - Los Angeles - Edward R. Roybal Federal Bldg


| | | |
|---|---|---|
| MMAS Research LLC | ) | Case No. 2:25-cv-01057-RGK-DFM |
| **Plaintiff/Petitioner** | ) | |
| | ) | Proof of Service of: |
| vs. | ) | Complaint, Summons, Report on the Filing or Determination |
| | ) | of an Action or Appeal Regarding a Copyright, Civil Cover |
| Johnson and Johnson Innovative Medicine, et al. | ) | Sheet, Report on the Filing or Determination of an Action or |
| **Defendant/Respondent** | ) | Appeal Regarding a Copyright, Notice of Assignment to |
| | ) | United States Judges, Notice to Parties of Court-Directed ADR |
| | ) | Program |
| | ) | |
| | | Service on: |
| | | Weide and Miller LTD |

PROOF OF SERVICE

Order # 24941510

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Cohen IP Law Group, P.C.<br>Michael Cohen SBN 225348<br>9025 Wilshire Blvd., Ste. 301<br>Beverly Hills, CA 90211<br>　　TELEPHONE NO:　(310)288-4500　　　　FAX NO *(Optional)*:<br>　E-MAIL ADDRESS *(Optional)*:　mcohen@cohenip.com<br>　ATTORNEY FOR *(Name)*:　Plaintiff | |

| ***Insert name of court, judicial district or branch court, if any:*** | |
|---|---|
| United States District Court<br>Central District of California - District - Los Angeles - Edward R. Roybal Federal Bldg<br>255 E. Temple St<br>Los Angeles, CA  90012 | |

| PLAINTIFF / PETITIONER:　MMAS Research LLC<br>DEFENDANT / RESPONDENT:　Johnson and Johnson Innovative Medicine, et al. | CASE NUMBER:<br>2:25-cv-01057-RGK-DFM |
|---|---|

| **PROOF OF SERVICE** | Ref. No. or File No.:<br>12915279 (24941510) |
|---|---|

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:
Complaint, Summons, Report on the Filing or Determination of an Action or Appeal Regarding a Copyright, Civil Cover Sheet, Report on the Filing or Determination of an Action or Appeal Regarding a Copyright, Notice of Assignment to United States Judges, Notice to Parties of Court-Directed ADR Program

2. Party Served:　　　　　　　Weide and Miller LTD

3. Person Served:　　　　　　　Christopher Austin

4. Left With:　　　　　　　Jane Doe, 35/F/C/150lbs/5'6" - Intake Specialist Authorized to accept

5. Date & Time of Delivery:　　　March 30, 2025 at 9:45 am PDT

6. Address, City and State:　　　11009 Edina Ct Las Vegas, NV, 89144

7. Manner of Service:　　　**SUBSTITUTION SERVICE:** By leaving the copies with or in the presence of Jane Doe, 35/F/C/150lbs/5'6", a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the person served. I informed them of the general nature of the papers. I caused the copies to be mailed (if applicable). A declaration of mailing is attached.

Fee for service: $150

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Not a Registered California process server.
Reggie Mitchell

_____
　　　　　　　　　Reggie Mitchell

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

Date: March 31, 2025

---

**PROOF OF SERVICE**

MC-031

| PLAINTIFF / PETITIONER: | MMAS Research LLC | CASE NUMBER: |
|---|---|---|
| DEFENDANT / RESPONDENT: | Johnson and Johnson Innovative Medicine, et al. | 2:25-cv-01057-RGK-DFM |

## DECLARATION OF MAILING
(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 North McDowell Blvd Suite 300, Petaluma, CA 94954.

On 3/31/2025, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Summons, Report on the Filing or Determination of an Action or Appeal Regarding a Copyright, Civil Cover Sheet, Report on the Filing or Determination of an Action or Appeal Regarding a Copyright, Notice of Assignment to United States Judges, Notice to Parties of Court-Directed ADR Program

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Grass Valley, CA, addressed as follows:

Weide and Miller LTD
Christopher Austin - Person Authorized to Accept Service of Process
11009 Edina Ct
Las Vegas, NV 89144.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date: 3/31/2025
Carol Macarty
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

[ ] Attorney for   [ ] Plaintiff   [ ] Petitioner   [ ] Defendant
[ ] Respondent   [X] Other (Specify): InfoTrack US, Inc.

MC-031

| PLAINTIFF / PETITIONER: | MMAS Research LLC | CASE NUMBER: |
|---|---|---|
| DEFENDANT / RESPONDENT: | Johnson and Johnson Innovative Medicine, et al. | 2:25-cv-01057-RGK-DFM |

## DECLARATION OF DILIGENCE

(This form must be attached to another form or court paper before it can be filed in court.)

Party Served: Weide and Miller LTD

1) Unsuccessful Attempt: Mar 26, 2025, 11:20 am PDT at Home: 11009 Edina Ct, Las Vegas, NV 89144

   *No answer at address*

2) Successful Attempt: Mar 30, 2025, 9:45 am PDT at Home: 11009 Edina Ct, Las Vegas, NV 89144 received by Jane Doe, 35/F/C/150lbs/5'6". Age: 35; Ethnicity: Caucasian; Gender: Female; Weight: 150; Height: 5'6"; Hair: Brown; Eyes: Brown; Relationship: Intake Specialist Authorized to accept; Other: Caucasian woman with brown hair stated to leave Documents at the door. The house's see-through windows were open as I was trying to serve her. She locked the door and walked away.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:   March 31, 2025

Reggie Mitchell
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for   ☐ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent   ☒ Other *(Specify):* Process Server

# EXHIBIT 2

Cohen IP Law Group, P.C.
Michael Cohen SBN 225348
9025 Wilshire Blvd., Ste. 301
Beverly Hills, CA  90211
(310)288-4500

Representing: Plaintiff

UNITED STATES DISTRICT COURT

Central District of California - District - Los Angeles - Edward R. Roybal Federal Bldg

| | |
|---|---|
| MMAS Research LLC<br>**Plaintiff/Petitioner**<br><br>vs.<br><br>Johnson and Johnson Innovative Medicine, et al.<br>**Defendant/Respondent** | ) Case No. 2:25-cv-01057-RGK-DFM<br>)<br>) Proof of Service of:<br>) Summons, Complaint, Report on the Filing or Determination<br>) of an Action or Appeal Regarding a Copyright, Civil Cover<br>) Sheet, Report on the Filing or Determination of an Action or<br>) Appeal Regarding a Copyright, Notice of Assignment to<br>) United States Judges, Notice to Parties of Court-Directed ADR<br>) Program<br>)<br>) Service on:<br>Donald Morisky |

PROOF OF SERVICE

Order # 24940677

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Cohen IP Law Group, P.C.<br>Michael Cohen SBN 225348<br>9025 Wilshire Blvd., Ste. 301<br>Beverly Hills, CA 90211<br>　　　TELEPHONE NO:　(310)288-4500　　　FAX NO *(Optional)*:<br>　E-MAIL ADDRESS *(Optional)*:　mcohen@cohenip.com<br>　ATTORNEY FOR *(Name)*:　Plaintiff | |

| ***Insert name of court, judicial district or branch court, if any:*** | |
|---|---|
| United States District Court<br>Central District of California - District - Los Angeles - Edward R. Roybal Federal Bldg<br>255 E. Temple St<br>Los Angeles, CA  90012 | |

| PLAINTIFF / PETITIONER:　MMAS Research LLC<br>DEFENDANT / RESPONDENT:　Johnson and Johnson Innovative Medicine, et al. | CASE NUMBER:<br>2:25-cv-01057-RGK-DFM |
|---|---|
| **PROOF OF SERVICE** | Ref. No. or File No.:<br>12914575 (24940677) |

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:
Summons, Complaint, Report on the Filing or Determination of an Action or Appeal Regarding a Copyright, Civil Cover Sheet, Report on the Filing or Determination of an Action or Appeal Regarding a Copyright, Notice of Assignment to United States Judges, Notice to Parties of Court-Directed ADR Program

2. Party Served:　　　　　　Donald Morisky

3. Date & Time of Delivery:　　March 22, 2025 at 6:56 pm PDT

4. Address, City and State:　　10935 Museo Ave Las Vegas, NV, 89135

5. Manner of Service:　　　　Personal Service - By personally delivering copies.

Fee for service: $145

Not a Registered California process server.
Reggie Mitchell

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
　　　　　　　　Reggie Mitchell

Date: March 24, 2025

# EXHIBIT 3

1   Chad R. Fears, Esq. (SBN 6970)
    EVANS FEARS SCHUTTERT MCNULTY
2   MICKUS
    6720 Via Austi Parkway, Suite 300
3   Las Vegas, Nevada 89119
    Telephone:  702-805-0290
4   Facsimile:  702-805-0291
    Email: cfears@efsmmlaw.com
5
    *Attorneys for Defendants CVS Pharmacy, Inc. and*
6   *Asembia, LLC*

7

8                    UNITED STATES DISTRICT COURT

9                         DISTRICT OF NEVADA

10  ADHERENCE d/b/a of MORISKY              **Case No. 2:24-cv-01590-JCM-NJK**
    MEDICATION ADHERENCE RESEARCH
11  LLC, a Nevada limited liability company,  **DEFENDANTS CVS PHARMACY,**
                                              **INC. AND ASEMBIA, LLC'S MOTION**
12                  Plaintiff,               **FOR RECONSIDERATION OF**
                                             **ORDER GRANTING PLAINTIFF'S**
13          v.                               **MOTION TO EXTEND THE**
                                             **DISCOVERY DEADLINES**
14  CVS PHARMACY, INC., a Rhode Island
    corporation; and ASEMBIA, LLC, a Delaware
15  limited liability company,

16                  Defendants.

17

18          Pursuant to Nevada Local Rule 59-1, Defendants CVS Pharmacy, Inc. ("CVS") and

19  Asembia, LLC ("Asembia") (collectively, "Defendants"), by and through their counsel of record,

20  respectfully move the Court for reconsideration of the Court's March 18, 2025 Order (ECF No.

21  35) granting Plaintiff's Motion to Extend the Discovery Deadlines (ECF No. 34).  Defendants'

22  Motion is based on the following Memorandum of Points and Authorities and the pleadings and

23  papers on file.

24

25

26

27

28

1

2                          EVANS FEARS SCHUTTERT MCNULTY
                         MICKUS

3

4

5                     By: */s/ Chad R. Fears*
                           Chad R. Fears, Esq. (NBN 6970)

6                            6720 Via Austi Parkway, Suite 300
                           Las Vegas, Nevada 89119

7                            *Attorneys for Defendants CVS Pharmacy,*
                           *Inc. and Asembia, LLC*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    INTRODUCTION**

3         On March 14, 2025, Plaintiff Adherence d/b/a of Morisky Medication Adherence Research,

4    LLC's ("Plaintiff" or "Adherence") filed a Motion to Extend the Discovery Deadlines seeking to

5    extend the discovery schedule set forth in this Court's Scheduling Order (ECF No. 26) and reopen

6    the expired expert disclosure deadline.  ECF No. 34 (the "Motion").  The Court treated Plaintiff's

7    Motion as a stipulation between the parties to extend the discovery deadlines and granted the

8    Motion on that basis.  ECF No. 35 (the "Order").

9         However, Defendants CVS Pharmacy, Inc. ("CVS") and Asembia, LLC ("Asembia")

10   (collectively, "Defendants") did not in fact stipulate to Plaintiff's proposed schedule.  On the

11   contrary, Defendants fully intended to file an opposition brief to Plaintiff's Motion, and would have

12   done so had the Court not ruled on the Motion ten days in advance of Defendants' response

13   deadline.  *See* Local Rule 7-2(b); *see also* ECF No. 34 (docket text stating "Responses due by

14   3/28/2025"); Declaration of Jennifer Insley-Pruitt ("Insley-Pruitt Decl.") ¶ 13.

15        Defendants therefore respectfully submit that the Court's Order relied on a mistake of fact—

16   namely, the mistaken understanding that Defendants consented to Plaintiff's Motion.  As

17   Defendants would have argued in opposition to Plaintiff's Motion, Plaintiff did not, and indeed

18   could not, establish good cause to extend the discovery schedule, much less the excusable neglect

19   required to reopen the expired expert disclosure deadline.  *See* ECF No. 35.  Plaintiff's Motion

20   claimed that it was "deprived . . . of counsel required to pursue discovery" until March 7, 2025.

21   Motion at 1:25-26.  But the fact Plaintiff's counsel apparently did not a contingency fee agreement

22   in place does not mean that Plaintiff did not *have* counsel, nor did it relieve either Plaintiff or its

23   counsel of record of their obligation to comply with the discovery deadlines set by this Court.  And

24   even if counsel's concerns about fee arrangements are a reasonable basis on which to seek

25   enlargement of the discovery period, Plaintiff has provided no valid reason why it could not have

26   sought the requested extension prior to issuance of the Scheduling Order in January, when it first

27   learned of problems with counsel's fee arrangement, or in February, with the expert disclosure

28   deadline approaching, or on March 7, when Plaintiff's counsel finally obtained permission to

1     proceed on contingency.

2        In fact, Plaintiff *never* advised this Court, Defendants, or Defendants' counsel that

3 Plaintiff's representation by counsel was in any way insufficient, nor did Plaintiff request additional

4 time in order to ensure that counsel could continue to act for Plaintiff at his new firm, nor did

5 Plaintiff retain new counsel when it became clear that its counsel would not be able to diligently

6 litigate this action.  Instead, Plaintiff chose to bide its time and ignore the Scheduling Order in this

7 action until after the passage of the expert discovery deadline.

8        The Court should not reward Plaintiff's lack of diligence in this litigation.  Given that

9 Defendants did not in fact consent to Plaintiff's Motion, Defendants respectfully request that the

10 Court reconsider its ruling and deny Plaintiff's Motion in full on the basis that Plaintiff did not

11 show good cause for the requested extension of the Scheduling Order, let alone excusable neglect

12 to reopen the expired expert disclosure deadline.  In the alternative, Defendants ask that the Court

13 reconsider its Order and reopen briefing on Plaintiff's Motion in order to allow Defendant the

14 opportunity to present argument against Plaintiff's Motion—an opportunity that would otherwise

15 be denied.

16 **II.     FACTUAL BACKGROUND**

17        Plaintiff filed its initial complaint in this action on August 28, 2024.  Dkt. No. 1.  The

18 complaint is signed by F. Christopher Austin ("Mr. Austin") of Weide & Miller, Ltd.  *Id*. at 21.

19 Mr. Austin is the only attorney that has ever appeared in this action on behalf of Plaintiff.

20        On January 8, 2025, Mr. Austin sent counsel for Defendants a draft proposed discovery plan

21 by email.  Insley-Pruitt Decl. Ex. A at 1-2.  In his January 8, 2025 email, Mr. Austin noted that the

22 draft discovery plan provided for "special scheduling . . . to propose extending discovery 3 months

23 from 180 days to 270 days," and indicated that this extension of the discovery schedule was

24 included in the draft plan at Defendants' counsel's request.  However, Defendants' counsel

25 informed Mr. Austin by email response that Defendants did not in fact intend to request an extended

26 discovery period in this matter.  *Id*. at 1.  Defendant's counsel therefore revised the draft proposed

27 scheduling plan to provide for the standard schedule and send the revised draft back to Mr. Austin

28 for filing.  *Id*.

On January 14, 2024, the Court entered a stipulated discovery plan and scheduling order signed by both parties. Dkt. No. 26 (the "Scheduling Order"). The Scheduling Order provides that the parties would make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii) on or before January 24, 2025. *Id*. at 1:26-2:1. The Scheduling Order also provides that Disclosure of Experts under Federal Rule of Civil Procedure 26(a)(2) must be completed by March 13, 2025, sixty days prior to the Discovery Cut-Off Date of May 12, 2025. *Id*. at 2:26-3:10.

On January 24, 2025, Defendants served Defendants' Initial Disclosures on Plaintiff by email to Mr. Austin. Insley-Pruitt Decl. Ex. B. In that email, counsel for Defendants sought to confirm that Plaintiff would agree to email service of discovery. Mr. Austin responded that "Email service is fine." *Id*. Mr. Austin did not indicate in his correspondence that he did not represent Plaintiff at that time, or that he did not represent Plaintiff for purposes of discovery. Plaintiff has never served any initial disclosures on Defendants. Insley-Pruitt Decl. ¶ 10.

Between January 6 and March 13, 2025, Plaintiff's counsel and Defendant's counsel exchanged email correspondence and/or spoke by phone on multiple dates in addition to those referenced above, including at least on January 7, 9, 21, 22, 23, 24, and 30. Communications between counsel during this period related to a number of topics relevant to this litigation. Mr. Austin did not disclose any limitations on his representation of plaintiff in the course of these communications. Insley-Pruitt Decl. ¶ 8.

On March 13, 2025, the deadline for expert disclosures, Plaintiff's counsel emailed Defendants' counsel to seek consent for a stipulation to extend all discovery deadlines by sixty days. Insley-Pruitt Decl. Ex. C. In that email, Plaintiff's counsel disclosed for the first time that "It was not until March 7, 2025, that [LexTechnica, Mr. Austin's firm] agreed to represent Plaintiff in this matter." *Id*.

On March 13, 2025, the deadline for expert disclosures, Plaintiff's counsel emailed Defendants' counsel to seek consent for a stipulation to extend all discovery deadlines by sixty days. Insley-Pruitt Decl. Ex. C. In that email, Plaintiff's counsel disclosed for the first time that "It was not until March 7, 2025, that [Lex Tecnica, Mr. Austin's firm] agreed to represent Plaintiff in this matter." *Id*. Defendants advised Plaintiff by return email that they would not join a motion

- 3 -

1   for the requested extension of time. *Id.*

2          On March 18, 2025, the Court issued an Order granting Plaintiff's Motion. In its Order, the

3   Court examined Plaintiff's request under the good cause standard pursuant to Local Rule 26-3.

4   Order at 1:12-15. Although the Court found that "Plaintiff fails to demonstrate diligence," the

5   Court granted the request "[a]s a one-time courtesy to the parties in light of the circumstances…"

6   *Id.* at 16-20. The Court's order refers to Plaintiff's request as a "stipulation." *Id.* at 1:22.

7   **III.   ARGUMENT**

8          Nevada Local Rule 59-1(a) allows a party to seek reconsideration of an interlocutory order.

9   "The court possesses the inherent power to reconsider an interlocutory order for cause, so long as

10  the court retains jurisdiction." L.R. 59-1(a). "Reconsideration also may be appropriate if (1) there

11  is newly discovered evidence that was not available when the original motion or response was filed,

12  (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an

13  intervening change in controlling law." *Id.* A motion for reconsideration "must state with

14  particularity the points of law or fact that the court has overlooked or misunderstood." *Id.*

15         **A.     Reconsideration Is Warranted Here**

16         Defendants respectfully submit that good cause exists for the Court to exercise its inherent

17  power to reconsider its Order because the Court's Order is based on a clear error of fact—

18  specifically, the incorrect understanding that Defendants had stipulated to the requested relief.

19  Based on that mistake belief, the Court issued its Order granting the Motion ten days in advance of

20  Defendants' deadline to oppose. Contrary to the Court's understanding, Defendants did *not*

21  stipulate to Plaintiff's Motion, and in fact fully intended to oppose. *See* Insley-Pruitt Decl. Ex. C

22  at 1 ("We will not join a request for this relief"). Defendants respectfully submit that the Court

23  would not have granted the Motion without giving Defendants an opportunity to oppose had the

24  Court understood that Defendants intended to do so, and that it would in fact be unjust for the Court

25  to grant an uncontested Motion without providing the non-moving party an opportunity to be heard.

26  *See, e.g., Riehm v. Countrywide Home Loans, Inc.*, No. 3:10-cv-004, 2012 WL 171004 at *2 (D.

27  Nev. Jan. 20, 2012) (denying a request because "it would be improper to rule on [the] motion

28  without giving [the other side] a chance to respond…"). Defendants further submit that if the Court

1  had the benefit of Defendants' planned opposition to Plaintiff's Motion, the Court would have

2  reached a different determination.

3      Accordingly, Defendants respectfully request that the Court reconsider its Order and either

4  (1) deny Plaintiff's Motion outright on the basis that Plaintiff did not satisfy the standard for the

5  requested relief and Defendants did not in fact consent to that relief or (2) reopen briefing on

6  Plaintiff's Motion in order to allow Defendant the opportunity to oppose that Motion.

7      **B.**    **Plaintiff Did Not Show Good Cause for the Requested Extension of the Scheduling Order**

8

9      Under Local Rule 26-3, "[a] motion or stipulation to extend any date set by the discovery

10  plan, scheduling order, or other order must . . . be supported by a showing of good cause for the

11  extension." *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified

12  time, the court may, for good cause, extend the time…").

13      "The 'good cause' requirement primarily considers the diligence of the party seeking the

14  extension." *Beauregard v. Sampson*, Case No. 2:20-cv-02123-KJD-DJA, 2023 WL 8877806 (D.

15  Nev. Dec. 22, 2023) (denying motion to reopen discovery).  In evaluating diligence, "[t]he Court

16  considers whether relief from the scheduling order is sought based on the development of matters

17  that could not have been reasonably anticipated at the time the schedule was established." *Desio*

18  *v. State Farm Mutual Automobile Ins. Co.*, 339 F.R.D. 632, 638 (D. Nev. 2021) (denying motion

19  to modify scheduling order).  "If [the moving] party was not diligent, the inquiry should end."

20  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

21      Here, as the Court already found, Plaintiff failed to demonstrate the diligence required to

22  show good cause.  Order at 1:16.  Plaintiff has had ample time to conduct discovery in this litigation.

23  However, Plaintiff has conducted *no* discovery.  Even though Plaintiff indicated in its motion that

24  it "expected" to serve written discovery "within the next few days" (Motion at 7:15-17), Plaintiff

25  has yet to serve even a single written discovery request or deposition notice.  Insley-Pruitt Decl. ¶

26  10.  In fact, Plaintiff has not even served its initial disclosures as specifically required by this

27  Court's scheduling order. *Id.*

28      Plaintiff now seeks to excuse its delay on the basis that it was allegedly unrepresented

during the two-month period when Plaintiff's counsel was apparently negotiating with his new firm on fee arrangements. Motion at 6:6-20. However, the fact that Plaintiff's counsel was delayed in negotiating a payment scheme does not mean that Plaintiff did not *have* counsel. On the contrary, Plaintiff has been continuously represented by counsel throughout the period described in its Motion. Plaintiff's counsel could have sought to withdraw on the basis that he was not being paid, but while Plaintiff's counsel remained counsel of record in this action, neither he nor Plaintiff can justify what appears to have been a considered decision to refrain from taking action in this litigation. *Cf. PlayUp v. Mintas*, Case No. 2:21-cv-02129-GMN-NJK, 2023 WL 4636846 (D. Nev. July 19, 2023) (noting that "a scenario in which attorneys seek to withdraw because a client fails to pay legal bills is covered by a specific provision in the governing rules"); *U.S. Bank N.A. v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-00576-GMN-NJK, 2018 WL 701816, at *5-6 (D. Nev. Feb. 2, 2018) (attorneys of record are obligated to meet deadlines).[1]

Plaintiff suggests that it could not move forward with this litigation except through a contingency fee arrangement with its existing counsel because it is allegedly a "small family company with limited resources" and because there are allegedly few firms "financially structured to represent federal copyright and trademark infringement litigation on a contingency basis." Motion at 6:6-18. Defendants submit that this argument is not made in good faith. While Plaintiff may be a small company, Donald Morisky, the prior owner of the allegedly copyrighted works at the heart of this case (ECF No. 9 at 7:16-23) was a named plaintiff in numerous other copyright litigations, including certain matters in which he was represented by counsel other than Mr. Austin, presumably on contingency. *See, e.g.*, *MMAS Research, LLC v. Astrazeneca France*, No. 2:21-cv-00975 (C.D. Cal.); *MMAS Research, LLC v. The Charite*, No. 2:21-cv-01406 (C.D. Cal.); *MMAS Research, LLC v. Duke University*, No. 2:21-cv-02569 (C.D. Cal.); *MMAS Research, LLC v. University of Massachusetts*, No. 2:21-cv-03139 (C.D. Cal.); *MMAS Research, LLC v. University of Edinburgh*, No. 2:21-cv-03914 (C.D. Cal.); *MMAS Research, LLC v. Kantar Health, LLC*, No. 2:18-cv-08575 (C.D. Cal.); *MMAS Research, LLC v. The Regents of the University of California*,

---

[1] Moreover, even if Plaintiff had been unrepresented during the time period in question—which it was not—it is settled law that "[d]ischarge, withdrawal, or substitution of attorney will not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case." L.R. IA 11-6(d).

No. 2:18-CV-09767 (C.D. Cal.). Plaintiff does not claim to have approached these firms, all of which would be familiar with enforcing the alleged rights at issue here, to inquire about representation. Instead, Plaintiff simply states that "Plaintiff chose to remain with the undersigned counsel through the transition to Lextecnica since no other counsel had worked on this matter." Mot. at 3:10-11. In short, Plaintiff made an affirmative choice to stick with its chosen counsel even when it was clear that counsel would not diligently prosecute this action, and Plaintiff has not shown good cause to be relieved of the consequences of this decision.

Moreover, even if it is true that Plaintiff somehow could not find alternative counsel, Plaintiff provided no reason whatsoever that it could not have informed Defendants and the Court of this situation much earlier. Plaintiff was on notice by January 6, 2025—before the January 14 Scheduling Order was entered by this Court—that its counsel could not or would not work on discovery in this action without a contingency fee structure in place. Austin Decl. ¶ 13 (describing "the loss of contingency representation" that took place from January 6 through March 7). Accordingly, Plaintiff could have sought an extension from the Court at that time or otherwise informed the Court or Defendants that it needed an extension in order for counsel to transition this matter to his new firm, or even in order to find substitute counsel. *See, e.g.*, *Desio* ("The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established."). But instead, Plaintiff chose to wait until the last possible moment to seek consent to an extension from Defendants, and until *after* the last possible moment to seek reopening of the expert disclosure deadline from this court from this Court. The fact that "[t]he thought at the time was that each delay would be shorter than it turned out to be" is not a valid excuse for Plaintiff's pervasive lack of diligence in this action. Mot. at 7:10-11; *see Williams v. James River Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022) ("A complete failure to engage in the discovery process is antithetical to the diligence requirement.").

In short, as this Court already found, Plaintiff did not show the diligence required for an extension of the discovery deadlines in this case. *See* Order at 1:16; *see also Dittmar v. City of N. Las Vegas*, No. 2:17-cv-02916, 2024 WL 1554238 at *1 (D. Nev. April 10, 2024) (denying

requested extension where the party's "reason for the delay is inadequate and the untimeliness of the filing was largely if not entirely within her control" and the party provided no reason for waiting right up until the filing of the deadline to seek an extension); *Leonard v. N. Nevada Correctional Ctr. Dental Dep't*, No. 3:18-cv-00404, 2020 WL 5848350, at *2 (D. Nev. Oct. 1, 2020) (denying a request to extend time where "In spite of Defendant having had ample opportunity to request an extension or modification of the scheduling order, at no time did Defendant request any such relief until one-day before the . . . deadline was set to expire"). The Court granted the relief requested notwithstanding Plaintiff's insufficient showing on the mistaken grounds that Defendants actually stipulated to Plaintiff's Motion. Order at 1:22. Given that Defendants did not in fact consent to Plaintiff's Motion, Defendants respectfully request that the Court reconsider its March 18, 2025 Order and find that Plaintiff has not presented good cause for this extension.

### C.   Plaintiff's Negligence is Not Excusable

Here, Plaintiff's Motion sought to both extend the discovery period by 60 days *and* to reopen the expired expert discovery deadline. For the latter, Plaintiff was required not only to demonstrate good cause, but also that its failure to act was the result of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). When considering whether a party has shown excusable neglect, courts evaluate factors including: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017).

As detailed above, the Court evaluated Plaintiff's Motion with the mistaken understanding that Defendants stipulated to the proposed relief. On that basis, the Court granted that Motion as a courtesy to the parties notwithstanding the Court's finding that Plaintiff did not show even the good cause required to obtain *any* extension of the Scheduling Order, and without even addressing the issue of excusable neglect. Order at 1:16-22; *see also Beauregard*, 2023 WL 8877806 ("[w]hen a threshold showing of good cause is not made . . . the Court need not reach the issue of excusable neglect"). However, as detailed above, Defendants did not in fact stipulate to any element of Plaintiff's Motion, including Plaintiff's request to reopen the expired expert discovery deadline.

Defendants respectfully submit that had the Court been in possession of the full factual background on this Motion, the Court would not have granted Plaintiff's Motion.  Defendants therefore respectfully request that the Court reconsider the Order and deny Plaintiff's request to reopen the expert discovery deadline.

### 1. There is No Good Reason for Plaintiff's Delay

Plaintiff moved to reopen the expert disclosure deadline on March 14, 2025, one day after expiration of that deadline.  But Plaintiff provided no valid reason that it could not have sought an extension well in advance of this deadline, given that Plaintiff was admittedly aware of the issues facing its counsel no later than January 6.  Motion at 7:26-8:1.

Instead, Plaintiff offered a muddled and contradictory explanation for its delay with expert discovery.  On the one hand, Plaintiff represents that its expert report is well underway, but that "the expert just reported that she would not be able to complete the report by the March 13th deadline."  Motion at 8:4-5.  But on the other, Plaintiff acknowledges that its expert is not even *able* to prepare a report at this time, as Plaintiff has not taken the fact discovery that its expert requires.  *See* Motion at 6:16-18 ("because Plaintiff was unable to pay for representation to commence discovery earlier, Plaintiff has not been able to secure the financial and other data from Defendants needed by its expert to assess damages").

Plaintiff's stated rationale for its request to reopen the expired expert disclosure deadline is internally inconsistent and apparently disingenuous.  Plaintiff has not provided any explanation for its delay in undertaking expert discovery sufficient to warrant reopening the expired expert discovery deadline, and in fact its contradictory statements have the appearance of seeking to mislead the Court about the status of Plaintiff's efforts in that direction.  The Court should not reward this approach.

### 2. Plaintiff's Motion Was Not Brought in Good Faith

In support of its Motion to reopen the expired expert disclosure deadline, Plaintiff claimed that "Defense counsel sought an extended discovery period during the original discovery scheduling conference of the parties."  Motion at 5:8-10.  On that basis, Plaintiff alleged that Defendants would not be prejudiced should the Court grant the requested relief.

1    However, as detailed in the attached declaration of counsel, Defendants did *not* seek any

2    such "extended discovery period."  In his initial draft of the discovery plan, Mr. Austin incorporated

3    a request for "special scheduling . . . to propose extending discovery 3 months from 180 days to

4    270 days," and suggested that this extended schedule was included at Defendants' request.  Ex. A

5    at 1.  *Id.*  However, as counsel for Defendants advised Mr. Austin by return email, Defendants did

6    not in fact intend to seek special scheduling in this action.  *Id.*  Defendants' counsel therefore

7    advised Mr. Austin that there appeared to be some misunderstanding and revised the draft proposed

8    Scheduling Order to provide for the standard discovery schedule.  *See id.*

9    Plaintiff's rationale for why Defendants would not suffer prejudice from the reopening of

10   the expert discovery deadline therefore misconstrues the relevant facts and misrepresents

11   Defendants' position with regard to the requested extension.  The Court should find that this lack

12   of good faith precludes the requested relief.

13                   **3.      The Requested Relief Will Prejudice Defendants**

14   Contrary to Plaintiff's assertion, Defendants will in fact be prejudiced by the reopening of

15   the expert discovery deadline.  Plaintiff states that it wishes to reopen this expired deadline so that

16   "so that Plaintiff's damages expert can have a fair opportunity to prepare a report, and to engage in

17   a limited number of depositions."  Motion at 5:16-17.  Therefore, according to Plaintiff's own

18   statement, reopening the expert discovery deadline will necessarily require Defendants to engage

19   in expert discovery *that otherwise would not have occurred at all*, resulting in substantial expense

20   of money and time and delaying the proceeding by months.  This alone will amount to substantial

21   prejudice.  *See, e.g.*, *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir.

22   1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's

23   finding of prejudice….").

24   Contrary to Plaintiff's representation, Plaintiff has already had a fair opportunity to prepare

25   an expert report and notice depositions, and chose to squander that opportunity.  Plaintiff's failure

26   to conduct discovery is entirely due to Plaintiff's own lack of diligence.  Plaintiff should now be

27   made to bear the burden of its decision not to pursue this action, not Defendants.

28

1

**IV.    CONCLUSION**

2          For all the reasons stated above, Defendants respectfully request that the Court reconsider

3   its Order granting Plaintiff's Motion and deny both Plaintiff's request to extend the discovery

4   deadlines in the Scheduling Order and Plaintiff's request to reopen the expired expert disclosure

5   deadline.  In the alternative, Defendants respectfully request that the Court simply reopen briefing

6   on Plaintiff's Motion in order to allow Defendants a full and fair opportunity to be heard.

7

8

9                                                                EVANS FEARS SCHUTTERT MCNULTY
                                                                 MICKUS
10

11

12                                                               By: */s/ Chad R. Fears*
                                                                      Chad R. Fears, Esq. (NBN 6970)
13                                                                    6720 Via Austi Parkway, Suite 300
                                                                      Las Vegas, Nevada 89119
14                                                                    *Attorneys for Defendants CVS Pharmacy,*
                                                                      *Inc. and Asembia, LLC*
15

16                                                               Of Counsel:

17                                                               Jennifer Insley-Pruitt
                                                                 DECHERT LLP
18                                                               Three Bryant Park
                                                                 1095 Avenue of the Americas
19                                                               New York, NY 10036
                                                                 (212) 698-3500 (Telephone)
20                                                               (212) 698-3599 (Facsimile)
                                                                  Email: jennifer.insley-pruitt@dechert.com
21
                                                                 Luke M. Reilly
22                                                               DECHERT LLP
                                                                 Cira Centre, 2929 Arch Street
23                                                               Philadelphia, PA 19104
                                                                 (215) 994-4000 (Telephone)
24                                                               (215) 994-2222 (Facsimile)
                                                                 Email: luke.reilly@dechert.com
25
                                                                 *Attorneys for Defendants CVS Pharmacy, Inc.*
26                                                               *and Asembia, LLC*

27

28

1                         **CERTIFICATE OF SERVICE**

2        I hereby certify that a true and correct copy of :

3

DEFENDANTS CVS PHARMACY, INC. AND ASEMBIA, LLC'S MOTION FOR
4 RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION TO
EXTEND THE DISCOVERY DEADLINES

5
was served on counsel of record this 18th day of March, 2025, using the Court's CM/ECF System.

6
                           */s/ Faith Radford*
7                         An Employee of Evans Fears Schuttert McNulty Mickus

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ADHERENCE,

      Plaintiff,

v.

CVS HEALTH CORPORATION, *et al.*,

      Defendants.

Case No. 2:24-cv-01590-JCM-NJK

**Order**

[Docket Nos. 34, 35, 36]

On March 14, 2025, Plaintiff filed a motion to reopen and extend case management deadlines. Docket No. 34. That motion gave the impression that it was unopposed. *See id.* at 2 ("While Defense counsel did not indicate any opposition to such an extension, counsel stated they would not join a request to extend because they believed such a request was futile given the lack of discovery to date" (emphasis added)). Based on that understanding, the Court granted the motion as a courtesy. Docket No. 35. Defendants have since filed a motion for reconsideration indicating that they in fact oppose the motion to reopen and extend. Docket No. 36.

In light of the circumstances, the Court **VACATES** the order granting the motion to extend. Docket No. 35. The Court will treat the motion for reconsideration (Docket No. 36) as a response in opposition to the motion to extend. Plaintiff must file a reply by April 1, 2025.

In light of this order, the Clerk's Office is **INSTRUCTED** to reactivate the motion to reopen and extend (Docket No. 34) and to terminate the motion for reconsideration (Docket No. 36).

IT IS SO ORDERED.

Dated: March 24, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

F. Christopher Austin, Esq.
Nevada Bar No. 6559
LEX TECNICA, LTD.
10161 Park Run Drive
Suite 150
Las Vegas, Nevada 89145
Telephone: 702-518-5535
Email: chris@lextecnica.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ADHERENCE d/b/a of MORISKY MEDICATION ADHERENCE RESEARCH LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; and ASEMBIA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 2:24-cv-01590-JCM-NJK<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXTEND THE DISCOVERY DEADLINES** |

Pursuant to LR 26-3, Plaintiff Adherence d/b/a of Morisky Medication Adherence Research, LLC ("Plaintiff" or "Adherence"), by and through the undersigned counsel, hereby files its Reply in support of its Motion to Extend the Discovery set forth in the Scheduling Order (ECF 26) 60 days to avoid material prejudice to Plaintiff in this matter arising from the loss of representation as a result of changes in firm affiliation by its undersigned counsel.

I.     **INTRODUCTION**

As represented in Plaintiff's Motion, now that Plaintiff has been formally retained by Plaintiff's counsel, discovery has commenced in earnest. Plaintiff has served requests for production of documents on both Defendants, requests for admissions on both Defendants, interrogatories on both Defendants, noticed depositions of both of Defendants' corporate representatives, provided disclosures, and drafted for Defendants' review a proposed Protective

Order.[1]  Defendants, thereafter, similarly commenced to engage in discovery, serving written discovery and noticing Plaintiff's principals for depositions.

Nevertheless, because of the limited remaining duration of discovery, there is no time available to engage in any discovery disputes which Plaintiff reasonably anticipates without having to petition the Court to extend discovery. Accordingly, the reasons for seeking the requested extension remain.

## II.    RESPONSE TO FACTUAL ALLEGATIONS

Plaintiff filed its Motion to Extend the Discovery Deadlines in this action ("Motion") at 5:27 AM on March 14, 2025, a mere <u>five and a half hours</u> after the expiration of the March 13, 2025, expert disclosure deadline. This is the first requested discovery extension to in this case. There have been no prior requests.

As acknowledged by Defendants in response to Plaintiff's request for a stipulation to extend discovery, Defense counsel <u>did not state</u> they were opposed to such an extension.    Rather, Defendants merely stated they would <u>not join</u> a request to extend because they believed such a request was futile given the lack of discovery to date.[2]  This was not surprising to Plaintiff's counsel.

Defendants allege that Plaintiff has not provided a valid reason why it could not have sought an extension before the issuance of the Scheduling Order on January 14, 2025.  Plaintiff frankly acknowledges that it should have moved earlier; however, neither the conflict nor the fact that the conflict would ultimately result in Mr. Austin transitioning to Lex Tecnica from Snell & Wilmer at the end of January was understood prior to the issuance of the Scheduling Order.[3]

Defendants seek to give the impression that they were always opposed to any discovery extensions in this case.  That was not the impression given to Plaintiff's counsel at the time.[4] At the original December 12, 2024, scheduling conference, Defense counsel express surprise at how much shorter the discovery duration was in this jurisdiction than that she had experienced in other federal jurisdictions and inquired regarding extending the deadlines by six months to accord with other

---

[1] Declaration of F. Christopher Austin In Support of Reply, ("Austin Reply Decl."), attached hereto.
[2] Austin Decl., *Id.,* at ¶ 2.
[3] Austin Reply Decl., at ¶2.
[4] Austin Reply Decl., at ¶3.

LEX TECNICA
LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 518-5535

jurisdictions.[5]  Plaintiff's counsel agreed, given the expected delays the holidays and his firm's winding down and move to Snell & Wilmer the first few weeks in January would cause.[6]  As such, Mr. Austin honestly thought the proposed extended discovery plan was in accord with the parties' mutual intentions.[7]

Defendants allege that Plaintiff has no valid reason for not moving for an extension in February when it first learned of problems the firm's retention of Plaintiff.  While Plaintiff acknowledges that it should have moved sooner, the challenges its counsel faced from moving his entire practice to two firms in such a short time was unique and overwhelming at that time and consumed the month of February.[8]  Further, without having Plaintiff as a client of the firm, Mr. Austin had none of the firm's resources (associate counsel, paralegal or secretarial staff) who could have assisted.[9]

Defendants question why Plaintiff did not retain new counsel when it learned of the challenges associated with its retention on a contingency basis.  The reason is simple, there were no other ready alternatives.[10]  Prior to retaining Mr. Austin in this matter, Plaintiff sought representation by other counsel in this jurisdiction.[11]  The process was difficult and unsuccessful, because contingency-fee arrangements for cases such as this alleging copyright and trademark infringement are unusual.[12]  Mr. Austin too was only able to take the case on after over a month of consideration by his former partners.[13]

Defendants also complain that Plaintiff never disclosed limitations on representation during communications with Plaintiff's counsel in January.  True, but that was because the subject was sensitive to Plaintiff, and Plaintiff's counsel was not at liberty to disclose it at that time.[14]

## III.    REPLY ARGUMENT

---

[5] Austin Reply Decl., at ¶3.
[6] Austin Reply Decl., at ¶3.
[7] Austin Reply Decl., at ¶3.
[8] Austin Reply Decl., at ¶4.
[9] Austin Reply Decl., at ¶5.
[10] Declaration of Philip Morisky in Support of Reply ("Morisky Decl."), at ¶2.
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*

LEX TECNICA
LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 5185515

Plaintiff's Motion to extend discovery is brought under both the "good cause" and "excusable neglect" standard of LR 26-3. While Plaintiff's Motion to extend expert disclosures was filed five and a half hours after the expert disclosure deadline, the Motion to extend all remaining discovery 60 days was timely filed. As such, the "good cause" standard applies to the request to extend discovery generally and the "excusable neglect" standard applies to the request to extend expert disclosures.

## A. There is Good Cause to Extend Discovery 60 Days

Plaintiff has shown good cause. Good cause involves a case-by-case assessment of whether there is some "good reason" for the delay or requested extension in the absence of bad faith and prejudice to the non-moving party.[15] As acknowledged by Defendants, to assess good cause "[t]he Court considers whether relief from the scheduling order is sough based on the development of matters that could have been *reasonably anticipated at the time the schedule was established*."[16]

The scheduling order was established by the parties on January 8, 2025, just a few days after Plaintiff's counsel and his firm, Weide & Miller was acquired by Snell & Wilmer. Neither Plaintiff nor its counsel "reasonably anticipated" on January 8, 2025, or January 14, 2025, when the Court entered the proposed order, the "development of the matters" that precipitated this request.[17] Weide & Miller had months prior disclosed the representation of Plaintiff to Snell & Wilmer, and Plaintiff's counsel reasonably expected the process to assessing contingency representation was underway.[18] Plaintiff's counsel did not feel at that time that the situation was so dire that a motion to extend should be sought or that it would be granted if sought.[19]

Similarly, it was not reasonably anticipated when the discovery schedule was established that an unresolved conflict would arise later in the month that would require Plaintiff's counsel to make an emergency lateral move to Lex Tecnica. The idea that Plaintiff's counsel would rapidly move between three firms in just a couple months was not anticipated, yet it was that emergency move which would so delay the retention of Plaintiff that this extension became necessary.

---

[15] *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1259 (9th Cir. 2010).
[16] *Desio v. State Farm Mutual Automobile Ins. Co.*, 339 F.R.D. 632, 638 (D. Nev. 2021).
[17] Austin Reply Decl. ¶6.
[18] *Id.*
[19] *Id.*

LEX TECNICA
LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 518 5535

That is not to excuse that a motion could have been brought earlier, but because these circumstances giving rise to this Motion could not have been reasonably anticipated at the time the schedule was established there is good cause for the request.

The facts in *Desio v. State Farm Mutual Automobile Ins*. cited by Defendants for denying a motion to modify a scheduling order are very different from those at issue. There the Plaintiff did not seek leave to extend until 17 months after the expiration of the deadline to amend, after the discovery cutoff deadline, and after the dispositive motion deadline. In contrast, Plaintiff brought its motion timely and before any of those deadlines had passed, and Plaintiff seeks this extension because it could not have anticipated its need at the time the scheduling order was set.

Defendants argue that Plaintiff could have secured other counsel who previously represented Dr. Morisky in actions largely arising from breaches of license agreements. As noted in the declaration of Philip Morisky, not only do all such prior counsel lack the experience and resources required to represent Plaintiff in this matter, Plaintiff, will not and cannot retain them because Plaintiff presently has causes of action against them in connection with their prior representation of Dr. Morisky.[20]

Finaly, Defendants have not identified any undue prejudice that would arise by extending discovery. They will not be prohibited from presenting any evidence or testimony by such an extension. To the contrary, they will have more time to engage in discovery against Plaintiff.

**B.    Plaintiff's Delay in Seeking to Extend Expert Disclosures is Excusable.**

By definition, a showing of "excusable neglect" presumes negligence. "[T]he Supreme Court interpreted 'neglect' to encompass 'both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.'"[21] Thus, the standard for excusable neglect does not require a party to be faultless.[22] In assessing whether an extension is justified by a party's excusable neglect courts apply a four-part test: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4)

---

[20] Morisky Decl. at ¶5.
[21] *Lavin v. Scarlett,* 2024 U.S. Dist. LEXIS 194069, *3 (D. Nev., 2024), quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993).
[22] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993).

LEX TECNICA
LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 518-5515

whether the movant acted in good faith."[23]  Plaintiff has made this showing.

### 1.    Defendants will not be prejudiced.

To be prejudicial, the "standard is whether [Defendants'] ability to pursue [their defenses] will be hindered."[24] "The delay must result in tangible harm such as loss of evidence . . . ."[25]

Defendants' claim that extending the expert disclosure deadline constitutes prejudice under the rule. It does not. s prejudicial. It is not.  The assessment of whether an extension or delay is prejudicial is not an assessment of whether a party will have to defend itself against the claims brought against it or whether it will have to expend funds to do so, the issue is whether the extension will put them in an unfair position at trial.[26]  In *Lanard Toys Ltd. v. Novelty, Inc.,* the 9th Circuit found that the "District court did not abuse its discretion or otherwise err by allowing plaintiff's expert to testify at copyright infringement trial_despite fact that his full expert report was not disclosed by the deadline set by the court for expert disclosures where such noncompliance did not cause prejudice to defendants or any unfairness in the trial."[27]

There is no evidence Defendants will suffer any "unfairness in the trial" as a result of extending the expert disclosure deadline 60 days.

### 2.    The length of the delay is reasonable and the impact on proceedings is not significant.

The length of the delay is reasonable.  What is sought is minimal—just the time needed to secure responses to written discovery so that Plaintiff's damages expert can have a fair opportunity to prepare a report, and to engage in a limited number of depositions.  Defendants argue that the basis for requesting to extending expert disclosures is contradicted by the representation that Plaintiff had already retained an expert despite having not yet received any discovery from Defendants.  That is because of the nature of damages in a copyright infringement and trademark infringement case.  Damages here are both the lost profits of Plaintiff and the profits unlawfully

---

[23] *Sandy v. Sunmoon Freight, Inc.,* 714 Fed. Appx. 678,681 (9th Cir. 2017), citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993); *Lavin v. Scarlett,* 2024 U.S. Dist. LEXIS 194069, *3 (D. Nev., 2024); *Brions v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997).
[24] *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).
[25] *Lavin v. Scarlett*, at *3.
[26] *Lanard Toys Ltd. V. Novelty, Inc.,* 375 Fed.Appx. 705, 713 (9th Cir. 2010).
[27] *Id.*

LEX TECNICA
LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 518-5353

obtained by the infringing conduct of Defendants. The latter can only be ascertained after discovery from Defendants and can only be assessed by an expert then. Thus, absent the requested extension, Plaintiff will be materially harmed by essentially being barred from having an expert testify regarding Defendants infringement derived profits.

Again, Defendants raise no argument that the additional time will cause any material prejudice, because it will not. To the contrary Defendants seek to take advantage of the situation to prejudice Plaintiff to prevent Plaintiff from being able to have its claims fully heard on the merits.

### 3. There is good reason for the requested extension.

As set forth herein, in the Motion and the declarations of counsel and Mr. Morisky, there is a good reason for the requested extension. That reason is to permit this case to be heard on the merits with all relevant evidence. Absent the extension, Plaintiff will be unable to present an expert witness nor have the ability to secure all the evidence needed to prove its case. Absent the extension, Plaintiff's ability to prove its case on the merits will be materially impaired.

### 4. Plaintiff has not acted in bad faith.

Plaintiff's inability to commence discovery was not in bad faith or for any purpose to hamper this process. Plaintiff acted in good faith, and as set forth herein, this request is made in good faith and not for any purpose to harass or cause unnecessary delay. Plaintiff did not delay seeking this extension for the purpose of causing any harm to Defendants or to gain some advantage. The delay was due to not readily understanding how to properly respond to unique and challenging circumstances that could not have been foreseen by Plaintiff. And that delay was not lengthy. But for the emergency lateral by Plaintiff's counsel to Lex Tecnica, Plaintiff likely would shortly have secured a response from Snell & Wilmer weeks before the expert disclosure deadline.

Given the unusual circumstances of this case, there is good cause for the extension and the delay is excusable.

/ / /

/ / /

/ / /

/ / /

LEX TECNICA
LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 518-5535

**IV.    CONCLUSION**

Based on the foregoing, Plaintiff Adherence respectfully requests that this Court extend the discovery deadlines in this matter 60 days as set forth in the Proposed Revised Scheduling Order submitted with the Motion.

Dated: April 1, 2025.                LEX TECNICA, LTD.


By:  _/s/ F. Christopher Austin_
F. Christopher Austin
LEX TECNICA, LTD
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145
(702) 518-5535

*Attorneys for Plaintiff Adherence*

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On April 1, 2025, I caused to be served a true and correct copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE** upon the following by the method indicated:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☐ **BY E-MAIL:** by transmitting via e-mail the document(s) listed above to the e-mail addresses set forth below and/or included on the Court's Service List for the above-referenced case.

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery via messenger service of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

Chad R. Fears (SBN 6970)
cfears@efsmmlaw.com
EVANS FEARS SCHUTTERT
MCNULTY MICKUS
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
(702) 805-0215

*Attorneys for Defendants CVS*
*Pharmacy, Inc.*
*and Asembia, LLC*

/s/ F. Christopher Austin
Lex Tecnica, Ltd.

LEX TECNICA
LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 518-5535

# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MMAS RESEARCH, LLC,

            Plaintiff,

    vs.

THE CHILDREN'S HOSPITAL
CORPORATION, et al.,

            Defendants

Civ. A. No. 1:24-cv-12108-DJC

## **HOSPITAL DEFENDANTS' RESPONSE TO MOTION TO DISMISS**

Dr. Morisky and Morisky Medication Adherence Research LLC ("MMAR") have moved to dismiss for lack of personal jurisdiction. They filed their motion without seeking to confer with counsel for the Hospital Defendants. *See* L.R. 7.1. The motion is not aimed at the Hospital Defendants, so they take no position on it. And the Hospital Defendants expect that for the reasons given in their motion to dismiss and discussed at the recent hearing, all of the plaintiff's claims against the Hospital Defendants will be dismissed for failure to state a claim.

But if any claim against the Hospital Defendants survives, the Hospital Defendants may decide to bring a cross-claim against Dr. Morisky and MMAR on a tortious interference theory or a similar theory. The Hospital Defendants find themselves embroiled in the dispute between Dr. Morisky and Trubow because the Hospital changed the text regarding attribution of the MMAS-8 assessment on a government website after receiving threatening correspondence from Dr. Morisky's lawyers. If Morisky and MMAR moved to dismiss such a claim for lack of personal jurisdiction, the Hospital would argue that cases such as *Astro-Med, Inc. v. Nihon*

1

*Kohden America, Inc.,* 591 F.3d 1, 9-11 (1st Cir. 2009), clearly support the exercise of jurisdiction.

Therefore, while the Hospital Defendants take no position on the pending motion, they ask the Court to make it clear, if it decides to grant the motion, that its decision does not preclude the Hospital Defendants from arguing later that the Court has jurisdiction over Dr. Morisky and MMAR with respect to the Hospital Defendants' potential cross-claim.

Respectfully submitted,

THE CHILDREN'S HOSPITAL
CORPORATION, DR. JACOB HARTZ,
and HANNAH PALFREY

By their attorney:

*/s/Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
RUBIN AND RUDMAN LLP
53 State St.
Boston, Mass. 02109
(617) 330-7000
tfolkman@rubinrudman.com

Dated: March 19, 2025

4283462_1