UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHILDREN'S HOSPITAL CORPORATION, et al.,<br><br>Defendants | Civ. A. No. 1:24-cv-12108-DJC |

**THE CHILDREN'S HOSPITAL CORPORATION'S**
**ANSWER TO THE AMENDED COMPLAINT**

The defendant, The Children's Hospital Corporation ("BCH"), answers the Amended Complaint as follows.

1. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1.

2. Denied.

3. BCH admits that Mr. Trubow met with BCH personnel but denies that the meeting constituted "training" or "certification." It otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3.

4. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.

5. Denied.

6. Paragraph 6 is not an allegation of fact to which an answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 6.

1

7. BCH lacks knowledge or information sufficient to form a belief about MMAS Research's good standing or its conduct of business in Massachusetts. It otherwise admits the allegations of paragraph 7.

8. Admitted.

9. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9.

10. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10.

11. Denied. Further answering, BCH states that Dr. Hartz was formerly an employee of BCH.

12. Admitted.

13. Paragraph 13 is not an allegation of fact to which an answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 13.

14. Denied.

15. Denied.

16. Denied.

17. Admitted.

18. Admitted.

19. BCH admits that venue lies in this District.

20. BCH admits that venue lies in this District.

21. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21.

22. Admitted.

23. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23.

24. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24.

25. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25.

26. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26.

27. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27.

28. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 28.

29. BCH admits that Trubow and MMAS Research, LLC, sued Morisky and others in the Washington state court 2019, that the complaint included a claim for tortious interference, and that the case was removed to the federal court and later remanded. It admits that Morisky sued MMAS Research, LLC and others in the District of Nevada in 2020 and that the complaint included a claim for copyright infringement. BCH lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 29.

30. BCH admits that MMAS Research obtained a certificate of registration for the Morisky Widget. Exhibit 5 is cut off and illegible, and BCH therefore denies that Exhibit 5 is a copy of the copyright registration. BCH lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 30.

31.     BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 31.

32.     BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 32.

33.     BCH denies that MMAS Research is the author of the widget. BCH lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 33.

34.     BCH admits that Morisky sued MMAS Research, LLC and others in September 2021 in the Western District of Washington and that the complaint included claims for breach of contract and copyright infringement. It admits that the court denied Morisky's motion for a preliminary injunction in April 2022. It denies any remaining allegations in paragraph 34.

35.     BCH admits that the magistrate judge issued a report and recommendation attached as Exhibit 13 and states that the report and recommendation speaks for itself. BCH denies any remaining allegations in paragraph 35.

36.     BCH admits that the Court of Appeals for the Ninth Circuit issued a decision on March 13, 2024 in case no. 23-55202 and that the quotation in paragraph 36 appears in the decision. BCH denies that the decision confirmed that MMAS Research owned the copyright to the Morisky Widget.

37.     BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 37.

38.     BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 38.

39.     Denied.

4545053_1

40. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 40.

41. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 41 to the extent they relate to other firms, hospitals, or universities, and it otherwise denies the allegations of paragraph 41.

42. Admitted. Further answering, the Hospital denies that Exhibit 8 is the execution copy of the license agreement, as it is unsigned.

43. BCH states that the license speaks for itself and denies any characterization of the document. It otherwise denies the allegations of paragraph 43.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. BCH denies the allegation concerning acceptance of an application. It admits that Mr. Trubow visited in November 2019 and met with BCH personnel, but denies that their conversation constituted "training" or "certification." Because the meaning of the last sentence of paragraph 49 is unclear, BCH denies it. BCH otherwise denies the allegations of paragraph 49.

50. BCH admits that Dr. Hartz and his colleague met with Mr. Trubow concerning the Morisky Widget but denies that their conversation constituted "training" or "certification." It lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 50.

51. BCH admits that Dr. Hartz and his colleague met with Mr. Trubow concerning the Morisky Widget but denies that their conversation constituted "training" or "certification.". It otherwise denies the allegations of paragraph 51, including any allegation that the Morisky Widget MMAS-8 differs from the traditional MMAS-8 in any significant way.

52. BCH admits that during the meeting, Dr. Hartz and Ms. Palfrey used the Morisky Widget to create a questionnaire and otherwise denies the allegations of paragraph 52.

53. Denied.

54. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 54.

55. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 55.

56. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 56.

57. Admitted.

58. BCH admits that the questionnaire reproduced in paragraph 57 refers only to pills and to medicine taken "yesterday." To the extent there are any other allegations in paragraph 58, BCH lacks knowledge or information sufficient to form a belief about their truth.

59. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 59.

60. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 60.

61. Denied.

62. BCH admits that paragraph 62 accurately quotes its memorandum in support of its first motion to dismiss. It denies any other allegations in paragraph 62.

63. BCH admits that Dr. Hartz and Ms. Palfrey created the questionnaire shown in paragraph 63 and otherwise denies the allegations of paragraph 63.

64. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 64.

65. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 65.

66. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 66.

67. BCH states that the license speaks for itself and denies any characterization of the document. It otherwise denies the allegations of paragraph 67.

68. BCH states that the license speaks for itself and denies any characterization of the document. It otherwise denies the allegations of paragraph 68.

69. Denied.

70. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 70.

71. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 71.

72. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 72.

73. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 73.

74. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 74.

75. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 75. Further answering, BCH had previously believed it received the letter from Mr. Austin but now believes that it received notice of Dr. Morisky's claims in a communication from Philip Morisky.

76. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 76.

77. BCH admits that paragraph 77 accurately quotes its memorandum in support of the first motion to dismiss. To the extent there are any other allegations in paragraph 58, BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 77 and refers to its answer to paragraph 75.

78. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 78.

79. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 79 and refers to its answer to paragraph 75.

80. BCH states that the license speaks for itself and denies any characterization of the document. It otherwise denies the allegations of paragraph 80.

81. Denied.

82. BCH admits that the emails in exhibit 11 are authentic. It denies any remaining allegations in paragraph 82.

83. Admitted, except that BCH states that the email stated that Dr. Hartz would update the website, not that he had updated the website.

84. BCH admits that it changed the attribution on the NIH website because of communications it received from Dr. Morisky and otherwise denies the allegations of paragraph 84.

85. Denied.

86. Denied.

87. BCH admits that copyright registration applicants can submit redacted source code to the Copyright Office in some circumstances and otherwise denies the allegations of paragraph 87.

88. BCH admits that the source code was redacted and otherwise denies the allegations of paragraph 88.

89. BCH admits that Exhibit 24 is a copy of the paper test used in Dr. Hartz's study. BCH admits that Dr. Hartz sent the questionnaire to Mr. Trubow. BCH otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 89. Further answering, the emails of July 5 in Exhibit 11 do not appear to contain an attachment.

90. BCH does not understand what paragraph 90 means to allege and therefore deny the allegations of paragraph 90.

91. Denied.

92. Denied.

93. BCH states that the license speaks for itself and denies any characterization of the document. It otherwise denies the allegations of paragraph 93.

94. Admitted.

95. BCH admits that Dr. Hartz removed the reference to MMAS Research from the NIH website and added a reference to MMAR LLC. Otherwise, denied.

96. Denied.

97. BCH admits that it updated the information on the website. Otherwise, denied.

98. Denied.

99. Denied.

100. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 100.

101. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 101.

102. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 102.

103. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 103.

104. BCH lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 104.

105. Denied.

106. BCH incorporates its answers to paragraphs 1 to 105.

107. Denied.

108. Denied.

109. Denied.

110. BCH admits that paragraph 110 accurately quotes the license agreement but denies that the license agreement imposes binding obligations on BCH.

4545053_1

111. BCH admits that during their meeting with Mr. Trubow, Dr. Hartz and Ms. Palfrey used the Morisky Widget to create a questionnaire and otherwise denies the allegations of paragraph 111.

112. BCH admits that paragraph 112 accurately quotes the license agreement but denies that the license agreement imposes binding obligations on BCH.

113. BCH admits that paper MMAS-8 to at least one patient but otherwise denies the allegations of paragraph 113.

114. BCH admits that the paper test shown was administered to patients and scored by hand but otherwise denies the allegations of paragraph 114.

115. BBC admits that the license agreement includes a requirement of attribution to MMAS Research but denies that the license agreement imposes binding obligations on BCH.

116. Denied.

117. Denied.

118. Denied.

119. BCH incorporates it answers to paragraphs 1 to 118.

120. The Court has dismissed count 2 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 120.

121. The Court has dismissed count 2 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 121.

122. The Court has dismissed count 2 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 122.

123. The Court has dismissed count 2 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 123.

124. The Court has dismissed count 2 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 124.

125. BCH incorporates its answers to paragraphs 1 to 124.

126. Count 3 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 126.

127. Count 3 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 127.

128. Count 3 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 128.

129. Count 3 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 129.

130. Count 3 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 130.

131. Count 3 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 131.

4545053_1

132. Paragraph 132 contains no allegations. To the extent an answer is required, BCH denies the allegations of paragraph 132.

133. Count 3 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 133.

134. Count 3 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 134.

135. Count 3 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 135.

136. BCH incorporates its answers to paragraphs 1 to 135.

137. Count 4 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 137.

138. Count 4 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 138.

139. Count 4 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 139.

140. Count 4 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 140.

141. Count 4 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 141.

142. Count 4 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 142.

143. Count 4 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 143.

144. Count 4 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 144.

145. Count 4 is directed only at the other defendants. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 145.

146. BCH incorporates its answers to paragraphs 1 to 145.

147. The Court has dismissed count 5 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 147.

148. The Court has dismissed count 5 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 148.

149. The Court has dismissed count 5 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 149.

150. The Court has dismissed count 5 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 150.

151. The Court has dismissed count 5 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 151.

152. The Court has dismissed count 5 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 152.

153. The Court has dismissed count 5 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 153.

154. The Court has dismissed count 5 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 154.

155. The Court has dismissed count 5 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 155.

156. The Court has dismissed count 5 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 156.

157. The Court has dismissed count 5 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 157.

158. The Court has dismissed count 5 for failure to state a claim on which relief can be granted. No answer is required. To the extent an answer is required, BCH denies the allegations of paragraph 158.

## OTHER DEFENSES

BCH asserts the following additional defenses:

1. The claim is barred by the doctrine of copyright misuse.

2. The claims are barred by the doctrine of unclean hands to the extent they seek equitable relief.

3.	The claims are barred by the doctrine of laches to the extent they seek equitable relief.

4.	The plaintiff has neither sufficiently alleged nor actually suffered any damages.

5.	The claim for breach of contract is barred by the doctrine of mutual mistake or unilateral mistake. The right licensed was a copyright,, but the output of the Morisky Widget (as distinguished from the source code) is not capable of being protected by copyright, and to the extent it is capable of being protected by copyright, the copyright belonged to another, not to the plaintiff.

6.	The license agreement lacked consideration. What BCH received—the right to use the MMAS-8 assessment in a clinical study—was something it already had the right to do, since the MMAS-8 is not capable of being protected by copyright, to the extent it was capable of copyright protection, the copyright belonged to another, and the plaintiff had no right to prevent the Hospital for using it.

7.	BCH reserves the right to assert additional defenses that become apparent during the course of discovery.

DEMAND FOR TRIAL BY JURY

BCH demands trial by jury.

Respectfully submitted,

THE CHILDREN'S HOSPITAL CORPORATION

By its attorney:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
RUBIN AND RUDMAN LLP
53 State St.
Boston, Mass. 02109
(617) 330-7000
tfolkman@rubinrudman.com

Dated: August 25, 2025