# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THE CHILDREN'S HOSPITAL CORPORATION, et al.,<br><br>Defendants. | Case No. 1:24-cv-12108-DJC<br><br>**RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF** |

## INTRODUCTION

The Supplemental Brief submitted by defendants Donald Morisky and Morisky Medication Adherence Research LLC should be stricken as an improper attempt to circumvent the Court's local rules and inject new arguments into their motion to dismiss after the close of briefing and oral argument. It represents nothing more than Defendants' effort to obtain a "second bite at the apple" by raising arguments that were entirely absent from their original motion to dismiss, and which in any event lack merit, as shown below.

For the reasons set forth below, Defendants' Supplemental Brief should be stricken and not considered by the Court in ruling on the pending Motion to Dismiss.

**I. Defendants May Not Raise Arguments for the First Time at Oral Argument.**

A party cannot hold back key arguments in a motion to dismiss for oral hearing to surprise an opponent. Oral arguments are generally intended to elaborate on the points already made in the written motion and the opposition, not to introduce new, undisclosed arguments. As both Plaintiff and the Court observed at oral argument, Defendants' motion to dismiss did not include any arguments or authority regarding the main focus of Defendants' oral argument, i.e., litigation privilege under Massachusetts law and the *Noerr-Pennington* doctrine as applied to the Austin Letter. For this reason, the Court specifically asked Defendants' counsel, Mr. Austin, to identify *where in their motion to dismiss brief these arguments could be found.* Counsel was unable to do so for the simple reason that these arguments were not in their moving papers. Defendants now take the Court's request as leave to essentially re-submit their motion

1

to dismiss to include those arguments, which is improper. The Court should not permit Defendants to cure the deficiencies in their original brief through this untimely supplemental filing.

**II. There is no Merit to Defendants' Litigation Privilege and Noerr-Pennington Defenses.**

Presumably the reason Defendants did not brief the issues of "litigation privilege" and the Noerr-Pennington doctrine is that if they had done so, Plaintiff would have been in a position to fully and conclusively demonstrate the inapplicability of these defenses here—just as Plaintiff did in the related federal litigation in Washington (W.D.W. Case 2:21-cv-01301-RSM-DWC). Specifically, when Defendants claimed in an April 2022 letter that their conduct as protected by "absolute litigation privilege," the court rejected it, observing that the conditional reply privilege only protects "allegedly libelous statements, spoken or written by a party or counsel in the course of a judicial proceeding … if they are pertinent or material to the redress or relief sought[,]" and as it appears Plaintiff's April 2022 letter was not written to redress allegedly libelous statements made by Defendants regarding the Court's denial of Plaintiff's preliminary injunction, the Court concurs with Defendants that the conditional reply privilege does not apply in this context. *McNeal v. Allen*, 95 Wash.2d 265, 267 (1980); *Demopolis v. Peoples Nat'l Bank of Washington*, 59 Wash. App. 105, 109 (Wash. Ct. App. 1990). (Doc. 86.)

The Austin letter threatened parties with infringement in this venue. It is not shielded by privilege simply because those threats were communicated in the client's interest. Neither Austin nor his clients can avoid personal jurisdiction in this venue where the threats were communicated.

**III. Defendants' Reliance on Extraneous Documents is Improper.**

Defendants' Supplemental Brief also relies to a great extent on argumentative statements that rely on other litigation involving some of these parties, including *MMAS Research LLC. v. University of Wolverhampton* (C.D. California 2023) and *Morisky v. MMAS Research LLC* et (W.D. Washington.2021). None of these submissions or rulings are properly before the Court on this motion, and it is well established that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Should this occur, the Rule further states that "[a]ll parties must be given a reasonable opportunity to present material that is pertinent to the motion." *Id*. "Ordinarily, this means that a district court must give notice to the parties before converting a motion to dismiss pursuant to Rule 12(b)(6) into one for summary judgment and

considering matters outside the pleading." *Sahu v. Union Carbide Corp*., 548 F.3d 59, 67 (2d Cir. 2008) (internal quotations and citation omitted). Here the Court did neither; nor would it have been appropriate to do so, especially given the procedural posture of this motion.

Presumably Defendants would respond to the previous point by urging the Court that it should consider the extraneous materials it relies on under the doctrine of judicial notice. Pursuant to Fed. R. Civ. P. 201(b), however, the facts, reasoning, and conclusions from other cases are not appropriate for judicial notice, as they do not satisfy the necessary criteria of facts "not subject to reasonable dispute." As for prior judicial opinions, while this Court may take judicial notice of judicial decisions, taking judicial notice of a decision in another court is not the same as taking judicial notice of a *fact* within the decision. The Court should reject Defendants' attempt to evade this reasoning.

Respectfully submitted,

/s/ *A. Neil Hartzell*
A. Neil Hartzell, BBO #544752
Freeman Mathis & Gary, LLP
One Boston Place
201 Washington Street, Suite 2200
Boston, MA 02108
Tel: (617) 963-5966
neil.hartzell@fmglaw.com


/s/ *Ronald D. Coleman*
Ronald D. Coleman (*pro hac vice*)
COLEMAN LAW FIRM, PC
50 Park Place, Suite 1105
Newark, NJ 07102
973-264-9611
rcoleman@colemanlaw-pc.com

Dated: November 3, 2025

**CERTIFICATE OF SERVICE**

       I, the undersigned counsel, certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this day, November 3, 2025.

                                              /s/ *A. Neil Hartzell*
                                              A. Neil Hartzell