### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH LLC, a Washington limited liability company, | Case No. 1:24-cv-12108-DJC |
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| THE CHILDREN'S HOSPITAL CORPORATION, et al., | |
| Defendants. | |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Evidence 201, Plaintiff respectfully requests that this Court take judicial notice of a June 25, 2025 order issued by the United States District Court for the District of Nevada in Adherence v. CVS Pharmacy, Inc., Case No. 2:24-cv-1590 JCM (NJK), in which that court held that the MMAS-4 and MMAS-8 "adherence scales" asserted by the plaintiff in that action are not copyrightable subject matter under the "blank forms" doctrine. A true and correct copy of the Nevada court's order (the "Nevada Order") is attached as Exhibit 1 to this Request for Judicial Notice.

This request is grounded in the principles established by Federal Rule of Evidence 201, which authorizes a court to take judicial notice of an adjudicative fact that is not subject to reasonable dispute either because it is (1) generally known within the court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The adjudicative facts for which notice is requested are contained in the Nevada Order, Exhibit 1. Its connection to the present case is explained below.

## THE ADJUDICATIVE MATTER

The relevance of Exhibit 1 is identified below for the Court's consideration, particularly with respect to the Nevada court's adjudication of the copyrightability of the 2007 MMAS-4 and 2006 MMAS-8 forms and the 2017 Morisky Widget MMAS-4 and MMAS-8 Digital Source code that are asserted in this action.

**Exhibit 1:**

Exhibit 1 is an order issued by the United States District Court for the District of Nevada in the matter titled "Adherence v. CVS Pharmacy, Inc." (Case No. 2:24-cv-1590 JCM (NJK)), signed by District Judge James C. Mahan on June 25, 2025. In that case, the plaintiff Adherence likewise asserted ownership of federally registered copyrights in the MMAS-4 and MMAS-8 adherence scales and alleged that the defendants had infringed and misused those same scales. Although CVS and Asembia are not parties to the present action, the Nevada court's determination that the 2007 MMAS-4 and 2006 MMAS-8 are not copyrightable subject matter is directly pertinent because in this case the Plaintiff relies on the 2017 Morisky Widget MMAS-4 and MMAS-8 Digital Source Code as the allegedly infringed copyrighted works.

In the portion of Exhibit 1 addressing the "Copyrightability of MMAS-4 and MMAS-8," the Nevada court held that the 2007 MMAS-4 and 2006 MMAS-8 scales are uncopyrightable blank forms under 37 C.F.R. § 202.1(c) and Ninth Circuit precedent, including *Bibbero Systems Inc. v. Colwell Systems Inc.*, 893 F.2d 1104 (9th Cir. 1990). Because MMAS-4 and MMAS-8 were found to be uncopyrightable "blank forms" that do not convey protectable expression in their blank state, the Nevada court dismissed the plaintiff's copyright infringement claim with prejudice.

## LEGAL ARGUMENTS FOR JUDICIAL NOTICE

This request meets the requirements for judicial notice as follows:

1. **Unquestionable Accuracy**: Exhibit 1 is an order of a United States District Court, available from the federal court docket as issued, and therefore is of unquestionable accuracy.

2. **Public Availability and Verification**: Exhibit 1 is a publicly available court filing that may be readily located and verified through official court records and reputable legal research databases.

3. **Relevance to Litigation**: The relevance of Exhibit 1 is to provide this Court with the Nevada District Court's determination that the same MMAS-4 and MMAS-8 adherence scales asserted as copyrighted works in this case are not copyrightable subject matter under the blank-forms doctrine. Judicial notice of the existence and content of that ruling will assist the Court in evaluating Plaintiff's copyright-based allegations concerning the distinction between the 2007 MMAS-4 and 2006 MMAS-8.works and the 2017 Morisky Widget MMAS-4 and MMAS-8 Source Code.

4. **Factual Background and Context**

In Adherence v. CVS Pharmacy, Inc., the Nevada District Court concluded that MMAS-4 and MMAS-8 are uncopyrightable blank forms and dismissed the copyright infringement claim with prejudice on that basis. Judicial notice of the Nevada Order will provide useful background as this Court evaluates Plaintiff's allegations and any arguments or defenses involving alleged copyrights in the Morisky Widget MMAS-4 and MMAS-8 diagnostic assessments of medication behavior.

## **CONCLUSION**

This submission of Exhibit 1 is intended to support the following findings for purposes of judicial notice:

1. It is an adjudicative fact that the United States District Court for the District of Nevada, in a case titled "Adherence v. CVS Pharmacy, Inc." (Case No. 2:24-cv-1590 JCM (NJK)), ruled on June 25, 2025 that the MMAS-4 and MMAS-8 adherence scales are uncopyrightable blank forms and, on that basis, dismissed the plaintiff's copyright infringement claim with prejudice.

2. Exhibit 1 meets the criteria for judicial notice as it is an indisputable federal court order that can be readily verified in public records. Judicial notice of the Nevada Order will provide this Court with the prior federal determination concerning the copyrightability of the MMAS-4 and MMAS-8 scales and may assist in resolving the distinction between the original 2006 MMAS-8 and 2007 MMAS-4 and the 2017 MMAS Widget MMAS-4 and MMAS-8 issues in this matter efficiently and fairly.

Respectfully submitted,

MMAS RESEARCH LLC,
By its Attorneys,


/s/ *A. Neil Hartzell*
A. Neil Hartzell, BBO #544752
Freeman Mathis & Gary, LLP
One Boston Place
201 Washington Street, Suite 2200
Boston, MA 02108
Tel: (617) 963-5966
neil.hartzell@fmglaw.com

/s/ *Ronald D. Coleman*
Ronald D. Coleman (*pro hac vice*)
COLEMAN LAW FIRM, PC
50 Park Place, Suite 1105
Newark, NJ 07102
973-264-9611
rcoleman@colemanlaw-pc.com

Dated: December 16, 2025

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, certify that the foregoing document filed through the ECF

system will be sent electronically to the registered participants identified on the Notice of

Electronic Filing and paper copies will be sent to those indicated as non-registered participants

on this day, December 15, 2025.

/s/ *A. Neil Hartzell*
A. Neil Hartzell