# EXHIBIT 1

Case 1:24-cv-12108-DJC   Document 84-1   Filed 12/16/25   Page 1 of 6

**ADHERENCE, Plaintiff(s),**

v.

**CVS PHARMACY, INC., et al., Defendant(s).**

Case No. 2:24-CV-1590 JCM (NJK).

**United States District Court, D. Nevada.**

June 25, 2025.

# ORDER

JAMES C. MAHAN, District Judge.

Presently before the court is defendants CVS Pharmacy Inc. and Asembia, LLC's partial motion to dismiss the First Amended Complaint ("FAC"). (ECF No. 12). Plaintiff Adherence responded in opposition (ECF No. 30), to which defendants replied. (ECF No. 31).

# I. BACKGROUND

This action arises out of an alleged trademark infringement, copyright infringement, and related state-law claims. (ECF No. 1). On October 16, 2024, plaintiff filed its First Amended Complaint. (ECF No. 9).

Plaintiff alleges that it is the exclusive owner of the federally registered copyrights in the MMAS-4© and MMAS-8© "adherence scales," following an assignment of all related intellectual property by Dr. Donald E. Morisky in 2023. (*Id.* at ¶¶ 26-32). These copyrighted questionnaires are designed to assess a patient's likelihood of adhering to prescribed medication regimens and form the core of the Morisky Medication Adherence Protocol.

Plaintiff alleges defendants either copied or reproduced assessments that are identical or substantially similar to the copyrighted questionnaires. (*Id.* at ¶ 86). Plaintiff alleges it received notice of the improper use through an employee of CVS, who claimed they used the MMAS-4 and MMAS-8 every day. (*Id.* at ¶¶ 40-41). Plaintiff alleges that CVS has been using the MMAS-4 and MMAS-8 scales through the Asembia-1 platform since at least 2016, without authorization. (*Id.* at ¶ 44).

Defendants claim the forms are not copyrightable under the blank forms rule and moves to dismiss the copyright claim as well as the intentional interference claim, and related Nevada deceptive trade practices claim. (ECF No. 12 at 1).

# LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires every pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). In other

words, a pleading must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also* Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. Iqbal, 556 U.S. at 678-79. Legal conclusions are not entitled to this assumption of truth. *Id.* Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570; *see also* Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" grant leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

## II. DISCUSSION

Plaintiff consents to the dismissal of its claims for intentional interference and related deceptive trade practices. The court also finds the forms not copyrightable and dismisses the copyright infringement claim.

## A. Copyright Infringement

To prevail in a copyright infringement action, the plaintiff must demonstrate: (1) ownership of a valid copyright in the allegedly infringed work, and (2) copying of protected expression contained in the allegedly infringed work by the defendants. Triad Systems Corp. v. Southeastern Express Co., Inc., 64 F.3d 1330, 1335 (9th Cir. 1995). At issue is whether the forms qualify for copyright protection. A certificate of copyright registration constitutes prima facie evidence of copyrightability and shifts the burden of persuasion to the defendant to demonstrate the work is not copyrightable. Bibbero Sys., Inc. v. Colwell Sys., Inc., 893 F.2d 1104, 1106 (9th Cir. 1990).

Nevertheless, the presumption of copyrightable subject matter established by the timely issuance of a certificate of registration is rebuttable. *Id.* at 1107 (holding work uncopyrightable despite prior registration by the Copyright Office). In rebuttal to this presumption, defendants argue that the MMAS-4 and MMAS-8 forms fall under the blank forms rule and are uncopyrightable as a matter of law.

### *i. Copyrightability of MMAS-4 and MMAS-8*

12/3/25, 8:55 AM                    ADHERENCE v. CVS PHARMACY, INC., Dist. Court, D. Nevada 2025 - Google Scholar

Case 1:24-cv-12108-DJC    Document 84-1    Filed 12/16/25    Page 4 of 6

The blank forms doctrine originates from an 1879 case, *Baker v. Selden*, where the U.S. Supreme Court found that forms containing primarily blank spaces to be filled could not be the subject of copyright. 101 U.S. 99, 107 (1879). According to Copyright Office regulations, the following works are not subject to copyright protection: "(c) Blank forms, such as time cards, graph paper, account books, diaries, blank checks, scorecards, address books, report forms, order forms and the like, which are designed for recording information and do not themselves convey information . . .." 37 C.F.R. § 202.1(c).

An exception to the blank forms rule exists in the Ninth Circuit when text is integrated with a form and the work as a whole has "explanatory force because of the accompanying copyrightable textual material." *Bibbero,* 893 F.2d at 1107. However, the Ninth Circuit held that simple text integrated with a form indicating which information is important does not constitute a "conveyance of information" as intended by the Copyright Office. *Id.* Thus, text instructions must convey more than simple instruction designed to assist in completing the form. See, e.g. *Edwin K. Williams & Co. v. Edwin K. Williams & Co.-E.,* 542 F.2d 1053, 1060 (9th Cir. 1976) (account books with several pages of instructions on the use of the forms and advice on the successful management of a service station conveyed information and were therefore copyrightable). The blank forms doctrine turns on the purpose and function of the form; if the form is designed primarily to record rather than convey information, it is not copyrightable. *Bibbero,* 893 F.2d at 1107-08.

Defendants argue that the forms are uncopyrightable because they are blank forms. (ECF No. 12 at 6). Plaintiff opposes, arguing: 1) the forms convey information through the algorithm's application, 2) the questions and instructions convey information through subtext, and 3) the creative compilation of the text makes the forms copyrightable. (ECF No. 30 at 6-9).

## 1. Application of the Algorithm Does Not Confer Copyrightability.

First, plaintiff argues "...ultimately, the assessment made by the practitioner's application of Dr. Morisky's algorithm" conveys a patient's prospective medication adherence. However, *Bibbero* clearly holds that forms that do not convey information in their blank state are not copyrightable. 893 F.2d at 1107. Therefore, the argument that a form conveys info once it's filled out does not negate that it is still considered a "blank form". *Id.*

Further, copyright law holds that "a system or art of practical utility cannot be copyrighted, no matter what the manner of its representation." *Advanz Behavioral Mgmt. Res., Inc. v. Miraflor,* 21 F. Supp. 2d 1179, 1184 (C.D. Cal. 1998) (interpreting *Baker,* 101 U.S. at 107). The MMAS algorithm, even if useful in application, constitutes a method or system, and the forms used to implement it are functional tools for data collection, not original expression entitled to copyright protection.

Additionally, plaintiff alleges that "the pirated Morisky Scales used in the Asembia-1 platform are incorrectly scored and patients are thereby incorrectly counseled." (ECF No. 9 ¶ 70). Therefore, plaintiff's argument that the forms convey information through the algorithm does not apply here, as the algorithm appears not to have been used.

## 2. Subtextual Information is Not Protectable Expression.

Second, plaintiff argues that the instructions on the forms were crafted in a creative and intentional manner to "provide subtextual information." (ECF No. 30 at 8). Specifically, plaintiff claims that the introductory paragraph is designed to put patients at ease, signal that they will not be judged, and encourage frankness.

12/3/25, 8:55 AM  ADHERENCE v. CVS PHARMACY, INC., Dist. Court, D. Nevada 2025 - Google Scholar

Case 1:24-cv-12108-DJC   Document 84-1   Filed 12/16/25   Page 5 of 6

*Id.* Similarly, plaintiff asserts that the phrasing of the questions conveys the subtext that the patient is "normal" and that it is acceptable to respond honestly. *Id.*

No case law is cited that would support an analysis of subtextual information. In fact, defendants rightfully point out that such a claim would be contrary to the law. (ECF No. 31 at 4). "[T]he scope of copyright subject matter does not extend to ideas that are not within a fixed medium." *Montz v. Pilgrim Films & Television, Inc.*, 649 F.3d 975, 979 (9th Cir. 2011). The subtextual information cannot be protected under the Copyright Act's scope because that information is not in any tangible medium of expression. 17 U.S.C. § 301(b).

Further, permitting subtextual information to render forms copyrightable would directly contradict the Ninth Circuit's reasoning in *Bibbero*, which confined the exception to the blank forms rule. 893 F.2d at 1107. The court rejected extending protection to text that merely signals which information is important, warning that such a standard would be "limitless" and risk swallowing the rule entirely. *Id.* Therefore, allowing subtext to transform basic questions or instructions that simply guide the forms user into protected expression would also produce a limitless exception to the blank form rule.

## 3. Plaintiff's Creative Compilation Argument Fails Under Precedent.

Third, plaintiff argues that the structure and order of the questions and instructions were creatively and intentionally put together, qualifying protection as a compilation. (ECF No. 30 at 10). Under the Copyright Act, a compilation is defined as a work formed by the collection and assembly of preexisting material "selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." 17 U.S.C. § 101. Here, however, plaintiff does not allege that its forms were registered as compilations, so this route of possible protection is foreclosed. Even if the forms had been registered as such, the argument would likely still fail. In *Bibbero*, the Ninth Circuit held that a superbill, though registered as a compilation, was unprotectable because it fell squarely within the blank forms' doctrine. 893 F.2d at 1108 n.3. Thus, even assuming the forms could qualify as compilations, plaintiff must still show they are not blank forms.

Moreover, plaintiff's arguments that its forms are creative and were intentionally created are misplaced. Plaintiff's response brief relies on *Advanz*, stating that copyright protection for its forms exists where there is "at least some ingenuity involved in labeling, selection, and arrangement of the blank spaces." (ECF No. 30 at 6). But plaintiff noticeably leaves out an important part of *Advanz*, which properly informs the court of controlling law. In fact, the Ninth Circuit explicitly rejected the argument upon which plaintiff relies. *Advanz*, 21 F. Supp. 2d at 1191. *Bibbero* made clear that the fact "considerable effort and creativity went into design[ing]" a form "does not make the form any less blank." 893 F.2d at 1107-08 & n.1. Therefore, plaintiff fails to identify any argument grounded in legal precedent that would render their forms copyrightable.

## B. Plaintiff's Claim Must Be Dismissed With Prejudice

Because the court's "findings are based on the works themselves rather than on [plaintiffs'] pleadings, the infringement claim must therefore be dismissed with prejudice." *Capcom Co., Ltd. v. MKR Grp., Inc.*, No. C 08-0904 RS, 2008 U.S. Dist. LEXIS 83836, 2008 WL 4661479, at *11 (N.D. Cal. Oct. 10, 2008). Plaintiff's forms are primarily designed to record information, and the accompanying text simply provides instruction

12/3/25, 8:55 AM ADHERENCE v. CVS PHARMACY, INC., Dist. Court, D. Nevada 2025 - Google Scholar

Case 1:24-cv-12108-DJC    Document 84-1    Filed 12/16/25    Page 6 of 6

to assist in completing the form. Because the court finds the claim precluded as a matter of law, it need not address whether the claim satisfies the notice pleading requirements.

## III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' partial motion to dismiss (ECF No. 12) be, and the same hereby is, GRANTED. Claims 2, 4 and 5 are DISMISSED with prejudice. Plaintiff's claims for trademark infringement and common law trademark infringement remain.

Save trees - read court opinions online on Google Scholar.