UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**MMAS RESEARCH**


V.                                              CIVIL ACTION NO. **24-12108-DJC**


**BOSTON CHILDREN HOSPITAL, ET AL**


**Scheduling Order**


Casper, J.

  This Scheduling Order is intended primarily to provide a reasonable timetable for discovery and motion practice and to ensure the fair and just resolution of this matter, either by settlement or trial, without undue delay or expense.

  Having conducted a Scheduling Conference between the parties pursuant to Local Rule 16.1(a), it is hereby ORDERED pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f) that:

  1. **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by **January 5, 2026** .

  2. **Amendments to Pleadings**. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **January 15, 2026** .

  3. **Fact Discovery**.

    a. **Final Deadline**. All discovery, other than expert discovery, must be completed by **May 8, 2026** .

  4. **Status Conference**. A status conference will be held on **May 11, 2026** at **2:00PM** in Courtroom 11, 5th Floor (by video conference).

5. **Summary Judgment Motions**.

    a.  Motions for summary judgment must be filed by **July 10, 2026** .

    b.  Opposition to summary judgment motions must be filed within 21 days after service of the motion pursuant to Local Rule 7.1.

    c.  All summary judgment filings shall conform to the requirements of Local Rule 56.1.

    d. The movant for summary judgment shall serve electronically a Word version of their statement of undisputed facts on the non-movant when they file their motion for summary judgment and all supporting materials. When filing its opposition to the motion for summary judgment, the non-movant shall file a response to the movant's statement of undisputed facts that uses the Word document and responses to each of the movant's undisputed facts, paragraph by paragraph, and, if disputed, include page references to affidavits, depositions or other documents in the record. If the movant contends that there are separate disputed material facts, it may identify them in a separate section at the end of this document, paragraph by paragraph with page references to affidavits, depositions and other documents in the record. The non-movant shall file this document on ECF and shall serve it on the movant in an electronic Word document when the non-movant files its opposition. The movant may then respond to any separately identified disputed facts, using this Word document and responding to each of the movant's disputed facts, paragraph by paragraph with page references to the affidavits, depositions or other documents in the record and file same when it files its reply brief.

Date:  **December 17, 2025**              /s/ Denise J. Casper
                                            U. S. District Judge