UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


_____

MMAS RESEARCH LLC,
A Washington Limited Liability
Company, et al.,


                    Plaintiffs,        Civil Action
                                       No. 24-12108-DJC
V.

                                       December 15, 2025
THE CHILDREN'S HOSPITAL CORPORATION,
et al.,                                3:16 p.m.



                    Defendants.
_____



    TRANSCRIPT OF SCHEDULING CONFERENCE VIA VIDEOCONFERENCE

         BEFORE THE HONORABLE DENISE J. CASPER

             UNITED STATES DISTRICT COURT

            JOHN J. MOAKLEY U.S. COURTHOUSE

                 1 COURTHOUSE WAY

                BOSTON, MA  02210




            DEBRA M. KANE, RMR, CRR, FCRR
                Official Court Reporter
            John J. Moakley U.S. Courthouse
            1 Courthouse Way, Room 5204
                Boston, MA  02210
              debrakane0711@gmail.com

APPEARANCES:

FOR THE PLAINTIFFS:

RONALD D. COLEMAN, ESQ.
50 Park Place, Suite 1105
Newark, NJ 07102
973-264-9611

ANDREW NEIL HARTZELL, ESQ.
Freeman Mathis & Gary, LLP
One Boston Place
201 Washington Street
Suite 2200
Boston, MA 02108
617-963-5966
nhartzell@fmglaw.com

FOR THE DEFENDANTS:

THEODORE J. FOLKMAN, ESQ.
Rubin & Rudman LLP
53 State Street, 15th Floor
Boston, MA 02109
617-330-7135
tfolkman@rubinrudman.com

F. CHRISTOPHER AUSTIN, ESQ.
Lex Tecnica, Ltd.
10161 Park Run Drive
Suite 150
Las Vegas, NV 89145
702-610-9094
chris@lextecnica.com

P R O C E E D I N G S

(The following proceedings were held via videoconference before the Honorable Denise J. Casper, United States District Judge, United States District Court, District of Massachusetts, at the John J. Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts, on December 15, 2025.)

THE CLERK:  Civil action 24-12108, MMAS Research v. Boston Children's.

To all participants, pursuant to Local Rule 83.3, persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings.  Violation of these prohibitions may result in sanctions.

And would counsel, starting with the plaintiff, please state your name for the record.

MR. COLEMAN:  Ronald Coleman for the plaintiff.

MR. HARTZELL:  Neil Hartzell, local counsel for the plaintiff.

THE COURT:  Good afternoon to you both.

MR. FOLKMAN:  Good afternoon, your Honor.  Ted Folkman, Rubin & Rudman for the The Children's Hospital Corporation.

THE COURT:  Good afternoon.

MR. AUSTIN:  And Christopher Austin of Lex Tecnica for

the Morisky and Morisky Medication Adherence Research LLC defendants.

THE COURT:  Good afternoon.

Counsel, I know we're here for a scheduling conference.

I did have a chance to review Docket 82, which is a joint statement, and the proposed schedule, which I understand is jointly proposed.

I do want to turn to that in a moment, but two initial questions for you.  The first is, I always inquire at this juncture about whether the parties would consent to trial before a magistrate judge.  I know there's a proposal -- part of your proposal is mediation at a later point before a magistrate judge, but I'm talking about consent to the matter otherwise proceeding before a magistrate judge.  Is that something you've been able to discuss with your respective clients?

I'll start with the plaintiff.

MR. COLEMAN:  We have not discussed it, your Honor.  I don't think our client would to be too inclined in that direction.

THE COURT:  All right.  Well, given that, obviously it requires the consent of all of the parties.

Counsel, if at some point all the parties agree, just reach out to Ms. Hourihan and we can have you sign the consent

paperwork.  I'll assume for the moment the matter is going to proceed in this session.

Counsel, similarly, I also inquire about whether a settlement demand has been made here.  Again, I understand you're anticipating perhaps a mediation after fact discovery, but has the plaintiff made a formal settlement demand here?

MR. COLEMAN:  Yes, your Honor.

THE COURT:  And has the defense -- sorry.  Has the defense had an opportunity to respond?

MR. FOLKMAN:  We -- just speaking for the hospital, we have responded in writing to the offer.

THE COURT:  And how about the MMAR defendants, Morisky defendants?

MR. AUSTIN:  We, too, have responded in writing.

THE COURT:  The fact that we're all here means the matter hasn't resolved; is that fair to say?

MR. AUSTIN:  That is correct.

THE COURT:  Counsel, obviously, as I said, I thought your suggestion about the timing of a mediation made sense.  If for some reason you decide it might be fruitful to have it before that proposed date, there's nothing stopping you from reaching out to Ms. Hourihan just to get that referral made earlier in the case.

Counsel, in terms of the schedule, I'm prepared to adopt it.  I understand the parties aren't anticipating expert

discovery at this point, so I'll set the dates for fact discovery through summary judgment.

In terms of initial disclosures, I'll adopt the date of January 5, 2026.  I think that was also when the parties anticipated fact discovery would begin.

I'll also adopt May 8, 2026 as the close of fact discovery.

In terms of the mediation you were contemplating, I think you were planning on May 22, 2026.  You may want to seek a referral for mediation ahead of that date so you can get a date hopefully close to that date.  So maybe in the beginning of the year or February you might want to ask for the referral so we can at least get you on the calendar with one of the magistrate judges.

With that in mind, I'll also adopt the deadline of July 10, 2026 for the filing of any motion for summary judgment with opposition to follow 21 days after service.

Counsel, I'd also be inclined to set a status conference date after the close of fact discovery.

So, Ms. Hourihan.

THE CLERK:  May 11th at 2:00.

THE COURT:  Does that work all sides, May 11th? Again, this would be by Zoom.

MR. COLEMAN:  I'm sure it would.

MR. AUSTIN:  Yeah, that should work, your Honor.

MR. FOLKMAN:  Yes, your Honor.

THE COURT:  All right.  And, counsel, since I'll see you for status, I won't set any conference dates or hearing dates beyond that since I'm sure you'll have a better sense of what's needed at that point.

Counsel, I think there was a mention of a stipulated protective order that you were planning to file, I believe, so I'll look out for that.  But are there any other matters that I should take up while you're all on the line?

MR. FOLKMAN:  The only matter I would raise, if you notice in the joint statement, there's an indication that the plaintiff may want to amend or seek to amend its complaint.  I would suggest it would be a good idea to have a date by which that should happen, because, depending on the amendment, that could affect other things.

THE COURT:  Okay.

And, counsel, did you have a date in mind or --

MR. FOLKMAN:  I don't have a particular date in mind, but I think the sooner the better, so perhaps 30 days from today.

THE COURT:  Okay.

MR. COLEMAN:  We can do that.

THE COURT:  Does that make sense from the plaintiffs' side?  I didn't see who was speaking.

MR. COLEMAN:  Yes, your Honor, yes.  Ronald Coleman

here.  And, yes, 30 days will do it.

THE COURT:  So I think that would be January 15th, Ms. Hourihan, if that falls on a -- yes, I think that's a Thursday.

THE CLERK:  Yes.

THE COURT:  So we'll make it January 15, 2026 for amendments to the pleadings.

Counsel, anything else on the defense side?

MR. FOLKMAN:  No, your Honor.

MR. AUSTIN:  Nothing for the Moriskys, your Honor.

THE COURT:  Okay.

Thank you.  Stay well.

(Court adjourned at 3:23 p.m.)

- - - - - - - - - - - -

CERTIFICATION

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter to the best of my skill and ability.

/s/Debra M. Kane                          January 9, 2026
Debra M. Kane, RMR, CRR, FCRR       Date
Official Court Reporter