UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THE CHILDREN'S HOSPITAL<br>CORPORATION, et al.,<br><br>　　　　　Defendants | Civ. A. No. 1:24-cv-12108-DJC |

**THE CHILDREN'S HOSPITAL CORPORATION'S**
**OPPOSITION TO THE PLAINTIFF'S LETTER OF JANUARY 13, 2026**

MMAS Research has submitted a letter to the Court regarding the deadline for motions for leave to amend. The letter does not request any concrete relief, and MMAS Research did not raise the issue addressed in the letter with the Hospital before filing it, *see* L.R. 7.1. But if the Court construes it as a motion to extend the time to file a motion for leave to amend the complaint, the motion should be denied.

MMAS Research informed the Hospital that it intended to seek leave to amend the complaint to add claims and parties on December 8, 2025. (Folkman Decl. Ex. 1). At the status conference on December 15, MMAS Research's counsel told the Court that a 30-day deadline for filing motions for leave to amend was acceptable. (ECF 90 at 7:23-8:1). In short, MMAS has known for more than a month that it planned to add new parties, but it nevertheless agreed to seek leave to amend its complaint by January 15. As MMAS Research's letter notes, Under L.R. 15.1, if MMAS Research wanted to add new parties, it was required to serve the motion on the proposed new parties fourteen days in advance. *See* L.R. 15.1(b). Indeed, under the rule MMAS was required to seek leave to amend to add a new party as its lawyers "reasonably [could] be

1

expected to have become aware of the identity of the proposed new party," which apparently was more than a month ago. *See* L.R. 15.1(a). MMAS Research gives no reasons why it failed to comply with the provisions of Local Rule 15.1.

For these reasons, if the Court construes MMAS Research's letter as a motion, it should deny the motion for failure to comply with the provisions of L.R. 7.1 and because the motion does not give any grounds that would entitle MMAS Research to relief.

Respectfully submitted,

THE CHILDREN'S HOSPITAL CORPORATION

By its attorneys:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
Taylor M. Makson (BBO No. 697476)
Elizabeth L. Gardon (BBO No. 711867)
RUBIN AND RUDMAN LLP
53 State Street
Boston, Mass. 02109
(617) 330-7000
tfolkman@rubinrudman.com
tmakson@rubinrudman.com
egardon@rubinrudman.com

Dated: January 14, 2026