UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH, LLC,<br><br>           Plaintiff,<br><br>vs.<br><br>THE CHILDREN'S HOSPITAL<br>CORPORATION, et al.,<br><br>           Defendants | Civ. A. No. 1:24-cv-12108-DJC |

**THE CHILDREN'S HOSPITAL CORPORATION'S
OPPOSITION TO THE PLAINTIFF'S EMERGENCY MOTION TO
ENLARGE DEADLINE TO FILE MOTION TO AMEND THE COMPLAINT**

The Hospital opposes the emergency motion. The motion for leave to amend should be filed today, and the question about the consequences of MMAS Research's failure to comply with L.R. 15.1 should be left for the new parties to raise, if they choose, if the Court allows the amendment or if they choose to oppose the motion for leave to amend.

A. <u>Extending the time would be prejudicial in light of the short time available for discovery.</u>

Given that the parties jointly proposed to the Court that discovery should be completed by May 8, every week counts. The main reason the Court should deny the motion to enlarge is that the proposed second amended complaint, if allowed, would greatly expand the scope of the case and prejudice the Hospital by making it difficult for the parties to meet the deadline they agreed on and the Court adopted.[1]

The proposed second amended complaint adds a claim for copyright infringement—the same claim that MMAS Research pleaded in its original complaint, the same claim that it

---

[1] The proposed second amended complaint, excluding exhibits, is attached as Exhibit 1.

1

referenced in its first amended complaint but did not spell out in a count, the same claim that it told the Court at the hearing on the motion to dismiss that it had dropped (ECF 51 at 7:22-8:4). It brings Dr. Hartz, who had prevailed on the motion to dismiss, back into the case as a defendant and adds as additional defendants Dr. Morisky's lawyer in the action and Harvard Medical School. It adds a claim for libel that relates both to conduct alleged in the original complaint and to conduct that took place after the action was filed—improperly, since alleged wrongdoing after the complaint is filed must be asserted in a separate action or in a supplemental pleading. *See Cortés-Ramos v. Martin-Moralis,* 2020 U.S. App. LEXIS 11545, at *13 (1st Cir. Apr. 13, 2020) (discussing purpose of supplemental pleading); 3 *Moore's Federal Practice* § 15.30[1] (distinguishing amended and supplemental pleadings).

With the exception of the post-complaint allegations, everything alleged in the proposed second amended complaint could have been alleged in the original complaint in August 2024, or in the first amended complaint, in October 2024. It was wrong for MMAS Research to agree to the scheduling order given the position it is now taking. MMAS Research threatened to sue the Hospital over the post-complaint alleged wrongdoing[2] in October 2025, long before the agreement on scheduling.[3]

B. <u>MMAS Research has not even tried to show good cause.</u>

But the Court should deny the motion for another reason, too. The Court can extend a deadline "for good cause." Fed. R. Civ. P. 6(b)(1). MMAS Research has not even tried to show good cause. It has known about its amended pleading deadline for a month. It notes that under

---

[2] This concerns an article by Dr. Hartz and his colleagues, published after the complaint was filed, noting that he had used the "Morisky Medication Adherence Scale" in his study and explaining his uncertainty about whom to credit due to this litigation. A true copy of the article, which is Exhibit 20 to the proposed second amended complaint, is attached as Exhibit 2

[3] A true copy of an email from counsel dated October 27, 2025, with the substantive terms of a settlement offer redacted, is attached as Exhibit 3.

2

L.R. 15.1 it was required to serve the proposed second amended complaint on the new parties fourteen days before filing its motion to amend, but that requirement is not new, and MMAS Research gives no reason why its failure to meet the rule's requirements constitutes good cause for an extension of the deadline that it agreed to. The most likely explanation for what happened is that MMAS Research didn't consider the rule until it was too late, but MMAS Research does not say that that is the reason.

C. The best course is to file the motion now and to let the new parties argue the L.R. 15.1 issue if they wish.

Counsel has told the court the motion to amend is ready to be filed. The Hospital suggests that it should be filed by today, January 15, the current deadline, and that the parties added to the proposed second amended complaint should be free, if they wish, to make whatever use they can of L.R. 15.1. Perhaps they will not rely on it as an issue, perhaps they will. But filing the motion now avoids a weeks-long delay in a short discovery period, while reserving for later the question of whether MMAS Research's inexplicable failure to follow the Court's rules will have any substantive consequences.

Respectfully submitted,

THE CHILDREN'S HOSPITAL CORPORATION

By its attorneys:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
Taylor M. Makson (BBO No. 697476)
Elizabeth L. Gardon (BBO No. 711867)
RUBIN AND RUDMAN LLP
53 State Street
Boston, Mass. 02109
(617) 330-7000
tfolkman@rubinrudman.com
tmakson@rubinrudman.com
egardon@rubinrudman.com

Dated: January 15, 2026

4