UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH LLC, <br><br> Plaintiff <br><br> v. <br><br> THE CHILDREN'S HOSPITAL CORPORATION, et. al., <br><br> Defendants. | Case No. 24-cv-12108-DJC |

**MORISKY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE DEADLINE TO FILE MOTION TO AMEND THE COMPLAINT**

**INTRODUCTION**

Defendants Morisky Medication Adherence Research LLC ("MMAR") and Donald Morisky (collectively, the "Morisky Defendants") oppose Plaintiff MMAS Research LLC's ("Plaintiff") Motion to Enlarge Deadline (Dkt. 95) to extend the January 15, 2026, deadline for filing a motion for leave to amend the complaint and add new parties. The Court set this deadline following the December 15, 2025, status conference, where Plaintiff's counsel agreed that a 30-day period was acceptable. Plaintiff has known of its intent to amend and add parties since at least December 8, 2025. See Dkt. 93 (BCH Opposition, Folkman Decl. Ex. 1). Despite over a month to prepare and comply with Local Rule 15.1(b)'s 14-day pre-filing service requirement on proposed new parties, Plaintiff delayed without showing good cause or providing justification.

Plaintiff fails to demonstrate good cause under Fed. R. Civ. P. 16(b)(4) or 6(b)(1). The case is well-advanced, filed on August 15, 2024, now over seventeen (17) months old, with partial dismissals (Dkt. 64), denial the Morisky Defendants' jurisdictional motion (Dkt. 81), and

answers/counterclaims filed (Dkt. 87). The proposed Second Amended Complaint ("SAC") would improperly expand the case by reasserting previously dismissed claims of copyright infringement, adding new parties, and claims of libel. Further extension would cause undue prejudice and delay, especially given the short discovery period, set to expire on May 8, 2026. The motion, for these reasons, should be denied.

**ARGUMENT**

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The primary consideration is the diligence of the party seeking the extension; the deadline must be one that "cannot reasonably be met despite the diligence of the party needing the extension." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154-55 (1st Cir. 2004) (quoting 1983 Advisory Committee Notes); *see also Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019) (". . . the moving party's diligence or lack of diligence serves as the dominant criterion."). Similarly, under Rule 6(b)(1), extensions require "good cause" where, as here, the request is made before the deadline expires.

The *Miceli* court stated,"[t]he longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Id.,* quoting, *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). "Nor should a court be expected to look kindly upon a plaintiff who seeks belatedly to amend her complaint based on 'information that [she] had or should have had from the outset of the case.' *Miceli,* 914 F.3d at 86, quoting, *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008).

Morisky Defendants' Opposition
to Plaintiff's Motion to Enlarge
Deadline

2

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

### I. Plaintiff Lacks Good Cause Under Rules 16(b)(4) and 6(b)(1).

Plaintiff had more than 38 days from December 8, 2025, to serve proposed new parties early enough to satisfy LR 15.1(b)'s 14-day rule and file by January 15, 2026. Plaintiff offers no explanation for the delay beyond citing the rule itself, which requires adherence. Thus, Plaintiff should have anticipated and addressed proactively. This is self-inflicted delay, not excusable, and Plaintiff has not attempted to show good cause.

Plaintiff's failure to serve proposed new parties by early January—despite ample time—constitutes the sort of "protracted delay" the First Circuit has held sufficient grounds for denial, particularly where the information supporting amendment was available long before the deadline. *See Miceli*, 914 F.3d at 86. Here, with the exception of the post-complaint libel claims, the bulk of the proposed amendments, including the revival of previously asserted copyright infringement claims and the addition or re-addition of new parties (Jacob Hartz (previously dismissed), Harvard Medical School, and F. Christopher Austin, (counsel for MMAR) stems from facts known since the original complaint (Dkt. 1), rendering the delay inexcusable.

Plaintiff also violated LR 7.1(a)(2) by failing to confer with opposing counsel before filing the motion or its precursor January 13 letter, as noted in Dkt. 93. This procedural lapse further weighs against relief.

### II. Extension Would Cause Undue Prejudice and Undue Delay.

The case has progressed significantly. The Court has ruled on multiple dispositive motions (Dkt. 64, 81), and the Morisky Defendants have answered and asserted counterclaims/third-party claims (Dkt. 87). Allowing an extension now would prolong proceedings in a case already over seventeen (17) months old, requiring potential additional motions to dismiss, amended answers, and further discovery—imposing unnecessary costs and

disruption on all parties, including the Morisky Defendants, who have already answered, asserted counterclaims/third-party claims (Dkt. 87), and survived jurisdictional challenges (Dkt. 81). This imposes undue delay, burdening all parties involved over claims that could have been raised much sooner, all without good cause or logical justification.

Given the jointly proposed discovery completion date of May 8, 2026, the proposed SAC's expansion would make meeting this deadline challenging.  With the exception of post-complaint allegations (e.g., libel related to a published article), everything in the proposed SAC could have been alleged in the original complaint back on August 15, 2024, or First Amended Complaint, filed on October 21, 2024. These factors reinforce denial.

### CONCLUSION

The Morisky Defendants respectfully request that the Court deny Plaintiff's motion (Dkt. 95).

Dated: January 15, 2026

                                                      **LEX TECNICA, LTD.**

                                                      /s/ *F. Christopher Austin*
F. CHRISTOPHER AUSTIN, ESQ.
Nevada Bar No. 6559
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

Morisky Defendants' Opposition
to Plaintiff's Motion to Enlarge
Deadline

4

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

**Certificate of Service**

    I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on January 15, 2026.


Dated: January 15, 2026　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Brianna Show