# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

)
MMAS RESEARCH LLC,                )
                                )
            **Plaintiff**         )
                                )
           **v.**                  )      **Case No. 24-cv-12108-DJC**
                                )
THE CHILDREN'S HOSPITAL     )
CORPORATION, et. al.,            )
                                )
           **Defendants.**      )
                                )

_____ )

## FIRST AMENDED ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT OF DEFENDANTS MORISKY MEDICATION ADHERENCE RESEARCH LLC AND DONALD MORISKY IN RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Morisky Medication Adherence Research LLC ("MMAR") and Dr. Donald Morisky ("Dr. Morisky") (collectively, the "Morisky Defendants" or "Defendants") hereby file their First Amended Answer, Counterclaims and Third-Party Complaint in response to Plaintiff MMAS Research LLC's ("MMAS Research") First Amended Complaint (D. 24).

## ANSWER

The Morisky Defendants Answer the First Amended Complaint seriatim as follows.

1.      Defendants admit the 2019 U.S. Copyright registration TX 8-816-517 is for the "MMAS Research Widget Code" (herein "Widget Code") and that Trubow is the CEO of Plaintiff. Defendants deny all other allegations of this paragraph.

2.      Denied. The Widget Code copyright is merely for a software program used to display Dr. Morisky's 2016 U.S. Copyright registration TX 8-285-390 for the "Morisky Medication Adherence Scale (4-item)" ("MMAS-4") and to display Dr. Morisky's 2018 U.S.

Morisky Defendants First
Amended Response to          1
First Amended Complaint

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

Copyright registration TX 8-632-533 "Morisky Medication Adherence Scale (8-item)"
("MMAS-8). The Widget Code copyright registration expressly notes on the registration
certificate that it does not include and is limited by the prior registrations of the MMAS-4 and
MMAS-8 in favor of Dr. Morisky, which MMAS-4 and MMAS-8 are the assessment protocol to
measure and identify medication nonadherence behaviors. Not the Widget Code that merely
digitally displays the MMAS-4 and MMAS-8.

    3.      Admitted.

    4.      Defendants admit only that Dr. Morisky formed MMAR and deny all remaining
allegations of this paragraph.

    5.      Denied.

    6.      Paragraph 6 is not an allegation of fact to which an answer is required. To the
extent an answer is required, Defendants deny the allegations of paragraph 6.

    7.      Defendants lack knowledge or information sufficient to form a belief about the
truth of this allegation and therefore deny the same.

    8.      Admitted.

    9.      Admitted.

    10.      Admitted.

    11.      Defendants lack knowledge or information sufficient to form a belief about the
truth of this allegation and therefore deny the same.

    12.      Defendants lack knowledge or information sufficient to form a belief about the
truth of this allegation and therefore deny the same.

    13.      This paragraph is not an allegation of fact to which an answer is required. To the
extent an answer is required, Defendants deny the allegations of this paragraph.

    14.      Denied.

    15.      Denied.

Morisky Defendants First
Amended Response to
First Amended Complaint

2

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

16.     Denied.

17.     Admitted.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     Defendants admit that Dr. Morisky and Dustin Machi collaborated on the creation of the Widget Code digital derivative to display Dr. Morisky's long previously authored and copyrighted MMAS-4 and MMAS-8 and deny all remaining allegations of this paragraph.

24.     Defendants admit only that the Widget Code was published and that the copyright was held by Dustin Machi and assigned to Plaintiff in 2019. Defendants deny all remaining allegations of this paragraph.

25.     Admitted.

26.     Defendants admit only that in January 2019, Dr. Morisky formed MMAR, and deny all remaining allegations of this paragraph.

27.     Defendants admit only that in July 2019, Dr. Morisky resigned as a governor of MMAS Research and relinquished is 50% ownership interest in MMAS Research and deny all remaining allegations of this paragraph.

28.     Denied.

29.     Defendants admit the first three sentences of this paragraph and deny the allegations of the last sentence of this paragraph purporting to interpret the CR2A Settlement Agreement between Dr. Morisky and MMAS Research.

30.     Defendants admit only that the Widget Code copyright registration was obtained and deny all remaining allegations of this paragraph.

Morisky Defendants First
Amended Response to
First Amended Complaint

3

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

31.     Denied.

32.     Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

33.     Denied.

34.     Defendants admit Dr. Morisky sued MMAS Research and others in September 2021 in the federal district court for the Western District of Washington, case no. 2:21-cv-1301 (the "Washington Case") and admit that Dr. Morisky's motion for a temporary restraining order against the defendants in the Washington Case was denied.  Defendants deny all remaining allegations of this paragraph.

35.     Defendants admit that the magistrate judge issued a report and recommendation attached as Exhibit 13 and state that the report and recommendation speaks for itself. Defendants deny any remaining allegations in this paragraph.

36.     Defendants admit that the Court of Appeals for the Ninth Circuit issued a decision on March 13, 2024, in case no. 23-55202, to which Defendants were not parties, and that the quotation in paragraph 36 appears in the decision. Defendants deny the decision confirmed MMAS Research owned the copyright to the Widget Code.

37.     Defendants admit the Plaintiff purports to license the Widget Code but deny all remaining allegations of this paragraph as Plaintiff has no rights in or to the MMAS-4 and MMAS-8 "diagnostic assessments" or to the "coding and scoring" of the MMAS-4 and MMAS-8.

38.     Defendants admit the Plaintiff assert such restrictions but deny all remaining allegations of this paragraph as Plaintiff has no rights in or to the MMAS-4 and MMAS-8 "diagnostic assessments" or to the "coding and scoring" of the MMAS-4 and MMAS-8.

Morisky Defendants First
Amended Response to
First Amended Complaint

4

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

39.     Denied. The only license Plaintiff can offer is to a code to display copyrighted works in which Plaintiff has no rights: the MMAS-4 and MMAS-8, exclusively owned by MMAR.

40.     Defendants admit the Plaintiff purports to license the Widget Code but deny Plaintiff has any rights in or to the MMAS-4 and MMAS-8 "diagnostic assessments" or to the "coding and scoring" of the MMAS-4 and MMAS-8, deny the final sentence of this paragraph, deny that the "Morisky Widget MMAS-8 is differentiated" from the MMAS-8 owned by MMAR, and deny any remaining allegations of this paragraph.

41.     Admitted.

42.     Defendants admit MMAR and Boston Children's Hospital ("BCH") entered into a purported license agreement but deny that Exhibit 8 is the executed copy of that license agreement.

43.     Defendants state that the license speaks for itself and deny any characterization of the document, and otherwise deny the remaining allegations of this paragraph.

44.     Admitted.

45.     Admitted.

46.     Admitted.

47.     Admitted.

48.     Admitted.

49.     Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

Morisky Defendants First
Amended Response to
First Amended Complaint

5

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

52.     Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Defendants admit the MMAS-8 comprises the questions listed, deny the MMAS-8 is "static" in comparison to the same MMAS-8 displayed by the Widget Code, and deny the remaining allegations of this paragraph.

58.     Defendants admit the first question of the MMAS-8 is as quoted, deny the quoted portions of the MMAS-8 constitute "limitations," and deny the remaining allegations of the paragraph.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Defendants admit this paragraph accurately quotes the BCH memorandum in support of BCH's motion to dismiss and deny all other allegations of this paragraph.

63.     Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Defendants state that the license speaks for itself, deny any characterization of the document, and otherwise deny the allegations of this paragraph.

Morisky Defendants First
Amended Response to
First Amended Complaint

6

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

68. Defendants state that the license speaks for itself, deny any characterization of the document, and otherwise deny the allegations of this paragraph.

69. Denied.

70. Denied.

71. Denied.

72. Admitted.

73. Denied.

74. Denied.

75. Defendants admit that on April 21, 2022, counsel for Defendants wrote the referenced letter, that it was published on the <moriskyscale.com> website and sent to colleagues and licensees of Dr. Morisky's MMAS-4 and MMAS-8, and that the paragraph accurately quotes a part of the letter. Defendants deny all other allegations of this paragraph.

76. Defendants deny that Plaintiff was authorized to service the BCH Morisky Widget license under the terms of the CR2A and all other allegations of this paragraph.

77. Defendants admit that this paragraph accurately quotes BCH's memorandum in support of its first motion to dismiss and admit that the letter was addressed to colleagues of Dr. Morisky. Defendants deny that Dr. Morisky's lawyer wrote a letter to any Morisky Widget Code licensee, including the Hospital. Defendants state that the letter speaks for itself and deny any characterization of the document. Defendants deny all other allegations of this paragraph.

78. Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

79. Defendants deny the first sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in the second paragraph and therefore deny the same.

80. Denied.

Morisky Defendants First
Amended Response to
First Amended Complaint

7

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

81.     Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

82.     Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

83.     Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

84.     Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

85.     Denied.

86.     Denied.

87.     Defendants admit that copyright registration applicants can submit redacted source code to the Copyright Office in some circumstances and otherwise deny the allegations of this paragraph.

88.     Defendants admit that the Widget Code source code was redacted and otherwise deny the allegations of this paragraph.

89.     Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation, deny there is such a thing as a "Morisky Widget MMAS-8" as the Widget Code merely displays the MMAS-8 registered to Dr. Morisky, and otherwise deny the remaining allegations of this paragraph.

90.     Defendants deny there is such a thing as a "Morisky Widget MMAS-8" as the Widget Code merely displays the MMAS-8 registered to Dr. Morisky. Defendants deny the 8 questions listed in this paragraph are not substantially similar to and are, therefore, not a copy of Dr. Morisky's registered MMAS-8. Defendants otherwise do not understand the allegation of this paragraph and, therefore, deny the same.

Morisky Defendants First
Amended Response to
First Amended Complaint

8

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

91.     Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

92.     Defendants deny there is such a thing as a "Morisky Widget MMAS-8" as the Widget Code merely displays the MMAS-8 registered to Dr. Morisky and otherwise deny the allegations of this paragraph.

93.     Defendants state that the license speaks for itself and denies any characterization of the document. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

94.     Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

95.     Defendants lack knowledge or information sufficient to form a belief about the allegation set forth in the first sentence of this paragraph. Defendants admit the remaining allegations of this paragraph.

96.     Admitted.

97.     Admitted.

98.     Admitted.

99.     Denied.

100.    Defendants admit that Defendant MMAR is registered as a Nevada LLC. Defendants deny the remaining allegations of this paragraph.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Defendants deny the first sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the first chart is a

Morisky Defendants First
Amended Response to
First Amended Complaint

9

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

copy of the "BCH Morisky Widget MMAS-[sic]" and therefore deny the same. Defendants deny there is such a thing as a "Morisky Widget MMAS-8" as the Widget Code merely displays the MMAS-8 registered to Dr. Morisky. Defendants admit the second chart is an accurate copy of the "Morisky Medication Adherence Scale™ (8-Item MMAS™ Instrument) Copyright 2006 Donald E. Morisky." Defendants deny all remaining allegations of this paragraph.

## FIRST CAUSE OF ACTION

### Breach of Contract

(As to Defendant BCH Only)[1]

106.    Defendants incorporate by reference their answers to all prior paragraphs.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Defendants admit that this paragraph accurately quotes the license agreement but deny that the license agreement imposes binding obligations on BCH.

111.    Defendants deny there is such a thing as a "Morisky Widget MMAS-8" as the Widget Code merely displays the MMAS-8 registered to Dr. Morisky and otherwise deny the allegations of this paragraph.

112.    Defendants admit that this paragraph accurately quotes the license agreement but deny that the license agreement imposes binding obligations on BCH.

113.    Defendants deny there is such a thing as a "Morisky Widget MMAS-8" as the Widget Code merely displays the MMAS-8 registered to Dr. Morisky. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

---

[1] Pursuant to the Court's August 12, 2025, Order (D. 64), this Cause of Action was dismissed as to Defendants Hartz and Palfrey).

Morisky Defendants First
Amended Response to
First Amended Complaint

10

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

114.     Defendants admit that this paragraph accurately quotes the license agreement but deny that the license agreement imposes binding obligations on BCH. Defendants deny there is such a thing as a "Morisky Widget MMAS-8" as the Widget Code merely displays the MMAS-8 registered to Dr. Morisky. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore deny the same.

115.     Defendants admit that this paragraph accurately quotes the license agreement but deny that the license agreement imposes binding obligations on BCH.

116.     Denied.

117.     Denied.

118.     Denied.

## SECOND CAUSE OF ACTION

### Breach of Contract

### (DISMISSED BY COURT ORDER (D. 64))

119.     Defendants incorporate by reference their answers to all prior paragraphs.

120.     The Court has dismissed Count Two for failure to state a claim on which relief can be granted. Further, as this claim applies to other defendants, no answer is required of Defendants. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count Two.

121.     The Court has dismissed Count Two for failure to state a claim on which relief can be granted. Further, as this claim applies to other defendants, no answer is required of Defendants. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count Two.

122.     The Court has dismissed Count Two for failure to state a claim on which relief can be granted. Further, as this claim applies to other defendants, no answer is required of

Morisky Defendants First
Amended Response to
First Amended Complaint

11

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

Defendants. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count Two.

123.    The Court has dismissed Count Two for failure to state a claim on which relief can be granted. Further, as this claim applies to other defendants, no answer is required of Defendants. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count Two.

124.    The Court has dismissed Count Two for failure to state a claim on which relief can be granted. Further, as this claim applies to other defendants, no answer is required of Defendants. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count Two.

## THIRD CAUSE OF ACTION

### Violation of DMCA (17 U.S.C. 1202(a), (b)

125.    Defendants incorporate by reference their answers to all prior paragraphs.

126.    Defendants admit that Dr. Morisky was the sole holder of all copyrights to the MMAS-4 and MMAS-8 and deny the remaining allegations of this paragraph.

127.    Denied.

128.    Denied.

129.    This paragraph is not an allegation of fact to which an answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

130.    This paragraph is not an allegation of fact to which an answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

131.    Denied.

132.    This paragraph is blank, containing no allegation of fact to which an answer is required.

133.    Denied.

Morisky Defendants First
Amended Response to
First Amended Complaint

12

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

134.   Denied.

135.   Denied.

## FOURTH CAUSE OF ACTION

### Tortious Interference with Contractual Relations

136.   Defendants incorporate by reference their answers to all prior paragraphs.

137.   Denied.

138.   Denied.

139.   Denied (including all subparts).

140.   Denied (including all subparts).

141.   Denied.

142.   Denied.

143.   Denied.

144.   Denied.

145.   Denied (including all subparts).

## FIFTH CAUSE OF ACTION

### Trade Secret Misappropriation

146.   Defendants incorporate by reference their answers to all prior paragraphs.

147.   The Court has dismissed Count Five for failure to state a claim on which relief can be granted. No answer is required. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count.

148.   The Court has dismissed Count Five for failure to state a claim on which relief can be granted. No answer is required. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count.

Morisky Defendants First              Lex Tecnica Ltd.
Amended Response to        13        10161 Park Run Dr., Ste. 150
First Amended Complaint         Las Vegas, NV 89145

149. The Court has dismissed Count Five for failure to state a claim on which relief can be granted. No answer is required. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count.

150. The Court has dismissed Count Five for failure to state a claim on which relief can be granted. No answer is required. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count.

151. The Court has dismissed Count Five for failure to state a claim on which relief can be granted. No answer is required. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count.

152. The Court has dismissed Count Five for failure to state a claim on which relief can be granted. No answer is required. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count.

153. The Court has dismissed Count Five for failure to state a claim on which relief can be granted. No answer is required. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count.

154. The Court has dismissed Count Five for failure to state a claim on which relief can be granted. No answer is required. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count.

155. The Court has dismissed Count Five for failure to state a claim on which relief can be granted. No answer is required. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count.

156. The Court has dismissed Count Five for failure to state a claim on which relief can be granted. No answer is required. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count.

Morisky Defendants First
Amended Response to
First Amended Complaint

14

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

157.    The Court has dismissed Count Five for failure to state a claim on which relief can be granted. No answer is required. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count.

158.    The Court has dismissed Count Five for failure to state a claim on which relief can be granted. No answer is required. To the extend an answer is required, Defendants deny the allegations of all paragraphs in Count.

159.    This paragraph is not an allegation of fact to which an answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

## OTHER DEFENSES

Defendants assert the following additional and affirmative defenses:

1.    The claims are barred by the doctrine of copyright misuse. Plaintiff's attempt to enforce the Widget Code copyright as encompassing Defendants registered MMAS-8 content extends monopoly beyond statutory scope, barring claims.

2.    The claims are barred by the doctrine of unclean hands to the extent they seek equitable relief.

3.    The claims are barred by the doctrine of laches to the extent they seek equitable relief.

4.    Plaintiff has neither sufficiently alleged nor actually suffered any damages.

5.    The claim for breach of contract is barred by the doctrine of mutual mistake or unilateral mistake.

6.    Plaintiff's Widget copyright is a derivative limited by 17 U.S.C. § 103(b) to display code only, granting no rights to MMAR's MMAS-4/MMAs-8. Unauthorized use of the underlying works voids any "license."

Morisky Defendants First
Amended Response to
First Amended Complaint

15

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

7.      Plaintiff never owned a valid copyright in the work it licensed, the MMAS-8, because the work is a derivative of an earlier registered copyright, the MMAS-8, owned by Defendants that was licensed without the consent of Defendants.

8.      Plaintiff's acts constitute infringement of Defendant MMAR's copyrights in the MMAS-4 and MMAS-8.

9.      Plaintiff's acts constitute infringement of Defendant MMAR's trademarks.

10.      The license agreement lacked consideration. The purported license fails as a contract because Plaintiff provided no consideration—rights to Defendants registered MMAS-8 content it did not own.

11.      What BCH received—the right to use the MMAS-8 assessment—was not a copyright Plaintiff owned or had any right to license to BCH, as the MMAS-8 was and remains the intellectual property of Defendants, and Plaintiff had no right to prevent or interfere with Defendants licensure of its exclusive copyrights to BCH or anyone.

12.      Fraudulent or negligent misrepresentation. Plaintiff affirmatively represented, or implied by granting a license in the MMAS-8, that it owned or controlled the copyright in the MMAS-8, inducing Defendant BCH to enter the license, when Plaintiff knew or should have known that it had no rights in the MMAS-8 it purported to license.

13.      The claim for intentional interference is barred under the Norre-Pennington Doctrine.

14.      The claim for intentional interference is barred under the Litigation Privilege.

15.      The claim for intentional interference is privileged by the Defendants' right to exercise its federally granted rights to enforce its copyrights as authorized by 17 U.S.C.§§ 501-512 and therefore are not "improper" interference, which federal right preempts state-law interference claims.

Morisky Defendants First
Amended Response to
First Amended Complaint

16

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

16. Defendants had a legitimate privilege to compete for licenses of its own work, and any interference was incidental to lawful competition for business grounded in Defendants' valid copyrights.

17. The claim for violation of the DMCA is barred because the requested attribution of the copyright to Defendants was made to correct a misattribution by Plaintiff because Plaintiff had no rights to the MMAS-8 copyright and not to facilitate misattribution or infringement.

## AMENDED COUNTERCLAIMS/THIRD-PARTY COMPLAINT

Defendant/Counterclaimant Morisky Medication Adherence Research LLC (hereinafter, "MMAR") hereby alleges its counterclaims against Counterclaim Defendant MMAS Research LLC (hereinafter, "MMAS Research") and its third-party complaint against Third-Party Defendant Steven Trubow (hereinafter, "Trubow") (collectively hereinafter, "Counterclaim Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the counterclaims arise under federal law, including the Copyright Act, 17 U.S.C. § 101 et seq., and the Lanham Act, 15 U.S.C. § 1051 et seq. This Court has supplemental jurisdiction over the related state law counterclaims and third-party claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy as the federal claims and the original action.

2. This Court has personal jurisdiction over Counterclaim Defendant MMAS Research LLC because it voluntarily invoked the jurisdiction of this Court by filing the Complaint in this action and thereby consented to personal jurisdiction for purposes of counterclaims arising out of the same case or controversy.

Morisky Defendants First
Amended Response to
First Amended Complaint

17

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

3.     This Court has personal jurisdiction over Third-Party Defendant Steven Trubow because he has sufficient minimum contacts with this forum, and the third-party claims against him arise out of or relate to those contacts, such that the exercise of personal jurisdiction comports with due process. In addition, the Court has supplemental subject matter jurisdiction over the third-party claims pursuant to 28 U.S.C. § 1367(a) and Fed. R. Civ. P. 14(a).

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims, counterclaims, and third-party claims occurred, and because defendants are subject to personal jurisdiction in this District. Venue for the copyright counterclaims is additionally proper pursuant to 28 U.S.C. § 1400(a). Venue for the trademark counterclaims is governed by 28 U.S.C. § 1391.

## THE PARTIES

5.     Counterclaimant Morisky Medication Adherence Research LLC ("MMAR") is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada.

6.     Counterclaim Defendant MMAS Research LLC is a Washington limited liability company with its principal place of business in Petaluma, California.

7.     Third-Party Defendant Steven Trubow is an individual residing in California. He is the principal of MMAS Research LLC.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### A.     Origin of the Morisky Medication Adherence Scales

8.     Dr. Morisky received a Master of Science degree in 1977 and a Doctor of Science degree in 1981, both from Johns Hopkins School of Hygiene and Public Health (Behavioral Sciences and Health Education).

Morisky Defendants First
Amended Response to
First Amended Complaint

18

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

9.      He then led a 36-year career as a professor and visiting professor at prestigious health and science universities, including Johns Hopkins University, University of Hawaii, China Medical University (Taiwan), National Yang-Ming University (Taiwan), and the University of California at Los Angeles (UCLA).

10.     Dr. Morisky concluded his full-time professorship at UCLA in 2017 after approximately 35 years of distinguished service as a Tenured Professor, a Vice Chair, and later Chair of the Department of Community Health Sciences, and as the Program Director for the Masters of Public Health for Health Professionals Program (MPH-HP).

11.     He now serves as Professor Emeritus at UCLA Fielding School of Public Health and holds distinguished visiting appointments at several international institutions.

12.     Over the course of his career, Dr. Morisky has received NIH research grants, numerous awards, and has authored or co-authored over 300 peer-reviewed articles. His work has defined best practices in assessing and intervening in medication adherence behavior worldwide.

13.     His doctoral research in the early 1980s led to the publication of adherence intervention methods in the *American Journal of Public Health* and *Medical Care*, laying the groundwork for what would become the Morisky Scales.

14.     In 1986, based on further research and patient interviews, Dr. Morisky introduced a four-item questionnaire known as the "MMAS-4," later followed by an enhanced, eight-question version, the "MMAS-8."

15.     These tools, collectively the "Morisky Medication Adherence Scales," were designed to not only identify whether a patient was noncompliant, but also to guide the provider as to why.

16.     The scoring protocols, known as the "Morisky Medication Adherence Protocol," provide structured interpretations and actionable steps for patient intervention.

Morisky Defendants First
Amended Response to
First Amended Complaint

19

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

17.     Since their development, the MMAS instruments have been used and validated in hundreds of peer-reviewed studies covering an expansive range of diseases and patient populations, and have been translated into more than 80 languages.

**B.      Copyright, Trademark, and Licensing History**

18.     Dr. Morisky is the author of a body of works protected under U.S. copyright law, including the MMAS-4 and MMAS-8.

19.     The MMAS-4 was registered with the U.S. Copyright Office on June 12, 2016 (Reg. No. TX0008285390), and the MMAS-8 was registered on September 21, 2018 (Reg. No. TX0008632533).

20.     Dr. Morisky also owns rights in the federally registered MMAS Mark (Reg. No. 5837273) (the "MMAS Mark"), the "MORISKY," "MMAS," and "MORISKY MEDICATION ADHERENCE SCALE" unregistered common-law marks, ("Morisky Marks") which are recognized trademarks in commerce and the MMAS mark is the subject of federal registration.

21.     On June 8, 2023, Dr. Morisky assigned all of his intellectual property rights, including copyrights, Morisky Marks, and all goodwill to MMAR.

22.     MMAR now holds all exclusive rights to license, enforce, and protect the Morisky Scales and Protocols.

23.     MMAR was formed to expand clinical applications of the MMAS instruments. In addition to research use, MMAR now licenses the Morisky Marks and MMAS tools directly to clinics, integrated health systems, and international study sponsors.

**C.      Counterclaim Defendants' Misrepresentations to Third Parties**

24.     By at least early May 2025, MMAR became aware that Steven Trubow, acting through an entity known as "MMAS Research LLC," was contacting existing MMAS-8 licensees under false pretenses. In multiple communications, Trubow

Morisky Defendants First
Amended Response to
First Amended Complaint

20

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

misrepresented himself and his entity as the rightful owner of the "MMAS-4" and "MMAS-8" instruments and demanded third parties that had licensed the MMAS-4 or MMAS-8 pay Defendants a settlement fee to avoid being sued by Defendants for infringement of Defendants' copyright.

25.     Trubow claimed MMAS Research LLC owned a copyright to the MMAS-4 and MMAS-8 by virtue of having obtained a derivative copyright to certain computer code to electronically display the MMAS-4 and the MMAS-8.  He called the derivative the "MORISKY WIDGET" (hereinafter, the "Widget Code").

26.     As noted by the U.S. Copyright Office on the Widget Code copyright registration, the registration of the Widget Cod copyright is expressly "limited" by the prior registered copyrights for the MMAS-4 and MMAS-8 in favor of Dr. Morisky.

27.     This means the derivative Morisky Widget does not and cannot as a matter of copyright law include the prior registered MMAS-4 and MMAS-8 as part of the Widget Code copyright.  The Widget Code copyright protects only that part of the code that permits it to display content (in this case the content was the MMAS-4 and MMAS-8).  The Widget Code copyright registration does not give the holder any right to the content itself—just the code used to display some content.

28.     This is because the holder of a derivative to a prior copyrighted work only has rights to that which is added or derived from the prior copyrighted work—not to the prior copyrighted work itself.  The prior copyrighted work remains the exclusive property of the copyright holder of that work, not to the holder of the derivative.

29.     Thus, absent a license from the holder of the underlying copyrighted work, the derivative holder may not use or license the underlying copyrighted work.

30.     Further, the holder of the derivative work will be liable for copyright infringement if the holder of the derivative copies, displays, or uses the underlying prior

Morisky Defendants First
Amended Response to
First Amended Complaint

21

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

copyrighted work or anything "substantially similar" to the prior copyrighted work without authorization from the copyright owner of the underlying work.

31.     Here, neither Trubow nor MMAS Research LLC have any right to copy, license or use the MMAS-4 or MMAS-8 or "anything substantially similar" to them (which by law includes any and all translations of the MMAS-4 and MMAS-8). Neither Trubow nor MMAS Research are licensees of the MMAS-4 or MMAS-8 copyrighted works.

32.     Thus, the only work covered by the Widget Code copyright is the code itself, not the MMAS-4 or MMAS-8 nor any translations of the MMAS-4 or the MMAS-8. Counterclaim Defendants simply do not have any rights whatsoever in the MMAS-4 or the MMAS-8.

33.     Counterclaim Defendants representations to third parties that they have such rights is false, fraudulent, and damages MMAR.

34.     The holder of a U.S. Copyright has the exclusive right to use the copyrighted work. As to the MMAS-4 and MMAS-8, that holder is exclusively MMAR. MMAS Research LLC has no rights in the MMAS-4 or the MMAS-8 whatsoever.

35.     Counterclaim Defendants MMAS and Trubow continue to use the Morisky Marks without any authorization from MMAR.

36.     These events have caused confusion among MMAR's licensees, disrupted the company's relationship with its licensees, required internal resources to be diverted to address the resulting harm. As of the date of filing, MMAR estimates the resulting economic harm to exceed $75,000, with reputational and operational effects ongoing.

Morisky Defendants First
Amended Response to
First Amended Complaint

22

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

## FIRST CLAIM FOR RELIEF

(Trademark Infringement – 15 U.S.C. § 11145(1) & § 1125(a))

(Against Counterclaim Defendant and Third-Party Defendant)

37.     MMAR repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

38.     MMAR is the exclusive owner and licensee of federally registered MMAS Mark and common law rights in the MORISKY, and MORISKY MEDICATION ADHERENCE SCALE marks (the "Morisky Marks"), which are used in connection with MMAR's adherence assessment instruments and associated licensing services.

39.     The MMAS Mark and Morisky Marks are widely recognized in the fields of public health, pharmacy, and clinical research as identifiers of origin and quality associated with the Morisky Scales and have acquired secondary meaning through decades of continuous use and commercial licensing.

40.     Counterclaim Defendants have used the MMAS and Morisky Marks in commerce, including in emails, outreach, and licensing solicitations to third parties in the U.S. and abroad, while falsely claiming ownership or exclusive rights in those Marks.

41.     These statements were made to vendors, researchers, and potential licensees with the intent to divert or confuse third parties about the true source, sponsorship, or authorization of MMAS-based instruments.

42.     Counterclaim Defendants' use of the MMAS and Morisky Marks were likely to, and did, cause confusion, mistake, or deception among consumers and third parties regarding the affiliation, connection, or association of Counterclaim Defendants with MMAR, and the origin or approval of Counterclaim Defendants' purported licensing services.

Morisky Defendants First
Amended Response to
First Amended Complaint

23

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

43.     Counterclaim Defendants' conduct constitutes false designation of origin and unfair competition in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. § 1114(1) and § 1125(a)(1)(A).

44.     Counterclaim Defendants acted willfully and with actual or constructive knowledge of MMAR's prior rights in the MMAS and MORISKY Marks.

45.     MMAR has suffered harm to its business reputation, licensing program, and customer relationships, and has no adequate remedy at law.

46.     MMAR is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a), as well as damages, disgorgement of profits, and attorneys' fees under 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

(Unfair Business Practices – M.G.L. Ch. 93A, § 2, 11)

(Against Counterclaim Defendant and Third-Party Defendant)

47.     MMAR repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

48.     MMAR is a Nevada limited liability company engaged in the licensing and enforcement of intellectual property rights, including the MMAS-4 and MMAS-8 adherence instruments developed by Dr. Donald Morisky.

49.     Counterclaim Defendants have made and continue to make false and misleading representations in commerce regarding the source, sponsorship, approval, and affiliation of MMAS-4 and MMAS-8 licensing services.

50.     Specifically, Counterclaim Defendants have contacted third parties in the marketplace, including medical institutions, research entities, and academic vendors, while falsely claiming that Counterclaim Defendants possess exclusive rights to license or enforce

Morisky Defendants First
Amended Response to
First Amended Complaint

24

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

MMAS-based instruments and asserting that MMAR is unauthorized or unrelated to the MMAS tools.

51. These representations are knowingly false and were made with the intent to divert prospective licensing revenue from MMAR and to improperly position Counterlcaim Defendants as the source or certifying body for MMAS-related services.

52. Such conduct constitutes unfair trade practices, as it involves:

    a. False representations as to the source, sponsorship, and approval of goods or services;

    b. False representations of affiliation, connection, or association with MMAR;

    c. Representations that Countclaim Defendants' services or authority to license MMAS content were approved when they were not.

53. Counterclaim Defendants' conduct has caused and continues to cause harm to MMAR's business relationships, reputation, and licensing interests within the State of Nevada and globally.

54. MMAR seeks preliminary and permanent injunctive relief to restrain Counterclaim Defendants from further Unfair Business Practices under Massachusetts law.

55. As a direct and proximate result of Counterclaim Defendants' unfair business practice, MMAR has suffered actual harm, including the delay or loss of anticipated licensing revenue, disruption of established negotiations, and reputational injury within the professional and scientific community.

56. MMAR is entitled to recover all actual damages caused by Counterclaim Defendants' interference, and to injunctive relief enjoining Counterclaim Defendants from making further misleading or unauthorized assertions to MMAR's existing or prospective clients.

Morisky Defendants First
Amended Response to
First Amended Complaint

25

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

57.     MMAR further seeks its attorneys' fees and costs associated with enforcing this claim, and such other relief as the Court deems just and proper.

## SIXTH CLAIM FOR RELIEF

(Declaratory Judgment – 28 U.S.C. § 2201)

(Against Counterclaim Defendant and Third-Party Defendant)

58.     MMAR repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

59.     This is an action for declaratory judgment pursuant to the Declaratory Judgment Act (28 U.S.C § 2201) for purposes of determining the rights of the Parties to the MMAS and Morisky Marks.

60.     There is an actual, substantial, and judiciable controversy among the parties concerning who is the rightful owner of the MMAS and Morisky Marks.

61.     MMAR requests a declaration that it is the sole and exclusive owner of the MMAS Marks and Morisky Marks and that MMAS Research has no rights to use or license the same.

## PRAYER FOR RELIEF

WHEREFORE, MMAR respectfully requests that this Court enter judgment in its favor and grant the following relief:

1.     Declaratory Relief: A declaration pursuant to 28 U.S.C. § 2201 that MMAR is the exclusive owner of the MMAS Marks and Morisky Marks.

2.     Injunctive Relief: Temporary, preliminary, and permanent injunctive relief under Fed. R. Civ. P. 65, 15 U.S.C. § 1116(a), 17 U.S.C. § 502(a) enjoining Counterclaim Defendants and all persons acting in concert with them from:

     a.   Using, licensing, or asserting any rights in the MMAS, MORISKY, or MORISKY MEDICATION ADHERENCE SCALE marks.

Morisky Defendants First
Amended Response to
First Amended Complaint

26

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

b. Interfering with MMAR's existing or prospective licensing relationships, including contacting third parties to offer unauthorized licenses or threaten legal action.

3. <u>Monetary Relief</u>:

   a. <u>Trademark Infringement</u>: Damages, disgorgement of Counterclaim Defendants' profits, and treble damages for willful violations pursuant to 15 U.S.C. § 1117(a);

   b. <u>Deceptive Trade Practices</u>: Compensatory damages and equitable relief pursuant to M.G.L. Ch. 93A, § 2, 11.

4. <u>Attorneys' Fees and Costs</u>: An award of MMAR's reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a).

5. An award of pre-judgment and post-judgment interest as permitted by law; and

6. Any and all other relief to which MMAR may be entitled at law, in equity, or under federal or state statutes, and such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Defendant/Counterclaimant and Third-Party Plaintiff, Morisky Medication Adherence Research LLC, hereby demands trial by jury

DATED: January 16, 2026.

**LEX TECNICA LTD**

*/s/ F. Christopher Austin*

F. Christopher Austin, Esq.
10161 Park Run Drive, Ste. 150
Las Vegas, Nevada 89145
(702) 518-5535
*Attorneys for Defendant /*
*Counterclaimant MMAR*

Morisky Defendants First
Amended Response to
First Amended Complaint

27

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145