UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MMAS RESEARCH  LLC, a
Washington limited liability company,

        Plaintiff,

    v.

THE CHILDREN'S HOSPITAL
CORPORATION, *et al*.,

        Defendants.

Case No. 1:24-cv-12108-DHC

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO
FILE A SECOND AMENDED COMPLAINT**

Plaintiff MMAS Research LLC ("MMAS") hereby moves, for leave to file a Second

Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 15(a)(2). The

proposed amendment seeks to add Harvard Medical School and F. Christopher Austin as

defendants, incorporate a defamation claim arising from statements published after the filing

of the First Amended Complaint, and include additional factual allegations reflecting

significant developments including the Ninth Circuit's March 2024 ruling affirming

Plaintiff's copyright ownership.

## FACTUAL BACKGROUND

Plaintiff MMAS Research LLC is the registered owner of the "Morisky Widget," a

copyrighted digital diagnostic assessment tool used to measure medication adherence

behaviors. The Morisky Widget was developed jointly by Plaintiff's CEO Steven Trubow and

Defendant Donald Morisky, with Plaintiff holding exclusive rights following Morisky's

departure from the company in July 2019.

From 2017 through 2019, Plaintiff licensed, trained, and certified numerous entities, including Boston Children's Hospital ("BCH"), to use the Morisky Widget under strict licensing agreements that required all scoring and coding of assessments to be performed within the Morisky Widget software platform. These licenses also imposed confidentiality obligations regarding the proprietary scoring and coding algorithms.

After Morisky left Plaintiff, he formed a competing entity, Morisky Medication Adherence Research LLC ("MMAR"), and engaged in a campaign to undermine Plaintiff's business by interfering with existing licenses, including those held by BCH. This interference included sending threatening letters authored by Defendant F. Christopher Austin, which falsely claimed ownership of the Morisky Widget copyright and threatened legal action against licensees continuing to use Plaintiff's software.

BCH breached its license agreement by creating and administering an unauthorized derivative of the Morisky Widget MMAS-8 assessment, using paper-based tests scored outside the authorized software, and by altering copyright management information on the ClinicalTrials.gov website to remove Plaintiff's attribution and replace it with that of Morisky and MMAR.

In March 2024, the Ninth Circuit Court of Appeals affirmed Plaintiff's ownership of the Morisky Widget copyright, rejecting Morisky's claims to the contrary. Despite this ruling, Defendants, including BCH, Harvard Medical School, and others, published an article in August 2025 containing false and defamatory statements about Plaintiff's ownership and the ongoing litigation, further damaging Plaintiff's reputation and business relationships.

Plaintiff now seeks to amend its complaint to add Harvard Medical School and F. Christopher Austin as defendants, incorporate the defamation claim arising from the August

2025 publication, and include additional factual allegations reflecting ongoing interference and misconduct by Defendants through 2024 and 2025.

## ARGUMENT

## I. THE COURT SHOULD GRANT LEAVE TO AMEND UNDER RULE 15(a)(2)'S LIBERAL STANDARD

### A. The Liberal Amendment Standard Under Rule 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) establishes a liberal standard for granting leave to amend pleadings. The rule provides that in cases where a party cannot amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and importantly, that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15. This permissive language reflects the Federal Rules' preference for resolving disputes on their merits rather than on procedural technicalities.

The Supreme Court has long recognized the liberal nature of Rule 15(a)(2). In the seminal case of Foman v. Davis, the Court explained that "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This standard has been consistently applied by the First Circuit, which has emphasized that Rule 15(a) "reflects a liberal amendment policy." *Kader v. Sarepta Therapeutics, Inc.*, 887 F.3d 48, 60 (1st Cir. 2018).

### B. Factors Governing Amendment Under First Circuit Precedent

While the standard for granting leave to amend is liberal, it is not without limits. The First Circuit has recognized several factors that may justify denying leave to amend, including "undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part."

3

*Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013). The court has also noted that "protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004).

However, these limitations must be applied in light of Rule 15(a)(2)'s fundamental purpose of facilitating decisions on the merits. As the First Circuit has emphasized, the rule's liberal amendment policy does not mean "that a trial court must mindlessly grant every request for leave to amend." *Nikitine*, 715 F.3d at 390. Rather, the court must exercise its discretion to determine whether justice requires granting leave in the particular circumstances of each case.

### C. MMAS Research's Proposed Amendments Satisfy Rule 15(a)(2)'s Liberal Standard

#### 1. Timeliness and Absence of Undue Delay

MMAS Research's motion for leave to file a Second Amended Complaint is timely and does not represent undue delay. The proposed amendments incorporate significant developments  including the March 13, 2024 Ninth Circuit ruling affirming Plaintiff's copyright ownership and the August 14, 2025 publication containing allegedly defamatory statements. Courts recognize that supplemental pleadings are appropriate to "[set] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15.

Unlike cases where courts have found undue delay, MMAS Research is not attempting to introduce claims or theories that could have been raised earlier. Rather, it seeks to update its complaint to reflect recent developments directly relevant to its claims. The First Circuit has recognized that the timing of a motion to amend must be evaluated in context, and

amendments based on newly discovered information are generally not considered unduly delayed.

### 2.   Good Faith and Absence of Dilatory Motive

There is no evidence of bad faith or dilatory motive in MMAS Research's request to amend. The proposed amendments are directly responsive to developments in the case, including the Ninth Circuit's affirmation of Plaintiff's copyright ownership and newly discovered allegedly defamatory statements. These amendments serve the legitimate purpose of ensuring that the complaint accurately reflects the current factual circumstances and legal claims, rather than any improper purpose of delay or harassment.

### 3.   No Repeated Failure to Cure Deficiencies

This is only MMAS Research's second request to amend its complaint, and it does not represent a "repeated failure to cure deficiencies by amendments previously allowed." *Klunder v. Brown Univ.*, 778 F.3d 24, 34 (1st Cir. 2015). The proposed amendments address new developments rather than attempting to remedy previously identified deficiencies. Courts typically find this factor weighs against amendment only when a party has had multiple opportunities to correct the same deficiencies and has failed to do so.

### 4.   No Undue Prejudice to Defendants

The proposed amendments will not cause undue prejudice to the defendants. While adding new defendants and a defamation claim will necessarily require some additional discovery, this alone does not constitute the kind of prejudice that would justify denying leave to amend. The First Circuit has indicated that prejudice sufficient to deny amendment typically involves "requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy." *Steir*, 383 F.3d at 12.

Here, the case is still in its early stages, and the amendments relate to the same core dispute over the ownership and licensing of the Morisky Widget. The addition of Harvard Medical School and F. Christopher Austin as defendants is logical given their alleged involvement in the underlying conduct, and the defamation claim arises from the same course of conduct already at issue in the case. Rule 21 specifically provides that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

### 5. Not Futile

The proposed amendments are not futile. In assessing futility, "the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006). The new allegations regarding the Ninth Circuit's affirmation of Plaintiff's copyright ownership strengthen rather than weaken MMAS Research's claims. Similarly, the defamation claim based on the August 14, 2025 publication appears to state a plausible claim for relief, particularly given the alleged false statements regarding ownership of the Morisky Widget.

### D. The Proposed Amendments Serve the Interests of Justice

Allowing MMAS Research to file its Second Amended Complaint serves the interests of justice by ensuring that the case proceeds on the most current and complete factual record. Rule 15(d) specifically contemplates that courts may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15. This provision recognizes that litigation often unfolds over time, and pleadings may need to be updated to reflect new developments.

The proposed amendments will allow for a more efficient and comprehensive resolution of the parties' dispute by addressing all related claims in a single proceeding. This approach is consistent with Rule 15's purpose of facilitating decisions on the merits and

avoiding piecemeal litigation. As the First Circuit has recognized, leave to amend should be "freely give[n] in instances in which justice so requires." *Nikitine*, 715 F.3d at 390 (internal citations and quotation marks omitted).

## II. THE ADDITION OF NEW DEFENDANTS AND A NEW CLAIM IS PROPER UNDER THE APPLICABLE RULES

### A. The Addition of Harvard Medical School and F. Christopher Austin as Defendants is Proper Under Rules 15, 20, and 21

#### 1. Permissive Joinder Under Rule 20(a)(2)

Federal Rule of Civil Procedure 20(a)(2) governs the permissive joinder of defendants and establishes two requirements that must be satisfied to join additional parties. First, the plaintiff must assert a right to relief against the defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20. Second, there must be "any question of law or fact common to all defendants" that will arise in the action. *Kress Stores of P.R., Inc. v. Wal-Mart P.R., Inc*., 121 F.4th 228, 245 (1st Cir. 2024). These requirements serve the purpose of "promot[ing] trial convenience and expedit[ing] the final determination of disputes." *Id*. at 251.

The claims against Harvard Medical School and F. Christopher Austin clearly satisfy these requirements. The claims against these proposed defendants arise from the same series of transactions or occurrences as the claims against the existing defendants - specifically, the disputes over the ownership and licensing of the "Morisky Widget" and the allegedly defamatory statements made in the August 14, 2025 academic article. Harvard Medical School is alleged to be connected to BCH and Dr. Hartz, and to have participated in the publication of the allegedly defamatory statements. Similarly, F. Christopher Austin is alleged to have authored threatening letters that interfered with MMAS's business relationships with

licensees, including BCH, and to have made false statements about MMAS's copyright ownership. These allegations demonstrate that the claims against the proposed defendants are integrally related to the claims against the existing defendants.

### 2.    Addition of Parties Under Rule 21

Rule 21 provides additional support for adding Harvard Medical School and F. Christopher Austin as defendants. This rule states that "[m]isjoinder of parties is not a ground for dismissing an action" and that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." *Fed. R. Civ. P. 21*. The rule further provides that "[t]he court may also sever any claim against a party." *Id*. Courts have recognized that Rule 21 gives them broad discretion to add parties at any stage of the litigation. *Gonzalez v. Cruz*, 926 F.2d 1, 5 n. 6 (1st Cir. 1991).

When considering a motion to add parties under Rule 21, courts look to Rule 20 for guidance on the legal standard for permissive joinder. *Kress*, 121 F.4th at 244. As demonstrated above, the requirements of Rule 20 are satisfied in this case. Therefore, the addition of Harvard Medical School and F. Christopher Austin as defendants is proper under Rule 21.

### B.    The Addition of a Defamation Claim is Proper Under Rule 15

#### 1.    Liberal Amendment Standard Under Rule 15

Rule 15 governs amendments to pleadings and provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Fed. R. Civ. P. 15*. The Supreme Court has explained that leave to amend should be "freely given" in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Klunder*, 778 F.3d at 34.

### 2. The Defamation Claim Arises from the Same Core Dispute

The proposed defamation claim arises from the same core dispute regarding the ownership and licensing of the Morisky Widget. The claim is based on statements in the August 14, 2025 publication that allegedly misrepresented MMAS Research's copyright ownership and the nature of the ongoing litigation. These statements are directly related to the central issues in the case.

Importantly, the defamation claim is based on new developments that occurred after the First Amended Complaint was filed. Rule 15(d) specifically contemplates such situations, providing that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The rule further states that "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense."

### 3. The Defamation Claim States a Viable Claim Under Massachusetts Law

Under Massachusetts law, a plaintiff alleging defamation must establish that the defendant published "a false statement regarding the plaintiff, capable of damaging the plaintiff's reputation in the community, which either caused economic loss or is actionable without proof of economic loss." *Zeigler v. Rater*, 939 F.3d 385, 392 (1st Cir. 2019), *White v. Blue Cross & Blue Shield of Mass.*, 442 Mass. 64 (2004).

The proposed Second Amended Complaint alleges specific statements in the August 14, 2025 publication that misrepresented MMAS Research's copyright ownership and the nature of the ongoing litigation. These allegations, if proven, would satisfy the elements of a

defamation claim under Massachusetts law.

To be actionable, the statement must be one of fact rather than of opinion. *Salmon v. Lang,* 57 F.4th 296, 320 (1st Cir. 2022). A statement in the form of an opinion may be defamatory but "is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion." *Zeigler,* 939 F.3d at 391. The proposed amendments allege that the statements in the August 14, 2025 publication were false statements of fact regarding MMAS Research's copyright ownership, not mere opinions.

### 4. Adding the Defamation Claim Would Not Unduly Prejudice the Defendants

Courts consider whether an amendment would cause "undue prejudice to the opposing party" when deciding whether to grant leave to amend. *Klunder,* 778 F.3d at 34. Prejudice may arise when the timing of an amendment would require "a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy." *Steir,* 383 F.3d at 12.

In this case, the addition of the defamation claim would not cause undue prejudice to the defendants. The claim arises from the same core dispute regarding the ownership and licensing of the Morisky Widget, and the allegedly defamatory statements directly relate to this dispute. The defendants are already familiar with the underlying facts and issues, and the addition of the defamation claim would not require a significant alteration in trial tactics or strategy.

### C. The Relation-Back Doctrine Applies to the Addition of New Defendants

Under Rule 15(c)(1)(C), an amendment that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original pleading if: (1) the amendment asserts a claim that arose out of the "conduct, transaction, or occurrence" set

forth in the original pleading; (2) the party to be brought in by amendment "received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 545 (2010).

The claims against Harvard Medical School and F. Christopher Austin arise out of the same conduct, transaction, or occurrence set forth in the original pleading - the disputes over the ownership and licensing of the Morisky Widget. Given the alleged connections between Harvard Medical School, BCH, and Dr. Hartz, and F. Christopher Austin's alleged involvement in authoring threatening letters related to the licensing disputes, these parties likely received notice of the action and would not be prejudiced in defending on the merits. Furthermore, they likely knew or should have known that the action would have been brought against them, but for a mistake concerning the proper parties' identities.

## III.  THE PROPOSED AMENDMENTS ARE NOT FUTILE AND WOULD NOT CAUSE UNDUE PREJUDICE

### A. Legal Standard for Determining Whether an Amendment Would Be Futile

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading with the court's leave, which should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15. The Supreme Court has explained that in the absence of reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend should be freely given. *Klunder*, 778 F.3d at 34.

When assessing futility, the First Circuit has established that "the district court must

apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)."

*Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006). This standard

requires the court to construe the complaint in the light most favorable to the plaintiff, taking

all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable

inferences. The First Circuit has further clarified that when a motion to amend is denied, the

appellate court will not affirm it unless "there appears to be an adequate reason for the denial

of leave to amend." *Mirpuri v. ACT Mfg.*, 212 F.3d 624, 628 (1st Cir. 2000).

## B. The Proposed Amendments Would Survive a Motion to Dismiss

### 1. The Defamation Claim States a Viable Cause of Action

To establish a defamation claim under Massachusetts law, a plaintiff must prove four

elements: "(1) that the defendant made a statement, concerning the plaintiff, to a third party;

(2) that the statement was defamatory such that it could damage the plaintiff's reputation in

the community; (3) that the defendant was at fault in making the statement; and (4) that the

statement either caused the plaintiff economic loss or is actionable without proof of economic

loss." *Shay v. Walters*, 702 F.3d 76, 81 (1st Cir. 2012).

The proposed Second Amended Complaint alleges that the August 14, 2025

publication contained statements that misrepresented MMAS Research's copyright ownership

and the nature of the ongoing litigation. Specifically, the publication allegedly stated

uncertainty about attribution and ownership of intellectual property rights despite a March 13,

2024 Ninth Circuit ruling confirming MMAS Research's ownership. These allegations satisfy

the first element of defamation because they constitute statements made concerning the

plaintiff to third parties through publication.

The statements are defamatory because they could damage MMAS Research's

reputation in the community by casting doubt on its legitimate copyright ownership, thus

satisfying the second element. As to the third element, Massachusetts law requires a showing of fault. If a statement is false, "the plaintiff still must show that the defendant acted negligently." *Shay*, <u>702 F.3d at 82</u>. The proposed amendments allege that the defendants made these statements despite knowledge of the Ninth Circuit ruling, which is sufficient to plead fault at this stage.

Finally, statements that undermine a company's intellectual property rights and business reputation can cause economic loss or may be actionable without proof of economic loss, satisfying the fourth element. Given these allegations, the defamation claim would survive a motion to dismiss under the applicable standard.

### 2.  The Addition of New Defendants Is Proper

<u>Federal Rule of Civil Procedure 15(c)</u> permits an amendment that "changes the party or the naming of the party against whom a claim is asserted" if certain conditions are met, including that "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that, the action would have been brought against it, but for a mistake concerning the proper party's identity."

The proposed addition of Harvard Medical School and F. Christopher Austin as defendants is proper because these parties are alleged to be connected to the August 14, 2025 publication that forms the basis of the defamation claim. Their addition is not futile because the allegations against them state a viable claim for defamation as discussed above.

### C.  The Amendments Would Not Cause Undue Prejudice to the Existing Defendants

### 1. Factors Relevant to Determining Undue Prejudice

The First Circuit has recognized that "the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Steir*, 383 F.3d at 12. Particularly disfavored are amendments "whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.*

However, in this case, the proposed amendments would not cause undue prejudice to the existing defendants for several reasons. First, the defamation claim is based on statements published after the filing of the First Amended Complaint, making this a timely request to include newly discovered information rather than a delayed tactical maneuver. Rule 15(d) specifically contemplates such situations, providing that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

### 2. Distinguishing from Cases Finding Undue Prejudice

This case is distinguishable from situations where courts have found undue prejudice. For example, in *Steir v. Girl Scouts of the USA*, the First Circuit affirmed denial of a motion to amend where the amendment would have "inject[ed] a new theory of relief into the litigation" by adding a Rehabilitation Act claim that, unlike the original ADA claim, permitted money damages. *Steir*, 383 F.3d at 12. The court noted that this would have required "the re-opening of discovery to permit a deposition of Marika and the obtaining of any relevant medical records, a postponement of the hearing scheduled on the pending motions for summary judgment, and almost certainly, the delay of any trial." *Id.* at 13.

14

In contrast, the proposed defamation claim here arises from the same general factual context as the existing claims—disputes over the ownership and licensing of the Morisky Widget. The addition of this claim would not require extensive new discovery unrelated to the existing claims, nor would it significantly alter the nature of the relief sought.

### 3. The Interests of Justice Support Allowing the Amendment

Rule 15 embodies a liberal amendment policy, and the Supreme Court has directed that "leave sought should, as the rules require, be 'freely given.'" *Klunder*, *supra*. The First Circuit has emphasized that "[u]nless there appears to be an adequate reason for the denial of leave to amend (e.g., undue delay, bad faith, dilatory motive, futility of amendment, prejudice), we will not affirm it." *Mirpuri*, 212 F.3d at 628.

In this case, allowing the amendment would serve the interests of justice by permitting MMAS Research to present its full case based on significant developments including the March 13, 2024 Ninth Circuit ruling confirming MMAS Research's ownership of the Morisky Widget copyright, which strengthens the plaintiff's position and provides context for why the subsequent statements in the August 14, 2025 publication may be considered defamatory.

### CONCLUSION

For the foregoing reasons, Plaintiff MMAS Research LLC respectfully requests that this Court grant its motion for leave to file the Second Amended Complaint. The proposed amendments satisfy Rule 15(a)(2)'s liberal standard for granting leave to amend, as they are timely, made in good faith, do not represent repeated failures to cure deficiencies, will not cause undue prejudice to the defendants, and are not futile. Moreover, the addition of Harvard Medical School and F. Christopher Austin as defendants is proper under Rules 15, 20, and 21, and the addition of the defamation claim is proper under Rule 15. Allowing these amendments

will serve the interests of justice by ensuring that the case proceeds on the most current and complete factual record, thereby promoting judicial economy and facilitating a decision on the merits.

Respectfully submitted,

MMAS Research LLC,
By its Attorneys,

*/s/ A. Neil Hartzell*
A. Neil Hartzell, BBO #544752
Freeman Mathis & Gary, LLP
One Boston Place
201 Washington Street, Suite 2200
Boston, MA 02108
Tel: (617) 963-5966
neil.hartzell@fmglaw.com

*/s/ Ronald D. Coleman*
Ronald D. Coleman (pro hac vice)
COLEMAN LAW FIRM, PC
50 Park Place, Suite 1105
Newark, NJ 07102
973-264-9611
rcoleman@colemanlaw-pc.com

Dated: January 15, 2026

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion for Leave to File Second Amended Complaint to be served upon all counsel of record via the Electronic Case Filing system on the date of filing

*/s/ A. Neil Hartzell*

A. Neil Hartzell