UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>THE CHILDREN'S HOSPITAL CORPORATION, et al.,<br><br>        Defendants | Civ. A. No. 1:24-cv-12108-DJC |

**MEMORANDUM IN SUPPORT OF
THE CHILDREN'S HOSPITAL CORPORATION'S
<u>MOTION TO COMPEL</u>**

MMAS Research has sued Boston Children's Hospital for breach of a license agreement concerning the Morisky Widget software (the Court has dismissed all of the statutory claims against the Hospital, and all claims including the breach of contract claim against the Hospital's employees). It has also sought leave to amend its complaint again to assert the same claim for copyright infringement that it asserted before and then dropped, as well as a claim for defamation. MMAS Research has disclosed nothing about its damages in its initial disclosures, making it difficult for the Hospital to plan its discovery and its approach to the case. The Hospital asks the Court to compel compliance with Rule 26(a).

<u>ARGUMENT</u>

A.  *MMAS told the Court that it has suffered real damages.*

When it moved to dismiss the case, the Hospital pointed out that MMAS Research had not alleged damages arising from the Hospital's supposed breach of contract and argued that on the facts alleged, there was no plausible injury. (ECF 26 at 19-20, ECF 36 at 4). MMAS

1

Research disagreed. It claimed "consequential damages" including "interference with MMAS's business relationships, loss of control over proprietary information, and reputational harm," and that it could prove the loss of "opportunities to enter into" similar license agreements "that were almost certainly lost as a result of Defendants' breach of contract." (ECF 28 at 5). Later, counsel told the Court that MMAS was entitled to damages in the amount of the "commercial value" of the provisions of the contract that the Hospital allegedly breached. (ECF 51 at 14:4-12).

At the time MMAS made these representations, it had not yet brought a claim for defamation, but it is evident from counsel's statements that it was already claiming reputational damage—precisely the kind of damage that a defamation claim seeks to remedy. It had (perhaps) already abandoned its claim for copyright infringement, but any real damages attributable to infringement, as distinguished from the statutory damages that are the real driver of the claim, would be within the ambit of the "consequential damages" that counsel mentioned.

B. *MMAS Research has failed to disclose the nature of the damages, let alone the amount.*

In its initial disclosures, MMAS Research was required to provide "a computation of each category of damages claimed." Fed. R. Civ. P. 26(a)(1)(A)(iii). Thus it had to identify the categories of damages claimed and give a computation for each. *See W.N. Motors, Inc. v. Nissan N. Am., Inc.,* 2022 U.S. Dist. LEXIS 89218, at *4 (D. Mass. May 18, 2022). A dollar amount, without a computation by category, would not have satisfied the rule. *See Cruz v. Boston Litigation Solutions LLC,* 2015 U.S. Dist. LEXIS 190638, at *4 (D. Mass. Jan. 9, 2015). But MMAS Research has not done even that, nor has it identified the categories. Instead, it has made the following statement: "Plaintiff's damages calculation is ongoing and will be supplemented following discovery." (Ex. 1 at 2). That is not a computation of anything, let alone the computation by category that the rule requires.

2

C. *The Hospital needs to know what kind of case this is, so it can litigate it accordingly.*

The Hospital's discovery, trial, and settlement strategies depend on what kind of case this is. *See W.N. Motors, supra* at *9 (rule's purpose is to allow opposing party to "prepare for trial or make an informed decision about settlement") (quoting Adv. Comm. 1993 Note); *Spatorco v. Egan, Flanagan & Cohen, PC,* 2022 U.S. Dist. LEXIS 177072, at *22 (D. Mass. Sept. 29, 2022), *aff'd,* 2023 U.S. App. LEXIS 36099 (1st Cir. 2023) (rule allows opposing party to "understand the basis of Plaintiff's damages claim and focus his inquiries accordingly"). If it is a case about lost business relationships and reputational harm, as MMAS Research said in its papers, we need to know which customers or potential customers to depose. If (despite the dismissal of the trade secrets claim) this is a case about loss of control over proprietary information, we need to know what proprietary information MMAS Research is talking about and how it has calculated its loss. And if it is a case about the commercial value of the "confidentiality, credit, [and] disclosure" terms of the license agreement, we need to take discovery aimed at showing how small the commercial stakes are. We also need to know the magnitude of the claims. Is this a five-figure claim, a six-figure claim, or a seven-figure claim? Or is it, as we have argued, a claim for merely nominal damages? If MMAS Research is claiming statutory damages on its infringement claim, how many acts of infringement does it allege?

The parties proposed a tight discovery schedule--discovery closes on May 8, 2026—and the Court agreed. But the timeline works only if the parties cooperate in discovery. The most basic information the Hospital needs is solely within MMAS Research's control and that MMAS Research should be able to answer, and should have been able to answer before it brought this lawsuit: how has anything the Hospital done injured you?

Counsel (Ted Folkman and Liz Gardon for the Hospital, Ron Coleman for MMAS Research and affiliates, and Chris Austin for Dr. Morisky and affiliates) conferred by Zoom about the insufficiency of MMAS Research's damages disclosure on January 14, from about 1 to 1:30 pm, and MMAS Research promised a better damages disclosure by January 19.[1] But it failed to make another disclosure, and almost another week has passed.

## CONCLUSION

MMAS told the Court it had suffered damages. Rule 26(a) requires it to disclose the computation of its damages by category. But it refuses provide any computation or even any categories. The Court should grant this motion and order MMAS Research to comply with Rule 26(a)(1)(A)(iii) within three days.

Respectfully submitted,

THE CHILDREN'S HOSPITAL CORPORATION

By its attorneys:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
Taylor M. Makson (BBO No. 697476)
Elizabeth L. Gardon (BBO No. 711867)
RUBIN AND RUDMAN LLP
53 State Street
Boston, Mass. 02109
(617) 330-7000
tfolkman@rubinrudman.com
tmakson@rubinrudman.com
egardon@rubinrudman.com

Dated: January 23, 2026

---

[1] Due to the holiday, the Hospital extended the time to January 20.

4813869_2