# EXHIBIT C

# EXHIBIT C

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-01057-RGK-SK | | Date | January 26, 2026 |
|---|---|---|---|---|
| Title | ***MMAS Research LLC v. Johnson and Johnson Innovative Medicine, et al.*** | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) Order Re: Order to Show Cause Why First-To-File Doctrine Does Not Apply [DE 201]**

## I.    INTRODUCTION

On February 6, 2025, MMAS Research LLC ("Plaintiff") initiated this action. (ECF No. 1.) On June 11, 2025, Plaintiff filed the operative First Amended Complaint ("FAC") against Morisky Medication Adherence Research LLC ("MMAR"), R. Scott Weide, Chad W. Miller, F. Christopher Austin, Donald Morisky, Susan Morisky, Phillip Morisky, Mark Zimmerman, IQVIA Holdings Inc., Daiichi Sankyo UK Limited, Lifespan Hospitals, University of British Columbia, James E. Calvin, and Western Ontario University (collectively, "Defendants"). (ECF No. 87.) Plaintiff asserts five causes of action: (1) breach of contract; (2) violation of the Digital Millenium Copyright Act ("DMCA"); (3) trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"); (4) willful statutory copyright infringement; and (5) intentional interference with contractual relations and business expectancy.

On August 25, 2025, the Court dismissed MMAR, Weide, Miller, Austin, Donald Morisky, Susan Morisky, and Phillip Morisky from this action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), finding that the first-to-file doctrine applied. (ECF No. 156.)

On January 8, 2026, the Court dismissed Western Ontario University from this action for lack of personal jurisdiction under Rule 12(b)(2). (EFC No. 199.) The Court also dismissed University of British Columbia from this action pursuant to Rule 12(b)(6), finding that the first-to-file doctrine applied. (ECF No. 200.)

Zimmerman is the final defendant remaining in this action. Claims against him include breach of contract, violation of the DMCA, and intentional interference with contractual relations. Recently, Zimmerman filed a motion to dismiss for lack of personal jurisdiction and under the first-to-file rule, which is currently pending. (EFC No. 190.)

---

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-01057-RGK-SK | | Date | January 26, 2026 |
|---|---|---|---|---|
| Title | *MMAS Research LLC v. Johnson and Johnson Innovative Medicine, et al.* | | | |

On January 8, 2026, the Court issued an order to Plaintiff to show cause as to why the case should not be dismissed entirely under the first-to-file doctrine (the "OSC"). (ECF No. 201.) On January 15, 2026, Plaintiff responded. (ECF No. 202.) After considering Plaintiff's response, this Court finds that the first-to-file doctrine bars Plaintiff's remaining claims and **DISMISSES** the action.

## II.   FACTUAL BACKGROUND

### A.   The Present Controversy

Plaintiff alleges the following in the FAC:

This dispute concerns the ownership, licensing, and use of the Morisky Medication Adherence Scales, versions of which are known as "MMAS-4" and "MMAS-8," and a related digital platform known as the "Morisky Widget".

Defendant Donald Morisky and Steven Trubow, who is not a party to this action, formed Plaintiff as equal members. In 2017, Plaintiff, Donald Morisky, Trubow, and a Virginia Tech faculty member collaborated on the creation of the Morisky Widget, a digital diagnostic platform that implements the MMAS-4 and MMAS-8 assessments through proprietary scoring and coding algorithms.

In January 2019, Donald and Susan Morisky formed MMAR. In July 2019, Donald Morisky voluntarily abandoned his 50% ownership stake in the Morisky Widget and left Plaintiff in the control of Trubow. In December 2019, Plaintiff registered the MMAS RESEARCH WIDGET CODE, a copyright of the Morisky Widget, under United States Copyright Registration No. TX 8-816-517. Plaintiff grants limited-use, perpetual licenses for the Morisky Widget to researchers and institutions

After his withdrawal from Plaintiff, Donald Morisky began contacting licensees, publishers, and researchers, asserting that he alone owned and licensed the MMAS-4 and MMAS-8 scales and that Plaintiff lacked authority to license their use. Plaintiff alleges that these communications disrupted existing Morisky Widget licenses, leading some institutions to replace their valid licenses with Plaintiff with purported MMAR licenses.

These events resulted in litigation between Plaintiff, Trubow, Donald Morisky, and MMAR in Washington and Nevada concerning the ownership of the Morisky Widget and licensing rights. In December 2020, the parties resolved those disputes, executing a preliminary settlement agreement known as the "CR2A" settlement agreement. The CR2A settlement agreement contemplated a future transfer of the Morisky Widget and related intellectual property to Donald Morisky, but required additional documentation and execution. Pending any final transfer, the CR2A settlement agreement obligated Donald Morisky and MMAR to support existing Morisky Widget licensees, cooperate in resolving third-party licensing disputes, and refrain from public defamatory statements.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-01057-RGK-SK | | Date | January 26, 2026 |
|---|---|---|---|---|
| Title | ***MMAS Research LLC v. Johnson and Johnson Innovative Medicine, et al.*** | | | |

Subsequently, the Ninth Circuit Court of Appeals addressed whether the CR2A settlement agreement transferred ownership of the Morisky Widget. The Ninth Circuit held that the CR2A settlement agreement was never finalized and did not transfer ownership of the Morisky Widget copyright.

Following the execution of the CR2A settlement agreement, Donald Morisky and MMAR failed to honor its terms, including by blocking or circumventing claim settlements for a retroactive license for the Morisky Widget; failing to provide full access to the Morisky Widget and support as needed to licensees; failing to execute, sign, and cooperate in the finalization of any claim settlement agreements; and refusing to sign off on any infringement cases. Additionally, Donald Morisky, MMAR, and affiliated parties, like Zimmerman, authorized third parties' use of the Morisky Widget without a valid license from Plaintiff. More specifically, Zimmerman authorized the use of the Morisky Widget and associated tests in a paper published by the University of Wolverhampton. Afterwards, Plaintiff initiated litigation against the University of Wolverhampton for this use, in which Zimmerman testified that Donald Morisky owned the Morisky Widget copyright.

Based on these events, Plaintiff initiated the present action in February 2025.

### B. The 2021 Washington Lawsuit

On September 24, 2021, before Plaintiff filed this lawsuit, Donald Morisky filed a lawsuit against Plaintiff in the Western District of Washington. *See Morisky v. MMAS Research, LLC*, 2:21-cv-01301-DWC ("Washington Lawsuit"). In relevant part, Donald Morisky alleges that he is the owner of the copyright to the Morisky Widget, a derivative of the MMAS-4 and MMAS-8 copyrights, and that Plaintiff has infringed on his copyright.

On October 25, 2022, Plaintiff responded by filing its Second Amended Answer to the Second Amended Complaint, Second Amended Affirmative Defenses, and Second Amended Counterclaims in the Washington Lawsuit. *See* Second Amended Answer and Counterclaims, *Morisky*, 2:21-cv-01301-DWC (W.D. Wash. Oct. 25, 2022), ECF No. 94 ("Counterclaims"). Plaintiff alleged, among other things, that it owned the Morisky Widget and that Donald Morisky breached the CR2A settlement agreement, tortiously interfered with Plaintiff's business expectancy, and committed copyright infringement. Plaintiff named only Donald Morisky as a counter-defendant, but included allegations that other parties, including those named in this action, interfered with Plaintiff's licensing relationships and business, had issued unauthorized licenses, and unlawfully used Plaintiff's materials. On September 10, 2024, the Washington court sanctioned Plaintiff for mishandling evidence and the Counterclaims were dismissed with prejudice. (Order, *Morisky*, 2:21-cv-01301-DWC (W.D. Wash. Sept. 10, 2024), ECF No. 257.) The Washington Lawsuit is currently scheduled for trial this coming year.

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-01057-RGK-SK | | Date | January 26, 2026 |
|---|---|---|---|---|
| Title | *MMAS Research LLC v. Johnson and Johnson Innovative Medicine, et al.* | | | |

## III. JUDICIAL STANDARD

The first-to-file rule allows a district court to transfer, stay, or dismiss an action if a similar action with substantially similar issues and parties was previously filed in another district court. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239–40 (9th Cir. 2015). The first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). It "normally serves the purpose of promoting efficiency well," *id.*, and, as a result, the rule "should not be disregarded lightly." *Kohn L. Grp., Inc.*, 787 F.3d at 1239–40. "When applying the first-to-file rule, courts should be driven to maximize economy, consistency, and comity." *Id.* at 1240 (internal quotations and citations omitted).

## IV. DISCUSSION

As previously explained above, this Court has granted motions to dismiss for multiple Defendants in this case under the first-to-file rule due to the pre-existing dispute in the Western District of Washington. Accordingly, the Court has issued the present OSC as to why the Court should not dismiss the remaining claims in this case under the same legal doctrine.

When deciding whether to dismiss under the first-to-file rule, courts analyze three factors: (1) chronology of the lawsuits; (2) similarity of the parties; and (3) similarity of the issues. *Kohn L. Grp., Inc.*, 787 F.3d at 1240. The parties and issues need not be identical, only substantially similar. *Id.*

Since it is undisputed that the Washington Lawsuit predates the action before this Court, the questions before this Court concern (A) the similarity of parties and (B) the similarity of issues.

### A. The Parties Are Sufficiently Similar Between the Washington Lawsuit and the Case Before This Court Under the First-to-File Rule

For the second factor of the first-to-file doctrine, courts use a flexible approach in which the "exact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some of the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008). Courts have found that if the parties are not identical in the two related actions, they are "substantially similar" under the first-to-file rule if they represent the same interests. *See, e.g.*, *Ruoey Lung Enter. Corp. v. Tempur-Pedic Int'l, Inc.*, 2009 WL 10675241, at *2 (C.D. Cal. Sept. 14, 2009).

The parties in both the Washington Lawsuit and the matter before this Court are sufficiently similar. The Washington Lawsuit is between Plaintiff and Donald Morisky, an already-dismissed defendant from this action. It is true that Zimmerman, the last remaining defendant in this case, was not

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-01057-RGK-SK | | Date | January 26, 2026 |
|---|---|---|---|---|
| Title | *MMAS Research LLC v. Johnson and Johnson Innovative Medicine, et al.* | | | |

himself named as a party in the Washington Lawsuit. However, as pleaded, all claims against Zimmerman are premised on Plaintiff being the owner of the Morisky Widget copyright. The FAC alleges that Zimmerman authorized or facilitated use and publication of Morisky Widget-generated data, misattributed copyright ownership, and interfered with Morisky Widget licenses; each of those acts is actionable only if Plaintiff—not Donald Morisky—owned the Morisky Widget and possessed the exclusive right to license it. If Plaintiff was not the copyright owner, then the alleged infringement, DMCA violations, and interference with contractual rights attributed to Zimmerman would fail as a matter of law. As such, Donald Morisky represents the same interests in the Washington Lawsuit as Zimmerman has in this action: the outcomes for both parties rest on the ownership dispute between Plaintiff and Donald Morisky.

This is also true of most of the Defendants who have already been dismissed from this case, some of whom were named as parties and others just referenced in the Washington Lawsuit. In its response to the OSC, Plaintiff argues that this first-to-file rule factor must be applied on the parties who remain in the action at this time, and not those who have already been dismissed. However, under the flexible approach provided in *Intersearch Worldwide, Ltd.*, these common parties representing the same interests are enough to justify substantial similarity between parties, 544 F. Supp. 2d at 959, and Plaintiff has cited no legal precedent to support the claim that these other Defendants' prior dismissals from this action change that finding. Because there is an overlap in the parties and the parties represent the same interest, this Court finds that the two actions involve substantially similar parties.

## B. The Issues Are Sufficiently Similar Between the Washington Lawsuit and the Case Before this Court Under the First-to-File Rule.

For the third factor of the first-to-file rule, to determine whether issues are substantially similar, courts "look at whether there is substantial overlap between the two suits." *Kohn Law Grp., Inc.*, 787 F.3d at 1241 (internal quotations and citation omitted).

As this Court has held before, this action and the Washington Lawsuit involve substantially similar issues. (*See* Order at 7–8, ECF No. 156.) Both actions ask who the rightful owner of the Morisky Widget is, whether there were breaches to the CR2A settlement agreement, and whether similar conduct constituted tortious influence. Both Donald Morisky and Plaintiff claim they are the rightful owner of the Morisky Widget and that the other infringed on that copyright.

While in this case the Plaintiff adds causes of action concerning the misappropriation of the Morisky Widget as a trade secret and tortious interference, the underlying issues overlap with those in the Washington Lawsuit. Plaintiff also claims in both actions that certain Defendants violated the same settlement agreement. Notably, the state law claims here and in the Washington Lawsuit, although brought under different state laws, involve substantially similar legal issues. *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021) (noting that courts can find "legal issues to be substantially

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-01057-RGK-SK | | Date | January 26, 2026 |
|---|---|---|---|---|
| Title | *MMAS Research LLC v. Johnson and Johnson Innovative Medicine, et al.* | | | |

similar even when the subsequently filed action brought its claim under different state law"). All claims brought in this case—including those brought against the remaining defendant—are substantially similar issues arising from the same nexus of facts and are largely reliant on one another.

Plaintiff argues in its response that while the claims in both cases hinge on the issue of ownership of the Morisky Widget, there is little risk of inconsistent rulings because the Ninth Circuit has already addressed this issue and found that Plaintiff was the rightful owner of the Morisky Widget. *See MMAS Research, LLC, et al. v. The Charite, et al,* No. 23-55202 (9th Cir. Mar. 13, 2024). However, as previously addressed, this argument is a red herring. (Order at 7 n. 3, ECF No. 156.) Whether or not the Ninth Circuit reached this conclusion, the issue of copyright ownership is still the issue at the center of both this action and the Washington Lawsuit. This Court is not a court of appeals; if Plaintiff believes that the Washington Lawsuit does not properly address the Ninth Circuit's holding, then that is not an issue that can be appealed to a parallel district court.

Plaintiff also contends that the issues in the present case are not substantially similar to those in the Washington Lawsuit, in part because none of the remaining Defendants in the current action have filed counterclaims challenging Plaintiff's copyright—the central issue held in common with the Washington Lawsuit. Instead, Zimmerman is defending against claims for breach of contract—relating to contracts that did not involve any party to the Washington Lawsuit—and copyright infringement based on publications and studies not at issue in the Washington Lawsuit. Additionally, Zimmerman is defending against allegations related to perjurious declarations made in this District, which have no connection to the Washington Lawsuit.

However, this argument ignores the fact that most Defendants named in this action have filed motions to dismiss all claims against them—including the copyright claims, in which the ownership of the Morisky Widget is disputed. (*See* Multiple Defendants' Motion to Dismiss, EFC No. 129; University of Western Ontario's Motion to Dismiss, EFC No. 180; University of British Columbia's Motion to Dismiss, EFC No. 188; Zimmerman's Motion to Dismiss, EFC No. 190.) Accordingly, multiple, if not all, Defendants have indicated a dispute as to the ownership of the Morisky Widget, and there is no reason to deny the similarity of issues between lawsuits on the basis that Defendants have yet to substantively address the underlying issue of the claims that they seek to have dismissed. Two of these motions to dismiss were even deemed meritorious under the first-to-file rule, specifically. (*See* Order Granting Multiple Defendant's Motion to Dismiss, EFC. No. 156; Order Granting University of British Columbia's Motion to Dismiss.) Furthermore, while it is true that Zimmerman is defending against allegations of perjurious declarations, such a claim also stems from the presumption that Plaintiff is the rightful owner of the copyright—the very same issue at the core of the Washington Lawsuit.

Thus, the issues to be resolved in both cases are substantially similar.

JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-01057-RGK-SK | Date | January 26, 2026 |
|----------|----------------------|------|------------------|

| Title | *MMAS Research LLC v. Johnson and Johnson Innovative Medicine, et al.* |
|-------|----------------------------------------------------------------------|

**V.**   **CONCLUSION**

For the foregoing reasons, the Court finds that the first-to-file doctrine applies to this action in its entirety. Thus, the Court **DISMISSES** the action without prejudice.

Accordingly, the Court **DENIES** Zimmerman's Motion to Dismiss as **moot**. All remaining dates and hearings are vacated. The clerk shall close this action.

**IT IS SO ORDERED.**

|                      | :        |          |
|----------------------|----------|----------|
| Initials of Preparer |          | JRE/gz   |