UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MMAS RESEARCH LLC, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Case No. 24-cv-12108-DJC |
| THE CHILDREN'S HOSPITAL CORPORATION, et. al., | ) ) ) ) | |
| Defendants. | ) ) | |

**MORISKY DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
FOR FAILURE TO COMPLY WITH L.R. 15.1(b)**

Defendants Donald E. Morisky and Morisky Medication Adherence Research LLC (the "Morisky Defendants") oppose Plaintiff MMAS Research's Motion for Leave to File a Second Amended Complaint ("Motion") (ECF No. 106) on the independent ground that Plaintiff has not complied with Local Rule 15.1(b)'s mandatory service requirements for adding new parties, including proposed defendant F. Christopher Austin. (ECF No. 98; ECF No. 106.) This Opposition is submitted solely on behalf of the Morisky Defendants by their counsel, Mr. Austin, and not in his personal capacity. (ECF No. 105 at 2–3.) Nothing in this Opposition constitutes an appearance by Mr. Austin as a party or a waiver of any defense available to him personally, including lack of personal jurisdiction, insufficient service of process, or any other defense available to him under Fed. R. Civ. P. 12(b). (ECF No. 105 at 3.)

/ / /

/ / /

Morisky Defendants' Opposition to
Plaintiff's Motion for Leave to File a
Second Amended Complaint

1

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

I.   **INTRODUCTION: PLAINTIFF'S DEFECTIVE MOTION TO AMEND CANNOT BE CURRED BY UNTIMELY REFILING**

MMAS Research has re-filed its motion for leave to file a second amended complaint. It has done so, because it failed to comply with L.R. 15.1, which requires service of such a motion on any new parties added by the amendment, before the deadline for motions to amend. It filed the motion on the deadline, January 15, 2026, without having served parties it seeks thereby to add and is refiling it again now nearly a month later, falsely claiming to have served the Motion on Mr. Austin personally, when it did not do so, in an impermissible attempt to try to forestall an opposition objection for failure to comply with Rule 15.1.

II.   **ARGUMENT**

   A.   **Plaintiff Failed to Serve the January 15 Motion "At Least 14 Days in Advance" As L.R. 15.1(b) Requires.**

Local Rule 15.1(b) provides:

> "A party moving to amend a pleading to add a new party shall serve, in the manner contemplated by Fed. R. Civ. P. 5(b), the motion to amend upon the proposed new party at least 14 days in advance of filing the motion, together with a separate document stating the date on which the motion will be filed. A motion to amend a pleading to add a new party shall be accompanied by a certificate stating that it has been served in advance on the new party as required by this rule."

Plaintiff filed its original motion for leave to file a Second Amended Complaint on January 15, 2026. (ECF No. 98.) As Boston Children's Hospital ("BCH") has already observed, Plaintiff did so "because it did not comply with L.R. 15.1, which requires service of such a motion on any new parties added by the amendment, before the deadline for motions to amend." (ECF No. 108 at 1.) At the time of that January 15 filing, Plaintiff had not served the Motion on Mr. Austin at all, let alone "at least 14 days in advance" as the rule requires. (ECF No. 105 at 4; ECF No. 97.)

/ / /

Morisky Defendants' Opposition to
Plaintiff's Motion for Leave to File a
Second Amended Complaint

2

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

The record confirms this sequence:

- The January 15 Motion and accompanying Local Rule 15.1 certificate state, in general terms, that the Motion was served on Harvard Medical School and Mr. Austin "in a manner contemplated by Fed. R. Civ. P. 5(b)." (ECF No. 98 at 2.). It was not.

- Plaintiff's February 10, 2026 "Final Motion to Amend Complaint" claims, however, that purported service on Mr. Austin occurred by email on January 14, 2026—one day before the January 15 filing—and relies on an alleged "stipulation" to accept email service. (ECF No. 106 at 4–5.) There was no such stipulation.

Plaintiff did not in fact obtain any such stipulation from Mr. Austin, nor serve him in a manner contemplated by Rule 5(b). *See,* Declaration of F. Christopher Austin, attached hereto as Exhibit 1. On February 10, 2026, nearly a month after the amendment deadline had passed, Plaintiff simply re-filed the same Motion falsely claiming to have personally served Mr. Austin, when had not done so, in a failed attempt to forestall an objection for its failure to comply with the Local Rule." (ECF No. 108 at 1.)

Thus, even on Plaintiff's own account, there was no service "at least 14 days in advance" of the January 15 Motion on Mr. Austin, and the January 15 certificate of compliance with Local Rule 15.1 is inaccurate as to Mr. Austin (ECF No. 98 at 2; ECF No. 106 at 4–5), and troubling given opposing counsel's obligations under Fed. R. Civ. P. 11 and Mass. R Prof. C. 3.3 and 4.1.

/ / /

/ / /

/ / /

Morisky Defendants' Opposition to
Plaintiff's Motion for Leave to File a
Second Amended Complaint

3

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

**B.     Plaintiff Never Obtained Written Consent to Email Service and Cannot Cure its Noncompliance by Re-Filing After the Deadline.**

Plaintiff's February 10 filing attempts to cure the original defect by (a) falsely reciting a January 14, 2026, email to Mr. Austin, and (b) re-filing the same Motion on February 10, 2026, after the scheduling-order deadline to amend. (ECF No. 106 at 4–5; ECF No. 108 at 1.) Neither step satisfies Local Rule 15.1(b) or Fed. R. Civ. P. 5(b).

First, Rule 5(b)(2)(E) permits service by electronic means, including email, only if "the person consented in writing" to that method. After filing the January 15 Motion, Plaintiff's counsel sent an email on January 16, 2026 (not January 14th) to Mr. Austin's firm address asking, "can we deem you as having been served as yourself as a 'new party'?" See, Coleman Jan. 16, 2026, email, attached hereto as Exhibit 2; Austin Decl. at ¶¶ 2. Mr. Austin did not respond. He did not sign, or otherwise provide, any written consent to accept personal service by email in this case, nor does he so consent. *Id*.

Silence in response to counsel's request to "deem" service is not written consent under Rule 5(b)(2)(E). Nor does Mr. Austin's CM/ECF registration as counsel for the Morisky Defendants amount to personal consent to email or ECF service as a proposed defendant. The District's CM/ECF procedures provide that registration constitutes consent to electronic service "as provided in these procedures and Fed. R. Civ. P. 5(b)" for registered users in their capacity as participants in the case—not as a blanket waiver of personal service requirements if counsel is later named as a party. (CM/ECF Administrative Procedures, at 3–4.)

Second, Plaintiff's February 10 "Final Motion to Amend Complaint" does not salvage its noncompliance. It simply re-files the same Motion weeks after the deadline for motions to amend, now attaching a certificate falsely claiming waiver of service. (ECF No. 106 at 1–5.) Local Rule 15.1(b) governs "a party moving to amend" and requires that the motion to amend itself be

preceded by valid service and a truthful certificate. It does not authorize serial re-filings after the amendment deadline to retroactively cure a defective first motion, or the filing of a false certificate where the alleged "service" on the proposed new party still fails to satisfy Rule 5(b)(2).

The Hospital Defendants have noted this precise concern, stating that MMAS Research "has re-filed its motion for leave to file a second amended complaint" because it did not comply with L.R. 15.1 the first time and that it is now trying, weeks later, "to forestall an objection from them about lack of compliance with the Local Rule." (ECF No. 108 at 1.) The Morisky Defendants adopt and incorporate BCH's procedural point and submit that Plaintiff's maneuver cannot cure the underlying defect as to Mr. Austin who was never served at all under Rule 5(b) (ECF No. 103 at 4–5; ECF No. 105 at 4). Austin Decl.

### C. The Court Should Deny Leave to Amend the Complaint for Failure to Comply with L.R. 15.1(b) and for the Reasons set forth in Defendants Prior Opposition (ECF No. 105)

Courts in this District have denied leave to amend where the movant failed to comply with Local Rule 15.1(b)'s service and certification requirements. *See,* e.g., *Ali v. Univ. of Mass. Med. Ctr.*, 140 F. Supp. 2d 107, 111 (D. Mass. 2001) (denying leave to amend to add a party, where service made on the day of filing violated L.R. 15.1(b) because "[s]ervice of the motion was therefore untimely.") Plaintiff's conduct here—filing on the deadline without advance service, deceptively attempting to manufacture consent to email service after the fact, and re-filing weeks later after the deadline—reflects a disregard of that obligation and others. (ECF No. 98; ECF No. 106; ECF No. 108.)

In addition to renewing and incorporating by reference their Opposition to the first attempt by Plaintiff to move for leave to amend (ECF. No. 105), the Morisky Defendants respectfully request that the Court deny Plaintiff's refiled Motion for Leave to File a Second Amended

Morisky Defendants' Opposition to  
Plaintiff's Motion for Leave to File a  
Second Amended Complaint

5

Lex Tecnica Ltd.  
10161 Park Run Dr., Ste. 150  
Las Vegas, NV 89145

Complaint on the independent ground that Plaintiff has failed to comply with Local Rule 15.1(b) as to proposed new defendant Mr. Austin. (ECF No. 98; ECF No. 106.)

## III. CONCLUSION

For the reasons set forth herein, the Morisky Defendants respectfully request Plaintiff's untimely, refiled, and defective Motion for Leave to File a Second Amended Complaint be dined.

This Opposition is submitted solely on behalf of the Morisky Defendants by their counsel, F. Christopher Austin of Lex Tecnica Ltd. in Las Vegas, Nevada. (ECF No. 105 at 2; ECF No. 105-1 ¶¶ 1–4.) Mr. Austin does not appear herein in his personal capacity. As set forth in his prior declaration, he is a Nevada resident, not a Massachusetts resident, and has engaged with this Court only in his role as counsel. (ECF No. 105-1 ¶¶ 3–4. As such, nothing in this Opposition, including any argument directed to Plaintiff's procedural noncompliance or any reference to the proposed claims against Mr. Austin, including those set forth in the declaration of Mr. Austin is intended to or does (i) constitute a general appearance by Mr. Austin in his personal capacity; or (ii) waive any defense available to him under Fed. R. Civ. P. 12(b), including but not limited to lack of personal jurisdiction, insufficient service of process, or improper venue, all of which rights are expressly reserved. (*See,* ECF No. 105 at 2–3; ECF No. 105-1 ¶ 1.)

DATED: February 12, 2026

**LEX TECNICA, LTD.**

/s/ *F. Christopher Austin*
F. CHRISTOPHER AUSTIN, ESQ.
Nevada Bar No. 6559
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

*Attorney's for the Morisky Defendants*

## Certificate of Service

    I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on February 12, 2026.

Dated: February 12, 2026                        Respectfully submitted,

                                                          /s/ Brianna Show