# EXHIBIT 1

# EXHIBIT 1

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MMAS RESEARCH LLC,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>THE CHILDREN'S HOSPITAL<br>CORPORATION, et. al.,<br><br>　　　　　Defendants. | Case No. 24-cv-12108-DJC |

DECLARATION OF PHILIP MORISKY

IN SUPPORT OF DEFENDANTS' OPPOSITION TO

PLAINTIFF'S MOTION TO DISQUALIFY

I, Philip Morisky, make this declaration based on my personal knowledge, and declare as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.　　Donald E. Morisky, Ph.D., is the sole and exclusive author and creator of two copyrighted works: the Morisky Medication Adherence Scale (4-item) ("MMAS-4") and the Morisky Medication Adherence Scale (8-item) ("MMAS-8") (collectively, the "Morisky Works"). Dr. Morisky Curriculum Vitae, attached as **Exhibit 8**.

2.　　Dr. Morisky's doctoral research in the early 1980s led to the publication of adherence intervention methods, laying the groundwork for the Morisky Scales. In 1986, he introduced the four-item MMAS-4, which was later followed by the enhanced eight-item MMAS-8. The MMAS-4 was registered with the U.S. Copyright Office on June 12, 2016 (Reg. No.

TX0008285390), and the MMAS-8 was registered on September 21, 2018 (Reg. No. TX0008632533). **Ex. 8**.

3. On June 8, 2023, Dr. Morisky assigned all of his intellectual property rights, including copyrights, trademarks, and all goodwill associated with the Morisky Works, to MMAR, LLC ("MMAR"). MMAR is the exclusive owner and rights holder of the MMAS-4 and MMAS-8 copyrights. Morisky IP Assignment, *See* Exhibit 6 to the Opposition.

4. I, Philip Morisky am the manager of MMAR, and can testify on behalf of the company and its records, including documents, emails, registrations, communications, etc.

5. F. Christopher Austin, Esq. has served as Donald Morisky and MMAR's attorney for nearly a decade in multiple jurisdictions across the nation. During that time, Mr. Austin has represented Dr. Morisky and MMAR's interests in multiple proceedings related to the protection and enforcement of their intellectual property rights, including litigation in the Western District of Washington, this action in the District of Massachusetts, and many other matters. Mr. Austin possesses extensive knowledge of the dispute history between the parties, the CR2A settlement agreement, and the procedural posture across multiple jurisdictions.

6. In the spring of 2022, MMAR became aware that Steven Trubow was contacting Dr. Morisky's colleagues and licensees and misrepresenting the status and substance of the litigation then pending in the Western District of Washington (Case No. 2:21-cv-1301). Colleagues contacted Dr. Morisky and MMAR to report that Trubow was telling them that a court had ruled Dr. Morisky's and MMAR's claims in that action were frivolous. The court had denied Dr. Morisky and MMAR's motion for a temporary restraining order based on insufficient evidence at the preliminary stage, but the case was proceeding on the merits. Trubow's characterization of the ruling was inaccurate and misleading.

Declaration of Philip Morisky ISO
Morisky Defendants' Opposition to
Plaintiff's Motion to Disqualify

2

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

7. Because of Trubow's misrepresentations, colleagues were contacting Dr. Morisky and MMAR with concerns about the status of their licenses and the legitimacy of the MMAS-4 and MMAS-8 copyrights. MMAR asked Mr. Austin to prepare a letter that it could provide to colleagues who contacted it with these concerns. MMAR wanted the letter to accurately state its legal positions in that action regarding ownership of the Morisky Works and the derivative nature of the Morisky Widget.

8. On April 21, 2022, Mr. Austin prepared the letter (the "Austin Letter") and provided it to MMAR. The letter was addressed "to the colleagues of Dr. Morisky."

9. I distributed the Austin Letter to Dr. Morisky's and MMAR's colleagues and licensees who contacted me with concerns arising from Trubow's communications. I also arranged for the letter to be published on the moriskyscale.com website. Mr. Austin did not distribute the letter. He prepared it at our direction, and I decided how and to whom it would be sent. Mr. Austin was not involved in my decisions regarding the distribution of the letter.

10. If Mr. Austin were disqualified from representing MMAR in this matter, it would cause substantial hardship. Mr. Austin has represented Dr. Morisky and MMAR's interests for nearly a decade and has developed an extensive understanding of the complex intellectual property issues, the multi-jurisdiction dispute history, the CR2A settlement agreement, and the relationships among the parties. Replacing Mr. Austin at this stage would require significant time and expense to bring replacement counsel up to speed on a complex case, and MMAR would lose the benefit of his accumulated knowledge and case history.

11. Dr. Morisky and MMAR have chosen Mr. Austin to represent it in this matter, and expect Mr. Austin to continue as their chosen counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____6-Mar_____, 2026.

_____
Philip Morisky, as manager of MMAR, LLC

Declaration of Philip Morisky ISO
Morisky Defendants' Opposition to
Plaintiff's Motion to Disqualify

4

Lex Tecnica Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145