UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH, LLC,<br><br>        Plaintiff,<br><br>    vs.<br><br>THE CHILDREN'S HOSPITAL<br>CORPORATION, et al.,<br><br>        Defendants | Civ. A. No. 1:24-cv-12108-DJC |

## THE CHILDREN'S HOSPITAL CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO MMAS RESEARCH, LLC

Pursuant to Fed. R. Civ. P. 34, the defendant, The Children's Hospital Corporation ("BCH"), requests that the plaintiff, MMAS Research, LLC, produce the following documents at 10 a.m. on DATE at the offices of Rubin and Rudman, LLP, 53 State St., Boston, Mass. 02109.

DEFINITIONS AND INSTRUCTIONS

In these requests:

1.      The uniform definitions in Local Rule 26.5 are incorporated by reference. "Documents" includes electronically stored information in any medium, including but not limited to PDFs, word processing files, spreadsheets, databases, emails, text messages using SMS or another app (for example, WhatsApp, Signal, or WeChat), voice messages, audio or video recordings, files stored on a local or cloud computer, and, in general, all items within the scope of Fed. R. Civ. P. 34(a)(1)(A).

2.      "You," "your," etc. refer to the plaintiff, MMAS Research, LLC, and its members, managers, attorneys, agents, servants, employees, successors, and assigns.

1

3.    "BCH" refers to the defendant, the Children's Hospital, and attorneys, agents, servants, employees, successors, and assigns. For the avoidance of doubt, this includes Jacob Hartz and Hannah Palfrey.

4.    "Dr. Morisky" refers to Dr. Donald Morisky and his attorneys, agents, employees, contractors, agents, servants, subsidiaries, affiliates, successors, and assigns.

5.    "MMAR" refers to Morisky Medication Adherence Research LLC and its members, managers, attorneys, agents, servants, contractors, employees, successors, and assigns.

6.    "Morisky Widget" and "Morisky Widget Copyright" have the same meaning as in the First Amended Complaint.

7.    "BCH-MMAS Research License" refers to the perpetual Morisky Widget MMAS-8 license between MMAS Research LLC and BCH.

8.    These requests are made after MMAS Research filed its Motion to Amend on January 15, 2025, and prior to the Court's decision on that motion. These requests are not an admission that the Court should or will grant the motion to amend.

<u>REQUESTS</u>

1.    All documents concerning BCH or the BCH-MMAS Research License from July 2018 to the present.

2.    All documents concerning communications between you and BCH from July 2018 to the present, including without limitation communications concerning the BCH-MMAS Research License.

3.    All documents concerning communications between you and Dr. Morisky or MMAR concerning BCH or the BCH-MMAS Research License from July 2018 to the present.

2

4.      All documents concerning communications between you and Dr. Morisky or MMAR concerning the Morisky Widget or the Morisky Widget Copyright from July 2018 to the present.

5.      The unredacted source code of the Morisky Widget.

6.      All documents concerning damages that you suffered as a result of BCH's alleged breach of contract.

7.      All manuals, user guides, technical documents, and other documents concerning the operation and functions of the Morisky Widget.

8.      All documents concerning agreements or contracts between you and any party concerning the ownership of the copyrights in the MMAS-4, the MMAS-8 or of the Morisky Widget Copyright

9.      All documents concerning agreements between you and Dustin Malchi concerning ownership or assignment of the Morisky Widget Copyright.

10.     All documents concerning communications between you and the U.S. Copyright Office concerning the Morisky Widget or the Morisky Widget Copyright, including but not limited to communications concerning applications or other proceedings concerning the Morisky Widget Copyright.

11.     All documents concerning damages that you suffered as a result of BCH's alleged copyright infringement.

12.     All documents concerning damages that you suffered as a result of BCH's alleged defamation.

13.     All documents concerning the article "The Use of Mobile Health Technology and Behavioral Economics to Encourage Adherence to Statins and Blood Pressure—Lowering

3

Medication in Adolescents with Familial Hypercholesterolemia or Hypertension: Protocol for a Pre-Post Cohort Study", which is attached as Exhibit 20 to your Proposed Second Amended Complaint, including but not limited to documents concerning who has read the article, readership statistics, and communications concerning the article (including but not limited to communications with publishers or recipients of the article).

14.    All documents concerning the communications referred to in your answer to Interrogatory No. 13.

15.    All documents concerning communications between you and any person whose business you allege you have lost due to BCH's acts or omissions.

16.    All documents that you reviewed or consulted in the course of preparing responses to BCH's First Set of Interrogatories.

17.    All documents that you may offer in evidence at trial.

18.    All documents that you have provided to any expert who may testify on your behalf at trial or that the expert may rely on in forming his or her opinions.

Respectfully submitted,

THE CHILDREN'S HOSPITAL CORPORATION

By its attorneys:

/s/ Theodore J. Folkman
Theodore J. Folkman (BBO No. 647642)
Taylor M. Makson (BBO No. 697476)
Elizabeth L. Gardon (BBO No. 711867)
RUBIN AND RUDMAN LLP
53 State Street
Boston, Mass. 02109

4

(617) 330-7000
tfolkman@rubinrudman.com
tmakson@rubinrudman.com
egardon@rubinrudman.com

Dated: January 23, 2026

4788060_1

<u>CERTIFICATE OF SERVICE</u>

       I certify that on January 23, 2026, I served the foregoing document to all counsel of record.

<u>*/s/ Elizabeth L. Gardon*</u>
Elizabeth L. Gardon
