UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MMAS RESEARCH, LLC, Plaintiff, vs. THE CHILDREN'S HOSPITAL CORPORATION, et al., Defendants | Civ. A. No. 1:24-cv-12108-DJC |

**JOINT STATUS REPORT**

Counsel for the parties have conferred and submit this joint status report concerning the pending motions referred to in ECF No. 117 that remain unresolved and are ripe for review, as directed by the Court (Hedges, M.J.) in ECF No. 118:

**I.      Motions Referred to by the Court**

**1.      MMAS Research's Motion to Extend Time to Respond to Counterclaim (ECF No. 89)**

**a.      MMAS Research's Position**

The Court should defer a decision on this motion until ECF Nos. 111, 98, and 106 are decided because the issues in this motion may narrow or moot portions of this motion.

**b.      The Hospital's, MMAR Research's, and Dr. Morisky's Position**

This motion is ready for the Court's review. No opposition has been filed, and the deadline to file responses has passed. This motion should be considered in connection with ECF No. 98 and No. 106.

**2.      MMAS Research's Letter/Request (ECF No. 92)**

**a.      MMAS Research's Position**

1

The Court should defer a decision on this motion until ECF Nos. 111, 98, and 106 are decided because the issues in this motion may narrow or moot portions of this motion.

**b.      The Hospital's, MMAR Research's, and Dr. Morisky's Position**

This letter/request seeks the same relief sought in MMAS Research's Emergency Motion for Extension of Time to Amend (ECF No. 95). It is moot.

**3.      MMAS Research's Emergency Motion for Extension of Time to Amend (ECF No. 95)**

**a.      MMAS Research's Position**

The Court should defer a decision on this motion until ECF Nos. 111, 98, and 106 are decided because the issues in this motion may narrow or moot portions of this motion.

**b.      The Hospital's, MMAR Research's, and Dr. Morisky's Position**

This motion, which was opposed, is moot as to the defendants now in the case. If the Court grants the motion for leave to amend (ECF No. 98 or ECF No. 106, discussed below), the new defendant, Harvard Medical School, may wish to raise the timeliness of the motion for leave to amend. Although Dr. Hartz would arguably also be a new party if the amendment is allowed, he does not intend to rely on the failure to comply with L.R. 15.1.

**4.      MMAS Research's Motion for Leave to File Second Amended Complaint (ECF No. 98)**

**a.      MMAS Research's Position**

This motion seeks leave to file a Second Amended Complaint and should be immediately reviewed by the Court. Resolution of this motion is essential to define the operative pleadings, the scope of the claims, and the appropriate boundaries of discovery.

**b.      The Hospital's, MMAR Research's, and Dr. Morisky's Position**

2

This motion, which is opposed, is ready for the Court's review. The relief sought in this Motion is the same as the relief sought in MMAS Research's Final Motion for Leave to File Second Amended Complaint (ECF No. 106). This motion should not be prioritized over other motions that are ripe for the Court's review, including the unopposed motions to compel (ECF No. 101 and 116).

**5.    The Hospital's Motion to Compel MMAS Research's Initial Disclosures (ECF 101)**

**a.    MMAS Research's Position**

The Court should defer a decision on this motion until ECF Nos. 111, 98, and 106 are decided because the issues in this motion may narrow or moot portions of this motion.

**b.    The Hospital's, MMAR Research's, and Dr. Morisky's Position**

This motion is ready for Court's review. No opposition has been filed, and the deadline to file responses has passed. Shortly after the motion was filed, MMAS Research served an amended initial disclosure, which is attached as Exhibit 1. The Hospital informed MMAS Research that it did not believe the amended initial disclosure satisfied the requirements of Rule 26(a)(1). The Court should not defer resolution of this motion for the reasons stated in Section II.2 below.

**6.    MMAS Research's Final Motion for Leave to File Second Amended Complaint (ECF No. 106)**

**a.    MMAS Research's Position**

This motion seeks leave to file a Second Amended Complaint and should be immediately reviewed by the Court. Resolution of this motion is essential to define the operative pleadings, the scope of the claims, and the appropriate boundaries of discovery.

**b.    The Hospital's, MMAR Research's, and Dr. Morisky's Position**

4992885_1

This motion, which is opposed, is ready for the Court's review. The relief sought in this Motion is the same as the relief sought in MMAS Research's Motion for Leave to File Second Amended Complaint (ECF No. 98). This motion should not be prioritized over other motions that are ripe for the Court's review, especially the unopposed motions to compel (ECF No. 101 and 116).

7. **MMAS Research LLC's Motion to Disqualify Counsel F. Christopher Austin (ECF No. 111)**

    a. **MMAS Research's Position**

This motion seeks to disqualify F. Christopher Austin from representing the relevant party. Because this motion involves the fundamental right to counsel of choice and potential ethical conflicts, a determination is necessary before other substantive matters proceed.

    b. **The Hospital's, MMAR Research's, and Dr. Morisky's Position**

This motion, which is opposed, is ready for the Court's review. This motion should not be prioritized over other motions that are ripe for the Court's review, including the unopposed motions to compel (ECF No. 101 and 116).

8. **The Hospital's Motion to Compel MMAS Research's Discovery Responses (ECF 116)**

    a. **MMAS Research's Position**

The Court should defer a decision on this motion until ECF Nos. 111, 98, and 106 are decided because the issues in this motion may narrow or moot portions of this motion.

    b. **The Hospital's, MMAR Research's, and Dr. Morisky's Position**

This motion is ready for the Court's review. No opposition has been filed, and the deadline to file responses has passed. The Court should not defer resolution of this motion for the reasons stated in Section II.2 below.

4992885_1

**II.**    **Arguments Concerning Priority of Motions for Review**

**1.**    **MMAS Research's Position**

Several of the motions (ECF Nos. 85, 89, 92, 95, 101, and 116), which primarily concern discovery disputes and scheduling, should be stayed pending the resolution of ECF Nos. 111, 98, and 106 for the following reasons.

- Impact of Disqualification on Discovery (ECF No. 111): The Motion to Disqualify Counsel involves fundamental questions regarding legal representation and potential ethical conflicts. Proceeding with discovery while the status of lead counsel is in question risks **tainting the judicial process** and may lead to a waste of resources if discovery must be redone or if work product is later found to be compromised.

- Defining the Scope of the Case (ECF Nos. 98, 106): The Second Amended Complaint will define the final claims and defenses. Because discovery must be **"relevant to the subject matter involved"** in the action, resolving the operative pleading first ensures that the Court and Parties do not expend significant time and expense on discovery that may become moot or irrelevant under a new complaint.

- Promotion of Judicial Economy: A temporary stay of the discovery-related motions will prevent "undue burden or expense". Once the Court determines the proper counsel and the scope of the claims, the Parties will be in a much better position to **narrow or resolve** the existing discovery disputes (ECF Nos. 101, 116) without further Court intervention.

**2.**    **The Hospital's, MMAR Research's, and Dr. Morisky's Position**

MMAS Research's request to give certain motions priority should not be allowed for the following reasons.

First, MMAS Research's effort to add new claims to the case should not delay discovery on the claims already in the case. So far, MMAS Research has not produced a single document or answered a single interrogatory, even though discovery, on a schedule the parties jointly proposed after MMAS Research had indicated it wanted to amend its complaint, is scheduled to end in less than six weeks. The Hospital's discovery requests also seek information relevant to the claims MMAS Research is trying to add to the case. There is no reason MMAS Research should not be required to produce that information now. A decision on the motion to disqualify MMAR's and Dr. Morisky's counsel will have no impact on MMAS Research's ability to respond to discovery requests.

Neither MMAS Research nor the Court will be burdened by having to rule on the Hospital's unopposed motions to compel (ECF Nos. 101 and 116). The motions should be granted as a matter of course and do not require complicated analysis.

4992885_1

Respectfully submitted,

MMAS RESEARCH, LLC

THE CHILDREN'S HOSPITAL
CORPORATION

By its attorneys:

By its attorneys:

*/s/ Patricia L. Ray*

*/s/ Theodore J. Folkman*

Andrew Neil Hartzell (BBO No. 544752)
FREEMAN MATHIS & GARY, LLP
201 Washington St., Suite 2200
Boston, Mass. 02108
(617) 963-5966
nhartzell@fmglaw.com

Theodore J. Folkman (BBO No. 647642)
Taylor M. Makson (BBO No. 697476)
Elizabeth L. Gardon (BBO No. 711867)
RUBIN AND RUDMAN LLP
53 State St.
Boston, Mass. 02109
(617) 330-7000
tfolkman@rubinrudman.com
tmakson@rubinrudman.com
egardon@rubinrudman.com

Ronald D. Coleman (pro hac vice)
COLEMAN LAW FIRM, PC
50 Park Pl., Suite 1105
Newark, N.J. 07102
(973) 264-9611
rcoleman@colemanlaw-pc.com

DONALD MORISKY and MORISKY
MEDICATION ADHERENCE RESEARCH
LLC

Patricia L. Ray (pro hac vice)
211 Yacht Club Way, Suite 138
Redondo Beach, Cal. 90277
(215) 908-6810
raypatricia@yahoo.com

By their attorneys:

*/s/ F. Christopher Austin*

Jeremy P. Oczek (BBO No. 647509)
BOND, SCHOENECK & KING, PLLC
200 Delaware Ave., Suite 900
Buffalo, N.Y. 14202
(716) 416-7037
jpoczek@bsk.com

F. Christopher Austin (pro hac vice)
LEX TECNICA, LTD.
10161 Park Run Dr., Suite 150
Las Vegas, Nev. 89145
(702) 610-9094
chris@lextecnica.com

Dated: April 3, 2026

7

4992885_1