UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> THE CHILDREN'S HOSPITAL CORPORATION, et al., <br><br> Defendants | Civ. A. No. 1:24-cv-12108-DJC |

**THE HOSPITAL'S MOTION TO COMPEL AND FOR SANCTIONS FOR MMAS RESEARCH, LLC'S AND STEVEN TRUBOW'S FAILURE TO APPEAR FOR THEIR DEPOSITIONS**

The Hospital moves pursuant to Fed. R. Civ. P. 37(a)(3)(B) and (d)(1)(A) for an order compelling the depositions of MMAS Research, LLC and Steven Trubow and for sanctions. True copies of the Notices of Deposition are attached as Exhibits 1 and 2.

On December 8, 2025, the parties jointly proposed a schedule for the case. Under the joint schedule, fact discovery concludes on May 8, 2026, one month from now. (ECF 82). Counsel for MMAS had by then already told the Hospital Defendants, twice, that it intended to amend the complaint to add a count for copyright infringement. (Ex. 3, 4). So the parties agreed to the joint schedule with the proposed amendment in mind.

On January 23, 2026, The Hospital sent notices of deposition for both MMAS Research and Mr. Trubow for April 9, 2026 and April 10, 2026.[1] At the time, counsel explained to counsel for MMAS Research that the purpose of the notices was to reserve dates, that the 30(b)(6) notice was preliminary, and that the Hospital Defendants would serve a 30(b)(6) notice with the list of

---

[1] A true copy of the email transmitting the notices is attached as Exhibit 5.

4996898_2

topics at a later date. Counsel also expressed the Hospital Defendants' willingness to combine the two depositions, if MMAS Research chose to designate Mr. Trubow to testify on its behalf. *See* Exhibit 5.

On March 16, MMAS Research asked the Hospital to agree to stay discovery. The Hospital refused. Counsel conferred on March 17 in advance of MMAS Research's motion to stay. But MMAS Research never filed its motion.[2]

On March 20, the Hospital served its final 30(b)(6) notice. *See* Exhibits 1, 5. To date, MMAS Research has not served any objection to the notices of deposition. On March 30, the Hospital asked MMAS Research and Mr. Trubow's counsel to confirm whether they would be attending the depositions.[3] In response, their counsel stated that "we are not proceeding with discover *[sic]* until the magistrate resolved the outstanding motions and we know what this case is." *See* Exhibit 7. On April 6 at approximately 11:00 am, Ronald D. Coleman on behalf of MMAS Research and Theodore J. Folkman on behalf of the Hospital conferred regarding the depositions and this motion to compel under L.R. 7.1 and 37.1, but they were unable to resolve these issues.

## ARGUMENT

### A. MMAS Research has wrongly refused to appear for depositions.

"A party cannot unilaterally decide that he or she is not going to attend a duly-noticed deposition without at least applying for a protective order before the time set for the deposition." *See East Boston Ecumenical Community v. Mastrorillo*, 133 F.R.D. 2, 4 (D. Mass. 1990); *see also Aetna Casualty & Surety Co. v. Rodco Autobody*, 130 F.R.D. 2, 3 (D. Mass. 1990) ("the fact that objections were served is *no excuse whatsoever* not to attend the deposition. If the witnesses

---

[2] A true copy of the email discussing MMAS Research's proposal is attached as Exhibit 6.
[3] A true copy of the email requesting confirmation is attached as Exhibit 7.

considered that they had grounds not to appear, they were required to file a motion for a protective order." (emphasis in original)). MMAS Research has not sought a protective order. It has not moved to stay discovery. [4] It has simply declared, unilaterally, that the jointly proposed schedule does not apply to it. As the Court knows, two other motions to compel are pending. MMAS has simply opted out of discovery. The Hospital has been completely frustrated in gathering evidence—or more to the point, demonstrating a lack of evidence—with just one month in discovery remaining.

### B.  Sanctions are appropriate.

MMAS Research's latest failure to provide discovery warrants sanctions. *See e.g. East Boston Ecumenical Community*, 133 F.R.D at 4 (ordering defendant to pay plaintiffs' counsel's reasonable expenses, including attorney's fees, incurred as a result of defendant's failure to appear at his deposition); *Veeder v. Trustees of Boston College*, 85 F.R.D. 13, 14 (D. Mass 1979). Discovery ends in a month. MMAS Research's gamesmanship has forced the Hospital to file three motions to compel. MMAS Research did not even bother to oppose the first two. An order for payment of the reasonable attorney's fees in preparing this motion to compel is warranted.

**CONCLUSION**

Based on the foregoing, the Court should grant this motion and issue an order: (i) directing MMAS Research to comply and produce its 30(b)(6) designee and Mr. Trubow for depositions, and (ii) requiring MMAS Research to pay to The Hospital's counsel its reasonable expenses incurred for their failure to attend their depositions.

---

[4] A motion to stay, by itself, is not enough to relieve a party from appearing at a deposition. If the motion to stay is not decided by the date of the deposition, the party must also seek a protective order. *Goodwin v. Boston*, 118 F.R.D. 297, 298 (D. Mass. 1988).

3

Respectfully submitted,

THE CHILDREN'S HOSPITAL
CORPORATION and DR. JACOB HARTZ

By their attorneys:

*/s/ Theodore J. Folkman*
Theodore J. Folkman (BBO No. 647642)
Elizabeth L. Gardon (BBO No. 711867)
RUBIN AND RUDMAN LLP
53 State Street
Boston, Mass. 02109
(617) 330-7000
tfolkman@rubinrudman.com
egardon@rubinrudman.com

Dated: April 7, 2026

4

4996898_2

5

## CERTIFICATE OF COMPLIANCE

I certify that I have complied with Local Rule 7.1(a)(2) and 37.1(a).

*/s/ Theodore J. Folkman*

4996898_2