UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH, LLC,<br><br>       Plaintiff,<br><br>   vs.<br><br>THE CHILDREN'S HOSPITAL<br>CORPORATION, et al.,<br><br>       Defendants | Civ. A. No. 1:24-cv-12108-DJC |

## NOTICE OF DEPOSITION OF MMAS RESEARCH, LLC

To counsel of record:

Please take notice that the defendant, The Children's Hospital Corporation, will take the deposition upon oral examination of **MMAS Research, LLC** under Rule 30(b)(6). The deposition will take place on April 9, 2026 at 10:00 am, at the offices of Rubin and Rudman, LLP, 53 State St., Boston, Mass. 02109 before a notary public or other person authorized to administer oaths.

MMAS Research, LLC is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf with respect to the matters listed on **Schedule A**. The deposition will be recorded by stenographic means.

You are invited to attend and cross-examine.

1

2

Respectfully submitted,

THE CHILDREN'S HOSPITAL
CORPORATION

By its attorneys:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
Elizabeth L. Gardon (BBO No. 711867)
RUBIN AND RUDMAN LLP
53 State St.
Boston, Mass. 02109
(617) 330-7000
tfolkman@rubinrudman.com
egardon@rubinrudman.com

Dated: March 20, 2026

2

<u>CERTIFICATE OF SERVICE</u>

I certify that on March 20, 2026, I served this document to all counsel of record.

*/s/ Elizabeth L. Gardon*
Elizabeth L. Gardon

**SCHEDULE A**

<u>INSTRUCTIONS AND DEFINITIONS</u>

1.      The uniform definitions in Local Rule 26.5 are incorporated by reference.

2.      "You," "your," etc. refer to the plaintiff, MMAS Research, LLC, and its attorneys, agents, servants, employees, successors, and assigns.

3.      "BCH" refers to the defendant, the Children's Hospital, and attorneys, agents, servants, employees, successors, and assigns. For the avoidance of doubt, this includes Jacob Hartz and Hannah Palfrey.

4.      "Dr. Morisky" refers to Dr. Donald Morisky and his attorneys, agents, employees, contractors, agents, servants, subsidiaries, affiliates, successors, and assigns.

5.      "MMAR" refers to Morisky Medication Adherence Research LLC and its members, managers, attorneys, agents, servants, contractors, employees, successors, and assigns.

6.      "Morisky Widget" and "Morisky Widget Copyright" have the same meaning as in the First Amended Complaint.

7.      "BCH-MMAS Research License" refers to the perpetual Morisky Widget MMAS-8 license between MMAS Research LLC and BCH.

8.      These topics are made after MMAS Research filed its Motion to Amend on January 15, 2025, and prior to the Court's decision on that motion. These topics are not an admission that the Court should or will grant the motion to amend.

<u>TOPICS</u>

1.      The negotiation and execution of the BCH-MMAS Research License.

2.      The communications between you and BCH concerning the BCH-MMAS Research License, the Morisky Widget, and the Morisky Widget Copyright.

4

3.      The communications between you and Dr. Morisky or MMAR concerning the BCH-MMAS Research License.

4.      The contents of the unredacted source code of the Morisky Widget.

5.      The operation and functions of the Morisky Widget.

6.      Agreements between you and any other party concerning the ownership of the copyrights in the MMAS-4, the MMAS-8, or the Morisky Widget Copyright.

7.      Agreements between you and Dustin Malchi concerning ownership or assignment of the Morisky Widget Copyright.

8.      The application for the Morisky Widget Copyright and all related communications with the U.S. Copyright Office, including the approval of the copyright and any changes, limitations, or exclusions to the scope of the Morisky Widget Copyright.

9.      The value of the Morisky Widget or the Morisky Widget Copyright, including any valuations or appraisals of the Morisky Widget or Morisky Widget Copyright and including any valuations derived from or related to settlements of lawsuits, from 2019 through present.

10.      Other licenses that you entered into with any party concerning the Morisky Widget or Morisky Widget Copyright, including the number of licenses you entered into for each year beginning in 2019 through the present and the value of those licenses (and the value of each component of those licenses, e.g., the value of the terms of the license requiring scoring assessments using the Morisky Widget, the value of the terms of the license requiring a particular form of attribution, etc.).

11.      The reasons why requiring BCH to use the Morisky Widget to score assessments is beneficial to you.

12. The reasons why forbidding BCH to disclose coding and scoring criteria is beneficial to you.

13. The reasons why forbidding BCH to use a MMAS-8 condition and medication specific MMAS-8 test created in the Morisky Widget as a pre-enrollment MMAS-8 screener with a derivative MMAS-8 scoring and coding criteria is beneficial to you.

14. The value of MMAS Research, LLC including any valuations or appraisals concerning MMAS Research, LLC from 2019 through present.

15. All damages, including categories of damages and calculation of damages, that you are seeking from BCH in this action.

16. The factual basis for your claim that the Hospital has caused you or Dr. Trubow a reputational injury, including the recipients of any allegedly defamatory statements and the reasons why you assert that those statements caused an actual injury.

17. Communications with any third-party or reader of "The Use of Mobile Health Technology and Behavioral Economics to Encourage Adherence to Statins and Blood Pressure—Lowering Medication in Adolescents with Familial Hypercholesterolemia or Hypertension: Protocol for a Pre-Post Cohort Study", which is attached to Exhibit 20 to your Proposed Second Amended Complaint.

18. The factual basis for your allegation that BCH breached the BCH-MMAS Research License.

19. The factual basis for your allegation that BCH infringed your Morisky Widget Copyright.

20. The factual basis for the allegations in paragraph 135 of your proposed second amended complaint.

6

21.     The factual basis for the allegations in paragraphs 138 and 139 of your proposed second amended complaint.

22.     The factual basis for your allegation that BCH defamed you or Dr. Trubow.

23.     The basis for your responses to the Interrogatories served on you in this action.

24.     Your efforts to search for documents responsive to the requests for production of documents served on you in this action, including custodians searched, the documents found or not found, and your document retention policies.