UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

MMAS RESEARCH LLC,
a Washington Limited Liability
Company, et al.,

              Plaintiffs,         Civil Action
                                  No. 24-12108-DJC

V.

THE CHILDREN'S HOSPITAL
CORPORATION, et al.,

              Defendants.

_____


BEFORE THE HONORABLE JESSICA D. HEDGES
UNITED STATES MAGISTRATE JUDGE


VIDEOCONFERENCE


April 7, 2026


John J. Moakley United States Courthouse
One Courthouse Way
Boston, Massachusetts  02210


**\*Proceedings digitally recorded and produced by computer-aided stenography**


Kelly Mortellite, RPR, RMR, CRR
Official Court Reporter
One Courthouse Way, Room 3200
Boston, Massachusetts  02210
mortellite@gmail.com

APPEARANCES:

FOR THE PLAINTIFFS:

PATRICIA L. RAY
211 Yacht Club Way
Ste 138
Redondo Beach, CA 90277
215-908-6810
raypatricia@yahoo.com

ANDREW NEIL HARTZELL
Freeman Mathis & Gary, LLP
One Boston Place
201 Washington Street
Suite 2200
Boston, MA 02108
617-963-5966
nhartzell@fmglaw.com

FOR THE DEFENDANTS:

THEODORE J. FOLKMAN
Rubin & Rudman LLP
53 State Street, 15th Floor
Boston, MA 02109
617-330-7135
tfolkman@rubinrudman.com

F. CHRISTOPHER AUSTIN
Lex Tecnica, Ltd.
10161 Park Run Drive
Suite 150
Las Vegas, NV 89145
702-610-9094
chris@lextecnica.com

P R O C E E D I N G S

(Case called to order.)

COURTROOM CLERK:  Could counsel please identify themselves for the record.

MR. HARTZELL:  Neil Hartzell.  I'm local counsel for MMAS.

THE COURT:  Good afternoon, Mr. Hartzell.

MR. HARTZELL:  Good afternoon, Your Honor.

MS. RAY:  Patricia Ray for plaintiff MMAS.

THE COURT:  Good afternoon, Ms. Ray.

MR. FOLKMAN:  Good afternoon, Your Honor.  Ted Folkman of Rubin & Rudman for the defendant, Children's Hospital Cooperation, which is Children's Hospital.

THE COURT:  Good afternoon, Mr. Folkman.

MR. AUSTIN:  And good afternoon, Your Honor.  Chris Austin on behalf of the Morisky defendants with the firm of Lex Tecnica.

THE COURT:  Good afternoon, Mr. Austin.

Okay.  So thank you all for being here and thank you for your joint status report, which I have reviewed.  What my hope is for today is to -- we have a series of motions as listed in docket number 117.  I've reviewed those motions.  What I propose to do today is rule on some of those motions that I can rule on and then talk about where we go from here, keeping in mind that it's the Court's objective to keep

discovery moving in this matter.

I know that there is a set of motions to amend that I obviously won't rule on today, but that could impact this discovery, but it's my hope that while that motion -- while I'm considering that motion that we keep things moving here.

So before I start going through the motions, is there anything that anyone would like to address or accomplish today that I haven't outlined?  Starting with plaintiff, Mr. Hartzell or Ms. Ray?

MR. HARTZELL:  I'll defer to Ms. Ray on that, Your Honor.

MS. RAY:  I don't have anything right now, Your Honor.

THE COURT:  Okay.  Thank you.  Mr. Folkman?

MR. FOLKMAN:  No, Your Honor.

THE COURT:  And Mr. Austin?

MR. AUSTIN:  No, Your Honor.  Thank you.

THE COURT:  Okay.  Thank you.

Okay.  So turning to the motions first, turning to docket number 89, which is the plaintiff's motion to extend time, to the extent that it's helpful in following me going through the docket, I'm going through in order of filing essentially.

So docket number 89, as to that motion, what I intend to do there is the deadline to answer the counterclaims will be stayed pending the resolution of docket numbers 98, 106 and

110, so those are the motions to amend. I note that that motion was unopposed. I think in this context it makes sense to proceed that way.

Does anyone want to be heard on that further? No? Okay.

All right. So as to docket 92, that's plaintiff's letter request seeking clarification on the deadline in the Local Rule 15.1. I'm denying that motion as moot.

I'll hear from the parties, if any party wants to be heard on these matters. I mean, I've reflected over them, but if you think I'm missing something critical, I would be happy to hear from the parties. So I'm denying that motion as moot. Plaintiff, anything?

MS. RAY: No, Your Honor. Thank you.

THE COURT: Mr. Folkman?

MR. FOLKMAN: No, Your Honor.

THE COURT: Okay. And Mr. Austin?

MR. AUSTIN: No, Your Honor. Thank you.

THE COURT: So turning to docket number 95, that's plaintiff's emergency motion for extension of time, I intend to deny that as moot.

Ms. Ray, anything?

MS. RAY: Nothing, Your Honor. Thank you.

THE COURT: Mr. Folkman?

MR. FOLKMAN: No, Your Honor.

THE COURT: And Mr. Austin?

MR. AUSTIN: Nothing, Your Honor. Thank you.

THE COURT: Okay. Thank you.

Turning to docket number 98, that is ripe for review, and I will review that in conjunction with docket 106 and 110. I'll rule on those motions together obviously.

Turning to docket number 102, I've reviewed plaintiff's position on this as articulated in the status report, Ms. Ray, and having considered that position, I note that there wasn't an opposition filed and that the rules contemplate an ability to supplement should the motion to amend be allowed. So I intend to allow that motion to compel, and I propose 14 days to respond, but I will hear you on the number of days.

MR. AUSTIN: Your Honor, if I may clarify, you're referring to ECF 102 or 101?

THE COURT: I'm sorry, did I say 101? 102.

MR. FOLKMAN: I believe it's 101, Your Honor.

THE COURT: I'm sorry. That is the memo. Yes, 101. That's the motion to compel. Does 14 days sound reasonable?

MS. RAY: Yes, thank you, Your Honor.

THE COURT: Okay. Thank you. So that motion will be allowed with 14 days to respond.

Turning to docket number 106, as I already mentioned, that will be -- and docket number 110, that will be considered

along with docket number 98.

Turning to docket number 111, so I intend to consider that motion not here today, and I don't think that I'll need hearing on that, but if I do, I will let you know by way of docket entry.

Turning to docket number 116, having considered plaintiff's statements in the status report, I do -- that motion is unopposed, and I intend to allow that motion. That's the Boston Children's Hospital's motion to compel, docket number 116. It's unopposed, and I intend to allow that motion and order responses within 14 days.

MR. FOLKMAN: Your Honor, may I ask for clarification on the timing that you just laid out?

THE COURT: Yes.

MR. FOLKMAN: So we have not received either written responses to our document request or any documents. What wouldn't work I think is to get written responses to the document requests but no documents because discovery ends I think four weeks from today or four weeks from tomorrow. So I would suggest that the documents that are responsive should be produced within 14 days.

THE COURT: Yes, that's my intention.

MR. FOLKMAN: Thank you.

THE COURT: However turning to the issue of the discovery deadline, I am open to extending the discovery

deadline should that be useful to the parties just by 30 days at this stage. I understand that my ruling on the motions to amend may impact or may create other needs in the case in terms of timing, but for now, like I said, I would like to keep discovery moving.

Actually, I think given where we are, I'm going to leave it at that. I actually think that -- let's keep the discovery deadline in place. If you need more time, I will consider that, but I'll say not much more time, unless, depending on the outcome of my ruling on the motion to amend, then I would consider additional time, but I wouldn't consider more time at this stage than 30 days.

MR. FOLKMAN: Your Honor, if I may ask again a clarification on that.

THE COURT: Yes.

MR. FOLKMAN: So really two things. The first is, is it your view that it's sort of open to you now to change the schedule in the case, although the judge didn't refer that, which is fine, I just want to make sure that I understand where you're coming from.

THE COURT: I did.

MR. FOLKMAN: Secondly, you mentioned that the order on the motion to amend may affect things. I want to make sure you know that both our interrogatories and our requests for documents and our 30(b)(6) notice which is the subject of a

motion to compel that we filed today because the other side indicated they weren't showing up for the deposition, all of those discovery requests address both the counts that are in the case right now and the counts that may or may not be in the case. So our preference is that the decision on the motion to amend really shouldn't affect discovery because we've asked for it.

I suppose if anybody would have an incentive to say we don't want to do discovery about these possible claims that aren't in the case, it would be us, but we've said no, we want to go ahead and do it. So I don't really see that there's any reason that the pendency of the motion to amend should affect the discovery schedule.

THE COURT: That's very helpful. Yes, that makes sense and thank you for that. So this seems like we should be able to keep things moving here. I have not considered the motion yet that was just filed today, and I don't think it's ripe to consider at this stage. Hopefully you can work it out.

MR. FOLKMAN: If he shows up for the deposition, we can absolutely work it out, Your Honor.

THE COURT: Okay. But you've just demonstrated, because you did a very succinct and helpful joint status memo, that you can cooperate very effectively, and so I'm hopeful.

MR. FOLKMAN: Me too.

THE COURT: So, anything else that I can do to be

helpful today?

MR. FOLKMAN: Not from the hospital's perspective, Your Honor. Thank you.

THE COURT: Ms. Ray?

MS. RAY: Nothing right now. Thank you very much for asking.

THE COURT: And Mr. Austin?

MR. AUSTIN: No. I think what you've done today is helpful, and if we need further assistance, we will reach out.

THE COURT: Okay. Thank you very much and have a good afternoon.

CERTIFICATE OF OFFICIAL REPORTER

I, Kelly Mortellite, Registered Professional Reporter, Registered Merit Reporter and Certified Realtime Reporter, in and for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing transcript is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter to the best of my skill and ability.

Dated this 10th day of April, 2026.


/s/ Kelly Mortellite

_____

Kelly Mortellite, RPR, RMR, CRR

Official Court Reporter