UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MMAS RESEARCH, LLC,

Plaintiff,

vs.

THE CHILDREN'S HOSPITAL
CORPORATION, et al.,

Defendants

Civ. A. No. 1:24-cv-12108-DJC

**JOINT STATUS REPORT**

Counsel for the Hospital and MMAS Research have conferred and submit this joint status report concerning Hospital's proposed motion for sanctions:

The Hospital's Position

The Court has granted the Hospital's motion to compel the production of documents and to compel the depositions of MMAS Research and its principal, Steven Trubow (who we understand will be MMAS Research's 30(b)(6) designee). It ordered production of the documents by April 21 and the depositions by May 29. Since then, MMAS Research produced some documents, but it has made it clear that its document production is not complete and has not provided a time for completion. It has produced no documents relating to damages. On May 1, the date of the Court's order, the Hospital offered MMAS Research all of the dates for a deposition that counsel had available prior to the Court's deadline of May 29 and has offered to take the deposition after that date (provided the Court approves) for Mr. Trubow's convenience. The Hospital has also offered to take the deposition remotely for Mr. Trubow's convenience. And it has offered not to seek to compel completion of the document production, as long as MMAS

1

Research will produce its documents relating to damages on the breach of contract claim in advance of the deposition. But MMAS Research has made it clear that Mr. Trubow is unavailable until June and that it does not intend to produce Mr. Trubow to be deposed after the deadline unless the Hospital will agree to extend the discovery period so that MMAS Research, which has never served any discovery requests, can take discovery.

The Hospital intends to move for dismissal as a sanction for MMAS Research's failure to participate meaningfully in discovery in the case that it brought and to obey the Court's orders. In the alternative, the Hospital will seek an order more narrowly tailored at MMAS Research's disobedience of the Court's orders, precluding MMAS Research from offering an affidavit from Mr. Trubow or any responsive documents that it has not already produced in opposition to the Hospital's forthcoming motion for summary judgment.

MMAS Research's position.

Plaintiff MMAS Research, LLC ("MMAS") strongly opposes the Hospital's bad-faith attempt to manufacture a discovery crisis. The Hospital's narrative relies on material misrepresentations of the record, seeks to profit from its own administrative service failures, and stands in flat contravention of Chief District Judge Casper's explicit management of this docket.

I.    The Hospital Seeks Terminal Sanctions in Explicit Violation of This Court's Referral Orders

The Hospital's threat to move the Magistrate Judge for the terminal sanction of dismissal is a flagrant and intentionally misleading overreach. As set forth in Chief District Judge Casper's explicit Electronic Order entered on March 16, 2026, this action was referred to Magistrate Judge Hedges strictly for "Full Pretrial, No Dispositive Motions." Because a motion for terminal sanctions under Federal Rule of Civil Procedure 37 is inherently dispositive, the Hospital is fully aware that the Magistrate Judge lacks the jurisdictional authority to entertain the dismissal of this

2

5074436_2

action. The Hospital's deployment of an empty, legally unauthorized threat in a joint filing is a highly improper, coercive tactic designed to exploit the temporary, international scheduling constraints of Plaintiff's principal.

    II.       Plaintiff Has Fully Participated in Discovery and Provided a Verified Basis for Damages

The Hospital's baseline claim that MMAS has failed to participate meaningfully or provide a baseline for damages is demonstrably false and entirely contradicted by the record. Plaintiff has transparently disclosed and documented its damages framework through multiple formal discovery mechanisms and existing court filings:

- Served Initial Disclosures: Plaintiff timely served its mandatory Initial Disclosures directly to the Hospital pursuant to Federal Rule of Civil Procedure 26(a)(1), laying out the initial structural footprint of its claims.

- Document Production via First RFPs: MMAS has actively produced responsive documentation to the Hospital within the framework of the Defendant's First Set of Requests for Production (RFPs).

- Quantified on the Record via Verified Interrogatories: On April 13, 2026, MMAS served its verified Responses to Defendant's First Set of Interrogatories, executed under penalty of perjury. In responses to Interrogatories No. 3 and No. 14, MMAS explicitly isolated its contract theory of recovery, identifying Actual Damages estimated at approximately $1,000,000 representing the lost licensing opportunities and the systemic destruction of the product's commercial market value. This commercial harm directly resulted from the Hospital's unauthorized bypass of the Widget's certified coding and scoring criteria, compounded by the subsequent retraction of the uncertified 2008 validation article by the Journal of Clinical Hypertension because the uncertified scale demonstrated diagnostic accuracy no better than a "coin toss."

- The Hospital Holds the Essential Metrics: As set forth in the April 13 responses, a finalized, granular calculation of damages is entirely dependent on the production of the Hospital's internal software usage logs, screeners, and server records. The Hospital cannot claim prejudice regarding "incomplete" damages data while simultaneously withholding the very technical metrics in its exclusive possession required to finalize the calculations.

3

5074436_2

III.    The Hospital's Discovery Demands are Entirely Premature and Predicated on Non-Operative Claims.

The Hospital's Second Set of Interrogatories (Nos. 7–12) focuses entirely on copyright infringement, defamation, and emotional/reputational harm claims contained exclusively in Plaintiff's Proposed Second Amended Complaint. As set forth in the March 16 Referral Order, Plaintiff's Motions to Amend the Complaint (Docs. 98, 106) remain pending and undecided before Magistrate Judge Hedges. MMAS properly objected to these requests on April 13, 2026, as premature. It is procedurally backward to penalize a plaintiff for "incomplete" discovery regarding claims that are not yet part of the operative pleading due to the court's own administrative backlog.

IV.    The Hospital's Local Rule 7.1 "Crisis" Concerning RFP 2 is a Product of its Own Clerical Service Failures

The Hospital's narrative that Plaintiff has failed to respond to its Second Set of Requests for Production ("RFP 2") or participate in mandatory meet-and-confers is completely dismantled by the defense's own written admissions. On May 5, 2026, the Hospital's counsel (Elizabeth Gardon) admitted in an email thread that the Hospital's mandatory Local Rule 7.1 meet-and-confer notices regarding RFP 2 had been inadvertently served on a completely unrelated third-party attorney (Ronald W. Dunbar, Jr., dunbar@dunbarlawpc.com) who has no connection to this litigation.

The Hospital served RFP 2 to the wrong individual, sat on its own clerical error for months, and is now attempting to retroactively backdate its compliance clocks to claim an artificial default against MMAS. Plaintiff's principal, Steven Trubow, only received the forwarded thread and the RFP 2 attachments from counsel on May 11, 2026, while traveling internationally through multiple time zones on vital, long-standing professional business in

4

China and Japan until mid-June 2026—a logistically immovable reality that was explicitly communicated to the Hospital well in advance of his April 27, 2026 departure.

Litigation counsel Patricia Ray has been designated as the primary point of contact to cure the confusion caused by the defense's misdirected service. Ms. Ray is actively scheduling a legitimate Local Rule 7.1 conference to discuss the outstanding production and the implementation of a formal Protective Order to prevent the Hospital from coercively forcing an international deposition across a 16-hour time difference while Plaintiff's principal is physically in transit abroad.

V.    The Hospital Attempted to Enforce a Deceptive, One-Sided Deposition Scheduling Trap

The Hospital's claim that MMAS is refusing to cooperate on deposition scheduling unless it gets its way is flatly contradicted by written correspondence exchanged by counsel just days ago. In writing, the Hospital's counsel proposed and agreed that Mr. Trubow's 30(b)(6) deposition could take place via Zoom on June 22, 2026, to accommodate his international travel. However, the Hospital explicitly conditioned this June date on a highly improper, one-sided restriction: demanding that the overall discovery period close on that exact same day, effectively preventing MMAS from ever conducting follow-up discovery on the technical logs withheld by the Hospital.

As set forth in litigation counsel Patricia Ray's letter to Theodore Folkman dated May 15, 2026, MMAS formally accepted the June 22 Zoom deposition date but properly opposed the Hospital's attempt to use a routine scheduling accommodation as a weapon to force a waiver of Plaintiff's independent discovery rights. Having failed to coerce MMAS into this bad-faith package deal, the Hospital has completely changed course in this Joint Status Report, hiding its

5

5074436_2

own June 22 proposal from the Court and petulantly demanding terminal sanctions based on a May 29 deadline they already acknowledged in writing was unfeasible.

It is procedurally backward and an egregious waste of judicial resources to force a terminal discovery showdown over a routine scheduling accommodation while the operative complaint, the pending motions to amend (Docs. 98, 106), the motion to stay (Doc. 89), and the unresolved Motion to Disqualify Counsel F. Christopher Austin (Doc. 111) remain entirely gridlocked by the court's backlog. MMAS respectfully requests that the Court deny the Hospital's proposed motion for sanctions, adjust the discovery calendar to permit the 30(b)(6) deposition to occur on June 22, 2026, and extend subsequent discovery boundaries accordingly.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>MMAS RESEARCH, LLC</td><td>THE CHILDREN'S HOSPITAL CORPORATION</td></tr>
<tr><td>By its attorneys:</td><td>By its attorneys:</td></tr>
<tr><td>/s/ Patricia Ray</td><td>/s/ Theodore J. Folkman</td></tr>
<tr><td>Andrew Neil Hartzell (BBO No. 544752)<br>FREEMAN MATHIS & GARY, LLP<br>201 Washington St., Suite 2200<br>Boston, Mass. 02108<br>(617) 963-5966</td><td>Theodore J. Folkman (BBO No. 647642)<br>Taylor M. Makson (BBO No. 697476)<br>Elizabeth L. Gardon (BBO No. 711867)<br>RUBIN AND RUDMAN LLP<br>53 State St.<br>Boston, Mass. 02109<br>(617) 330-7000<br>tfolkman@rubinrudman.com<br>tmakson@rubinrudman.com<br>egardon@rubinrudman.com</td></tr>
<tr><td>Ronald D. Coleman (pro hac vice)<br>COLEMAN LAW FIRM, PC<br>50 Park Pl., Suite 1105<br>Newark, N.J. 07102<br>(973) 264-9611<br>rcoleman@colemanlaw-pc.com</td><td></td></tr>
<tr><td>Patricia L. Ray (pro hac vice)<br>211 Yacht Club Way, Suite 138<br>Redondo Beach, Cal. 90277<br>(215) 908-6810<br>raypatricia@yahoo.com</td><td></td></tr>
</table>

Dated:  May 20, 2026

6