UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MMAS RESEARCH LLC, et al.,

     Plaintiff/Counter-Defendant,

v.

THE CHILDREN'S HOSPITAL
CORPORATION, d/b/a BOSTON
CHILDREN'S HOSPITAL, et al.

_____

DONALD E. MORISKY and
MORISKY MEDICATION
ADHERENCE
RESEARCH LLC ("MMAR LLC"),

     Counter-Claimants,

v.

MMAS RESEARCH LLC

     Counter-defendant/Counter-
Plaintiff.

Civil Action No. 1:24-cv-12108-DJC

Chief District Judge Denise J. Casper

**COUNTER-DEFENDANT'S
ANSWER AND AFFIRMATIVE
DEFENSES TO COUNTER-
CLAIMANTS' OPERATIVE
FIRST AMENDED
COUNTERCLAIMS**

Counter-Defendant and Counter-Plaintiff MMAS Research LLC "Counter-Defendant"), hereby respond to Counter-Claimant MMAR LLC's First Amended Counterclaims (Document 99) and state as follows:

COUNTER-DEFENDANT' ANSWER,
AFFIRMATIVE DEFENSES, AND
OPERATIVE COUNTERCLAIMS TO
COUNTER-CLAIMANTS' FIRST
AMENDED COUNTERCLAIMS  - 1

## PART I: ANSWER TO FIRST CLAIM FOR RELIEF & OPERATIVE COUNTER-CLAIM

### A. (Trademark Infringement – 15 U.S.C. § 1114(1) & § 1125(a) / INTENTIONAL AND TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS)

1.     **Denial of Exclusive Rights:** Counter-defendant flatly deny that Counter-Claimants possess exclusive trademark control, enforcement authority, or standing over the marks "MORISKY," "MMAS," or "MMAS-8" as asserted against MMAS Research LLC. Counter-Plaintiff reallege and incorporate by reference each of the paragraphs below as if fully set forth herein, explicitly pleading that the conduct detailed below constitutes intentional, improper, and **tortious** interference under applicable law.

2.     **Affirmation of Digital Authority:** Counter-defendant state that MMAS Research LLC is the lawful owner and registrant of the software rights and digital applications comprising the MORISKY WIDGET MMAS-8. Pursuant to the United States Court of Appeals for the Ninth Circuit's mandate in *MMAS Research LLC v. The Charité, et al.* (No. 23-55202), the Ninth Circuit recognized that MMAS Research "never transferred its copyright and remains the registered owner of the Morisky Widget." MMAS Research LLC's corporate status, licensing rights, and enforcement standing were never abandoned, terminated, or transferred

COUNTER-DEFENDANT' ANSWER,
AFFIRMATIVE DEFENSES, AND
OPERATIVE COUNTERCLAIMS TO
COUNTER-CLAIMANTS' FIRST
AMENDED COUNTERCLAIMS  - 2

back to Donald Morisky or MMAR LLC, and MMAS Research LLC was at all relevant times entitled to use and to license the Morisky Widget.

3.    **Establishment of Right-to-License via WDWA Findings:** At all relevant times, MMAS Research LLC maintained existing and prospective business relationships of economic benefit with institutions, researchers, clinical-trial sponsors, and other licensees that used or sought to use the Morisky Widget, including Defendant The Children's Hospital Corporation. Counter-Claimants' interference with these advantageous relationships was entirely unprivileged, wrongful, and tortious. MMAS Research LLC was explicitly entitled to use, license, and enforce rights relating to the adherence instruments pursuant to the parties' written Settlement Agreement, as determined and enforced by the United States District Court for the Western District of Washington in *Morisky v. MMAS Research LLC, et al.*, **Case No. 2:21-cv-01301-RSM-DWC (W.D. Wash. Apr. 15, 2022) [Dkt. 48]**. In that order, the Court explicitly recognized that pursuant to the operative Settlement Agreement, MMAS Research LLC legally holds the Copyright Registration to the Morisky Widget and maintains the right to pursue retroactive licensing agreements and claim settlements.

4.    **Counter-Claimants' Knowledge of Relationships:** Counter-Claimants Donald E. Morisky and MMAR LLC knew of MMAS Research LLC's

existing and prospective business relationships, including its relationships with Morisky Widget licensees and with The Children's Hospital Corporation.

5. **The Coercive Alternate Licensing Scheme (The Austin Letter):** On or about April 21, 2022—just six days after the Western District of Washington issued its Report and Recommendation confirming MMAS Research LLC's rights—Counter-Claimants, through counsel, issued a written communication to Morisky Widget licensees stating, among other things, that "[a]ny person that uses or licenses the Morisky Widget, MMAS-4 Scale or MMAS-8 Scale without the express written authorization of Dr. Morisky will be in violation of U.S. federal copyright law for copyright infringement," and that neither Mr. Trubow nor MMAS Research had any right to use or license the Morisky Widget.

6. **Targeting of Massachusetts Institutions:** That communication was intentionally directed to MMAS Research LLC's licensees and counterparties operating physically within the geographic boundaries of the Commonwealth of Massachusetts and reached them, including Defendant The Children's Hospital Corporation.

7. **Misrepresentation of Widget Ownership:** The April 21, 2022 communication intentionally misrepresented the ownership of the Morisky Widget. It represented that use or licensing of the Morisky Widget required the

COUNTER-DEFENDANT' ANSWER,
AFFIRMATIVE DEFENSES, AND
OPERATIVE COUNTERCLAIMS TO
COUNTER-CLAIMANTS' FIRST
AMENDED COUNTERCLAIMS  - 4

authorization of Dr. Morisky, when MMAS Research LLC—not Dr. Morisky—was and remains the registered owner of the Morisky Widget, as the Ninth Circuit subsequently recognized.

8.    **Baseless Copyright Extortion Under the Nevada Order:** The communication further asserted that any use of the MMAS-8 without Dr. Morisky's authorization constituted federal copyright infringement. The MMAS-8 has since been adjudicated not entitled to copyright protection due to the merger doctrine and lack of creative expression. *Adherence v. CVS Pharmacy, Inc.*, No. 2:24-cv-01590-JCM-NJK (D. Nev. June 25, 2025).

9.    **Public Dissemination and Trade Libel:** Counter-Claimants did not confine these representations to private correspondence. On or about May 2022, Counter-Claimants published the April 21, 2022 communication on the publicly accessible website moriskyscale.com, which bore MMAR's branding, together with statements including that "Steve Trubow is not authorized to license the MMAS-4 or MMAS-8," that Mr. Trubow "has maliciously infringed the MMAS scales," that the "Morisky Widget is DEAD," and that "[a]ny use by anyone of the Widget must immediately contact us to transfer their services to the MMAR platform, or they will be subject to potential copyright and trademark infringement actions against them."

10.    **Domain Control:** On information and belief, Counter-Claimants controlled and maintained the moriskyscale.com domain on which these statements were published, and the statements were widely disseminated to the public and to the medical, pharmaceutical, and clinical research communities at large.

11.    **Pleading of Tortious Element:** Through the foregoing conduct, Counter-Claimants intentionally, improperly, and tortiously interfered with MMAS Research LLC's existing and prospective business relationships, by means of false misrepresentation and the bad-faith assertion of exclusive rights that Counter-Claimants did not hold, for the express purpose of diverting MMAS Research LLC's licensees and prospective licensees to Counter-Claimants and deterring third parties from dealing with MMAS Research LLC and Mr. Trubow.

12.    **Proximate Causation of Harm:** As a direct and proximate result of Counter-Claimants' tortious conduct, MMAS Research LLC lost and was severely impaired in existing and prospective business relationships, including its relationship with The Children's Hospital Corporation, and has suffered substantial economic damages in an amount to be proven at trial.

**WHEREFORE,** Counter-Plaintiff MMAS Research LLC respectfully request that the Court enter judgment in their favor on this Count; award

COUNTER-DEFENDANT' ANSWER,
AFFIRMATIVE DEFENSES, AND
OPERATIVE COUNTERCLAIMS TO
COUNTER-CLAIMANTS' FIRST
AMENDED COUNTERCLAIMS  - 6

compensatory and consequential damages in an amount to be proven at trial, together with interest, costs, and reasonable attorneys' fees; and grant such further relief as the Court deems just and proper.

## ANSWER TO THIRD CLAIM FOR RELIEF
### (Unfair Business Practices – M.G.L. Ch. 93A, §§ 2, 11)

47.    **Response to Paragraph 47:** The allegations in Paragraph 47 consist of a recitation and incorporation of prior paragraphs, to which no responsive pleading is required. To the extent a response is required, Counter-defendant repeat and reallege their answers to all preceding paragraphs as if fully set forth herein.

48.    **Response to Paragraph 48:** Counter-defendant admit that MMAR LLC is a Nevada limited liability company. Counter-defendant flatly deny that MMAR LLC possesses lawful, exclusive, or protectable enforcement rights over the standalone text of the MMAS-4 or MMAS-8 adherence instruments. Counter-defendant explicitly incorporate the June 25, 2025 Federal Court Order issued in *Adherence v. CVS Pharmacy, Inc.*, No. 2:24-cv-01590-JCM-NJK (D. Nev.), which determined as a matter of law that the raw text and question formatting of the MMAS-8 scale are not copyright protectable under 17 U.S.C. § 102(b).

49.    **Response to Paragraphs 49:** Counter-defendant flatly deny making any false, misleading, or deceptive representations in commerce regarding the

source, sponsorship, approval, or affiliation of MMAS-based services. Counter-defendant assert that any communications sent to third-party medical institutions detailing MMAR's lack of independent licensing authority were, and remain, absolute truth. Under the controlling Ninth Circuit *Charité* mandate, MMAS Research LLC remains the sole, active operating body authorized to deploy and maintain the digital framework. Truth is an absolute defense.

50.    **Response to Paragraph 50:** Counter-defendant flatly deny making any false, misleading, or deceptive representations in commerce regarding the source, sponsorship, approval, or affiliation of MMAS-based services. Counter-defendant assert that any communications sent to third-party medical institutions detailing MMAR's lack of independent licensing authority were, and remain, absolute truth. Under the controlling Ninth Circuit *Charité* mandate, MMAS Research LLC remains the sole, active operating body authorized to deploy and maintain the digital framework. Truth is an absolute defense.

51.    **Response to Paragraph 51:** Counter-defendant flatly deny making any false, misleading, or deceptive representations in commerce regarding the source, sponsorship, approval, or affiliation of MMAS-based services. Counter-defendant flatly deny the allegations contained in Paragraph 51 of the First Amended Counterclaims. Counter-defendant further assert that any

communications sent to third-party medical institutions detailing MMAR's lack of independent licensing authority were, and remain, absolute truth. Under the controlling Ninth Circuit *Charité* mandate, MMAS Research LLC remains the sole, active operating body authorized to deploy and maintain the digital framework. Truth is an absolute defense.

52.    **Response to Paragraph 52:** Counter-defendant deny committing unfair trade practices or causing improper reputational or financial injury to MMAR LLC. Counter-defendant state that the true unfair, deceptive, and coercive practice in the marketplace was executed exclusively by Counter-Claimants through the transmission of the April 21, 2022 Austin Letter, which forced an unvalidated, manual paper workaround onto a pediatric clinical trial, thereby inducing a severe bioethical failure of beneficence (45 CFR Part 46) by blinding investigators to true patient medication non-adherence.

53.    **Response to Paragraph 53:** Counter-defendant deny committing unfair trade practices or causing improper reputational or financial injury to MMAR LLC. Counter-defendant state that the true unfair, deceptive, and coercive practice in the marketplace was executed exclusively by Counter-Claimants through the transmission of the April 21, 2022 Austin Letter, which forced an unvalidated, manual paper workaround onto a pediatric clinical trial, thereby inducing a severe

COUNTER-DEFENDANT' ANSWER,
AFFIRMATIVE DEFENSES, AND
OPERATIVE COUNTERCLAIMS TO
COUNTER-CLAIMANTS' FIRST
AMENDED COUNTERCLAIMS  - 9

bioethical failure of beneficence (45 CFR Part 46) by blinding investigators to true patient medication non-adherence.

54.    **Response to Paragraph 54:** Counter-defendant deny that MMAR LLC has suffered actual harm, has suffered any quantifiable damages, or is entitled to any preliminary or permanent injunctive relief, actual damages, treble damages, or statutory remedies under Massachusetts law.

55.    **Response to Paragraph 55:** Counter-defendant deny that MMAR LLC has suffered actual harm, has suffered any quantifiable damages, or is entitled to any preliminary or permanent injunctive relief, actual damages, treble damages, or statutory remedies under Massachusetts law.

56.    **Response to Paragraph 56:** Counter-defendant deny that MMAR LLC has suffered actual harm, has suffered any quantifiable damages, or is entitled to any preliminary or permanent injunctive relief, actual damages, treble damages, or statutory remedies under Massachusetts law.

### ANSWER TO SIXTH CLAIM FOR RELIEF
### (Declaratory Judgment – 28 U.S.C. § 2201)

57.    **Response to Paragraph 57:** The allegations consist of a recitation and incorporation of prior paragraphs, to which no responsive pleading is required. To

COUNTER-DEFENDANT' ANSWER,
AFFIRMATIVE DEFENSES, AND
OPERATIVE COUNTERCLAIMS TO
COUNTER-CLAIMANTS' FIRST
AMENDED COUNTERCLAIMS  - 10

the extent a response is required, Counter-defendant repeat and reallege their answers to all preceding paragraphs.

58. **Response to Paragraph 58:** The allegations consist of a recitation and incorporation of prior paragraphs, to which no responsive pleading is required. To the extent a response is required, Counter-defendant repeat and reallege their answers to all preceding paragraphs.

59. **Response to Paragraph 59:** Counter-defendant admit that an actual, justiciable controversy exists among the parties regarding corporate operations, but deny that MMAR LLC possesses any lawful, exclusive basis to claim ownership over the MMAS and Morisky marks to the exclusion of MMAS Research LLC.

60. **Response to Paragraph 60:** Counter-defendant admit that an actual, justiciable controversy exists among the parties regarding corporate operations, but deny that MMAR LLC possesses any lawful, exclusive basis to claim ownership over the MMAS and Morisky marks to the exclusion of MMAS Research LLC.

61. **Response to Paragraph 61:** Counter-defendant deny that MMAR LLC is the sole and exclusive owner of the marks and deny that MMAS Research LLC has no rights to use or license the same. Counter-defendant explicitly state that Counter-Claimant MMAR LLC is barred from seeking a declaration stripping rights from MMAS Research LLC, as MMAS Research LLC remains the exclusive

COUNTER-DEFENDANT' ANSWER,
AFFIRMATIVE DEFENSES, AND
OPERATIVE COUNTERCLAIMS TO
COUNTER-CLAIMANTS' FIRST
AMENDED COUNTERCLAIMS  - 11

lawful owner of the digital framework under the Ninth Circuit Court of Appeals' *Charité* decision.

## PART II: AFFIRMATIVE DEFENSES

Counter-defendant assert the following affirmative and special defenses against each and every cause of action contained in the First Amended Counterclaims, without assuming any burden of proof where such burden rests on Counter-Claimants.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim / Lack of Protectable Subject Matter)

The First Amended Counterclaims fail to state a claim upon which relief can be granted. Under the binding and persuasive legal analysis of the June 25, 2025 Nevada Federal Court Order (*Adherence v. CVS Pharmacy, Inc.*), the functional, itemized questions comprising the MMAS scale are incapable of copyright protection under 17 U.S.C. § 102(b), meaning Counter-Claimants assert exclusivity over metrics that reside in the public domain.

### SECOND AFFIRMATIVE DEFENSE
### (Collateral Estoppel / Res Judicata)

Counter-Claimants are barred by the doctrines of collateral estoppel and res judicata from asserting that MMAS Research LLC lacks standing, has abandoned its rights, or has forfeited its corporate authority over the digital and software

deployments of the adherence metrics. The Ninth Circuit Court of Appeals' *Charité* Mandate explicitly litigated, resolved, and finalized this issue, confirming that MMAS Research LLC's corporate status and ownership of the digital framework remain intact.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands / Coercive Conduct)

Counter-Claimants are barred from seeking equitable or legal relief under the doctrine of unclean hands. Counter-Claimants, operating in lockstep with attorney F. Christopher Austin, utilized the April 21, 2022 Austin Letter as an instrument of economic coercion. By threatening to sue BCH for utilizing the valid MORISKY WIDGET MMAS-8, they engineered an unvalidated, bad-faith workaround, which they deceptively posted on ClinicalTrials.gov multiple times across 2023, 2024, and 2025 to mask their ongoing contractual and copyright infringements.

## FOURTH AFFIRMATIVE DEFENSE
### (Bioethical Illegality / Public Policy)

The counterclaims are barred because they seek to legitimize, protect, and enforce an alternative manual licensing protocol that operates to subvert clinical data integrity. By forcing the deployment of a manual version of the 2006 MMAS-8 scale—knowing its baseline validation science was officially retracted due to

COUNTER-DEFENDANT' ANSWER,
AFFIRMATIVE DEFENSES, AND
OPERATIVE COUNTERCLAIMS TO
COUNTER-CLAIMANTS' FIRST
AMENDED COUNTERCLAIMS  - 13

mathematical implausibility—Counter-Claimants introduced an unvalidated risk layer that directly violates the federal bioethical mandate of beneficence (45 CFR Part 46) by blinding investigators to true pediatric non-adherence behavior, rendering enforcement of their demands contrary to public policy.

## RESPONSE TO PRAYER FOR RELIEF

Counter-defendant deny that Counter-Claimants are entitled to any of the declarations, temporary, preliminary, or permanent injunctions, actual damages, statutory damages, exemplary remedies, or attorneys' fees itemized in their Prayer for Relief.

**WHEREFORE,** Counter-Defendant MMAS Research LLC respectfully request that this Court:

1.     Enter judgment in favor of Counter-defendant/Counter-Plaintiff on all counts;

2.     Dismiss Counter-Claimants' First Amended Counterclaims with prejudice;

3.     Award Counter-defendant/Counter-Plaintiff their reasonable attorneys' fees and costs incurred herein pursuant to applicable statutory provisions; and

4.     Grant such other and further relief as the Court deems just and proper.

COUNTER-DEFENDANT' ANSWER,
AFFIRMATIVE DEFENSES, AND
OPERATIVE COUNTERCLAIMS TO
COUNTER-CLAIMANTS' FIRST
AMENDED COUNTERCLAIMS  - 14

FREEMAN MATHIS & GARY, LLP

Neil Hartzell
201 Washington Street | Suite 2200
Boston, MA 02108
617-963-5966
neil.hartzell@fmglaw.com

COLEMAN LAW FIRM, PC

By: _____
        Ronald D. Coleman (*pro hac vice*)
50 Park Place, Suite 1105
Newark, NJ 07102
973-264-9611
rcoleman@colemanlaw-pc.com

*Attorneys for Plaintiff*
*MMAS Research LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on June 4, 2026 t was served upon all counsel of record via the Electronic Case Filing system.

_____
        Ronald D. Coleman

COUNTER-DEFENDANT' ANSWER,
AFFIRMATIVE DEFENSES, AND
OPERATIVE COUNTERCLAIMS TO
COUNTER-CLAIMANTS' FIRST
AMENDED COUNTERCLAIMS  - 15