**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

MMAS RESEARCH LLC,

                                       **Civil Action No. 1:24-cv-12108-DJC**

                                       Chief District Judge Denise J. Casper

       Plaintiff,

v.

THE CHILDREN'S HOSPITAL CORPORATION,
d/b/a BOSTON CHILDREN'S HOSPITAL, et al.,

       Defendants.

---

DONALD E. MORISKY and
MORISKY MEDICATION ADHERENCE
RESEARCH LLC ("MMAR"),

       Counter-Claimants,

v.

MMAS RESEARCH LLC,,

       Counter-Defendant.

**PLAINTIFFS' MOTION TO EXTEND THE DISCOVERY PERIOD**
**UNDER FED. R. CIV. P. 16(b)(4)**

Plaintiff, by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.1 to extend the general discovery period in this matter for a limited period of sixty (60) days.

Good cause supports the requested extension. As set forth below, the approximately five-month pendency of Plaintiff's Motion for Leave to File a Second Amended Complaint left the operative pleadings—and, with them, the proper scope of discovery—unsettled until the original discovery period had effectively run. A targeted extension will permit Plaintiff to conduct discovery against Defendant Boston Children's Hospital ("BCH") and the Morisky Counter-Claimants under the now-operative pleadings, with minimal burden to any party.

## I.  RELEVANT PROCEDURAL TIMELINE

The following chronology frames the procedural conflict that gives rise to this motion:

- **January 15, 2026.** Defendants Morisky Medication Adherence Research LLC ("MMAR") and Dr. Donald Morisky (collectively, the "Morisky Defendants") filed their First Amended Answer, Counterclaims, and Third-Party Complaint (Dkt. 99), asserting claims under federal trademark and copyright law and Mass. Gen. Laws ch.. 93A.

- **January 2026.** Plaintiff moved for leave to file a Second Amended Complaint (the "SAC"). Had the Court granted leave, the SAC would have superseded the First Amended Complaint (the "FAC") and defined a materially different scope for discovery.

- **January 2026 – late May 2026.** Plaintiffs' Motion for Leave to File the SAC remained pending before the Court for approximately five months. During that period, the operative pleadings—and therefore the proper subject matter of discovery—remained unsettled. Plaintiff did not allow the discovery deadline to pass silently: they advised the Morisky Defendants of their intent to seek an extension of discovery and put the Court on notice of that intent in the parties' joint status report. The original general discovery period nonetheless expired before the Court ruled on the SAC motion.

- **Late May 2026.** The Court denied the Motion for Leave to File the SAC. That ruling confirmed the FAC as the sole operative complaint and required Plaintiffs to answer the Morisky Defendants' counterclaims (Dkt. 99) without having taken discovery directed at those claims.

## II.     ARGUMENT

### *The pendency of the SAC motion establishes good cause under Rule 16(b)(4).*

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In the First Circuit, the focus of the good-cause inquiry is the diligence of the party seeking the modification. *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154 (1st Cir. 2004). Plaintiffs respectfully submit that they acted reasonably throughout, conserving judicial and party resources while the scope of the pleadings remained unresolved, and that they now seek a prompt and limited extension following the Court's ruling.

### A.     *Discovery under the FAC was effectively held in abeyance while the SAC motion was pending, in the interest of judicial economy.*

From January 2026 until late May 2026, the scope of liability, party standing, and the relevant clinical-data issues in this action turned on whether the SAC would be permitted. Had the Court granted leave, written discovery and depositions taken under the FAC could have been rendered moot. Conducting broad discovery on the FAC while the SAC motion was pending would have  potentially beem wasteful and  contrary to the proportionality principle of Federal Rule of Civil Procedure 26(b)(1).

Plaintiffs did not sit on their rights. Rather than press discovery on a complaint that was poised to be superseded, Plaintiffs raised the anticipated need to extend discovery with the Morisky Defendants and flagged that need for the Court in the parties' joint status report. Had Plaintiffs instead pressed FAC-specific discovery during this window, Defendants would have had a strong basis to seek protective relief on grounds of burden and the prospect that the operative complaint was about to change. Because the Court did not rule on the SAC motion until the close of the

original discovery period, Plaintiffs were left to pursue discovery from BCH and the Morisky Counter-Claimants under the revived FAC framework only after that period had run.

### B. Plaintiffs will be prejudiced if denied the opportunity to take discovery on the revived pleadings.

Rule 26(b)(1) provides that discovery be "proportional to the needs of the case." Because the general discovery period closed while the SAC motion was pending, Plaintiffs have taken no written discovery or depositions directed at the active parties under the operative FAC. Fairness supports allowing Plaintiff's request for a narrow, time-limited window to obtain evidence specific to the current pleadings. That evidence includes the following:

1. **Discovery directed at Boston Children's Hospital. Because of the procedural schedule,** Plaintiff did not pursue discovery of internal communications, correspondence, or testimony regarding the delivery, internal routing, and receipt of, and BCH's response to, the April 21, 2022 letter (the "Austin Letter"). Plaintiff alleges that this letter caused BCH to discontinue use of the MORISKY WIDGET MMAS-8 and to adopt a manual workaround.

2. **Discovery concerning the clinical workaround.** Plaintiff seeks  discovery concerning BCH's decision to deploy a manual paper version of the 2006 MMAS-8 scale, including what BCH knew about the validation status of that scale, in order to develop a factual record relevant to the FAC.

3. **Discovery directed at the Morisky Counter-Claimants.** Plaintiffs require discovery regarding the "replacement" licenses MMAR is alleged to have generated for BCH and the related entries made on ClinicalTrials.gov in 2023, 2024, and 2025, which are directly relevant to Plaintiff's' claims.

## III.    PRAYER FOR RELIEF

A brief, sixty-day extension will allow targeted discovery on the operative pleadings while causing minimal prejudice to Defendants. WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

1. Re-opening and extending the general discovery period for a limited period of sixty (60) days from the entry of the Court's Order;

2. Permitting Plaintiffs to serve targeted Interrogatories and Requests for Production on Defendant Boston Children's Hospital and the Morisky Defendants, limited to the delivery and routing of the April 21, 2022 Austin Letter, the manual clinical-trial workaround, and the associated federal registry entries; and

3. Permitting Plaintiffs to take narrowly tailored depositions of key witnesses on these subjects.

Dated: May 31, 2026

Respectfully submitted,
Plaintiffs and Counter-Defendants,
By their attorneys,

Ronald D. Coleman, Esq.
Patricia Ray, Esq.
Lily Malloy, Esq.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), counsel for Plaintiffs certifies that counsel conferred with counsel for Defendants in a good-faith effort to resolve or narrow the issues presented by this motion, including by raising the relief sought with counsel for the Morisky Defendants and in the

parties' joint status report. Defendants do not join or support this Motion and may oppose or take

no position on the relief requested.

/s/ Patrricia Ray

Date: June 8, 2026

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, filed through the CM/ECF system, will be

sent electronically to the registered participants as identified on the Notice of Electronic Filing on

Dated June 9, 2026

**EXHIBITS**

A.  **Exhibit A:** The Morisky Defendants' First Amended Answer, Counterclaims, and Third-Party Complaint (Dkt. 99, filed January 15, 2026).

B.  **Exhibit B:** Chronology of the Motion for Leave to File the SAC from January 2026 through late May 2026, documenting the period during which the motion remained pending.