UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH, LLC,<br><br>       Plaintiff,<br><br>   vs.<br><br>THE CHILDREN'S HOSPITAL<br>CORPORATION, et al.,<br><br>      Defendants | Civ. A. No. 1:24-cv-12108-DJC |

**THE HOSPITAL'S OPPOSITION TO THE PLAINTIFF'S MOTION TO
EXTEND THE DISCOVERY PERIOD UNDER FED. R. CIV. P. 16(B)(4)**

The Court adopted a schedule the parties jointly proposed in December 2025 (Doc. No. 85). MMAS Research failed to seek any discovery at all in the time the parties had agreed and the Court had ordered. It failed to ask for an extension until after the deadline had passed. These are textbook reasons not to extend the time for discovery.

MMAS Research must show good cause to justify an extension. *See* Fed. R. Civ. P. 16(b)(4) (good cause required). But because the deadline for discovery has passed, "[m]ore is required." MMAS Research must also show that the "failure to request an extension in a timeous manner constitutes excusable neglect." *Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.,* 730 F.3d 23, 26 (1st Cir. 2013).

MMAS Research has not even tried to show excusable neglect for its failure to seek to extend the time for discovery before now. Nothing about its neglect to prosecute its own case was excusable. MMAS Research obviously had time and resources to devote to this case. In April and May 2026—nearly at the end of the jointly agreed discovery period—MMAS Research devoted plenty of time to threatening to make, and then making, serious accusations of

5115321_1

research misconduct against Dr. Jacob Hartz, an early career researcher and a defendant in the case until the Court dismissed the claims against him, by filing complaints with Harvard Medical School, the NIH, and the Hospital. (Folkman Decl. ¶¶ 5-10 & Exs. 2-7). It devoted its resources to these matters rather than to taking discovery or seeking an extension of the schedule.

MMAS Research did not serve any requests for the production of documents or interrogatories. It did not notice any depositions. It did not serve any subpoenas. It did not respond to any of the discovery requests the Hospital served, and the Hospital had to make three motions to compel. MMAS Research did not oppose any of them. After the Court granted the Hospital's motion to compel depositions, MMAS Research refused to participate, and the Hospital had to request a conference in preparation for a motion for sanctions to get a commitment from MMAS Research to do what the Court had ordered it to do and produce its witnesses.

MMAS Research claims that good cause exists because discovery was stayed while its motion for leave to amend its complaint was pending. That is false in fact and inaccurate as a matter of law. *See Fong v. U.S. Bancorp,* 2025 U.S. Dist. LEXIS 261071, at *3-4 (E.D. Cal. Dec. 17, 2025) (rejecting argument that discovery was stayed due to pending motion to amend complaint, where the court had not ordered a stay). The Hospital was pursuing discovery all through the discovery period. And MMAS Research knew it was obligated to participate. It asked the Hospital to stipulate to a stay of discovery on March 16, 2026. The Hospital declined. (Folkman Decl. ¶¶ 3-4 & Ex. 1). The parties conferred as required by L.R. 7.1 on March 17, 2026, but MMAS Research never filed a motion to stay. In the Joint Status Report filed on April 3 (Doc. No. 119), MMAS Research made it clear that it thought discovery ought to be delayed until the Court ruled on the pending motion for leave to amend and the motion to disqualify Dr.

5115321_1

Morisky's lawyer. The Court suggested that it was open to a motion to extend the discovery deadline by 30 days "should that be useful to the parties" but that it "would like to keep discovery moving." (Doc. No. 123 at 7:24-8:5). Yet MMAS Research still did nothing. At the May 21 conference held to discuss the Hospital's proposed motion for sanctions, the Court noted that there might be grounds to reopen discovery if it later granted MMAS Research's motion to amend, but it pointed out that it might deny the motion, in which case discovery would remain closed. MMAS Research did nothing for nearly two weeks. It finally asked the Hospital for a L.R. 7.1 conference on June 1. (Folkman Decl. ¶ 11 & Ex. 8).

Good cause is primarily about the movant's diligence. *See O'Connell v. Hyatt Hotels,* 357 F.3d 152, 155 (1st Cir. 2004). Litigants "cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." *Id.* (citation and internal quotation marks omitted). "Indifference by the moving party seals off this avenue of relief irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." *Id.* (citation and internal quotation marks omitted). Since MMAS Research had to know that discovery was not "in abeyance," and since it acknowledged the need for a stay but then failed to seek one, the record does not support an argument that MMAS Research was diligent.

MMAS Research sought no discovery. It sought no stay of discovery. It sought no extension of discovery until the time for discovery had expired. The Court should deny the motion.

3

Respectfully submitted,

THE CHILDREN'S HOSPITAL CORPORATION

By its attorney:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
Elizabeth L. Gardon (BBO No. 711867)
RUBIN AND RUDMAN LLP
53 State St.
Boston, Mass. 02109
(617) 330-7000
tfolkman@rubinrudman.com
egardon@rubinrudman.com

Dated: June 17, 2026

4

5115321_1