# Exhibit 3

## Theodore J. Folkman

| | |
|---|---|
| **From:** | Steve Trubow <trubow1@gmail.com> |
| **Sent:** | Wednesday, April 29, 2026 3:37 AM |
| **To:** | Theodore J. Folkman |
| **Cc:** | Ronald D. Coleman; Patricia ray; Neil Hartzell; Lily J. Malloy |
| **Subject:** | [EXTERNAL] Re: Subject: NOTICE OF INTENT TO FILE REGULATORY COMPLAINTS – Research Misconduct and Grant Fraud (Grant K23HL145109) |

**WARNING: This message is from an external email address.**

Mr. Folkman,

My lawyer Patricia Ray informed me that you complained to our tean that I was threatening your client.

Your attempt to characterize our regulatory notifications as a "weapon" in this litigation is both legally inaccurate and scientifically irresponsible. MMAS Research LLC is not merely "notifying" agencies; we are fulfilling a **mandatory reporting obligation** to protect the integrity of the clinical trial record and public safety.

**1. The Liability of Silence** MMAS Research LLC is the steward of a globally recognized diagnostic standard. Under **GCP guidelines** and **21 CFR Part 11**, an entity that becomes aware of significant data integrity failures—specifically the use of a **retracted methodology** to validate commercial health interventions—has a fiduciary duty to report such findings. Remaining silent in the face of known scientific fraud would expose MMAS Research LLC to liability for complicity in the dissemination of false clinical evidence.

**2. Notification as a Scientific Mandate** Reporting the systematic use of the paper-based MMAS-8 is not a "litigation choice," but a response to your client's specific actions:

- **Knowledge of Retraction:** Your clients admitted the 2008 scale was retracted in their **June 2025 article**.

- **Willful Omission:** By intentionally omitting the scientific grounds for that retraction (the 43% "coin-toss" sensitivity), your clients engaged in a calculated attempt to sanitize a discredited metric.

- **Pediatric Risk:** Validating a commercial app (**Wellth**) for adolescents using a tool that misses **60% of non-adherent patients** is a breach of the Standard of Care that requires immediate intervention by the **OHRP** and **FDA**.

**3. The Path to Resolution** If BCH maintains that its data is robust, it should welcome the **Corrective Re-Scoring Audit** we have requested. Since BCH already held a **Morisky Widget license** with access to the validated scoring and coding criteria, re-processing the data according to the validated standard is the only professionally acceptable method to resolve this dispute.

In the future, please direct your criticism to me and not my legal team.

We reserve all rights to continue our notifications to the relevant regulatory bodies to ensure our own compliance with federal and international reporting standards.

Steven Trubow

MMAS Research LLC

101 2nd St.

Petaluma CA 94952

---

**From:** Steve Trubow <trubow1@gmail.com>
**Sent:** Tuesday, April 28, 2026 4:33 PM
**To:** Theodore J. Folkman <tfolkman@rubinrudman.com>
**Cc:** Ronald D. Coleman <rcoleman@colemanlaw-pc.com>; Patricia ray <raypatricia@yahoo.com>; Steve Trubow <trubow1@gmail.com>; Neil Hartzell <neil.hartzell@fmglaw.com>; Lily J. Malloy <lily.malloy@fmglaw.com>
**Subject:** Subject: NOTICE OF INTENT TO FILE REGULATORY COMPLAINTS – Research Misconduct and Grant Fraud (Grant K23HL145109)

**To:** Theodore Folkman, Counsel for Boston Children's Hospital

Mr. Stockman,

This letter serves as formal notice that **MMAS Research LLC** is finalizing the submission of comprehensive regulatory complaints to the **HHS Office of Research Integrity (ORI)**, the **HHS Office of Inspector General (OIG)**, and the **NIH Agency Intramural Research Integrity Officer (AIRIO)**. These complaints concern the professional and scientific conduct of your clients, Jacob Hartz et al., in the publication of the protocol: *"The Use of Mobile Health Technology and Behavioral Economics to Encourage Adherence to Statins and Blood Pressure–Lowering Medication in Adolescents with Familial Hypercholesterolemia or Hypertension: Protocol for a Pre-Post Cohort Study"* (**JMIR Res Protoc 2025;14:e65105**).

**The Basis of the Complaint**

The published protocol contains a documented admission of "Scientific Scienter." In the study's own bibliography, the investigators:

1. **Cite the 2008 MMAS-8 article** (Reference 47) as the foundational logic for their primary clinical outcome.

2. **Explicitly acknowledge** within that same citation that the 2008 article was **retracted in September 2023**.

Despite this explicit knowledge of the methodology's invalidity, your clients have proceeded to utilize federal funds (**Grant K23HL145109**) and a public clinical registry (**NCT04458766**) to conduct research on a vulnerable adolescent population (ages 12-19) using a "dead" and scientifically invalidated instrument.

**Independent Regulatory Obligation**

Please be clear: **this regulatory action is independent of the pending civil litigation between the parties.** This notice arises solely from MMAS Research LLC's discovery of these flagrant violations of federal research standards. Having become aware of these systemic breaches, MMAS Research LLC is cognizant of its own potential liability if it fails to report such misconduct to the proper regulatory agencies. Failure to act would constitute complicity in the dissemination of invalidated clinical data and the misuse of federal resources.

**The Necessity of This Action**

MMAS Research LLC has a fundamental duty to the scientific community, the National Institutes of Health, and the human subjects involved to report these violations. We have no choice but to proceed for the following reasons:

- **Public Safety & Ethical Obligations:** Allowing a clinical trial to proceed using a retracted diagnostic tool misrepresents the scientific benefit and accuracy to the youth participants and their guardians.

- **Stewardship of the Scientific Record:** As the developers and stewards of the medication adherence scales cited in Reference 46—which your clients correctly identify as being edited by Steven Trubow—we cannot be silent witnesses to the corruption of the scientific record through the use of a discredited 2008 manual scale.

- **Federal Regulatory Compliance:** The misuse of NIH resources for research predicated on retracted methodologies constitutes "Waste, Fraud, and Abuse" of federal funds.

**Final Opportunity to Remedy**

We are providing Boston Children's Hospital **seven (7) days** from the date of this email to take immediate corrective action—specifically the withdrawal of the protocol from JMIR and formal notification to the IRB and NIH regarding the use of the retracted methodology—before our finalized complaints are transmitted to the federal oversight bodies.

If we do not receive a confirmation of such corrective action by **May 6, 2026**, the complaints will be filed, and we will move to have the study results administratively struck from the federal record.

Sincerely,

**Steven Trubow in Tokyo**

MMAS Research LLC

101 2nd St

Petaluma CA 94952

360-824-0701

3