UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MMAS RESEARCH LLC, et al., )
Plaintiffs )
) No. 1:24-cv-12108-DJC
vs. )
THE CHILDREN'S HOSPITAL CORPORATION, et al., )
Defendants. )

BEFORE THE HONORABLE JESSICA D. HEDGES
UNITED STATES MAGISTRATE JUDGE
STATUS CONFERENCE
(Digital Recording)

John Joseph Moakley United States Courthouse
Courtroom No. 25
One Courthouse Way
Boston, Massachusetts 02210

May 21, 2026
10:06 a.m.

Kristin M. Kelley, RPR, CRR
Official Court Reporter
John Joseph Moakley United States Courthouse
One Courthouse Way, Room 3209
Boston, Massachusetts 02210
E-mail: kmob929@gmail.com

Mechanical Steno - Computer-Aided Transcript

APPEARANCES:

Patricia L. Ray
211 Yacht Club Way
Ste 138
Redondo Beach, CA 90277
215-908-6810
raypatricia@yahoo.com
for Plaintiffs.

Theodore J. Folkman
Elizabeth Gardon
Rubin & Rudman LLP
53 State Street, 15th Flr.
Boston, MA 02109
617-330-7135
tfolkman@rubinrudman.com
for Defendants.

Franklin Christopher Austin
Lex Tecnica, Ltd.
10161 Park Run Drive
Suite 150
Las Vegas, NV 89145
702-610-9094
chris@lextecnica.com
for the Morisky defendants.

** Proceedings recorded by sound recording and produced by computer-aided stenography. **

PROCEEDINGS

THE CLERK: The United States District Court for the District of Massachusetts is now in session on May 21, 2026, in the matter of MMAS Research vs. Children's Hospital Corp, et al., Civil Action No. 2024-12108.

Could counsel please identify themselves for the record.

MS. RAY: Hello. I'm Patricia Ray for the plaintiff, MMAS Research.

THE COURT: Good morning, Miss Ray.

MR. FOLKMAN: Morning, your Honor. Ted Folkman for the hospital defendants.

THE COURT: Good morning, Mr. Folkman.

MS. GARDON: Good morning, your Honor. Elizabeth Gardon, also for the hospital defendants.

THE COURT: Good morning, Miss Gardon.

MR. AUSTIN: Good morning, your Honor. Chris Austin for the Morisky defendants.

MS. MALLOY: Good morning, your Honor. Lily Malloy, local counsel for plaintiff, MMAS Research.

THE COURT: Good morning. Okay. So we're here for a status conference on the hospital's proposed motion for sanctions against the plaintiff MMAS Research. I'm just going to recap the relevant history as I see it so that we can figure out where we go from here.

On December 13th, the Court, 2025, the Court entered the current scheduling order, the operative scheduling order. And that was largely adopting the case deadlines that were jointly proposed by the parties as is relevant to today's discussion. Fact discovery was to be completed by May 8, 2026, which has passed. Motions for summary judgment are due by July 10, 2026, a date which is still in effect.

On January 23, the hospital filed a motion to compel MMAS to provide damages' calculations. That's at docket No. 101.

On March 10th, the hospital filed a motion to compel MMAS's responses to its first set of interrogatories, second set of interrogatories, and first requests for production of documents. That's docket No. 116.

MMAS did not oppose either motion.

On March 16th, this matter was referred to me for full pretrial proceedings, not for dispositive motions at this point. That was at docket 117.

I held a status conference with the parties on April 7, 2026 and entered an order allowing the hospital's unopposed motion to compel initial disclosures and discovery responses, and I ordered that MMAS serve written responses to produce responsive documents by April 21, 2026. That date has passed.

The same day, on April 7th, the hospital moved for an

order compelling the depositions of MMAS Research and Steven Trubow, along with a request for sanctions. MMAS did not oppose that motion either.

On May 1st, I allowed that unopposed motion to compel depositions but denied the request for sanctions. I ordered that MMAS -- that MMAS's 30(b)(6) designee and Steven Trubow appear and complete their deposition by May 29, 2026, a date which hasn't yet passed. And I extended fact discovery to May 29, 2026, for the only purpose, the limited purpose, of completing these depositions and ordered that all other scheduling deadlines remain.

So I've reviewed the parties' joint submission from yesterday and I wanted to touch base with you here, but I do want to be very clear that, with the exception of one deposition, I believe, discovery is closed, and it has been closed since May 8th. If MMAS did not complete its production of documents by that deadline, it's in violation of my scheduling order.

Also, if MMAS planned to seek any discovery based on the case as it stands today, setting aside any motion to amend because the Court hasn't ruled on that yet, the deadline for that has passed. So there will be no reopening of the fact discovery deadline at this time.

So -- turning to the issue of the document productions, are there any issues with respect to outstanding

documents that I should be aware of? The way that I see it now, to be clear, is the deadline has passed on those. So what's the issue, counsel, for MMAS?

MS. RAY: That's me? The plaintiffs' concerned about this outstanding motion to amend the complaint and concerned about committing to any deadlines that would preclude their further discovery when that motion is granted. I'm unclear on what to do about that. We've been cooperative with opposing counsel and agreed to a deposition on June 22nd, but concerned about committing to ending discovery.

THE COURT: Discovery has ended. So, to be clear, discovery is closed. It closed on May 8th. There's one deposition that's outstanding. For some reason, that deposition didn't occur within the original scheduling deadline. I extended the scheduling deadline to allow for that to occur for no other purpose.

And as to the motion to amend, the motion -- the Court hasn't yet ruled on the motion to amend. The Court will, but the case is as the case is today. If we need to change the discovery deadlines, the motion to amend may be denied, in which case there's nothing else to do. If the motion to amend is allowed, then maybe there is an additional conversation about some additional discovery that needs to happen, but that's not where we are.

So as -- excuse me. Discovery related to the case as

it stands today is closed but for a single deposition.

MS. RAY: Yes, your Honor.

THE COURT: Does that clarify?

MS. RAY: Yes. Thank you for that.

THE COURT: Okay. Thank you.

So I'll hear from the hospital defendants on what they are -- what their position is relative to any outstanding discovery.

MR. FOLKMAN: Sure. Thank you, your Honor.

There's a lot of outstanding discovery. What I actually think I need in order to take the deposition -- assuming that what you're inclined to do is have the deposition go forward and not to get into sanctions, and I understand that that may be where this is headed, I do need documents, if there are any, that relate to the damages that the plaintiff says flow from the breach of contract.

I think the likely truth of the matter is there are no documents like that because what the discovery responses have suggested is we can't give you documents like that until we've taken discovery from you, but they never did take discovery from us.

If I get either the documents themselves or a statement from counsel that says either we have produced all the documents that relate to damages from the breach of contract or that there are none, that would be enough for me to

take that deposition. I'm not going to insist on all the documents being produced that we've requested because, frankly, I don't think it matters that much on the breach of contract claim.

03:20 THE COURT: Okay. So just to -- on that -- on that point, so, I mean, it's plaintiffs' case. If they're not producing documents on damages, perhaps --

MR. FOLKMAN: I don't disagree with you, but they haven't said that. They've said, well, we will produce damages

03:20 related to damages once we do X, Y, and Z.

THE COURT: Well, what I read them to be saying in there is, in their submission that was filed recently, is that they have produced some documents on damages.

So, Miss Ray, is that all you have on damages? And

03:21 can you -- are you prepared to put that in writing for Mr. Folkman?

MS. RAY: Yes.

THE COURT: That's all you have on damages?

MS. RAY: Yes.

03:21 THE COURT: So that represents totality of the damages in the case?

MS. RAY: Yes, it does.

MR. FOLKMAN: That's great. That's on the record and I think we can put that to bed.

03:21 So now what I'd like to do today is get a date

where -- and, frankly, I would like for Mr. Trubow to come here. I know we offered to take his deposition remotely. He's the plaintiff. He's a professional litigant. He's filed 26 federal lawsuits in the last several years.

03:21 I'm a little concerned, given just how things have gone, that it's -- there's going to be problems with the software or the fact that he's in California and it's 6:00 a.m. I would like him to come to Boston and give this deposition.

THE COURT: When did he -- Miss Ray, when did your 03:22 client leave for China, if you're prepared to -- I guess my order was the deposition be completed by May 29th. And so if he went to China knowing that was the Court's order, that seems like he should come back from China.

So it's his case so -- I'm just a little bit confused 03:22 by that.

MS. RAY: He's coming back from China in about a week.

THE COURT: Okay.

MS. RAY: He's prepared to do the deposition on June 22nd but remotely.

03:22 THE COURT: But why is he -- why is he not prepared to do the deposition until June 22nd if he's coming back in a week, which actually keeps us within the Court's deadline? I mean, you don't have to answer the why question, but I'm just saying, there's a May 29th deadline. So to the extent that the 03:23 parties can agree on some other accommodation shortly past that

deadline as opposed to not happening, but it doesn't sound like the parties do agree.

So the Court ordered all depositions be completed by May 29th. That's a court order in a case. And that's where we are.

MS. RAY: I may have misspoke about a week, but he's going to return first part of June. What is today? The 22nd. My understanding is he'll be back in the first part of June. So I -- I thought we agreed on a remote deposition on June 22nd. He committed to that. So I don't -- I don't think I can get him back before May 29th.

THE COURT: Well, I guess -- so, Mr. Folkman, I understand that you would like to do it in person. It sounds like you did previously agree to do it by Zoom. I am not entertaining any other requests for discovery at this stage related to that deposition or expanding the discovery. Discovery's closed. It was closed May 8th but for this deposition.

MR. FOLKMAN: I'll do it remotely, your Honor.

I would just like to say to Miss Ray that my intention is to put you in touch with the videography company, which will explain the software to you, and that I will expect that Mr. Trubow is ready to go with the software that he's going to use to see the exhibits. In other words, I don't want to get to whatever the date is, June 22nd or whatever, and not have

Mr. Trubow able to see my documents or anything like that.

Does that work for you? And I'm sorry. I shouldn't be addressing Miss Ray directly.

THE COURT: That's okay. I appreciate your sensitivity around that, but part of the purpose of having this status conference is to allow the parties to work it out. So go right ahead.

MR. FOLKMAN: Yeah. So I'd like to start at 9:00 a.m., Boston time. I'd like to be sure since we're combining two depositions, which I think is what you want -- in other words, you want to have a single deposition in his individual capacity and as the 30(b)(6) designee. I'd like to make sure I have seven hours of testimony time, which is what the rule says. I would like to make sure that he's ready to go at nine.

And if we need breaks or technical stuff and don't finish up by close of business, I would like to have an agreement that we're just going to carry over to the next day so if I do need the seven hours, I get it. I hope I won't take that much time.

So as long as we have those understandings, I'm happy to do it remotely.

MS. RAY: Yeah. Okay. I appreciate all this. Seven hours, fine. Only thing is I don't think I can get him to do it at 6:00 a.m. California time. If we could move it to

8:00 a.m. California time and then extend to the seven hours as needed, carry over to the next day or go late.

MR. FOLKMAN: I guess my view, your Honor, is if the time zone is a problem and he doesn't want to be up early in the morning, then fly to Boston. He's spent a month in Asia. He can travel.

THE COURT: I agree, Miss Ray. Your client -- this is not -- it's his case, right? This is not as if this is a third-party person. I mean, this is his case. If he wants to pursue the case, he needs to -- I mean, he needs to accommodate.

MS. RAY: Okay. Are you saying 6:00 a.m.'s required?

THE COURT: Getting it done in a way that is mutually agreeable is required, and I think that Mr. Folkman is saying that he will accommodate. It's beyond the deadline, number one. Two, it's a Zoom deposition, which is not ideal from his perspective. So he's saying that he will accommodate your client and you on these issues. I think that your client should do some accommodating as well. Seems fair.

MS. RAY: I agree. All right. Okay. 6:00 a.m. That's the accommodation? We'll go along with that.

Okay. 6:00 a.m. Zoom deposition on June 22nd for seven hours.

MR. FOLKMAN: Well, we don't have to get so much in the weeds on this but we're going to have a day of depositions

and if for some reason we're going to carry it over to the next day, that would be -- I hope we won't have to do that, but I don't want any problems.

THE COURT: All right. I think that we've resolved the issues that were before me that we were planning on discussing today.

As you sort of suspected, Mr. Folkman, I'm not inclined to entertain any sanctions at this stage. However, if by May 29th the issues discussed today are not resolved, the hospital may file its motion, any motion, for sanctions without requesting another discovery conference. Then I'll consider the issue at that time.

MR. FOLKMAN: I believe you mean June 22, your Honor.

THE COURT: I'm sorry. June 22nd, right, by the time of the deposition. I'm not going to formally change the deadline. The deadline is the deadline. The parties have agreed to go slightly beyond the deadline.

I do -- Miss Ray, I just want to clarify. In your statement in the joint status report, while you are correct that, arguably, dismissal as a sanction is not technically within the realm of the referral, I am certainly -- I could certainly, as a part of discovery regimen, I could recommend dismissal as a sanction. So just to make that very clear to you. I think that -- just to be clear.

MS. RAY: Okay. Thank you, your Honor. Thank you. I

understand.

THE COURT: Thank you.

Anything else, Mr. Folkman?

MR. FOLKMAN: I don't think so, your Honor. I hope -- I hope we will not have to trouble you again on this.

THE COURT: Me too.

Miss Ray, I hope that everyone can work this out. I'm trying to be of assistance in supporting you in doing so. So good luck on getting discovery done.

Miss Ray, anything else?

MS. RAY: No, your Honor. Thank you.

THE COURT: Mr. Austin?

MR. AUSTIN: I have nothing, your Honor. Thank you.

THE COURT: Miss Gordon or Miss Malloy?

UNIDENTIFIED SPEAKER: Nothing, your Honor. Thank you.

THE COURT: Thank you. Have a great morning.

THE CLERK: Court is in recess.

(Adjourned, 10:25 a.m.)

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )
DISTRICT OF MASSACHUSETTS )

I, Kristin M. Kelley, certify that the foregoing transcript is a true and correct transcript of the audio-recorded proceedings held in the above-entitled matter to the best of my skill and ability.

/s/ Kristin M. Kelley June 18, 2026

Kristin M. Kelley, RPR, CRR Date
Official Court Reporter