UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MMAS RESEARCH LLC,

Plaintiff / Counter-Defendant,

v.

THE CHILDREN'S HOSPITAL
CORPORATION, d/b/a BOSTON
CHILDREN'S HOSPITAL, et al.,

Defendants.

Civil Action No. 1:24-cv-12108-DJC

Chief Judge Denise J. Casper

Mag. Judge Jessica D. Hedges

**PLAINTIFF / COUNTER-DEFENDANT'S OBJECTION TO THE
MAGISTRATE JUDGE'S JUNE 18, 2026 ORDER DENYING ITS
MOTION TO EXTEND THE DISCOVERY PERIOD
(FED. R. CIV. P. 72(a))**

PLAINTIFF/COUNTER-DEFENDANT'S OBJECTION
TO THE MAGISTRATE JUDGE'S JUNE 18, 2026
ORDER DENYING ITS MOTION TO EXTEND THE
DISCOVERY PERIOD (FED. R. CIV. P. 72(a)) - 1

**Persepolis Law, PLLC**
809 Washington Street, Suite A
Newton, Massachusetts 02460
(617) 431-4329

## I.    INTRODUCTION

Plaintiff / Counter-Defendant MMAS Research LLC ("MMAS") objects, under Federal Rule of Civil Procedure 72(a), to the Magistrate Judge's June 18, 2026, electronic Order (the "Order") denying its Motion to Extend the Discovery Period (Doc. 133). The Order should be set aside as clearly erroneous and contrary to law.

The Order denies relief on the premise that MMAS was inactive and treated the schedule with indifference. The docket does not support that premise. The period the Order faults MMAS for not using was a period in which the operative counterclaims, the parties, and the very questions that governed how MMAS could take discovery remained unsettled by motions the Court did not resolve until after fact discovery had closed. The Morisky Defendants' operative First Amended Counterclaims were not filed until January 15, 2026 (Doc. 99). MMAS's motion for leave to file its Second Amended Complaint was not decided until May 28, 2026 (Doc. 130). And MMAS's motion to disqualify the Morisky Defendants' counsel—the attorney who authored those counterclaims—was not decided until that same day, May 28, 2026 (Doc. 131), after the close of fact discovery and without an evidentiary hearing. A litigant cannot be charged with indifference for

PLAINTIFF/COUNTER-DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S JUNE 18, 2026 ORDER DENYING ITS MOTION TO EXTEND THE DISCOVERY PERIOD (FED. R. CIV. P. 72(a)) - 2

**Persepolis Law, PLLC**
809 Washington Street, Suite A
Newton, Massachusetts 02460
(617) 431-4329

failing to take, against unsettled pleadings, discovery that the Court's own undecided motions had placed beyond reach.

The discovery regime the Order leaves in place is, moreover, one-sided. The Court compelled MMAS to respond—over its standing objection—to interrogatories and Rule 30(b)(6) deposition topics directed at the Proposed Second Amended Complaint and its Exhibit 20, then denied leave to file the very pleading to which Exhibit 20 was attached, and then, by the Order now under review, denied MMAS any discovery of its own. On June 22, 2026, BCH examined MMAS's principal for the day; MMAS has deposed no one. That asymmetry, detailed in Part II, is the product of the Court's rulings, not of MMAS's indifference. And, as Part III explains, it leaves MMAS unable to defend three consequential counterclaims, including one that rests on a cancelled trademark registration held of record by a person who is not the party asserting the claim.

## II.    STANDARD OF REVIEW

On a timely objection to a magistrate judge's order on a nondispositive matter, the district judge "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is clearly erroneous when, on the entire record, the reviewing court is "left with the definite

**Persepolis Law, PLLC**
809 Washington Street, Suite A
Newton, Massachusetts 02460
(617) 431-4329

and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). An order is contrary to law when it applies an incorrect legal standard or misapplies the correct one.

### III.    RELEVANT PROCEDURAL CHRONOLOGY

The chronology is dispositive. On January 2, 2026, MMAS moved to extend its time to answer the counterclaims "pending Plaintiff's Motion to File an Amended Complaint." (Doc. 89.) On January 15, 2026, the Morisky Defendants filed their operative First Amended Counterclaims (Doc. 99), asserting trademark infringement, a Chapter 93A claim, and a declaratory-judgment claim against MMAS and, personally, against its principal Steven Trubow. The scheduling order set a May 8, 2026, fact-discovery deadline (Doc. 86), later extended only for the limited purpose of completing two depositions. The Court did not decide either of the two motions that controlled MMAS's ability to take discovery until May 28, 2026—after fact discovery had closed: on that date it both denied leave to file the Second Amended Complaint (Doc. 130) and denied the motion to disqualify the Morisky Defendants' counsel (Doc. 131), the latter on the papers and without an evidentiary hearing. MMAS answered the operative counterclaims on June 4, 2026 (Doc. 132). On June 22, 2026, BCH took the combined individual and Rule 30(b)

**Persepolis Law, PLLC**
809 Washington Street, Suite A
Newton, Massachusetts 02460
(617) 431-4329

(6) deposition of Mr. Trubow. The Court entered the Order denying an extension on June 18, 2026.

## V.    ARGUMENT

**I.    The Order Is Clearly Erroneous Because Its Finding of "Indifference" Disregards the Court-Controlled Impediments That Consumed the Discovery Period.**

The Order applies the diligence-focused standards of Rules 6(b)(1)(B) and 16(b)(4). See *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004); *Rivera-Almodovar v. Instituto Socioeconómico Comunitario, Inc.*, 730 F.3d 23, 26–27 (1st Cir. 2013). But diligence presupposes a usable discovery window. The litigants in those cases let an available period lapse through their own inaction; neither reaches a party whose window was consumed by the court's own unresolved motions. Applying a diligence standard without accounting for that distinction is inappropriate as a matter of fairness and contrary to law.

Two court-controlled uncertainties spanned the discovery period. First, MMAS's motion for leave to file its Second Amended Complaint was pending and undecided until May 28, 2026 (Doc. 130)—after discovery closed—leaving the scope of the claims and parties unsettled throughout. Second, MMAS's motion to disqualify the Morisky Defendants' counsel was not decided until that same day, May 28, 2026 (Doc. 131), and was decided on the papers without an evidentiary

**Persepolis Law, PLLC**
809 Washington Street, Suite A
Newton, Massachusetts 02460
(617) 431-4329

hearing. The attorney in question authored and defends the counterclaims on which MMAS faces personal exposure. For the entire discovery period, MMAS could not take counterclaim discovery through that counsel or his firm without colliding head-on with its own pending, undecided motion to disqualify him. That impediment was not of MMAS's making and was not removed until the window had already closed.

A party cannot diligently take discovery against pleadings the court has not settled, or through counsel the party is simultaneously and properly seeking to disqualify on a motion the court has left undecided. The Order's "indifference" finding rests on a picture of a static case in which MMAS sat on its hands. The docket shows the opposite: the case was in continuous flux, and the source of that flux was the undecided motions. A finding of indifference that ignores those court-created impediments is clearly erroneous. *Anderson*, 470 U.S. at 573.

The assertion that MMAS "sought no stay of discovery" does not fairly address this issue; MMAS, in fact, placed the unsettled posture before the Court at the outset, moving on January 2, 2026 to defer its response to the counterclaims expressly pending the amendment ruling (Doc. 89). That the motion was styled as one to extend time to answer rather than to stay discovery does not convert the Court's ensuing delay into indifference by MMAS. The dispositive fact is that the

**Persepolis Law, PLLC**
809 Washington Street, Suite A
Newton, Massachusetts 02460
(617) 431-4329

predicate rulings did not occur until after the window had closed.

## II. The Order Leaves in Place a One-Sided Discovery Regime in Which MMAS Was Compelled to Participate as to the Proposed Second Amended Complaint and Exhibit 20 While Denied All Reciprocal Discovery.

BCH served interrogatories and a Rule 30(b)(6) deposition notice keyed to the Proposed Second Amended Complaint. Several deposition topics demanded testimony on the factual basis of specific paragraphs of that proposed pleading, and on communications with any reader of the study attached to it as Exhibit 20. BCH's own deposition notice conceded the posture: it stated that its topics were "made after MMAS Research filed its Motion to Amend . . . and prior to the Court's decision on that motion," and were "not an admission that the Court should or will grant the motion to amend." MMAS objected that these demands were predicated on a pleading not yet in the case, and was nonetheless compelled to respond over that objection. On June 22, 2026, BCH examined Mr. Trubow on those same topics.

The Court then denied leave to file the very Second Amended Complaint to which Exhibit 20 was attached (Doc. 130), and, by the Order now under review, denied MMAS any discovery of its own. MMAS was thus compelled to give sworn answers and day-long testimony about a document attached to a pleading the Court refused to allow, while barred from taking any discovery concerning that same

PLAINTIFF/COUNTER-DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S JUNE 18, 2026 ORDER DENYING ITS MOTION TO EXTEND THE DISCOVERY PERIOD (FED. R. CIV. P. 72(a)) - 7

**Persepolis Law, PLLC**
809 Washington Street, Suite A
Newton, Massachusetts 02460
(617) 431-4329

document. A procedural scheme that compels a party to be investigated about a document but forbids it premise its own investigations on documents relating to the parties' claims is the antithesis of the "indifference" the Order attributes to MMAS and clearly erroneous. *Anderson*, 470 U.S. at 573.

And Exhibit 20 is no peripheral document. It is authored by defendants and former defendants, and it makes representations bearing directly on the counterclaims and on MMAS's defenses. Its authors disclose their own contemporaneous knowledge of the competing-attribution dispute and of this litigation. As the Magistrate Judge's own order recites, MMAS alleges that the publication's reference to a 2008 article carried the attribution "Morisky Widget MMAS, Steven Trubow, MMAS Research LLC," which MMAS alleges was a false attribution of copyright, and that an accompanying "free full text" link confused readers. (Doc. 130 at 6–7.)  The attribution appended to that reference does not appear in the actual 2008 article and was never authorized, and that the same article is identified, in the adjacent reference of the same publication, as retracted.

This is precisely the sort of material a party is entitled to develop through discovery—and precisely the material MMAS was compelled to be deposed about under oath, but forbidden to investigate.

PLAINTIFF/COUNTER-DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S JUNE 18, 2026 ORDER DENYING ITS MOTION TO EXTEND THE DISCOVERY PERIOD (FED. R. CIV. P. 72(a)) - 8

**Persepolis Law, PLLC**
809 Washington Street, Suite A
Newton, Massachusetts 02460
(617) 431-4329

### III. The Foreclosure Denies MMAS the Discovery Essential to Defend Three Consequential Counterclaims, Including a Trademark Claim Resting on a Cancelled Registration Held of Record by a Non-Party to the Claim.

The prejudice is concrete. MMAS and Mr. Trubow personally face three counterclaims (Doc. 99) that hinge on Exhibit 20: trademark infringement under 15 U.S.C. § 1114(1) and § 1125(a); unfair and deceptive practices under Mass. G.L. c. 93A; and a declaratory judgment under 28 U.S.C. § 2201 seeking to declare the Morisky Defendants the exclusive owners of the MMAS and Morisky marks and to enjoin MMAS from using or licensing them.

• **Trademark.** The § 1114(1) claim depends on a valid, subsisting registration—U.S. Trademark Registration No. 5,837,273. Per USPTO records, the registrant of record is Dr. Donald Morisky, not Morisky Medication Adherence Research LLC (the party asserting the claim); the 2023 assignment to MMAR was never recorded; and the registration was cancelled effective March 6, 2026, before fact discovery closed. The counterclaim's own allegations conflict on ownership of that registration. MMAS was foreclosed from the chain-of-title and recordation discovery bearing on MMAR's standing to assert the registered claim and on the validity of the registration. A copy of the official USPO online record for Reg. No. 5,837,273 is attached hereto.

**Persepolis Law, PLLC**
809 Washington Street, Suite A
Newton, Massachusetts 02460
(617) 431-4329

- **Chapter 93A.** MMAS was foreclosed from interrogatories and document discovery quantifying the Morisky Defendants' claimed damages and identifying each allegedly lost relationship, and from third-party discovery (including of BCH and the affected licensees) bearing on causation and on MMAS's truth defense.

- **Declaratory Judgment.** MMAS was foreclosed from discovery into the entire ownership record—the settlement agreement and its performance, the claimed assignments, and the chain of title—on which this existential count turns.

The counterclaim case as a whole depends entirely on the contested chain of title and the cancelled registration. So does the personal exposure of Mr. Trubow. Denying MMAS that discovery did not merely weaken a single count; it left MMAS unable to develop a record to defend the counterclaims it must now meet.

## IV. Because MMAS Faces Summary Judgment on Counterclaims It Was Foreclosed From Developing, the Court Should Permit a Limited, Symmetrical Reopening or, at Minimum, Preserve MMAS's Rule 56(d) Rights.

Dispositive motions are due July 10, 2026. Should the Morisky Defendants move for summary judgment on the counterclaims, MMAS would be required to oppose on a record it was structurally foreclosed from developing, as to facts within the exclusive control of the moving parties—the chain of title, the recordation

PLAINTIFF/COUNTER-DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S JUNE 18, 2026 ORDER DENYING ITS MOTION TO EXTEND THE DISCOVERY PERIOD (FED. R. CIV. P. 72(a)) - 10

**Persepolis Law, PLLC**
809 Washington Street, Suite A
Newton, Massachusetts 02460
(617) 431-4329

history, the licensing and financial records, and the testimony of the Exhibit 20 authors. Summary judgment is appropriate only after the nonmovant has had "adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In this Circuit, a continuance is warranted where discovery is incomplete, summary judgment is premature, or the facts essential to the nonmovant are in the exclusive control of the moving party. See, e.g., *Resol. Tr. Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994) (party seeking continuance was not dilatory where multiple delays in proceedings resulted from court's failure to act on pending motions).

Because the Order is clearly erroneous and contrary to law, the Court should set it aside and permit a limited, defined period of fact discovery—sixty (60) days—directed to the claims and counterclaims already at issue. Such relief adds no claim and no party; it restores the reciprocity the Court's rulings displaced, permitting MMAS the party and third-party discovery it was denied, including depositions of BCH and of the authors of Exhibit 20 and document discovery into the ownership record and the chain of title to Registration No. 5,837,273. The posture is stark: BCH has completed a day-long examination of MMAS's principal, individually and as MMAS's Rule 30(b)(6) designee, while MMAS has been

**Persepolis Law, PLLC**
809 Washington Street, Suite A
Newton, Massachusetts 02460
(617) 431-4329

permitted to depose no one. At a minimum, the Court should make clear that MMAS may invoke Federal Rule of Civil Procedure 56(d), so that it is not adjudicated on counterclaims it was foreclosed from defending.

## IV.    CONCLUSION

For the foregoing reasons, MMAS respectfully requests that the Court sustain this objection, set aside the June 18, 2026 Order, and permit a limited reopening of fact discovery directed to the claims and counterclaims at issue, together with such further relief as is just.

Respectfully submitted this 29th day of June, 2026.

Plaintiff / Counter-Defendant
MMAS Research LLC,
By its attorneys,

Ronald D. Coleman (*pro hac vice*)
COLEMAN LAW FIRM, PC
50 Park Place, Suite 1105
Newark, NJ 07102
rcoleman@colemanlaw-pc.com

/s/ A. Neil Hartzell (BBO #544752)
FREEMAN MATHIS & GARY, LLP
201 Washington Street, Suite 2200
Boston, MA 02108
neil.hartzell@fmglaw.com
*Local Counsel for Plaintiff / Counter-Defendant*

PLAINTIFF/COUNTER-DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S JUNE 18, 2026 ORDER DENYING ITS MOTION TO EXTEND THE DISCOVERY PERIOD (FED. R. CIV. P. 72(a)) - 12

**Persepolis Law, PLLC**
809 Washington Street, Suite A
Newton, Massachusetts 02460
(617) 431-4329

# CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants on the date below.

/s/ Ronald D. Coleman

Ronald D. Coleman

PLAINTIFF/COUNTER-DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S JUNE 18, 2026 ORDER DENYING ITS MOTION TO EXTEND THE DISCOVERY PERIOD (FED. R. CIV. P. 72(a)) - 13

**Persepolis Law, PLLC**
809 Washington Street, Suite A
Newton, Massachusetts 02460
(617) 431-4329