UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH, LLC,<br><br>        Plaintiff,<br><br>    vs.<br><br>THE CHILDREN'S HOSPITAL<br>CORPORATION, et al.,<br><br>        Defendants | Civ. A. No. 1:24-cv-12108-DJC |

**MEMORANDUM IN OPPOSITION TO MMAS RESEARCH'S OBJECTION TO
DENIAL OF ITS MOTION TO EXTEND THE TIME FOR DISCOVERY**

To prevail on its late-filed motion to extend the time for discovery, MMAS Research had

to show both good cause and excusable neglect. It could make neither showing. We begin with

excusable neglect, the more difficult showing and the showing that MMAS Research has not

even tried to make.

A.  Judge Hedges correctly found that MMAS Research had not shown excusable neglect for
    its late motion, and MMAS Research did not argue excusable neglect either in its motion
    or in its objection to the magistrate judge's decision.

MMAS Research did not seek an extension of the time to take discovery—a time it

jointly proposed (Doc. No. 82)—until after the time had expired. It therefore had to show

excusable neglect for its failure to make a timely motion. *See Rivera-Almodovar v. Instituto

Socioeconomico Comunitario, Inc.,* 730 F.3d 23, 26 (1st Cir. 2013).[1] But in its motion, it did not

---

[1] MMAS Research miscites *Resolution Trust Corp. v. North Bridge Assocs.,* 22 F.3d 1198 (1st Cir. 1994), for the general proposition that "[i]n this Circuit, a continuance is warranted where discovery is incomplete, summary judgment is premature, or the facts essential to the nonmovant are in the exclusive control of the moving party." The several extensions of time in *RTC* were extensions of time under former Rule 56(f) (now Fed. R. Civ. P. 56(d)) to oppose a motion for summary judgment brought by a party that, like MMAS Research, had not met its discovery obligations. The case did not involve Fed. R. Civ. P. 16 or the good cause and inexcusable neglect standard that applies to motions to extend a case schedule. It has nothing to do with the issues here. If anything, *RTC* would

even mention the "excusable neglect" standard or try to show that it met the standard. Judge Hedges found that MMAS Research had failed to meet the standard. Remarkably, MMAS Research does not even mention the "excusable neglect" standard in its objection to Judge Hedges's decision. There is no way MMAS Research could show that Judge Hedges's finding on excusable neglect is clearly erroneous or contrary to law, when MMAS Research did not even argue excusable neglect to her. *See Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir. 1987) (when a motion is referred to a magistrate judge, failure to make an argument before the magistrate judge waives the argument later). That is dispositive.

B. Judge Hedges correctly found that MMAS Research failed to show good cause to extend discovery.

MMAS Research argued good cause to Judge Hedges, but its objection is silent on good cause: it does not even mention it. The objection focuses on the standard by which the Court must review Judge Hedges's order—was it clearly erroneous or contrary to law—without considering how that standard applies to  discretionary rulings. *See Rivera-Almodovar,* 730 F.3d at 26 (decision on a motion to extend discovery period is within the court's discretion). The Court should review Judge Hedges's decision for abuse of discretion. *Cf. Sheppard v. River Valley Fitness One, LP,* 428 F.3d 1, 6 (1st Cir. 2005) (both district judge and First Circuit reviewed magistrate judge's decision on a non-dispositive discovery motion for abuse of discretion when the magistrate judge's decision was discretionary). Her decision was supported by the undisputed chronology detailed below—the jointly proposed discovery schedule, the Hospital's active discovery efforts, MMAS Research's recognition that it needed a stay, its

---

support a request by the Hospital to extend the time to file its own summary judgment motion in light of MMAS Research's discovery failures. But the Hospital is prepared to meet the existing deadline.

5147785_1

failure to do anything to seek one—and the law. Thus it was within Judge Hedges's discretion and cannot be clearly erroneous or contrary to law.

MMAS Research's argument to the magistrate judge for good cause to extend the discovery period was premised on its claim that discovery was stayed or "in abeyance" while its motion for leave to amend a complaint to add new claims was pending. (Doc. No. 133 at 3-4). But it cited no case for that proposition below, and it cites none here. The real rule is simple: a party can begin taking discovery as soon as the parties have conferred under Rule 26(f) and the party has served its initial disclosures, *see* Fed. R. Civ. P. 26(d)(1); L.R. 26.2(a). The rule MMAS Research has suggested is absurd. It would give litigants the ability to stop discovery in its tracks by filing a motion for leave to amend, even when, as here, the motion was so weak that it does not even meet the liberal standard of Fed. R. Civ. P. 15.

The facts and chronology are damning. The Hospital made its initial disclosures on December 31, 2025. It served its first set of interrogatories on January 5, 2026, its first set of requests for production of documents and second set of interrogatories on January 23, and its second set of requests of production of documents on February 18. It first noticed the depositions of MMAS Research and its principal, Steven Trubow, on January 23, 2026, and served a final 30(b)(6) schedule on March 20, 2026. (Doc No. 120-1, 120-2).  MMAS knew it was obligated to participate in discovery. That is why, in March, it asked the Hospital to stipulate to a stay of discovery, and that is why, when the Hospital said no, MMAS Research asked to confer and did confer with the Hospital about a prospective motion to stay discovery. (Doc. No. 135 at ¶¶ 3-4 & Ex. 1). But it never filed its proposed motion to stay. Nothing prevented MMAS Research from taking discovery on the claim for breach of contract, on the claims in its proposed second

3

5147785_1

amended complaint, or on the Morisky defendants' counterclaims.[2] But it never served any discovery requests of its own, even on the breach of contract claim, which it asserted in its First Amended Complaint and which, after the Court's denial of its motion for leave to amend, is the only claim against the Hospital now pending. MMAS Research failed to respond to the discovery requests or to provide a damages calculation in its initial disclosures, or to produce its witnesses for depositions, which led to three motions to compel. (Doc No. 101, 116, 120). MMAS Research did not oppose any of them, and Judge Hedges granted them all. Even after the Court's orders, MMAS Research still refused to produce its witnesses, leading to a request for a conference in preparation for a motion for sanctions, as required by Judge Hedges's standing order. (Doc. No. 128). At that conference, held May 21, MMAS Research expressed the same view it expressed in its motion for an extension and in this objection: discovery was stayed, in its view. Judge Hedges disagreed. (Doc. No. 136 at 6:4-7:5; *see also id*. at 5:13-23). Yet MMAS Research still did nothing. About two weeks later, it finally asked to confer about a motion to extend discovery. (Doc. No. 135 at ¶ 11).

On these facts, the magistrate judge did not only act within her discretion, she reached the correct conclusion. Good cause is primarily about the movant's diligence. *See O'Connell v. Hyatt Hotels,* 357 F.3d 152, 155 (1st Cir. 2004). Litigants "cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." *Id.* (citation and internal quotation marks omitted). "Indifference by the moving party seals off this avenue of relief irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." *Id.* (citation and internal quotation

---

[2] The Hospital explained its willingness to participate in discovery on the proposed new claims to the other parties and to the Court. (Doc. No. 123 at 8:22-9:18). MMAS Research has never explained why a pending motion to disqualify Dr. Morisky's counsel could have prevented it from taking discovery.

5147785_1

marks omitted). Since MMAS Research knew that discovery was not "in abeyance," and since it acknowledged the need for a stay but then chose not to seek one, the record cannot support an argument that MMAS Research was diligent.

<u>CONCLUSION</u>

For these reasons, the Court should overrule MMAS Research's objection.

Respectfully submitted,

THE CHILDREN'S HOSPITAL CORPORATION

By its attorneys:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
Taylor M. Makson (BBO No. 697476)
Elizabeth L. Gardon (BBO No. 711867)
RUBIN AND RUDMAN LLP
53 State St.
Boston, Mass. 02109
(617) 330-7000
tfolkman@rubinrudman.com
tmakson@rubinrudman.com
egardon@rubinrudman.com

Dated: June 30, 2026

5

5147785_1