**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MMAS RESEARCH LLC,<br><br>               Plaintiff<br><br>       v.<br><br>THE CHILDREN'S HOSPITAL<br>CORPORATION, et al.,<br><br>               Defendant. | Case No. 24-cv-12108-DJC |

**JOINDER OF DEFENDANTS DONALD E. MORISKY AND MORISKY MEDICATION ADHERENCE RESEARCH LLC IN THE CHILDREN'S HOSPITAL'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S JUNE 18, 2026 ORDER DENYING ITS MOTION TO EXTEND THE DISCOVERY PERIOD**

Defendants/Counter-Claimants Donald E. Morisky and Morisky Medication Adherence Research LLC ("MMAR," and together with Mr. Morisky, the "Morisky Defendants") join in The Children's Hospital Corporation's Memorandum in Opposition to MMAS Research's Objection to Denial of Its Motion to Extend the Time for Discovery (Doc. No. 140) and incorporate that opposition by reference as if fully set forth herein. For the reasons stated by the Hospital, MMAS Research has shown neither the excusable neglect required by Fed. R. Civ. P. 6(b)(1)(B) nor the good cause required by Fed. R. Civ. P. 16(b)(4), and Magistrate Judge Hedges's June 18, 2026 Order (Doc. No. 138) is neither clearly erroneous nor contrary to law. *See* Fed. R. Civ. P. 72(a). The Morisky Defendants write separately to address arguments in the Objection (Doc. No. 139) directed specifically at them and to underscore five points that are particularly salient from their perspective.

1

First, the Objection's new theory that a pending motion to disqualify the Morisky Defendants' counsel, F. Christopher Austin, somehow foreclosed MMAS Research from taking discovery does not withstand scrutiny. (Doc. No. 139 at 5–7.) A motion to revoke an adversary's pro hac vice admission does not stay, suspend, or otherwise limit a party's ability to serve interrogatories, requests for production, or deposition notices on that adversary's clients; it is, at most, a challenge to who may appear as counsel of record, not to whether discovery may proceed. MMAS Research has never identified—in its motion below, in this Objection, or anywhere else— any rule, order, or principle under which a pending disqualification motion suspends an opposing party's discovery obligations or a movant's own right to propound discovery. The Hospital made precisely this point below, and MMAS Research has never answered it: "MMAS Research has never explained why a pending motion to disqualify Dr. Morisky's counsel could have prevented it from taking discovery." (Doc. No. 140 at 4 n.2.)

The premise collapses further on examination of the disqualification motion itself. Magistrate Judge Hedges denied that motion on May 28, 2026, finding that MMAS Research had sought "drastic, disfavored relief—disqualification of its adversaries' chosen counsel based on largely meritless grounds," including an "alarming and seemingly gratuitous claim that Mr. Austin has violated federal law . . . without any meaningful evidence," and noting that a sister court considering a nearly identical motion against the same counsel found it to be nothing more than "a litigation tactic" deployed "in bad faith." (Doc. No. 131 at 8–9 & n.4.) Mr. Austin was never disqualified, never restricted from participating in discovery, and never barred from representing the Morisky Defendants at any point in this litigation. A meritless motion that the Court denied in full cannot retroactively excuse months of total discovery inactivity directed at the Morisky Defendants, particularly where MMAS Research could have served written discovery on, and

noticed depositions of, the Morisky Defendants at any time without any need for Mr. Austin to do anything other than accept service on his clients' behalf.

Nor is this the first time MMAS Research has deployed a disqualification motion against Mr. Austin as a litigation tactic, and the last time it tried, the tactic helped cost it the case. In the parallel action in the Western District of Washington, MMAS Research and the other MMAS defendants moved to disqualify Dr. Morisky's counsel "with trial only weeks away." Order for Entry of Default at 2, *Morisky v. MMAS Research LLC*, No. 2:21-cv-01301-RSM (W.D. Wash. Apr. 21, 2026), Dkt. 324. The court relied on that motion, among other obstructive conduct, in entering default against MMAS Research, LLC, Steven Trubow, and the other MMAS defendants as a sanction, holding that it "fail[ed] to see Defendants' 'motion to disqualify opposing counsel as [anything but] a litigation tactic' deployed in bad faith at the last minute." *Id.* at 4 (quoting *FMC Techs., Inc. v. Edwards*, 420 F. Supp. 2d 1153, 1157 (W.D. Wash. 2006)). The court denied Defendants' motion for reconsideration of that default on June 4, 2026, finding no manifest error or good cause to vacate it. Order Denying Defendants' Motion for Reconsideration, *id.*, Dkt. 328. The same pattern MMAS Research used to bring about a case-ending default in Washington—obstruction and delay capped by a meritless, last-minute attack on Dr. Morisky's counsel—is the pattern it has now brought to this Court.

Second, as the Morisky Defendants explained in their prior Joinder in the Hospital's Opposition to the underlying motion (Doc. No. 135 at 1–2), MMAS Research's "abeyance" theory has never had any application to the claims by and against the Morisky Defendants. The Morisky Defendants' operative First Amended Counterclaims for trademark infringement, violation of Mass. Gen. Laws ch. 93A, and declaratory judgment were filed on January 15, 2026 (Doc. No. 99), and remained fixed, definite, and fully known to MMAS Research throughout the entire

discovery period that followed. MMAS Research has not served a single request for production, interrogatory, or deposition notice on the Morisky Defendants at any point in this litigation. Plaintiff has instead undertaken a nation-wide shakedown effort to use the filing of lawsuits with no serious intention of litigating them to grab quick settlements from Plaintiff's infringing use of the Morisky Defendants' intellectual property. *See* Related Matters Chart, *Morisky v. MMAS Research, LLC*, No. 2:21-cv-01301-RSM (W.D. Wash.), Wash. Dkt. 332-4 (filed June 10, 2026), filed in support of the Morisky Defendants' Motion for Default Judgment (Wash. Dkt. 332) against Trubow and MMAS Research.[1]

MMAS Research also argues a misleading premise about what the cancellation of the MMAS trademark means. The cancellation of Registration No. 5,837,273 did not result from any abandonment of the mark, any defect in the underlying chain of title, or any act or omission by Dr. Morisky or MMAR. It resulted from the failure of a former attorney, Kenneth I. Gross, to forward a routine USPTO maintenance reminder sent August 20, 2024, after Mr. Gross had withdrawn from representing Dr. Morisky and become adverse to him in related litigation, while nonetheless remaining (unbeknownst to Dr. Morisky) the correspondence attorney of record before the USPTO for the mark. *See* Declaration of F. Christopher Austin ¶¶ 2–3, *Morisky v. MMAS Research LLC*, No. 2:21-cv-01301-RSM (W.D. Wash.), Dkt. 334-1 (filed June 16, 2026). Immediately upon discovering the cancellation on June 12, 2026, Dr. Morisky and MMAR filed a petition to reinstate

---

[1] On April 21, 2026, the W.D. Washington court entered and Order for Entry of Default (Wash. Dkt. 324) against MMAS Research, LLC for pervasive, willful, and systematic discovery and litigation misconduct, including refusing to produce documents, failing to appear for depositions, repeatedly filing privileged documents, destroying or failing to preserve evidence, violating multiple discovery orders, wrongfully asserting court-dismissed claims and defenses, disregarding previously-imposed monetary sanctions, and willfully delaying proceedings, among other actions. (Wash. Dkt. 123; Wash. Dkt. 124; Wash. Dkt. 141; Wash. Dkt. 151; Wash. Dkt. 184; Wash. Dkt. 194; Wash. Dkt. 195; Wash. Dkt. 226; Wash. Dkt. 255; Wash. Dkt. 257; Wash. Dkt. 319.)

the registration under 37 C.F.R. § 2.146 on the proper ground that the lapse was unintentional, and that petition remains pending before the USPTO. *Id.* ¶ 5; Dkt. 334 at 2. The cancellation accordingly says nothing about the validity of Morisky's and by assignment MMAR's ownership of the mark or the merit of the Morisky Defendants' counterclaims.

Nor does the cancellation leave the Morisky Defendants' trademark counterclaims undefended. A cancelled or invalidated federal registration does not extinguish the underlying mark; the claim simply converts to one based on the unregistered mark, with the burden shifting to the claimant to establish distinctiveness and non-functionality. *See OTR Wheel Engineering, Inc. v. West Worldwide Services, Inc.*, 897 F.3d 1008 (9th Cir. 2018); *Dep't of Parks & Recreation for State of Cal. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1131 (9th Cir. 2006) (even a fraudulently obtained federal registration would not extinguish the registrant's common-law rights in the mark). The Morisky Defendants' operative counterclaims independently assert infringement of seven additional, unregistered Morisky marks under 15 U.S.C. § 1125(a) (Doc. No. 99), a theory that does not depend on Registration No. 5,837,273 at all and is entirely untouched by its cancellation. Nor is the assignment relationship between Dr. Morisky and MMAR a recent invention: the Intellectual Property Assignment Agreement between them has been a matter of public record since June 16, 2023, when it was recorded with the United States Copyright Office. *See* Declaration of F. Christopher Austin, Ex. B, *Morisky v. MMAS Research LLC*, No. 2:21-cv-01301-RSM (W.D. Wash.), Dkt. 335-1 (filed June 16, 2026); 17 U.S.C. § 205(c). That recordation runs through the Copyright Office rather than the separate USPTO trademark-assignment process the Objection references, but it documents the same underlying assignment relationship the Objection suggests is unsubstantiated.

Independent of that, MMAS Research's own framing is difficult to square with the centerpiece of Part III of the Objection: the assertion that MMAS Research has been "foreclosed" from discovery into the chain of title and registration status of U.S. Trademark Registration No. 5,837,273. (Doc. No. 139 at 9.) MMAS Research's own exhibit shows that the registration was cancelled on March 6, 2026, more than two months before the close of fact discovery on May 8, 2026, and that the underlying ownership dispute has been part of this case since the Morisky Defendants' counterclaims were filed on January 15, 2026. (Doc. No. 139-1 at 1.) MMAS Research had the cancellation notice, the registrant-of-record information, and the assignment history available to it through the same public USPTO records it attaches to its own Objection, and it had more than two months of open discovery after the cancellation in which to pursue any chain-of-title discovery it believed it needed. It served nothing. A party that never asks cannot be heard to complain that it did not receive.

Third, the "one-sided discovery regime" described in Part II of the Objection (Doc. No. 139 at 7–9) concerns the interrogatories, Rule 30(b)(6) deposition topics, and deposition testimony the Hospital obtained from MMAS Research and Mr. Trubow regarding the Proposed Second Amended Complaint and the document MMAS Research labels "Exhibit 20." Although the Morisky Defendants were not a party to that exchange, the well-settled point that a pleading's allegations remain usable as evidentiary admissions even once superseded (*InterGen v. Grina*, 344 F.3d 134, 144–45 (1st Cir. 2003); *Wiseman v. Reposa*, 463 F.2d 226, 227 (1st Cir. 1972)), may well extend to the denied proposed SAC and to Exhibit 20, or portions of it, that MMAS Research actually relied on in their proposed SAC. *See Goines v. Valley Community Services Board*, 822 F.3d 159 (4th Cir. 2016). Whatever use either side may ultimately make of that testimony or of Exhibit 20 on the merits, the asymmetry MMAS Research describes arises from its own failures

to engage in discovery and supplies no basis to reopen discovery directed at counterclaims the Morisky Defendants are prepared to litigate as the record now stands.

Fourth, reopening discovery now would cause the Morisky Defendants substantial and unwarranted prejudice. Dispositive motions are due July 10, 2026 (Doc. No. 86), ten days from the date of this filing. The Morisky Defendants are preparing their summary judgment papers on the existing, closed record. Reopening discovery on the eve of that deadline, to litigate matters MMAS Research could have pursued at any time over the preceding eleven months, would force the Morisky Defendants to divert their attention and resources away from dispositive briefing to respond to belated discovery requests. This is precisely the prejudice the good-cause standard of Fed. R. Civ. P. 16(b)(4) is designed to prevent.

Fifth, no relief is warranted on Part IV of the Objection. Rule 56(d) already supplies its own remedy: if and when a party moves for summary judgment, any opposing party may submit a declaration identifying specified reasons it cannot present facts essential to its opposition, and the Court may then defer or deny the motion, allow additional discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d). Nothing about the Order under review forecloses that procedure, and no anticipatory ruling on a future, properly supported Rule 56(d) request is necessary or appropriate at this stage.

For the foregoing reasons, and for the reasons set forth in the Hospital's Memorandum in Opposition (Doc. No. 140), the Morisky Defendants respectfully request that the Court overrule MMAS Research's Objection (Doc. No. 139) and affirm Magistrate Judge Hedges's June 18, 2026 Order (Doc. No. 138) in full.

Dated: June 30, 2026

Respectfully submitted,

7

**LEX TECNICA, LTD.**

/s/ *F. Christopher Austin*
F. CHRISTOPHER AUSTIN, ESQ.
Nevada Bar No. 6559
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on June 30, 2026.


Dated: June 30, 2026                    Respectfully submitted,

                                        */s/ Brianna Show*_____

9