UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MMAS RESEARCH  LLC,

      Plaintiff,

v.

THE CHILDREN'S HOSPITAL
CORPORATION d/b/a BOSTON
CHILDREN'S HOSPITAL, et al.,

      Defendants.

Civil Action No. 1:24-cv-12108-DJC

Hon. Denise J. Casper

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE FIRST CAUSE OF ACTION
(BREACH OF CONTRACT), AND
MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1,

Plaintiff MMAS Research LLC respectfully moves for partial summary

judgment establishing that Defendant The Children's Hospital Corporation

d/b/a Boston Children's Hospital ("BCH") is liable on the First Cause of

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE FIRST CAUSE OF ACTION
(BREACH OF CONTRACT), AND MEMORANDUM
OF LAW IN SUPPORT- 1

Action for breach of contract. Plaintiff does not move for judgment on the amount of damages, which should be determined at trial. This Motion is supported by the accompanying Memorandum of Law, the Local Rule 56.1 Statement of Undisputed Material Facts, the Declaration of Steven Trubow and the exhibits thereto, and the record in this action.

**MEMORANDUM OF LAW IN SUPPORT**

## I. INTRODUCTION

This is a breach-of-contract case in which the operative facts are not in dispute because they are established entirely by the defendant's own documents. BCH executed a written perpetual license to use Plaintiff's copyrighted Morisky Widget software (the "License"). The License imposed a set of specific, unambiguous obligations on BCH: to perform all scoring and coding of MMAS-8 tests within the Morisky Widget; to obtain Plaintiff's approval before using any paper or electronic questionnaire; never to divulge the Widget's scoring and coding criteria in any publication; to include Plaintiff's required copyright and attribution notice in every publication referencing the tests; to refrain from scientific, administrative, or intellectual-property misconduct in using the Widget; and to keep the

licensed Widget tests nontransferable from BCH. BCH breached each of these obligations. The proof of each breach is documentary and comes from BCH itself — its signed License, its lead investigator's own emails, the paper test BCH created and administered, the article BCH published in the medical literature, and BCH's own postings on the National Institutes of Health's ClinicalTrials.gov website.

Because the existence of the contract, Plaintiff's performance, BCH's breach, and resulting injury are all established by undisputed documentary evidence, Plaintiff is entitled to partial summary judgment on BCH's liability under the First Cause of Action. Plaintiff does not seek judgment on the amount of damages, which it respectfully submits should be determined at trial.

## II.  STATEMENT OF FACTS

Plaintiff MMAS Research LLC owns the Morisky Widget software, which is registered with the United States Copyright Office. SUMF ¶ 1. On September 4, 2019, BCH, through its lead investigator Dr. Jacob Hartz, executed a written perpetual license to use the Widget. SUMF ¶ 2. The License imposed a set of specific obligations on BCH: to perform all scoring

and coding of MMAS-8 tests within the Widget; to obtain Plaintiff's approval before using any paper or electronic questionnaire; never to divulge the Widget's scoring and coding criteria in any publication; to include Plaintiff's Appendix 1 attribution notice in every publication referencing the tests; to refrain from scientific, administrative, or intellectual-property misconduct in using the Widget; and to keep the licensed Widget tests nontransferable from BCH. SUMF ¶¶ 4–8. Plaintiff performed its own obligations: it granted the License and traveled to Boston, at its own expense, to train and certify BCH's personnel on the Widget. SUMF ¶ 3.

BCH did not comply. In a July 6, 2022 email, Dr. Hartz admitted that BCH had administered four MMAS-8 tests and that the tests were administered from memory, with scoring on the Widget planned only afterward. SUMF ¶ 9. BCH created and administered its own paper MMAS-8 questionnaire, which Dr. Hartz transmitted to Plaintiff, and it did so without the Licensor approval the License requires and after Plaintiff had reminded him in writing that use outside the Widget requires that approval. SUMF ¶¶ 10–11. The face of that paper test discloses the Widget's eligibility-scoring rule and the reversed scoring of Question 5 – among the scoring and coding criteria the License designates as trade secrets. SUMF ¶ 12. BCH also

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE FIRST CAUSE OF ACTION
(BREACH OF CONTRACT), AND MEMORANDUM
OF LAW IN SUPPORT- 4

published the MMAS-8 scoring and coding on the National Institutes of Health's ClinicalTrials.gov website without Plaintiff's written permission. SUMF ¶ 13.

BCH then transferred the licensed Widget tests to MMAR LLC and Dr. Morisky. On the ClinicalTrials.gov website, BCH replaced the licensed Morisky Widget MMAS-8 tests with an MMAR LLC license – posting that the MMAS-8 was used "with permission from Dr Donald Morisky" and that a license agreement is available from MMAR, LLC – and BCH's Widget license was replaced with an MMAR LLC MMAS-8 license in January 2023. SUMF ¶ 14.

Plaintiff pleaded BCH's failure to include the Appendix 1 attribution notice in the Complaint filed August 15, 2024. SUMF ¶ 15. Approximately one year later, on August 14, 2025, BCH published an article authored by its personnel that omits the required Appendix 1 notice entirely and, in its place, appends a non-conforming attribution string – confirming, on the face of BCH's own publication, the breach Plaintiff had pleaded before the article existed. SUMF ¶¶ 16–17. As a result of BCH's conduct, Plaintiff has sustained reputational and business injury. SUMF ¶ 18.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE FIRST CAUSE OF ACTION
(BREACH OF CONTRACT), AND MEMORANDUM
OF LAW IN SUPPORT- 5

### III.  LEGAL STANDARD

Summary judgment is warranted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is "material" if it may affect the outcome, and a dispute is "genuine" only if the evidence would permit a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Where, as here, the material facts are established by undisputed documentary evidence — including the opposing party's own admissions and publications — summary judgment on liability is appropriate. [1st Cir./D. Mass. summary-judgment authority — local counsel to confirm.]

### IV.  ARGUMENT

**A.  The Elements of Breach Are Established as a Matter of Law.**

Under Massachusetts law, a claim for breach of contract requires proof of (1) a valid, binding agreement; (2) that the plaintiff was ready, willing, and able to perform, or performed, its own obligations; (3) that the

defendant breached the agreement; and (4) resulting damage. [Mass. breach-of-contract elements cite — local counsel to confirm.] Each element is satisfied on this record.

Formation is undisputed. Dr. Hartz signed the License on behalf of BCH on September 4, 2019. SUMF ¶ 2. Plaintiff's performance is undisputed: Plaintiff granted the License and traveled to Boston to train and certify BCH's personnel on the Widget. SUMF ¶ 3. Injury is established by the undisputed record of reputational and business harm flowing from BCH's conduct. SUMF ¶ 18. The remaining element — breach — is established, independently, six times over.

**B. BCH Breached the Requirement That All Scoring and Coding Be Done in the Widget.**

The License required that "all scoring and coding must be done in the Morisky Widget." SUMF ¶ 4. BCH's lead investigator admitted, in his own words, that BCH "administered 4 [MMAS-8] tests" and that "[t]he tests were administered from memory" (SUMF ¶ 9), and BCH created and administered a paper MMAS-8 questionnaire whose face carries the Widget's eligibility-scoring instruction and reversed Question 5 scoring (SUMF ¶¶ 10, 12). Scoring and coding conducted from memory or on a

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE FIRST CAUSE OF ACTION
(BREACH OF CONTRACT), AND MEMORANDUM
OF LAW IN SUPPORT- 7

paper instrument, outside the Widget, is a breach of this express term as a matter of law. Because breach turns on the existence of the duty and the fact of non-performance, BCH's intent is immaterial to liability.

## C. BCH Breached the Requirement of Licensor Approval for Paper Questionnaires.

The License required Plaintiff's approval before BCH could "use MMAS paper or electronic questionnaires." SUMF ¶ 5. BCH created and administered its own paper MMAS-8 questionnaire without obtaining that approval and did so after Plaintiff had reminded Dr. Hartz in writing that use outside the Widget requires Licensor approval. SUMF ¶¶ 10–11. This is an independent breach, established by BCH's own transmittal of the paper test.

## D. BCH Breached the Prohibition on Divulging Scoring and Coding Criteria in Any Publication.

The License provided that the Widget's coding and scoring criteria are trade secrets that "can never be divulged in any publication." SUMF ¶ 6. The face of BCH's paper test discloses the eligibility-scoring rule and the reversed scoring of Question 5 (SUMF ¶ 12), and BCH published the MMAS-8 scoring and coding on ClinicalTrials.gov without written permission (SUMF ¶ 13). Disclosure of the protected criteria in a publication

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE FIRST CAUSE OF ACTION
(BREACH OF CONTRACT), AND MEMORANDUM
OF LAW IN SUPPORT- 8

is a breach of this express term.

### E. BCH Breached the Attribution Requirement, as Confirmed by Its Own Published Article.

The License required BCH to include the Appendix 1 attribution notice in every publication referencing the tests. SUMF ¶ 7. Plaintiff alleged this breach in the Complaint filed August 15, 2024. SUMF ¶ 15. The Article was published August 14, 2025, approximately one year after the Complaint, and independently confirms the breach on its own face. SUMF ¶¶ 14–16. The Article omits the required Appendix 1 notice entirely and, in its place, appends a non-conforming attribution string to reference 46. SUMF ¶ 15. Whether a publication contains the contractually required notice is determined by the four corners of the publication; the Article does not contain it. This breach is therefore established as a matter of law by BCH's own document.

### F. BCH Breached Section 5 by Its Scientific, Administrative, and Intellectual-Property Misconduct in Using the Widget.

Section 5 of the License (Terms and Termination) provides that "[i]n case of scientific, administrative or intellectual property misconduct in using the Morisky Widget, MMAS reserves the right to withdraw permission for use and to pursue all legal remedies." SUMF ¶ 8. That express term

imposes on BCH a corresponding obligation to refrain from such misconduct in its use of the Widget. BCH breached it: the same undisputed documentary record establishes administration and scoring outside the Widget, disclosure of the protected scoring and coding criteria, and publication of results without the required attribution and without the disclosure that the instrument's validation basis had been retracted. SUMF ¶¶ 9–17. This conduct falls squarely within Section 5's scientific, administrative, and intellectual-property misconduct, triggering Plaintiff's contractual right to withdraw permission and to pursue all legal remedies. Because the License is "governed by and construed under the laws of Massachusetts" (SUMF ¶ 8), this breach, like the others, is adjudicated under Massachusetts contract law and is established on BCH's own documents.

### G. BCH Breached Section 1's Nontransferability Term by Transferring the Licensed Widget Tests to MMAR and Dr. Morisky.

Section 1 of the License provides that "[t]he Morisky Widget agreed to in this license are nontransferrable from the BCH." SUMF ¶ 8. BCH breached that term: on the National Institutes of Health's ClinicalTrials.gov website, BCH replaced the licensed Morisky Widget MMAS-8 condition-

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE FIRST CAUSE OF ACTION
(BREACH OF CONTRACT), AND MEMORANDUM
OF LAW IN SUPPORT- 10

and medication-specific tests with an MMAR LLC license, posting that the MMAS-8 was used "with permission from Dr Donald Morisky" and that "[a] license agreement is available from MMAR, LLC," and BCH's Morisky Widget license was replaced with an MMAR LLC MMAS-8 license in January 2023. SUMF ¶ 14. By transferring the licensed Widget tests to MMAR and Dr. Morisky in this manner, BCH did precisely what Section 1 forbids. The breach is established on the face of BCH's own government-website postings, and, like the others, is adjudicated under the Massachusetts law the License selects.

## H. Each Breach Independently Supports Judgment on Liability.

Any one of the foregoing breaches is sufficient to establish BCH's liability on the First Cause of Action. Here there are six, each proven by BCH's own executed License, admissions, paper test, publication, or government-website postings. Plaintiff is accordingly entitled to partial summary judgment that BCH is liable for breach of contract, with damages to be determined at trial. The contested magnitude of Plaintiff's damages does not bar judgment on liability; it is precisely the issue reserved for trial. See *Anderson*, 477 U.S. at 248.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff MMAS Research LLC respectfully requests that the Court grant partial summary judgment establishing that Defendant Boston Children's Hospital is liable on the First Cause of Action for breach of contract, and reserve the determination of damages for trial.

Respectfully submitted this 6th day of  July, 2026.

Respectfully submitted,

MMAS RESEARCH LLC

By its attorneys,

_____

Ronald D. Coleman (pro hac vice)
Patricia Ray (pro hac vice)
Andrew Neil Hartzell
Freeman Mathis & Gary, LLP
One Boston Place, 201 Washington St.
Suite 2200
Boston, MA 02108
617-963-5966
nhartzell@fmglaw.com
Attorneys for Plaintiff MMAS Research LLC

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE FIRST CAUSE OF ACTION
(BREACH OF CONTRACT), AND MEMORANDUM
OF LAW IN SUPPORT- 12