UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MMAS RESEARCH  LLC,

Plaintiff,

v.

THE CHILDREN'S HOSPITAL
CORPORATION d/b/a BOSTON
CHILDREN'S HOSPITAL, et al.,

Defendants.

Civil Action No. 1:24-cv-12108-DJC

Hon. Denise J. Casper

## PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

Pursuant to Local Rule 56.1, Plaintiff sets forth the following statement of material facts as to which there is no genuine issue to be tried. Each fact is supported by the record citations indicated. Record citations refer to the accompanying Declaration of Steven Trubow ("Trubow Decl.") and the exhibits authenticated therein.

## A. The Parties and the License.

1.  Plaintiff is the owner of the Morisky Widget software, registered under United States Copyright Registration No. TX 8-816-517 (registered December 3, 2019). Trubow Decl. ¶ 2 & Ex. 1.

2.  On September 4, 2019, BCH, by and through Dr. Jacob Hartz, executed a written perpetual Morisky Widget MMAS-8 license with Plaintiff. The License bears Dr. Hartz's signature and is dated 9/4/19. Trubow Decl. ¶ 4 & Ex. 2 (the "License").

3.  Plaintiff performed its obligations under the License, including granting the license and traveling to Boston to train and certify BCH's personnel on the Morisky Widget. Trubow Decl. ¶ 7.

## B. The License Terms Breached.

4.  The License required that all scoring and coding of MMAS-8 tests be done in the Morisky Widget. License § 3.

5.  The License required Plaintiff's approval before BCH could use MMAS paper or electronic questionnaires. License § 3.

6.  The License provided that the Widget's scoring and coding criteria are trade secrets that can never be divulged in any publication. License §

PLAINTIFF'S STATEMENT OF
UNDISPUTED MATERIAL FACTS
PURSUANT TO LOCAL
RULE 56.1- 2

1.

7.  The License required BCH to acknowledge Plaintiff as owner and to include the Appendix 1 attribution notice in all publications referencing the tests. License App. 1.

8.  The License, at Section 5 (Terms and Termination), provides that "[i]n case of scientific, administrative or intellectual property misconduct in using the Morisky Widget, MMAS reserves the right to withdraw permission for use and to pursue all legal remedies." License § 5.  Section 1 (Terms of Usage) provides that "[t]he Morisky Widget agreed to in this license are nontransferrable from the BCH" and that the Agreement "shall be governed by and construed under the laws of Massachusetts." License § 1.

## C.  BCH's Conduct.

9.  Dr. Hartz admitted, in a July 6, 2022 email, that BCH "administered 4 [MMAS-8] tests" and that "[t]he tests were administered from memory," with scoring on the Widget planned only afterward. Trubow Decl. ¶ 9 & Ex. 3.

10.  BCH created and administered its own paper MMAS-8 questionnaire, which Dr. Hartz transmitted to Plaintiff. Trubow Decl. ¶ 10 &

PLAINTIFF'S STATEMENT OF
UNDISPUTED MATERIAL FACTS
PURSUANT TO LOCAL
RULE 56.1- 3

Ex. 4.

11. BCH did not obtain Plaintiff's approval to create or use that paper questionnaire, notwithstanding Plaintiff's July 5, 2022 written reminder that use outside the Widget requires Licensor approval. Trubow Decl. ¶ 8 & Ex. 3.

12. The face of BCH's paper test reveals the Widget's eligibility-scoring rule and the reversed scoring of Question 5. Trubow Decl. ¶ 11 & Ex. 4.

13. BCH published the MMAS-8 scoring and coding on ClinicalTrials.gov without Plaintiff's written permission. Trubow Decl. ¶ 12.

14. BCH transferred the licensed Morisky Widget MMAS-8 condition- and medication-specific tests to MMAR LLC and Dr. Morisky by replacing them, on the National Institutes of Health's ClinicalTrials.gov website, with an MMAR LLC license — posting that the MMAS-8 was used "with permission from Dr Donald Morisky" and that "[a] license agreement is available from MMAR, LLC" — and BCH's Morisky Widget license wasreplaced with an MMAR LLC MMAS-8 license in January 2023. Trubow Decl. ¶ 13 & Ex. 5.

PLAINTIFF'S STATEMENT OF
UNDISPUTED MATERIAL FACTS
PURSUANT TO LOCAL
RULE 56.1- 4

## D.  BCH's 2025 Publication.

15.  Plaintiff alleged the attribution breach in the Complaint filed August 15, 2024. Trubow Decl. ¶ 14.

16.  On August 14, 2025 — approximately one year after the Complaint — BCH published an article (the "Article," e65105) authored by its personnel. The Article omits the required Appendix 1 notice entirely and, in its place, appends a non-conforming attribution string to reference 46. Trubow Decl. ¶¶ 15–16 & Ex. 6 (Article, ref. 46).

17.  Because the Article postdates the Complaint by approximately one year, it independently confirms, on its own face, the attribution breach Plaintiff pleaded before the Article existed. Trubow Decl. ¶ 17 & Ex. 6.

## E.  Injury.

18.  Plaintiff has sustained reputational and business injury flowing from BCH's conduct. Trubow Decl. ¶ 18.

Respectfully submitted,

MMAS RESEARCH LLC

By its attorneys,

_____
Ronald D. Coleman (pro hac vice)
Patricia Ray (pro hac vice)

PLAINTIFF'S STATEMENT OF
UNDISPUTED MATERIAL FACTS
PURSUANT TO LOCAL
RULE 56.1- 5

Andrew Neil Hartzell
Freeman Mathis & Gary, LLP
One Boston Place, 201 Washington St.
Suite 2200
Boston, MA 02108
617-963-5966
nhartzell@fmglaw.com
Attorneys for Plaintiff MMAS Research
LLC

PLAINTIFF'S STATEMENT OF
UNDISPUTED MATERIAL FACTS
PURSUANT TO LOCAL
RULE 56.1- 6