**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MMAS RESEARCH LLC,<br><br>     Plaintiff<br><br>   v.<br><br>THE CHILDREN'S HOSPITAL<br>CORPORATION, et al.,<br><br>     Defendant. | Case No. 24-cv-12108-DJC |

**MORISKY DEFENDANTS' MOTION TO STAY PROCEEDINGS**
**PENDING RESOLUTION OF RELATED**
**WESTERN DISTRICT OF WASHINGTON CASE**

PLEASE TAKE NOTICE that Defendants/Counter-Claimants Donald E. Morisky and Morisky Medication Adherence Research LLC ("MMAR," and together with Dr. Morisky, the "Morisky Defendants"), by and through undersigned counsel, hereby move this Court pursuant to its inherent authority, *Landis v. North American Co.*, 299 U.S. 248 (1936), and the first-to-file rule, *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987), for an order staying all further proceedings in this action pending resolution of *Morisky v. MMAS Research, LLC*, No. 2:21-cv-01301-RSM (W.D. Wash.). This Motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

Defendants/Counter-Claimants Donald E. Morisky and Morisky Medication Adherence Research LLC ("MMAR," and together with Dr. Morisky, the "Morisky Defendants") respectfully move the Court to stay further proceedings in this action pending resolution of a closely related,

1

first-filed proceeding in the Western District of Washington that is likely to render this action moot in whole or in part.

Nearly three years before this action was filed, Dr. Morisky commenced *Morisky v. MMAS Research, LLC*, No. 2:21-cv-01301-RSM (W.D. Wash.) (the "Washington Action"),[1] against the same MMAS Research LLC that is the Plaintiff here, asserting claims for copyright infringement, trademark infringement, breach of contract, and declaratory judgment of ownership over the identical intellectual property (the MMAS-4 copyright (TX0008285390), the MMAS-8 copyright (TX0008632533), and the Morisky Widget copyright (TX0008816517)) that MMAS Research is now asserting against Defendants in this Court. (Wash. Dkt. 22.) MMAS Research also asserted, as counterclaims against Dr. Morisky in the Washington Action, claims mirroring those it now presses against the Morisky Defendants here—breach of contract, tortious interference with business expectancy, and breach of the implied covenant of good faith and fair dealing, all arising from the same dispute over ownership and control of the Morisky Widget. (Wash. Dkt. 94 (Second Am. Countercls.) ¶¶ 70–81, 82–91, 126–130.) Those counterclaims were struck with prejudice as a discovery sanction. (Wash. Dkt. 255; Wash. Dkt. 324.)

Following years of documented discovery abuse and repeated willful violation of the court's orders, the Washington court *sua sponte* entered case-ending sanctions against all MMAS Research defendants and directed entry of default. (Wash. Dkt. 324 (Apr. 21, 2026) (Order for Entry of Default); Wash. Dkt. 325 (Apr. 22, 2026) (Clerk's Entry of Default).) On June 9, 2026, the Morisky Defendants filed their motion for default judgment in the Washington Action. (Wash. Dkt. 332.) The Proposed Order submitted with that motion includes a provision that, upon entry, will:

> (1)     Declare the Morisky Defendants the sole and exclusive owners of the Morisky Widget copyright and all related intellectual property by operation of law;

---

[1] Herein, "Wash. Dkt." references documents filed in the Washington Action.

2

(2)    Assign all of MMAS Research's pending claims—expressly including its claims in this action—to the Morisky Defendants; and

(3)    Permanently enjoin MMAS Research from taking any further affirmative action in this case without the Morisky Defendants' prior written consent. Upon entry of that order, the Morisky Defendants will seek substitution as the real party in interest under Federal Rule of Civil Procedure 25(c) and will direct the voluntary dismissal of all claims against the Hospital.

The Hospital's counsel has advised that the Hospital does not oppose staying this action as between the Morisky Defendants and MMAS Research but that the Hospital intends to oppose a stay of MMAS Research's claim against the Hospital and to proceed with its own motion for summary judgment on that claim. The Morisky Defendants nonetheless move to stay the action in its entirety because the Hospital's own claim depends on the identical ownership question the Washington court is about to resolve by default judgment: a license cannot be breached—or enforced—by a party that lacked the right to grant it. Staying only the Morisky-MMAS portions of this case while allowing that same ownership question to be relitigated here, on a different record, would create a serious risk that this Court and the Washington court reach conflicting conclusions about the same intellectual property, as explained further below.

The Morisky Defendants also recognize that this motion follows the Washington court's order directing entry of default (Wash. Dkt. 324 (Apr. 21, 2026)) by a couple of months, and that the Hospital's counsel has raised the timing of this motion. The delay reflects diligence, not neglect, for the reasons set forth herein.

A brief stay pending the Washington court's ruling will not prejudice MMAS Research. On June 18, 2026, the Court found that MMAS Research showed "extended indifference" to its obligations throughout the discovery period: it "sought no discovery, sought no stay of discovery, and sought no extension of discovery until after the time for discovery had already expired." (Doc. No. 138.) A party who ignored its own litigation obligations for eighteen months cannot credibly

3

claim urgency from a brief stay of proceedings. The cost of denying the stay, however, is substantial: requiring this Court to expend scarce judicial resources adjudicating copyright ownership and validity questions that the Washington court may resolve within weeks and risking a ruling that conflicts with the Washington court's own resolution of those same questions. That motion is now fully briefed and ripe for decision as of July 27, 2026, the noting date to which the Washington court extended the briefing schedule and, under that district's Local Civil Rules, the date by which "all briefing is complete." (Wash. Dkt. 342; W.D. Wash. LCR 7(b)(1).) Nor will the Hospital be prejudiced by the requested stay, for the reasons explained herein. The stay should be granted.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The Washington Action

On September 24, 2021, Dr. Morisky commenced the Washington Action against MMAS Research LLC, Steven Trubow, and related entities, asserting claims for breach of a Washington Civil Rule 2A settlement agreement (the "CR2A"), copyright infringement, trademark infringement, and declaratory judgment of ownership of the Morisky Widget copyright. *Morisky v. MMAS Research, LLC*, No. 2:21-cv-01301-RSM-DWC (W.D. Wash.), Wash. Dkt. 22. At the heart of that action is the same question at the heart of this one: who owns the Morisky Widget copyright, and who has the authority to license and enforce it.

The CR2A, executed in December 2020 to resolve prior litigation, expressly required MMAS Research to assign the Morisky Widget copyright and all related intellectual property to Dr. Morisky, and to cease use of Dr. Morisky's copyrights and trademarks. (Wash. Dkt. 22-6 §§ 1, 8.) MMAS Research refused to perform. (Wash. Dkt. 22 ¶ 134.) Instead, it continued to commercialize Dr. Morisky's intellectual property, filed at least twelve federal lawsuits against licensees—including this action—and collected undisclosed settlement payments from at least twenty-three of them. (Wash. Dkt. 332-4, Related Matters Chart.)

Throughout the Washington Action, MMAS Research engaged in systematic discovery abuse and willful refusal to comply with the court's rules and orders, to wit: refusing to produce documents, failing to appear at two properly noticed depositions, intentionally destroying a laptop containing over 200 agreements and financial records sought in discovery, violating multiple court orders, refusing to pay $82,877.40 in court-ordered lesser sanctions, wrongfully asserting court dismissed counterclaims and defenses in disputed pre-trial orders, willfully delaying the process, filing frivolous motions to disqualify opposing counsel on the eve of trial, and falsely representing to the Washington court that MMAS Research lacked funds to satisfy court-ordered sanctions one week after receiving a $115,000 settlement payment exceeding the sanctioned amount. (Wash. Dkt. 255; Wash. Dkt. 324.) After lesser sanctions, including $82,877.40 in sanctions MMAS Research has never paid, the striking of MMAS Research's counterclaims and affirmative defenses, and the imposition of an adverse inference failed to secure compliance, the Washington court ultimately and *sua sponte* entered case-ending sanctions and directed entry of default and the filing of a motion for default judgment. (Wash. Dkts. 255, 257, 319, 324, 325.)

On June 9, 2026, the Morisky Defendants filed their motion for default judgment in the Washington Action. (Wash. Dkt. 332.) The Proposed Order submitted with that motion contains a "Related Matters" provision that specifically addresses this action. (Wash. Dkt. 336-1, Proposed Order at 8, ¶¶ 22-24.) Upon entry of that order, all of MMAS Research's claims arising from the Morisky intellectual property in any pending proceeding, defined to include all judicial and non-judicial assertions of right based on the Morisky copyrights and related intellectual property, and expressly identified in the record as including this action, Wash. Dkt. 332-4 (listing *MMAS Research LLC v. The Children's Hospital Corp.*, No. 1:24-cv-12108-DJC (D. Mass.) as Related Matter No. 1), are assigned to the Morisky Defendants by operation of law, effective immediately. (Wash. Dkt. 336-1 at 25-26, ¶ 11.) The order would permanently enjoin MMAS Research from taking any further affirmative action in this case. (*Id.*) And the order would authorize the Morisky Defendants to substitute in this action as the real party in interest to direct the dismissal of any claim against any defendant, including the Hospital, separately and independently. (*Id.*)

**B.        This Action**

MMAS Research filed this action on August 15, 2024, nearly three years after the Washington Action. (Doc. No. 1.) It asserts breach of a Morisky Widget copyright license agreement against the Hospital and interference by the Morisky Defendants arising from their assertion of ownership to, and revocation of plaintiff's use of, the Morisky Widget copyright. (*Id.*) The Morisky Defendants filed counterclaims on January 15, 2026 (Doc. No. 99), asserting trademark infringement and related claims arising from the same dispute over ownership and use of the Morisky intellectual property at issue in the Washington Action.

Despite being the plaintiff in this action, MMAS Research served no document requests, noticed no depositions, and served no subpoenas during the entire fact discovery period. (Doc. No. 138.) Its failures prompted the Hospital to file three separate, unopposed motions to compel. (Doc. Nos. 101, 116, 120.) When the Court ordered depositions, MMAS Research refused to participate in the scheduling process, resulting in the Hospital's request for a pre-sanctions conference. (Doc. No. 128.) MMAS Research then sought a sixty-day extension of the discovery period after the deadline had already expired, which this Court denied, finding its "extended indifference is incompatible with the showing of diligence required to establish good cause, let alone the stricter standard of excusable neglect." (Doc. No. 138.) All remaining scheduling order deadlines remain in effect. (Doc. No. 138.).

**C.        The Parties' Positions on This Motion**

On June 22, 2026, the Hospital completed a day-long examination of Steven Trubow, MMAS Research's principal, both individually and as MMAS Research's Rule 30(b)(6) designee. (Doc. No. 139 at 4, 10–11.) The Hospital has represented to this Court that it "is prepared to meet the existing [summary judgment] deadline." (Doc. No. 140 at 2 n.1.)

Pursuant to Local Rule 7.1(a)(2), undersigned counsel conferred with counsel for the Hospital on June 19, 2026 and again on July 8, 2026, and sought to confer with MMAS Research on July 8, 2026 regarding the relief sought in this motion. Counsel for the Hospital advised that

6

the Hospital does not oppose staying this action as between the Morisky Defendants and MMAS Research, but that the Hospital intends to oppose a stay of MMAS Research's claim against the Hospital and to proceed with its own motion for summary judgment on that claim. Plaintiff's counsel declined to consent.

For the reasons explained below, the Morisky Defendants respectfully submit that a stay limited to the Morisky-MMAS portions of this case would not adequately protect against the risk of inconsistent rulings, and that the interests of judicial economy and comity are best served by staying the action in its entirety.

## III.    LEGAL STANDARD

A district court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This power expressly includes the authority to stay proceedings pending the resolution of related litigation in another court, where doing so will simplify issues, avoid duplicative effort, and prevent prejudice. *Id.* at 254–55; *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (district courts have "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket"); *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 78 (1st Cir. 2004) (district courts retain "broad power to stay proceedings in the interest of justice and economy").

Where two federal courts are simultaneously considering substantially the same parties and issues, the first-to-file rule establishes a strong presumption in favor of the forum of the earlier-filed action. *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987) ("[W]here identical actions are proceeding concurrently in two federal courts, the first filed action is generally preferred in a choice of venue dispute"). The rule applies whenever two actions involve substantially similar parties and issues. *Id.*

## IV.    ARGUMENT

### A.    The Washington Action Will Resolve This Case

This action rises or falls on a single threshold question: does MMAS Research own the Morisky Widget copyright, and thus have standing to assert infringement claims and to enforce the Widget copyright license agreements underlying its claims against the Hospital and the Morisky Defendants? That is the precise question the Washington court is about to resolve by default judgment. If the Washington court enters the Proposed Order against a defaulted defendant whose misconduct the court has already characterized as willful and in bad faith, (Wash. Dkt. 324 (Apr. 21, 2026)), MMAS Research will hold no copyright to enforce.  Its claims will be assigned to the Morisky Defendants by operation of law. This action will have no plaintiff with standing to proceed.

That threshold question is equally dispositive of the only claim surviving against the Hospital: breach of the Widget copyright license agreement (Count I, Doc. No. 64 at 1). A party that does not own a copyright cannot legitimately license it, nor enforce a license purporting to grant rights in property it does not own. 17 U.S.C. § 106; *Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007) ("an assignment or license of copyright can only be granted by the owner of the copyright"). If the Washington court confirms that the Widget copyright belongs to Dr. Morisky, MMAS Research will not have standing to assert a license of that copyright against the Hospital. Count I collapses with the ownership finding. There is no reason to litigate to judgment a breach of contract claim that will be mooted by the Washington court's ruling.

The proposed Washington Order does not merely bear on the issues in this case; it directly addresses this case. Paragraph 11 of the Proposed Order assigns "[a]ll claims, causes of action, and choses in action of MMAS Research arising from or relating to the Morisky Intellectual Property—including all affirmative claims asserted or assertable in any pending or future judicial or non-judicial proceeding, whether or not known to Plaintiff at the time of this Order, in which MMAS Research is or could be a plaintiff or claimant based on any Morisky Intellectual Property right—" to the Morisky Defendants immediately upon entry. (Wash. Dkt. 336-1 at 25-26, ¶ 11.) This action is identified by name in the Related Matters Chart (Washington Action, Wash. Dkt. 332-4, Related Matter No. 1) and is squarely within that provision.

Upon entry of the Washington Order, the Morisky Defendants will move to substitute as the real party in interest under Federal Rule of Civil Procedure 25(c) and will direct the voluntary dismissal of all claims against the Hospital. This action could be fully resolved without any summary judgment briefing. Courts regularly stay later-filed proceedings where a pending action will resolve the threshold issue. *See Landis*, 299 U.S. at 254 (power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket"); *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987) ("[w]here identical actions are proceeding concurrently in two federal courts, the first filed action is generally preferred"). Here, the disposition of this case follows automatically from the Washington Action's resolution.

### B. The Risk of Inconsistent Rulings on Copyright Ownership Independently Warrants a Full Stay

Even if the Court were inclined to stay only the claims and counterclaims between the Morisky Defendants and MMAS Research and allow the Hospital's anticipated summary judgment motion on Count I to proceed, that partial approach cannot eliminate this action's dependence on the same threshold questions the Washington court is about to decide. Count I requires proof that MMAS Research held a valid, enforceable license to the Morisky Widget copyright—which in turn depends on the same ownership question the Washington court is on the verge of resolving by default judgment. If this Court were to reach that question on a different record while the Washington court simultaneously enters a default judgment premised on the Morisky Defendants' exclusive ownership of that same intellectual property, the two courts could reach directly conflicting conclusions about the same copyrights.

Courts distinguish "inconsistent obligations," which arise when a party cannot comply with one court's order without violating another's, from "inconsistent adjudications," which occur "when a party wins on a claim in one forum and loses on another claim from the same incident in another forum." *Bacardi Int'l Ltd. v. V. Suarez & Co.*, 719 F.3d 1 (1st Cir. 2013). It is the latter risk that a stay here would avoid. In *Bacardi*, the First Circuit ordered a stay of federal proceedings

9

on grounds of comity and "wise and sound judicial administration" where a parallel, more advanced proceeding involving the same issues and all relevant parties was already pending. Federal courts have long recognized the related principle that, "especially where the parties and the issues are the same," a court may "hold one lawsuit in abeyance to abide the outcome of another" rather than risk exactly this kind of conflict. *American Life Ins. Co. v. Stewart*, 300 U.S. 203 (1937); *accord Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–85 (1952) (federal courts have broad, equitable discretion to manage duplicative litigation between coordinate courts in the interest of "wise judicial administration," rather than any rigid rule).

At least one court confronting a comparable risk—that denying a stay could produce "inconsistencies in the Court's rulings" where a related proceeding addressing the same intellectual property was already pending—granted a stay for that reason alone, together with the "inefficient and unnecessary expenditure of the Court's resources" that would otherwise result. *Security5, LLC v. Revolar, Inc.*, No. 16-cv-1645-DMS-JLB (S.D. Cal. June 2, 2017). The risk here is more acute: rather than two proceedings before the same court, this is a case where two different federal courts could reach opposite conclusions on the ownership and validity of the identical copyrights, based on the identical underlying facts. Because that risk exists regardless of which portion of this action is stayed, the safer and more efficient course is to stay the action in its entirety, including the Hospital's claim, pending the Washington court's ruling.

### C.    The Balance of Hardships Favors a Stay

The Morisky Defendants face a July 10, 2026, deadline to file summary judgment motions in a complex copyright dispute. Briefing that motion addressing copyright ownership, validity, infringement, and counterclaim liability will require substantial resources. If the Washington court enters its order before this Court rules on summary judgment, that entire effort will have been wasted. The Washington Action involves a defaulted defendant against whom a detailed proposed order has already been submitted. The motion for default judgment is pending against a defendant

that has defaulted and forfeited the right to contest liability. The Washington court has every reason to act promptly.

Hardship to MMAS Research if stay granted. MMAS Research has no cognizable hardship claim. This Court just found that MMAS Research "sought no discovery, sought no stay of discovery, and sought no extension of discovery until after the time for discovery had already expired," that it "did not serve any document requests, interrogatories, or subpoenas, nor did it notice any depositions," and that its conduct reflected "extended indifference" to its own obligations. (Doc. No. 138.) A party who ignored the case it filed for eighteen months cannot plausibly claim hardship from what likely will be a brief pause to permit the Washington court to adjudicate the Morisky Defendants' ownership rights at issue in this case.

No hardship to the Hospital. The Hospital's entire exposure in this action arises from MMAS Research's claims. Those claims will be mooted by the Proposed Washington Order, and the Hospital will be dismissed. A stay that accelerates that outcome, by allowing the Washington Action to conclude before this Court must devote resources to summary judgment, is in the Hospital's interest. If the Washington court enters the Proposed Order, MMAS Research will have no copyright to license and no standing to pursue Count I, and the Hospital will prevail in this action without further litigation. A stay does not merely delay resolution of the Hospital's claim; it is the most direct path to the Hospital's outright victory on that claim.

To the extent the Hospital's opposition rests on the possibility that MMAS Research will appeal an adverse Washington ruling, extending any stay by a year or more, that risk is no different from the risk the Hospital already faces in this action. MMAS Research appeals adverse rulings as a matter of course. MMAS Research is presently the plaintiff-appellant in a pending Ninth Circuit appeal, No. 26-793, from the dismissal of its related California action on first-to-file grounds, see infra Section I, and it has separately moved the Washington court to stay entry of default judgment pending that very appeal. (Wash. Dkt. 333.) A litigant that appeals a first-to-file dismissal in one court while asking a second court to await the outcome of that same appeal is not a litigant that will forgo an appeal of an adverse default judgment here. Whether or not this action is stayed, the

Hospital should expect MMAS Research to pursue whatever appellate remedies are available to it; a stay simply avoids requiring the Hospital and this Court to litigate to summary judgment first, only to have that result unsettled by the same appellate process the Hospital fears.

###### D.    Judicial Economy Strongly Favors a Stay

Summary judgment in this case is not likely to be a light undertaking. The parties would be required to brief copyright ownership, chain of title, validity, the unlicensed use and enforcement of a derivative work, infringement, counterclaim liability, and the effect of MMAS Research's own admissions in the Washington Action. Requiring that briefing to proceed while a default judgment motion—ripe for decision within weeks—sits pending in the first-filed forum— one that will likely moot every issue to be briefed—is precisely the kind of duplicative, wasteful effort that *Landis*, 299 U.S. at 254, authorizes this Court to prevent.

Proceeding with this action creates a real risk of inconsistent rulings. The copyright validity and ownership question, trademark and interreference questions this Court would decide here are the same questions pending final resolution in the Washington Action. Inconsistent outcomes between the two courts—made more likely by the default posture in Washington, where facts are admitted—would generate further litigation and uncertainty. A brief stay eliminates that risk entirely.

###### E.    The First-to-File Rule Independently Supports a Stay

The Washington Action was filed September 24, 2021. This action was filed August 15, 2024, nearly three years later. The parties are the same: MMAS Research on one side, the Morisky Defendants on the other (aligned in inverted positions). The issues are the same: ownership of, and rights to use, the MMAS-4, MMAS-8, and Widget copyrights; the authority of MMAS Research to license and enforce those rights; and the obligations of the parties under the CR2A.

Under the first-to-file rule, "[w]here identical actions are proceeding concurrently in two federal courts, the first filed action is generally preferred." *Cianbro Corp.*, 814 F.2d at 11. The Washington court acquired jurisdiction in 2021, has presided over five years of complex litigation,

has entered case-ending sanctions and default, and is on the verge of issuing a dispositive order. Principles of comity, judicial economy, and the orderly administration of justice all support allowing that proceeding to conclude before this Court is required to engage with the same issues on the merits.

**F.     Other Federal Courts Similarly Situated Have Already Applied the First-to-File Rule in Favor of the Washington Action**

This Court would not be writing on a blank slate. Multiple federal courts have already stayed or dismissed MMAS Research's parallel Widget copyright enforcement actions against Morisky Widget licensees and the Morisky Defendants (each filed after the Washington Action) on first-to-file grounds. Each involved the same plaintiff, the same copyrights, similarly situated Widget licensee defendants, and the same pattern of claims at issue here.

In *MMAS Research LLC v. Johnson & Johnson Innovative Medicine*, No. 2:25-cv-01057-RGK-SK (C.D. Cal.), Judge Klausner dismissed the entire action without prejudice after finding that "the first-to-file doctrine applies to this action in its entirety." (*Id.*, Dkt. 205 (Jan. 26, 2026).) The claims in that action included copyright infringement, breach of contract based on the Morisky Widget copyright license agreement and tortious interference against the Morisky Defendants, the same claims that remain against the Hospital and the Morisky Defendants here. (Wash. Dkt. 332-4, Ex. 2.) Judge Klausner dismissed all of those claims on first-to-file grounds, including the Widget license breach of contract claim and the tortious interference claims. The same result is warranted here.

In *MMAS Research LLC v. Charité Universitätsmedizin Berlin*, No. 2:25-cv-06299-MWF-MAR (C.D. Cal.), Judge Fitzgerald stayed the action in its entirety on January 13, 2026, pending "the resolution of the lawsuit currently pending in the United States District Court for the Western District of Washington, styled *Morisky v. MMAS Research LLC, et al.*, Case No. 2:21-cv-01301-RSM, and the exhaustion of all rights to appeal therein." (*Id.*, Dkt. 35 (Jan. 13, 2026).)

In *MMAS Research LLC v. New York University*, No. 1:25-cv-07026-LJL (S.D.N.Y.), Judge Liman stayed all proceedings on December 31, 2025, ordering that the action be "stayed in [its] entirety until the resolution of the [Washington Action] and the exhaustion of all rights to appeal therein," with all pending motions to dismiss held in abeyance. (*Id.*, Dkt. 71 (Dec. 31, 2025).)

The pattern is consistent and compelling. The C.D. Cal. and S.D.N.Y. courts recognized that the Washington Action is the controlling first-filed proceeding and that MMAS Research's parallel suits are premature. The J&J dismissal is particularly instructive: even though MMAS Research asserted a breach of Widget license agreement claim—identical to the only claim remaining against the Hospital—the court dismissed the entire action, contract claim included. This Court should do the same, or at minimum stay this action pending the Washington judgment.

Three courts in two different circuits reached the same conclusion: the Washington Action should proceed to judgment before MMAS Research's parallel actions are permitted to continue.

### G.    The Timing of This Motion Reflects Diligence, Not Delay

Counsel for the Hospital has suggested that the Morisky Defendants delayed unreasonably in bringing this motion, filing it months after the Washington court's order directing entry of default. (Wash. Dkt. 324 (Apr. 21, 2026).) The record does not support that characterization.

Between entry of default and early June 2026, undersigned counsel's resources were devoted to preparing the Washington motion for default judgment and its accompanying twenty-nine-page proposed order (Wash. Dkt. 332; Wash. Dkt. 336-1), together with two supplemental filings necessitated by developments in that action, including the notice of MMAS Research's trademark cancellation and reinstatement petition. (Wash. Dkt. 334; Wash. Dkt. 338.) The briefing schedule on that motion was subsequently extended; MMAS Research's opposition is now due July 21, 2026, and the Morisky Defendants' reply is due July 27, 2026—the noting date on which, under that district's Local Civil Rules, briefing will be complete and the motion ripe for decision. (Wash. Dkt. 342; W.D. Wash. LCR 7(b)(1).)

Once that briefing concluded, undersigned counsel turned to the present motion. At the Hospital's request during a conference on this motion on June 19, 2026, however, the Morisky Defendants held off filing until the Hospital completed its June 22, 2026, deposition of MMAS Research's principal, Steven Trubow—taken both individually and as MMAS Research's Rule 30(b)(6) designee—so as not to disrupt that deposition. (Doc. No. 139 at 4, 10–11.) Following the Trubow deposition and the Independence Day holiday, the Morisky Defendants now renew their request for a stay, before this Court is asked to rule on any dispositive motion and while the Washington court's ruling remains imminent.

## V.    CONCLUSION

For the foregoing reasons, the Morisky Defendants respectfully request that the Court stay this action in its entirety pending the Washington court's ruling on the pending motion for default judgment, ripe for decision as of July 27, 2026 (Wash. Dkt. 342), in *Morisky v. MMAS Research, LLC*, No. 2:21-cv-01301-RSM (W.D. Wash.) (Wash. Dkt. 332). The Morisky Defendants ask that the Court stay any further proceedings until the Washington court resolves the copyright, trademark, breach of contract, and interference questions common to both cases. In the alternative, should the Court decline to stay MMAS Research's claim against the Hospital, the Morisky Defendants respectfully request that the Court at minimum stay the claims and counterclaims between the Morisky Defendants and MMAS Research, as to which the Hospital does not object. The Morisky Defendants further request leave to file, within seven (7) days of any ruling on the Washington motion, a notice apprising this Court of the outcome and presenting a proposed schedule for next steps, including a motion to substitute under Federal Rule of Civil Procedure 25(c) and for voluntary dismissal of all claims against the Hospital.

Dated: July 8, 2026.

Respectfully submitted,

**LEX TECNICA**

/s/ *F. Christopher Austin*
F. CHRISTOPHER AUSTIN, ESQ.

15

Nevada Bar No. 6559
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)**

Pursuant to Local Rule 7.1(a)(2), counsel for the Morisky Defendants conferred or sought to do so by July 8, 2026 regarding the relief requested herein as set forth herein above. The parties were unable to resolve the matter without Court intervention.

Dated: July 8, 2026.

Respectfully submitted,

**LEX TECNICA**

/s/ *F. Christopher Austin*
F. CHRISTOPHER AUSTIN, ESQ.
Nevada Bar No. 6559
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on July 8, 2026.

Dated: July 8, 2026.

Respectfully submitted,

/s/ *Brianna Show*