## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH LLC,<br><br>*Plaintiff,*<br><br>*v.*<br><br>THE CHILDREN'S HOSPITAL CORPORATION, *et al.*<br><br>*Defendants.* | Case No. 1:24-cv-12108-DJC<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

Pursuant to Fed. R. Civ. P. 33, Plaintiff MMAS Research LLC ("Plaintiff"), by and through its undersigned counsel, hereby responds to Defendant's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

Plaintiff makes the following General Objections to Defendant's First Set of Interrogatories, which are incorporated by reference into each specific response below:

1. Plaintiff objects to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

2. Plaintiff objects to each Interrogatory to the extent it is overly broad, unduly burdensome, or not proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1).

3. Plaintiff's investigation and discovery are ongoing. These responses are based on information currently available to Plaintiff, and Plaintiff reserves the right to supplement or amend its responses as additional information becomes available in accordance with Fed. R. Civ. P. 26(e).

### RESPONSES TO INTERROGATORIES

**Interrogatory No. 1**

*Identify every instance in which you assert BCH breached the BCH-MMAS Research License.*

1

**Objection:** Plaintiff objects to this Interrogatory as a "contention interrogatory" that is premature, as discovery is ongoing and Plaintiff has not yet completed its investigation of all facts or its review of documents to be produced by Defendant. Plaintiff further objects to the phrase "every instance" as overly broad and unduly burdensome, particularly where the specific facts, dates, and internal logs of the breaches are within the exclusive knowledge or control of the Defendant.

**Response:** Subject to and without waiving the foregoing objections, Plaintiff states that based on its current knowledge and investigation, Defendant breached the License in at least the following respects:

- Unauthorized Administration (July 2022): On or about July 6, 2022, Dr. Jacob Hartz admitted in writing that BCH personnel administered Morisky Widget MMAS-8 tests "from memory" outside the "Morisky Widget." This directly violates License provisions requiring that any administration outside of the Morisky Widget receive prior written permission, and that all scoring and coding of Morisky Widget MMAS-8 tests be performed exclusively within the authorized Widget to ensure the validity and integrity of the diagnostic assessment.

- Breach of Attribution/Notification Requirements: The License mandates a specific notification footnote in all public-facing materials and web postings. Despite a formal request on July 4, 2022, to update the ClinicalTrials.gov listing (NCT04458766) with the required language, Defendant has failed to comply.

- Intellectual Property Misconduct (January 2023): On January 10, 2023, BCH inaccurately represented on ClinicalTrials.gov that permission was granted by "MMAR, LLC" and "Donald Morisky" individually. This misattribution and the failure to identify MMAS Research LLC as the sole Licensor constitutes a material breach of the administrative and IP provisions of the License.

- Creation of Unauthorized Derivative Works: In or around July 2022, Dr. Hartz and Ms. Palfrey utilized a paper "screener" version of the Morisky Widget MMAS-8. By developing and implementing derivative scoring and coding criteria that were never certified by the Licensor, BCH breached the License's integrity and certification requirements, among other material breaches identified herein.

- Unauthorized Protocol Publication (August 2024): BCH published a study protocol on ClinicalTrials.gov utilizing an unauthorized pre-enrollment Morisky Widget MMAS-8 screener with derivative scoring and coding criteria, further proliferating uncertified methods in violation of the License.

*Plaintiff reserves the right to supplement this response as discovery continues.*

2

**Interrogatory No. 2**

*State the basis for the allegation that BCH modified or disclosed the "Morisky Widget MMAS-8 scoring and coding criteria."*

**Objection:** Plaintiff objects to this Interrogatory as duplicative of Interrogatory No. 1. Plaintiff further objects to the extent it seeks premature disclosure of expert opinion or technical analysis regarding "scoring and coding criteria" prior to the deadline for expert disclosures and the completion of technical discovery, including the production of Defendant's internal software logs and source code.

**Response:** Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to its Response to Interrogatory No. 1. By way of further response, Plaintiff's allegations are based on:

4. Written admissions from Dr. Hartz in July 2022 regarding "from memory" administration and bypassing the Widget.

5. The creation and use of a modified paper MMAS-8 screener (e.g., Exhibit 24 to the First Amended Complaint) which utilized alternative, uncertified scoring criteria.

6. Publicly available records on ClinicalTrials.gov reflecting these unauthorized modifications and deviations from the licensed protocol.

**Interrogatory No. 3**

*For each category of damages, state the basis for your contention that BCH caused you to incur the damages.*

**Objection:** Plaintiff objects to this Interrogatory as compound and overbroad. Plaintiff further objects that it calls for legal analysis and the mental impressions of counsel and is premature, as a full calculation of damages requires expert testimony and the completion of discovery regarding the scope of Defendant's unauthorized use.

**Response:** Subject to and without waiving the foregoing objections, Plaintiff identifies the following categories of damages caused by BCH's breaches:

- Actual Damages (Estimated $1,000,000): Representing the fair market value of lost licensing opportunities and the diminished value of Plaintiff's intellectual property resulting from BCH's unauthorized use, improper attribution, and the creation of derivative works.

- Reputational Harm: Caused by BCH's public misattribution of the MMAS-8 on ClinicalTrials.gov and the use of uncertified scoring methods, which undermines the scientific validity and "gold standard" status of the Morisky Scale.

3

- Costs & Interest: Costs of suit and prejudgment interest at 10% per annum (or the maximum rate allowed by law).

BCH's failure to adhere to the License terms directly caused these losses by devaluing the proprietary nature of the Morisky Widget MMAS-8 and depriving Plaintiff of its contractually mandated control over the diagnostic assessment's administration and scientific integrity. This control is critical given the actions of the *Journal of Clinical Hypertension*, which retracted the 2008 MMAS-8 validation article because the MMAS-8 (unlike the Morisky Widget MMAS-8) demonstrated accuracy no better than a "coin toss," as well as the Nevada District Court decision regarding the lack of copyright protection for the non-widget MMAS-8.

**Interrogatory No. 4**

*[Duplicate of No. 3]*

**Response:** Plaintiff refers Defendant to its Response to Interrogatory No. 3.

**Interrogatory No. 5**

*Provide the last known address of Dustin Machi.*

**Response:** Plaintiff does not currently possess a residential address for Dustin Machi. However, he may be reached for professional purposes at:

Biocomplexity Institute, University of Virginia, Charlottesville, VA

**Interrogatory No. 6**

*Identify all persons not disclosed in your initial disclosures who are likely to have information.*

**Objection:** Plaintiff objects to this Interrogatory as duplicative of the mandatory disclosure requirements under Fed. R. Civ. P. 26. Plaintiff further objects to the extent it seeks information protected by the attorney-client privilege or work-product doctrine, specifically regarding the identity of individuals interviewed by counsel who may not be called as witnesses.

**Response:** Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to its Initial Disclosures and any subsequent supplements thereto. Plaintiff's investigation is ongoing, and Plaintiff will supplement its disclosures in accordance with Fed. R. Civ. P. 26(e) as additional individuals with discoverable information are identified through depositions and the production of internal records.

4

As to objections,

Dated: April 13, 2026

FREEMAN MATHIS & GARY, LLP
Neil Hartzell
201 Washington Street | Suite 2200
Boston, MA 02108
617-963-5966
neil.hartzell@fmglaw.com

COLEMAN LAW FIRM, PC

By: _____
Ronald D. Coleman (*pro hac vice*)
50 Park Place, Suite 1105
Newark, NJ 07102
973-264-9611
rcoleman@colemanlaw-pc.com

*Attorneys for Plaintiff*
*MMAS Research LLC*

## VERIFICATION

I, Steve Trubow, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am authorized to verify the foregoing Responses to Interrogatories on behalf of Plaintiff MMAS Research LLC; that I have read the foregoing Responses and know the contents thereof; and that the factual statements contained therein are true and correct to the best of my knowledge, information, and belief.

eSigned by Black Knight EXP-DocVerify. 2026-04-13 19:31:54 EDT
*Steven Aron Trubow*
7329414:46098150:45360016

Steve Trubow
On behalf of MMAS Research LLC

Dated: **04/13/2026**

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, a true and correct copy of the foregoing Plaintiff's Responses to Defendant's First Set of Interrogatories was served on all counsel of record by email.

Ronald D. Coleman

## ALL-PURPOSE ACKNOWLEDGMENT

State of __ARIZONA__

County of __MARICOPA__

On __04/13/2026__ before me, __Lisa Lorraine Martinez, Notary Public__
    DATE                                                    NAME OF NOTARY PUBLIC

personally appeared __Steven Aron Trubow__,
                                  NAME(S) OF SIGNER(S)

☐ personally known to me **OR** ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), an that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

LISA LORRAINE MARTINEZ
COMM. #673492
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Comm. Expires Oct. 1, 2028

WITNESS my hand and official seal.

DocSigned by Black Knight EXP-DocVerify: 2026-04-13 19.33.45 EDT

7329414:48086150.515821

Place Notary Seal or Stamp Here                              SIGNATURE OF NOTARY

Notarial Act Performed by Audio visual communication

ATTENTION NOTARY: Although the information requested below is OPTIONAL, it may prove valuable to persons relying on this Acknowledgment and could prevent fraudulent reattachment of this certificate to another document.

## DESCRIPTION OF ATTACHED DOCUMENT

**THIS CERTIFICATE MUST BE ATTACHED TO THE DOCUMENT DESCRIBED AT RIGHT**

Plaintiff Response First Set Interrogatories
TITLE OR TYPE OF DOCUMENT

6
NUMBER OF PAGES

04/13/2026
DATE OF DOCUMENT

N/A
SIGNER(S) OTHER THAN NAMED ABOVE