# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MMAS RESEARCH LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>THE CHILDREN'S HOSPITAL<br>CORPORATION, *et al.*<br><br>*Defendants.* | Case No. 1:24-cv-12108-DJC<br><br>**PLAINTIFF'S RESPONSES TO<br>DEFENDANT'S SECOND SET OF<br>INTERROGATORIES** |

Pursuant to Fed. R. Civ. P. 33, Plaintiff MMAS Research LLC ("Plaintiff"), by and through its undersigned counsel, hereby responds to Defendant's Second Set of Interrogatories as follows:

## GENERAL OBJECTIONS

Plaintiff makes the following General Objections to Defendant's Second Set of Interrogatories, which are incorporated by reference into each specific response below:

1. Plaintiff objects to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

2. Plaintiff objects to each Interrogatory to the extent it is overly broad, unduly burdensome, or not proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1).

3. Plaintiff's investigation and discovery are ongoing. These responses are based on information currently available to Plaintiff, and Plaintiff reserves the right to supplement or amend its responses as additional information becomes available in accordance with Fed. R. Civ. P. 26(e).

4. To the extent the Second Set of Interrogatories seeks discovery regarding allegations contained in Plaintiff's Proposed Second Amended Complaint ("SAC"), for which leave to file has not yet been granted by the Court, Plaintiff objects to such Interrogatories as premature and outside the scope of the operative pleading.

1

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 7**

*For each instance of infringement of the Morisky Widget Copyright, identify the date of the infringement and the acts or omissions that you assert constitute the infringement.*

**Objections:** Plaintiff objects to this Interrogatory on the following grounds:

- **Irrelevant to Operative Pleading:** This request is based entirely on allegations contained in a proposed Second Amended Complaint (SAC) for which the Court has not yet granted leave to file. Discovery is limited to matters relevant to the claims or defenses as they currently stand in the operative pleading.
- **Premature & Argumentative:** The request assumes facts and legal theories (e.g., specific "acts or omissions" of infringement) that have not been formally admitted into the case.
- **Calls for a Legal Conclusion:** Whether a specific act constitutes "infringement" is a legal determination to be made by the trier of fact.

**Substantive Response:** Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff has not yet been granted leave to amend its complaint to include the specific claims upon which this Interrogatory is predicated. Accordingly, discovery regarding these non-operative claims is premature. Plaintiff reserves the right to supplement this response should the Court grant leave to file the Second Amended Complaint.

**Interrogatory No. 8**

*For each defamatory statement that you allege BCH made, identify the date, place, speaker or author, and the precise statements that you assert constitute defamation.*

**Objections:** Plaintiff objects to this Interrogatory on the following grounds:

- **Irrelevant to Operative Pleading:** This request is predicated on defamation claims contained in the Proposed Second Amended Complaint. As the Court has not yet granted leave to file the SAC, these matters are outside the scope of permissible discovery under the current operative pleading.
- **Premature:** Identification of the full scope of defamatory statements is subject to the production of internal communications and records currently in the exclusive possession of the Defendant.

**Substantive Response:** Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to its response to Interrogatory No. 7. Discovery related to claims not

2

yet admitted to the litigation is premature. Plaintiff will supplement this response if and when the Court grants leave to file the Second Amended Complaint.

**Interrogatory No. 9**

*For each defamatory statement that you allege BCH made, identify every person to whom the statement was published, or for any statement published in print, state the number of persons who received or read the statement.*

**Objections:** Plaintiff objects to this Interrogatory on the following grounds:

- **Irrelevant to Operative Pleading:** This request pertains to claims in the Proposed Second Amended Complaint that are not yet part of this action.
- **Unduly Burdensome:** Seeking the "number of persons" who read a statement published online or in a federal database (e.g., ClinicalTrials.gov) is more readily ascertainable by the Defendant through its own analytics or is information in the public domain.

**Substantive Response:** Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to its response to Interrogatory No. 7.

**Interrogatory No. 10**

*If you contend that BCH is liable to you for harm to Mr. Trubow's reputation or physical or psychological harm to him, state the basis for your contention.*

**Objections:** Plaintiff objects to this Interrogatory on the following grounds:

- **Irrelevant to Operative Pleading:** This request pertains to claims in the Proposed Second Amended Complaint that are not yet part of this action.
- **Premature:** A full assessment of reputational harm requires expert analysis and the completion of discovery regarding the scope and impact of Defendant's misconduct.

**Substantive Response:** Subject to and without waiving the foregoing objections, Plaintiff contends that BCH's misconduct and breach of contract damaged the professional and commercial reputation of MMAS Research LLC and its proprietary products (specifically the Morisky Widget MMAS-8). This harm resulted in lost licensing opportunities and diminished brand equity. The basis for this contention includes BCH's unauthorized modifications, improper attribution, and the public use of Plaintiff's intellectual property without compensation, which devalued the exclusive nature of the software.

3

**Interrogatory No. 11**

*State the basis for the allegation, in paragraph 173 of the Proposed Second Amended Complaint, that "Defendants BCH, HMS, and Jacob Hartz scored and coded hundreds of unauthorized Morisky Widget MMAS-8 screeners."*

**Objections:** Plaintiff objects to this Interrogatory on the following grounds:

- **Irrelevant to Operative Pleading:** This request is based on the Proposed SAC for which leave to file has not yet been granted.
- **Premature:** Discovery regarding the specific volume of internal scoring and coding by Defendants is ongoing. Plaintiff cannot provide a final count before Defendants produce the internal logs, screeners, and databases that track this usage.

**Substantive Response:** Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff's contention is based on information and belief derived from preliminary discovery and public disclosures. Specifically, BCH's own internal communications and protocol publications indicate that an unauthorized MMAS-8 screener was integrated into their clinical systems and utilized by staff, including Dr. Hartz, without a valid license from MMAS Research LLC. Plaintiff will supplement this response with specific counts once Defendants fulfill their discovery obligations by producing relevant usage and server logs.

**Interrogatory No. 12**

*State the basis of your allegation, in paragraph 175 of the Proposed Second Amended Complaint, that "Defendants BCH, MMAR and Jacob Hartz willfully committed hundreds of infringements of the MMAS Widget Source Code including 2023, 2024, and 2025."*

**Objections:** Plaintiff objects to this Interrogatory on the following grounds:

- **Irrelevant to Operative Pleading:** This request seeks information regarding allegations in the Proposed SAC that has not yet been approved by the Court.
- **Calls for a Legal Conclusion:** "Willfulness" is a legal standard to be determined through evidence of intent and knowledge.
- **Premature:** A full quantification of infringements for 2023–2025 requires the production of Defendants' internal server logs and access records.

**Substantive Response:** Subject to and without waiving the foregoing objections, Plaintiff responds as follows: The allegation of willfulness is based on evidence that Defendants knowingly utilized the Morisky Widget Source Code after being put on notice of Plaintiff's intellectual property rights and after the termination of any applicable licenses. Despite this notice, BCH and its agents continued to integrate and utilize Plaintiff's proprietary software for

4

clinical assessments without authorization. Plaintiff will supplement this response with a specific list of infringing acts once Defendants produce the relevant usage data.

### Interrogatory No. 13

*If you have ever given an interview, statement, or comment to a news reporter or any news media outlet concerning you, Dr. Morisky, the Morisky Widget, or the Morisky Widget Copyright, identify the news reporter or news media outlet, state when the interview, statement, or comment was made, and explain the content of the interview, statement, or comment.*

**Objections:** Plaintiff objects to this Interrogatory on the following grounds:

- **Overbroad and Unduly Burdensome:** This request has no limitation as to time and seeks information spanning decades. It is not proportional to the needs of the case.
- **Irrelevant:** General statements made to the media regarding "Dr. Morisky" or the Plaintiff generally have no bearing on the specific contractual breaches or copyright infringements at issue in this litigation.
- **Vague and Ambiguous:** The phrase "any news media outlet" is undefined and could include a nearly infinite array of social media, blogs, or newsletters.

**Substantive Response:** Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff has conducted a reasonable search of its records and does not have a present recollection of specific interviews or comments made to news media outlets that are relevant to the claims in this action. Individuals associated with MMAS Research LLC may have provided general commentary to industry publications in the past, but Plaintiff lacks specific details regarding dates or outlets at this time. Should relevant publications be identified through further discovery, Plaintiff will supplement this response.

### Interrogatory No. 14

*If you contend that you have lost any business because of any acts or omissions of BCH, identify the customer, licensee, or other person whose business you lost, state the dollar amount of the lost business, state when you lost this business, and state the basis for your contention.*

**Objections:** Plaintiff objects to this Interrogatory on the following grounds:

- **Premature:** A final calculation of lost business and its value requires expert economic analysis and the review of documents not yet produced by Defendants.

5

- **Calls for Expert Opinion:** The determination of lost market share and valuation in a complex intellectual property matter requires specialized expertise.

**Substantive Response:** Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff contends that BCH's unauthorized use and public misattribution of the Morisky Widget resulted in significant lost licensing opportunities and the destruction of the product's market value.

- **Lost Licensees/Customers:** Plaintiff has identified a general loss of revenue from medical institutions and pharmaceutical researchers who would have otherwise sought authorized licenses had BCH not publicly undermined Plaintiff's rights. Specific entities will be identified following expert market analysis.

- **Estimated Damages:** Approximately $1,000,000, representing lost licensing fees and unauthorized usage value.

- **Timeline:** The loss is ongoing, beginning with BCH's initial breach and continuing through 2026.

- **Basis:** Beginning in approximately January 2023, BCH publicly replaced the Morisky Widget license on the NIH ClinicalTrials.gov portal (NCT04458766) with an unauthorized reference to "permission from Dr. Donald Morisky" and "MMAR." This false declaration on a federal database suggested to the global research community that Plaintiff did not hold exclusive rights. This harm was compounded in June 2025, when the U.S. District Court for the District of Nevada ruled in *Morisky v. MMAS Research, LLC* that the paper MMAS-8 scale was not copyright protectable. By directing the market toward a non-protectable version (via Dr. Morisky), BCH effectively destroyed the commercial market for Plaintiff's proprietary, protected software widget. Furthermore, the *Journal of Clinical Hypertension*'s retraction of the 2008 validation article—citing that the non-widget MMAS-8's accuracy was no better than a "coin toss"—further illustrates why BCH's bypass of the Widget's certified coding and scoring criteria caused severe reputational and commercial harm.

## Interrogatory No. 15

*If you ever communicated with a third-party or reader of the Protocol Study attached as Exhibit 20 to the Proposed SAC, identify the reader or third party, state the date of the communication, and explain the content of the communication.*

**Objections:** Plaintiff objects to this Interrogatory on the following grounds:

- **Irrelevant to Operative Pleading:** This request is predicated on an exhibit to the Proposed SAC which has not been granted leave to be filed.

6

- **Overbroad:** The request for "any" communication with "any" reader is not limited in scope and is not proportional to the needs of the case.
- **Privilege:** To the extent this seeks communications with Plaintiff's legal counsel or consultants regarding the preparation of the SAC, it is protected by the Work Product Doctrine.

**Substantive Response:** Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to its response to Interrogatory No. 7. Discovery regarding this specific protocol study is premature at this stage of the litigation.

As to objections,

Dated:  April 13, 2026

FREEMAN MATHIS & GARY, LLP
Neil Hartzell
201 Washington Street | Suite 2200
Boston, MA 02108
617-963-5966
neil.hartzell@fmglaw.com

COLEMAN LAW FIRM, PC
By: 

Ronald D. Coleman (*pro hac vice*)
50 Park Place, Suite 1105
Newark, NJ 07102
973-264-9611
rcoleman@colemanlaw-pc.com

*Attorneys for Plaintiff*
*MMAS Research LLC*

7

## VERIFICATION

I, Steve Trubow, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am authorized to verify the foregoing Responses to Interrogatories on behalf of Plaintiff MMAS Research LLC; that I have read the foregoing Responses and know the contents thereof; and that the factual statements contained therein are true and correct to the best of my knowledge, information, and belief.

*Steven Aron Trubow*

Steve Trubow
On behalf of MMAS Research LLC

Dated: **04/13/2026**

8

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, a true and correct copy of the foregoing Plaintiff's Responses to Defendant's Second Set of Interrogatories was served on all counsel of record by email.

---

Ronald D. Coleman

## ALL-PURPOSE ACKNOWLEDGMENT

State of  ARIZONA

County of  MARICOPA

On  04/13/2026                    before me,  Lisa Lorraine Martinez, Notary Public
         DATE                                              NAME OF NOTARY PUBLIC

personally appeared  Steven Aron Trubow
                              NAME(S) OF SIGNER(S)

☐ personally known to me  **OR**  ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), an that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

> LISA LORRAINE MARTINEZ
> COMM. #673492
> NOTARY PUBLIC - ARIZONA
> MARICOPA COUNTY
> My Comm. Expires Oct. 1, 2028

WITNESS my hand and official seal.

Signed by Black Knight EXP-DocVerify: 2026-04-13 19:33:49 EDT

7329414 46066151 515823

Place Notary Seal or Stamp Here                    SIGNATURE OF NOTARY

Notarial Act Performed by Audio visual communication

ATTENTION NOTARY: Although the information requested below is OPTIONAL, it may prove valuable to persons relying on this Acknowledgment and could prevent fraudulent reattachment of this certificate to another document.

### DESCRIPTION OF ATTACHED DOCUMENT

Plaintiff Response Second Set Interrogatories
TITLE OR TYPE OF DOCUMENT

**THIS CERTIFICATE MUST BE ATTACHED TO THE DOCUMENT DESCRIBED AT RIGHT**

9
NUMBER OF PAGES

04/13/2026
DATE OF DOCUMENT

N/A
SIGNER(S) OTHER THAN NAMED ABOVE