UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MMAS RESEARCH, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHILDREN'S HOSPITAL<br>CORPORATION, et al.,<br><br>Defendants | Civ. A. No. 1:24-cv-12108-DJC |

**THE HOSPITAL'S MEMORANDUM IN OPPOSITION TO MOTION TO STAY**

The Hospital opposes the motion to stay. It opposes the motion in part if it is possible to litigate MMAS Research's claims against the Hospital to its conclusion. It opposes the motion in full if the Court does not believe it could stay the claims between Dr. Morisky and MMAS Research without staying the claims against the Hospital.

The Washington lawsuit that Dr. Morisky says justifies the stay was filed in 2021. Dr. Morisky and related defendants were brought into this case in October 2024, almost two years ago. Since then, neither MMAS Research nor Dr. Morisky have done much of anything in this lawsuit (beyond the Morisky defendants' motion to dismiss and MMAS Research's motion to file a second amended complaint). On the other hand, the Hospital, which from the beginning has been caught between these two combatants, has been diligently defending itself: taking discovery, making several discovery-related motions due to MMAS Research's failure to participate in discovery, and, earlier today, moving for summary judgment. The Morisky defendants first informed the Hospital they intended to seek a stay on June 18, 2026. But after discussions between counsel, they decided not to file the motion at that time. The Hospital then finished preparing to take MMAS Research's 30(b)(6) deposition, which was conducted on June

5166198_1

22, and researched and drafted its motion for summary judgment. The Morisky defendants only informed the Hospital that they intended to go forward with their motion to stay after all on July 7, just days before the summary judgment deadline and after the Hospital had spent most of the time and money needed to prepare the motion. Having spent all the time and money, the Hospital wants a decision on the motion, so that its role in this case can come to an end.

The Morisky defendants are wrong to say that the ownership of the Morisky Widget copyright is a key issue for the Hospital on summary judgment. The Hospital's motion focuses only on the lack of evidence of any damages caused by the alleged breaches of contract. The Hospital has not yet responded to MMAS Research's motion for summary judgment. MMAS Research's motion asserts, as an undisputed fact, that MMAS Research owns the Widget copyright. The Hospital does intend to show, by referring to the Washington lawsuit, that ownership of the copyright is hotly disputed. That dispute is relevant to the Hospital's affirmative defense of mutual mistake: the license agreement is voidable if the parties wrongly believed that MMAS Research owned the copyright it purported to license. But the Hospital is not seeking summary judgment on breach; it is only opposing MMAS Research's motion. Its position is not that Dr. Morisky owns the copyright, or that MMAS Research owns the copyright. It is simply that ownership is disputed. That is a fact, regardless of what happens next in Washington.

While the Hospital does not dispute the Court's power to stay an action, it makes the following observations:

- The Morisky defendants have not been diligent. They could have sought a stay at any time after MMAS Research brought them into this case in October 2024.

- The first-to-file rule of *Cianbro Corp. v. Curran-Lavoie, Inc.,* 814 F.2d 7, 11 (1st Cir. 1987), does not apply, because the two cases are not "identical actions." The

5166198_1

parties are not identical, as the Hospital is not a party to the Washington case, and the issues are not identical, as the only claim against the Hospital in this case is a claim of breach of a contract to which the Morisky defendants are not even parties. *See EMC Corp. v. Parallel Iron, LLC,* 914 F. Supp. 2d 125, 127 (D. Mass. 2012) (the first-to-file rule normally applies to cases where "the issues and parties involved in both lawsuits are identical").

- Unlike in the cases against Johnson & Johnson, the Charité Hospital, and NYU that the Morisky defendants cite, there is no claim for copyright infringement in this case. The Court has already dismissed that claim. Excerpts of the complaints in the three cases showing that they include copyright infringement claims are attached as Exhibits 1, 2, and 3, respectively.

This case may be a footnote or an afterthought to MMAS Research and Dr. Morisky in their long-running, continent-spanning dispute. But the Hospital has invested significant time and resources in bringing this case to a conclusion, and it deserves to get a decision. It has no objection to a stay of the claims between MMAS Research and the Morisky defendants, but it objects strongly to any stay of the claim against the Hospital.

3

Respectfully submitted,

THE CHILDREN'S HOSPITAL
CORPORATION

By its attorneys:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
Taylor M. Makson (BBO No. 697476)
Elizabeth L. Gardon (BBO No. 711867)
RUBIN AND RUDMAN LLP
53 State St.
Boston, Mass. 02109
(617) 330-7000
tfolkman@rubinrudman.com
tmakson@rubinrudman.com
egardon@rubinrudman.com

Dated: July 10, 2026

4