Michael N. Cohen (SBN 225348)
mcohen@cohenip.com
Vikram Amritraj (SBN 321584)
vamritraj@cohenip.com
COHEN IP LAW GROUP, PC
9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Tel: 310-288-4500
Fax: 310-246-9980

Ronald D. Coleman *Pro Hac Vice*
rcoleman@colemanlaw-pc.com
COLEMAN LAW FIRM, PC
50 Park Place, Suite 1105
Newark, NJ 07102
Tel: 973-264-9611
Patricia L. Ray *Pro Hac Vice*
raypatricia@yahoo.com
5 Old Mill Road
Freeport, PA 16229
Tel: 215-908-6810

*Attorneys for Plaintiff:*
*MMAS RESEARCH LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MMAS RESEARCH LLC, a Washington limited liability company, Plaintiff, v. IQVIA Holdings Company, Daiichi Sankyo UK Limited, Lifespan Hospitals (Brown University Health), University of British Columbia, Western Ontario University, Morisky Medication Adherence Research LLC, R. Scott Weide, Chad W. Miller, Donald Morisky, Susan Morisky, Phillip Morisky, Mark Zimmerman, F. | Case No.: 2:225-cv-01057 **AMENDED COMPLAINT** 1. Breach of Contract 2. Violation of Digital Millennium Copyright Act (DMCA) Section 1202(a) and 1202(b) - Falsification and Removal of Copyright Management Information 3. Misappropriation of Trade Secrets under the Defend Trade Secrets Act (DTSA) and State Law |

Christopher Austin, DOES 1 through 10, inclusive,

Defendants.

4. 17 U.S. Code § 501 – Willful Statutory Infringement of Copyright
5. Tortious Interference with Contractual Relations and Business Expectancy

**JURY TRIAL DEMANDED**

Plaintiff, MMAS RESEARCH LLC (hereinafter "MMAS Research" or "Plaintiff), by and through its undersigned attorneys, complains and alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises, in part, under the Copyright Infringement Under 17 U.S.C. §§ 501 including all sections created or amended by the Digital Millenium Copyright Act conferring federal question jurisdiction under 17 U.S. Code § 501. Additionally, this Court has original jurisdiction over this controversy for misappropriation and disclosure of trade secrets claims pursuant to 18 U.S.C. § 1836(c), and diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00 and there is diversity of citizenship between the Parties.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) because (a) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; (b) the unlawful acts of Defendants complained of herein have been committed within this District and have, had, or will have had effect in this District; (c) the written agreements identified and described more thoroughly below were entered into by the Parties in this District; and (d) the written agreements identified and described more thoroughly below, by their terms, stipulated to jurisdiction and venue in this District.

**FIRST AMENDED COMPLAINT - 2**