MMAS RESEARCH, LLC,

        Plaintiff,

vs.

THE CHILDREN'S HOSPITAL
CORPORATION, et al.,

        Defendants

Civ. A. No. 1:24-cv-12108-DJC

## SECOND DECLARATION OF JACOB C. HARTZ, MD

I, Jacob C. Hartz, make the following declaration:

1. My declaration dated July 9, 2026 explains that if I had known then what I know now, I would not have signed the license agreement with MMAS Research. To be more explicit than in the earlier declaration: I never would have entered into the license agreement if I had thought that MMAS Research did not own the copyright, or if I had thought that what MMAS Research was licensing to the Hospital was not copyrightable.

2. My July 9 declaration also referenced Exhibit 24 to the First Amended Complaint, which is the paper document used internally when administering the assessment to prospective study participants. That document was never disclosed to anyone outside of my team.

3. When Mr. Trubow visited me in Boston for his "training," I told him that I planned to use a paper questionnaire to screen prospective study participants. It took too much time in the clinical setting to navigate to the website and log in to the software, which made the use of an online tool problematic. Mr. Trubow orally approved my plan. I did not think there

I

were any other steps I needed to take to get approval, and Mr. Trubow did not tell me that there were.

4.      To the best of my knowledge, MMAS Research never terminated or purported to terminate the license agreement, orally or in writing.

5.      The article that my co-authors and I published was not published by Boston Children's Hospital. We, the authors, submitted it for publication. Furthermore, as the article's first page shows, not all of the authors were associated with the Hospital.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 24, 2026.

Jacob C. Hartz