UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD E. MORISKY,

                                    Plaintiff,                    Case No. C21-1301-RSM

                v.                                                ORDER FOR ENTRY OF DEFAULT

MMAS RESEARCH LLC, *et al.*,

                                    Defendants.

This matter comes before the Court on Defendants' Response, Dkt. #320, to the Court's Order to Show Cause, Dkt. #319.

The facts of this case are well-known, as well as Defendants' past-sanctioned conduct for failure to participate in discovery and pay sanctions. *See gen*. Dkts. #255 (Report & Recommendation ("R&R"), #257 (Order adopting R&R). These sanctions were issued years ago. The Court previously found that Defendants had not demonstrated an inability to pay (and had failed to produce related documents), but the Court ultimately determined that the case should proceed to trial. *See* Dkts. #214, #273. In denying Plaintiff's motion for case-terminating sanctions, the Court found there was "some evidence" that Defendant lacked funds to pay the sanctions and that prejudice to Plaintiff and availability of less drastic sanctions weighed against Plaintiff's request. *See* Dkts. #273 and #278. However, the Court warned the parties that any further delay tactics may result in additional sanctions. *See* Dkt. #273 at 8.

ORDER FOR ENTRY OF DEFAULT - 1

Since the above orders, Defendants have continued to engage in conduct that violates the Court's local rules and orders and displays further delay tactics. In filing status reports, Defendants filed a separate report due to failing to reach "a timely resolution" with Plaintiff, resulting in Plaintiff filing a separate and joint report after receiving Defendants' "non-compliant version of the report" and Defendants' counsel "outright refused to meet and confer regarding it." Dkts. #280 at 1, #281, #282 at 1. This was in direct violation of the Court's order "to submit a Joint Status Report" and that "[n]o separate reports shall be filed." Dkt. #279. With trial only weeks away, Defendants moved to disqualify Plaintiff's counsel. *See gen*. Dkt. #286. Defendants filed two separate motions in limine (in which one appears to be an improper motion for claim dismissal), two separate responses to Plaintiff's motions in limine, and a reply in support of their motions in limine, all in violation of the local rules. *See* LCR 7(d)(5) and 7(e)(5). Rather than responding to Plaintiff's request to continue the trial, Defendants waited and filed for case-dispositive sanctions based on Plaintiff's failure to initiate pretrial disclosures, which the Court denied as moot in finding good cause to grant Plaintiff's extension request. *See* Dkts. #311, #315, #317. Finally, Defendants proposed pretrial order and motions in limine appear to show that Defendants intend to argue defenses at trial that were previously dismissed with prejudice. *See* Dkts. #316, #255, #257.

Given all of the above, and finding that prejudice to Plaintiff and insufficient sanctions may warrant further sanctions, on March 26, 2026, the Court ordered Defendants to show cause as to why the Court should not enter default against Defendants in this case. *See gen*. Dkt. #319.

In their Response, Defendants first argue that that the "non-production" of source code "was a fabrication" by Plaintiff, and the Court found a lack of bad faith regarding other electronically stored information ("ESI") in its Order, Dkt. #195, on October 31, 2023. Dkt.

ORDER FOR ENTRY OF DEFAULT - 2

#320 at 1-2. Defendants "request that the Court exercise its inherent power to investigate this misconduct and vacate the prior sanction orders." *Id*. at 2. Defendants also argue that the Court's "2024 order reversing the 2023 'no bad faith' finding . . . without an evidentiary hearing" and limited briefing was "a Due Process violation" and "fundamental departure from neutral adjudication." *Id*. at 3.

Second, Defendants argue that "the Law of the Case doctrine" prevents the Court from "revisiting" sanctions regarding Defendants' failure to pay, as the Court already found some evidence of inability to pay in its prior Order, Dkt. #273. *Id*. at 4.

Finally, Defendants argue that they "are not seeking to revive dismissed defenses or affirmative relief on dismissed counterclaims; rather, they are identifying threshold legal deficiencies in the Plaintiff's prima facie case that must be addressed for the Court to maintain jurisdiction." *Id*. at 5.

In the Court's prior Order, the Court denied Plaintiff's request to enter default as a sanction because some evidence showed that Defendants lacked funds to pay the past sanctions, thus failure to pay was not sufficient to show willfulness, fault, or bad faith. *See* Dkts. #273 at 8 (R&R), #278 (Order adopting R&R). Regarding Defendants' sanctions for discovery violations, the Court found that the imposed sanctions were sufficient but specifically warned the parties that any further delay tactics may warrant additional sanctions. *Id*.

Though Defendants argue otherwise, the Court is not relitigating or making a new determination on Defendants' past failure to pay sanctions. Rather, as detailed above, the Court's Order to Show Cause comes on the heels of Defendants' recent violations of the Court's orders, local rules, and delay tactics, which the Court specifically warned could result in further sanctions. The Court may impose sanctions under its inherent power for "willful disobedience

ORDER FOR ENTRY OF DEFAULT - 3

of a court order" or when a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). Before imposing case-terminating sanctions, the Court must weigh the following facts: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (citation omitted). The Court need not make explicit findings on each factor, but sanctions are available if the Court finds "willfulness, fault, or bad faith[,]" *id*. at 958, "or conduct tantamount to bad faith[.]" *Fink*, 239 F.3d at 994.

The Court finds that prior sanctions have not been sufficient to discourage Defendants from continuing to defy the Court's orders and rules and engage in delay tactics in this case. Defendants' filings of separate reports and multiple motions in limine and responsive briefings are clear violations of the Court's prior Orders and local rules. Defendants' Motion for Sanctions appears to be a clear delay tactic, and the Court fails to see Defendants' "motion to disqualify opposing counsel as [anything but] a litigation tactic" deployed in bad faith at the last minute. *FMC Techs., Inc. v. Edwards*, 420 F. Supp. 2d 1153, 1157 (W.D. Wash. 2006). Defendants provide no reasonable argument or bases for these actions. Defendants' actions have prejudiced Plaintiff by repeating issues and requiring numerous responsive filings, needlessly increasing the cost and length of this already costly and drawn-out case. Prior sanctions and warnings against actions like the above have been insufficient to dissuade Defendants. Accordingly, the Court finds that further sanctions are warranted, and an entry of default is appropriate at this time.

Having considered all of the above, Defendants' Response, and the remainder of the record, the Court hereby finds and ORDERS:

ORDER FOR ENTRY OF DEFAULT - 4

(1) The Clerk of Court is DIRECTED to enter default against Defendants.

(2) Plaintiff is DIRECTED to file a motion for default judgment **no later than June 5, 2026**.

(3) Plaintiff's Motion for Leave to Reply, Dkt. #322, is DENIED as moot.

DATED this 21st day of April, 2026.

Ricardo S. Martinez
United States District Judge

ORDER FOR ENTRY OF DEFAULT - 5